IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Original

CHARLES ISELEY
AM-9320, 1 Kelley Dr.
Coal Twp., PA 17866
    Petitioner,

        v.s

KATHLEEN ZWIERZYNA, secretary
Pa. Bd. of Prob & Par.
1101 S. Front St., Suite 5300,
Harrisburg, PA 17104-2519
        and

D. MICHAEL FISHER, atty. gen.
Office of Atty Gen., Strawberry Sq.
Harrisburg, PA 17120
        and

MARTIN HORN, secretary
Pa. Dept of Cor., P.O. Box 598
Camp Hill, PA 17001,
        and

ALAN RUBENSTEIN, dist. atty.
Bucks County Crths., 55 East Court St.,
Doylestown, PA 18901
        and

FRANK GILLIS, warden
1 Kelley Dr.
Coal Twp., PA 17866

**1:CV-00.2186**

Civil Action No.

FILED
SCRANTON

DEC 15 2000

_____
DEPUTY CLERK

RECEIVED
SCRANTON

DEC 18 2000

MARY E. D'ANDREA, CLERK
PER _____
        DEPUTY CLERK

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC 2241

## Facts

1. Petitioner, Charles Iseley, is currently illegally imprisoned at Coal Township state prison. He is beyond the maximum expiration of his criminal terms which occurred in August of 1999.

2. On December 7, 1983, in the Common Pleas Court of Bucks County, petitioner received seven criminal terms. None of the terms were mandatory.

3. Six of the terms, five 7½ to 15 year terms and a 1 to 2 year term, were ordered by the court to be served concurrently and petitioner was granted approximately eleven months credit for time served for the six terms, and each of them, and as a result the six terms began and took effect approximately in January of 1983 pursuant to Sec. 1360 of the Sentencing Code of 1974 and Pa. R. Crim. P. 1406 (b)(c).

4. The seventh and last term, a 5 to 10 year term, was ordered to be served consecutive to all the concurrent terms and was ordered to begin and take effect at the minimum expiration of the six concurrent terms. Petitioner was granted approximately eleven months of credit for time served on this term and ergo petitioner had approximately nine years and one month left to be served on this term pursuant to Sec. 1360 of the Sentencing Code of 1974 and Pa. R. Crim. P. 1406 (b)(c).

5. Consequently, petitioner was ordered to serve a maximum of 87 years (5·15 + 2 + 10 = 87) and his aggregated sentence, pursuant to 42 Pa. CSA 9757, was 12½ to 25 years.

6. In 1985 petitioner should have received two years credit for serving the entirety of the 1 to 2 year term from January 1983 to January 1985.

7. In 1998 petitioner should have received 75 years credit for serving the entirety of each of the five 7½ to 15 year terms (5·15 = 75)

9. Thus, in 15 years, from 1983 to 1998, petitioner accrued 77 years of credit for all of the concurrent terms and in 10 years, January 1983 to December 1983 plus July 1990 to August 1999, petitioner accrued 10 years of credit for the 5 to 10 year term.

10. Consequently, the total credit was 87 years, which is exactly the maximum amount he was sentenced to serve ($5 \cdot 15 + 2 + 10 = 87$).

11. It is axiomatic that 15 years plus 10 years equals 25 years, which is exactly what petitioner's aggregated maximum term was — 25 years.

12. Nevertheless, petitioner remains in prison allegedly because, according to respondents, his 5 to 10 year term did not begin and take effect until July of 1998 — the maximum expiration of his concurrent terms.

13. However, the respondents' allegation is patently false because petitioner's sentence order for the 5 to 10 year term specifically and clearly states that it begin and take effect at the minimum expiration of the concurrent terms, which, of course, occurred in July of 1990 because January 1983 to July 1990 is 7½ years.

14. Moreover, respondents averred, during an evidentiary hearing in the eastern district federal court, that when petitioner was reviewed for parole release in October of 1995 he was receiving initial review on all his terms and therefore, at that juncture, at least five years of credit had accrued on the 5 to 10 year term else petitioner would not have been eligible for parole release on that term until August 2002, if it did not start until July 1998, as respondents falsely claim.

15. The only term that petitioner could have been serving after January 1998 was the 5 to 10 term which at that time had already accrued approximately eight years and five months of credit.

## Statement of Claims

<u>Relief</u>

Wherefore, petitioner respectfully requests the court for the following relief.

1. That an evidentiary hearing on the claims and any and a disputed issues of fact be granted forthwith.

2. That counsel be appointed to represent petitioner.

3. Permission to amend petition if necessary

4. That summary relief be granted on any claims of error are clear from the facts set forth in this pleading and the re

5. Immediate release of petitioner and his effects from illegal imprisonment.

Respectfully submitted

Date: <u>December 11, 2000</u>

Charles Clsely

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY
Petitioner,

V

KATHLEEN ZWIERZYNA, et al,
Respondents,

# 1:CV-00.2186

FILED
DEC 1 5 2000

MEMORANDUM OF LAW IN SUPPORT OF PETITION

Statement of the Questions

Did petitioner's consecutive term commence in 1990?

Was petitioner sentenced to a total of 87 years and has that time expired?

Was petitioner sentenced to an aggregate maximum of 25 years and has that time expired?

Does the parole board (hereinafter, "PBPP") or the Department of Corrections (hereinafter "DOC") have the authority to modify a sentence?

Is petitioner's sentence illegal?

Is petitioner's sentence legal?

Does a court have the authority to vacate an expired

## Exhaustion.

Petitioner has exhausted his state remedies. Accompanying this memorandum is Exhibit A, which contains documents regarding only some of the matters he filed (he does not have records of the others he filed but he also filed in Commonwealth Court and made subsequent appeal).

## Background

Petitioner hereby incorporates by reference the petition in this matter. Accompanying this memorandum is Exhibit B, which contains copies of petitioner's sentence orders and Exhibit C, which contains copies of relevant portions of petitioner's sentencing transcripts (petitioner's legal material was "lost" by prison officials so he does not have the entire record).

## Argument 1: Petitioner's Consecutive Term Began in 1990

Petitioner's sentence order for the consecutive term clearly shows that it was to begin and take effect at the minimum expiration of all the concurrent terms which occurred in 1990.

## Argument 2: Petitioner Received Terms Totaling 87 Years Which Has Expired.

As noted in the petition, petitioner served the entirety of the 87 years by accruing that amount of credit by August of 1999.

Argument 4: The PBPP & DOC Cannot Modify A Criminal Term

Only the trial court may modify a criminal term. Com v. Ward, 568 A.2d 1242 (Pa. 1990).

Argument 5: Petitioner's Sentence Is Illegal

The trial court erred by directing that petitioner's consecutive term begin at the minimum expiration of the concurrent terms because imposing a partially concurrent and partially consecutive terms is illegal. Com v. Ward, 568 A.2d 1242 (Pa. 1990).

Argument 6: Petitioner's Sentence Is Legal

No where in the sentence statutes is a sentence structure such as petitioner's prohibited. See Com v. Ward, 568 A.2d 1242, 1244 note 6 (Pa. 1990).

Argument 7: A Court Cannot Vacate An Expired Term

It is axiomatic that a court cannot vacate an expired term and remand it back to trial court.

Argument 8: Petitioner Had Right To Parole Eligibility At Each Minimum

No where in the Pennsylvania statutes concerning sentence or parole is there any suggestion that a defendant with multiple sentences, whether concurrent or consecutive, is barred from becoming eligible for parole at the

Such an analysis was performed on Montana's parole statutes in _Kelly v. Risley_, 865 F.2d 201 (9th Cir. 1989), in a case factually similar to some of the elements of the case at bar, and that court concluded that a prisoner with consecutive terms had a liberty interest in becoming eligible for parole at each minimum.

In Pennsylvania it is well-established that a prisoner has a right to become eligible for parole at his minimum. _Marshall v. Bd._, 638 A.2d 451 (Pa. Cmwlth 1994). Pennsylvania's statutes are similar to Montana's. See _Cunningham, supra_; _Merritt, supra_; _Hines, supra_.

To bar prisoners from constructive parole is a violation of equal protection and due process.

Conclusion

Wherefore the court should grant the relief requested.

Respectfully submitted,

Date: December 11, 2000

_Charles Iseley_
Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twp., PA 17866

Original

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
Petitioner,

v.

KATHLEEN ZWIERZYNA
Respondents.

**1: CV-00-2186**

FILED
SCRANTON

DEC 1 5 2000

PER _____
DEPUTY CLERK

## DECLARATION

I hereby declare under the penalty of perjury that the following is true and correct:

1. I have been in prison approximately eighteen years and have been unemployed longer than that.

2. After making photocopies and paging for same I will have about ten to twenty dollars on my prison account which I require for personal hygiene items (soap, toothpaste, etc.) and stationery items (paper, carbon paper, writing utensils, envelopes, postage, etc.)

3. I do not own any stocks bonds, real estate or vehicles or precious metals or jewelry.

Date: December 11, 2000

Charles Iseley
Charles Iseley

Exhibit A



# OFFICE of PUBLIC DEFENDER

Bucks County Administration Building
55 East Court Street
Doylestown, PA 18901

**STEPHEN H. SHANTZ**
Public Defender

(215) 348-6474
Fax (215) 348-6499

**1:CV-00.2186**

February 18, 1998

FILED
SCRANTON

DEC 1 5 2000

PER _____
DEPUTY CLERK

Charles Iseley
#9320
Box A
Belefonte, PA 16823

RE:  <u>Commonwealth v. Charles Iseley</u>
     1372-1376, 1512, 1576/83

Dear Mr. Iseley:

     Please be advised that a copy of your habeas petition
dated December 18, 1997, has been forwarded to the Bucks
County Public Defender's Office.  Your petition has been
forwarded by the Bucks County Court Administrator's Office.
I am the chief of the unit within our office which handles
issues involving sentence, probation, and parole.

     To further assist you, I will need for you to clarify
certain issues.  First, I would like to give you a summary of
the information that I have.  If any of the information that
I have is different than yours, please advise me in a follow-
up letter.

     At the time you entered your open guilty plea to the
above-captioned criminal matters, you were represented by a
Theodore Thompson, Esquire.  You plead guilty to the above-
captioned criminal informations where the underlying charges
consisted of a robbery.  On September 19, 1983, you entered
your open guilty plea to the above-captioned criminal matters
with sentencing to be set at a later date.

     On December 7, 1983, the Honorable George T. Kelton
imposed a sentence of seven and one-half to fifteen years on
criminal informations 1372, 1373, 1374, 1375, 1513/83.  All
of those sentences were to be served concurrently with credit
being given from January 31, 1983.  A rough calculation would
indicate that if you were paroled on your minimum that would
be approximately July of 1990.  However, if you were to serve
the balance of your entire sentence and max out, the max date
would appear to be January 31, 1998.

     On criminal information number 1576/83, the Honorable
George T. Kelton imposed a consecutive sentence of five to
ten years.  This occurred on December 7, 1983, and he gave

Page 2
Charles Iseley
February 13, 1998

you credit for the time from January 22, 1983. I am not sure you will be able to receive credit on the consecutive case from January 22, 1983, as that time may have been eaten up and given credit to the case in which you were given a concurrent sentence.

In calculating you maximum and minimum dates, it is important that you include in a letter to me the date that you were actually paroled on all of the concurrent cases. The day that you were paroled on all of the concurrent, the new consecutive sentence of five to ten years would begin. I would then be in a much better position to advise you as to what the sentence would be.

If you were not paroled and maxed out on all of the concurrent cases, you would not begin to serve the time on 1576/83 until February 1 of 1998.

Please forward to me all the information you have as soon as possible in reference to your being granted parole in the concurrent cases. Your prompt response in this matter will be greatly appreciated. Once again please contact me by letter at the Office of the Bucks County Public Defender's, Bucks County Courthouse, Sixth Floor, Doylestown, PA 18901. I look forward to receiving this information and assisting you in this matter.

Very truly yours,

Bradley Bastedo
Senior Deputy Public Defender

BB:arv



# OFFICE OF THE DISTRICT ATTORNEY

### BUCKS COUNTY COURTHOUSE
### DOYLESTOWN, PENNSYLVANIA 18901

DIANE E. GIBBONS
DISTRICT ATTORNEY
(215) 348-6344

August 28, 2000

Honorable Carol Sandra Moore Wells
United States Magistrate Judge
United States Courthouse
601 Market Street
Philadelphia, PA 19106

**RE: Iseley v. Dragovich, Civil Action No. 99-4327**

Dear Judge Wells:

For purposes of further clarifying the procedural record in the above-captioned case, I have enclosed a copy of the Order from the Pennsylvania Supreme Court denying Petitioner Charles Iseley's "Petition for Leave to File Allowance of Appeal Nunc Pro Tunc." A copy of this Order had been provided to your clerk on August 22, 2000. At that time, I had represented that this Order only referenced Petitioner's fourth PCRA petition. This Order, however, denied review of both Petitioner's fourth PCRA petition, as well as his state Writ of Habeas Corpus, originally filed in the Bucks County Court of Common Pleas in July 1998.

Therefore, there are no open or pending state proceedings involving Petitioner Iseley.

Should you need any further information or documentation. I can be reached directly at #215-348-6331.

Sincerely,

Karen A. Diaz
Chief Deputy District Attorney

cc: Patrick J. Egan, Esquire



# Supreme Court of Pennsylvania
## Middle District

SHIRLEY BAILEY
CHIEF CLERK

January 14, 2000

434 MAIN CAPITOL BUILDING
P.O. BOX 624
HARRISBURG, PENNSYLVANIA 17108
(717) 787-6181
http://www.courts.state.pa.us

Charles Iseley
AM-9320
301 Morea Rd
Frackville, PA 17932

RE:  COMMONWEALTH OF PENNSYLVANIA
     RESPONDENT
       V.
     CHARLES ISELEY
     RESPONDENT

NO. 0213 M.D. MISCELLANEOUS DOCKET 1999

Dear Counsel:

This is to advise that the attached order, a certified copy
enclosed, has been entered in the above-captioned matter.

Very truly yours,

Office of the Prothonotary
Supreme Court of Pennsylvania

/lz
Attachment
c:
        SUPERIOR 2790, 2791PHL98
          Bucks
        Alan M. Rubenstein, District Attorney
        Karen Diaz, Esquire

## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 213 M.D. Misc. Dkt. 1999.

　　　　　　　　　　Respondent　　　:

　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　v.　　　　　:

　　　　　　　　　　　　　　　　　:

CHARLES ISELEY,　　　　　　　　:

　　　　　　　　　　Petitioner　　:

### ORDER

**PER CURIAM:**

　　**AND NOW**, this 13th day of January, 2000, the Petition for Leave to File Allowance of Appeal Nunc Pro Tunc is denied.

TRUE & CORRECT COPY

ATTEST: JAN 1 4 2000 –

*Shirley J. Phipps*

SHIRLEY J. PHIPPS
APPELLATE CLERK

# SUPREME COURT OF PENNSYLVANIA

**R:** IFP

06/13/00

## DOCKET NUMBER 0635 M.D. ALLOCATUR DOCKET 1998

CHARLES ISELEY

### PETITIONER

# V.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS, PENNSYLVANIA BOARD OF
PROBATION AND PAROLE

### RESPONDENTS

Letter "X" indicates an Appending Docket: ()

**NATURE OF CASE:** Asbestos  [] / Other = [AGENCY-PROBATION/PAROLE]
**DISPOSAL DATE:**                                    **CASE RESERVED:__[]**

## LOWER COURT INFORMATION

### SUPERIOR/COMMONWEALTH COURT

**Appellate Court Name:** COMMONWEALTH           **Court No.:**  579MD98

**Judgment Date:**  06/24/1998                **Rearg. Denied:**

**Judges:**  Per Curiam

**Action:**  Dismissed Petition for Review

### COURT OF COMMON PLEAS/AGENCY

**Trial Court/Agency Name:**

**Court/Agency Date:**                      **Division:**

**Court No.:**

**County:**

**Judges:**                                **Judges Cont.**

**Action:**

PAGE -2-          **0635 M.D. ALLOCATUR DOCKET 1998**    06/13/00

| ATTORNEY(S) FOR PETITIONER | ATTORNEY(S) FOR RESPONDENT |
|---|---|
| Charles Iseley<br>AM-9320<br>Box A<br>Bellefonte, PA  16823<br><br>Pro Se | K. Scott Roy, Chief Counsel<br>PA BOARD OF PROBATION AND PAROLE<br>1101 S. Front St, Suite 5100<br>Harrisburg, PA  17104-2517<br>717-787-8126<br>PBPP<br><br>Sarah B. Vandenbraak, Chief Counsel<br>PA DEPT OF CORRECTIONS<br>2520 Lisburn Road, P.O. Box 598<br>Camp Hill, PA  17001<br>717-975-4864<br>Dept of Corrections<br><br>Arthur R. Thomas, Asst. Counsel<br>Pa Board of Probation & Parole<br>1101 S Front St, Ste 5100<br>Harrisburg, PA 17104-2517<br>717-787-8126<br>PBPP |

PAGE -3-          **0635 M.D. ALLOCATUR DOCKET 1998**    06/13/00

---

## SUPREME COURT INFORMATION

**Filing Date of PAA:**   07/20/1998          **Date Rec'vd (w/postal):**

**Reproduced Record Received:**


**Respondent (1) - BIO or Letter Answer:**   No BIO Ltr (PBPP)

**Filing Date:**   08/12/1998     **Date Received:**


**Respondent (2) - BIO or Letter Answer:**

**Filing Date:**     **Date Received:**


**Respondent (3) - BIO or Letter Answer:**

**Filing Date:**     **Date Received:**

---

**Disposition:**  DENIED          **Date of Disposition:**   12/29/1998

**Parties Advised:**   12/30/1998

**Order:**   "AND NOW, this 29th day of December, 1998, the Petition for Allowance of Appeal is hereby DENIED".   PC

---

**Reconsideration Filed:** -          **Received:**

**Filing:**


**Disposition:**          **Date of Disposition:**

**Parties Advised:**

**Order:**


**Original Record Filed:**     **Record Remitted:**

**Number of Parts:**


**Notice of Filing Sheet Exited to Lower Courts:**   01/25/1999

PAGE -4-        **0635 M.D. ALLOCATUR DOCKET 1998**    06/13/00

## ADDITIONAL DOCKET ENTRIES

07/20/1998  - Motion to proceed IFP, filed.

07/20/1998  - IFP Status Granted, Rule 553.

08/12/1998  - Praecipe for appearance of Arthur R. Thomas, received

J. S29023/99

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                    Appellee    :    PENNSYLVANIA
                            :
            v.            :
                            :
CHARLES ISELEY,                :
                Appellant    :    No. 2791 Philadelphia, 1998

Appeal from the Order Entered July 27, 1998, in the Court
of Common Pleas of Bucks County, Criminal Division, at
No. 1513, 1576, 1241
1372-75/1983.

BEFORE:  ORIE MELVIN, SCHILLER and HESTER, JJ.

MEMORANDUM:                            FILED    MAY 2 5 1999

    Charles Iseley appeals the July 27, 1998 order dismissing his petition
for writ of habeas corpus.  We affirm.

    On July 19, 1983, after successfully withdrawing a first guilty plea,
Appellant entered a second guilty plea to five counts of robbery involving
five separate incidents.  On appeal, we determined that Appellant's guilty
plea had been knowingly and voluntarily entered and refused to allow him to
withdraw it.  ***Commonwealth v. Iseley***, 615 A.2d 408 (Pa.Super. 1992).
Appellant then filed three unsuccessful petitions for post-conviction relief.

    On July 21, 1998, Appellant filed a *pro se* petition for habeas corpus
relief.  Although somewhat garbled, his complaints clearly relate to the
manner in which the Pennsylvania Board of Probation and Parole (the
"Board") determined when his sentence imposed in this matter has been
served. On appeal, his complaints are the same.

J. S29023/99

Where an alleged error in the computation of sentence involves a decision by the Board, the defendant must file an action with the Commonwealth Court. **Commonwealth v. LeGrande**, 567 A.2d 693 (Pa.Super. 1989); **see also Commonwealth v. Hollawell**, 604 A.2d 723 (Pa.Super. 1992). Hence, it is clear that the court of common pleas lacked jurisdiction over the matter, and the trial court properly dismissed the petition. **LeGrande, supra**. We therefore affirm.

Order affirmed.

*Roy*

IN THE COMMONWEALTH COURT OF PENNSYLVANIA PBPP

98 JUN 25 PM 4: 16

OFFICE OF CHIEF COUNSEL

CHARLES ISELEY,                          :

              Petitioner

                            :

        v.                          :

DEPARTMENT OF CORRECTIONS et
al.,                                     :

              Respondents          No. 579 M.D. 1998

PER CURIAM          MEMORANDUM AND ORDER

       Before this court in our original jurisdiction is a
petition for review filed by petitioner, Charles Iseley, an
incarcerated individual.  Petitioner has also filed an application
for in forma pauperis status.

       In his petition petitioner alleges that the
Pennsylvania Department of Corrections and the Pennsylvania Board
of Probation and Parole incorrectly aggregated two of his
sentences.

       Notwithstanding petitioner's constitutional claims,
the law clearly permits aggregation.  Section 9757 of the Judicial
Code, 42 Pa. C.S. §9757, provides:

> Whenever the court determines that a sentence
> should be served consecutively to one being
> then imposed by the court, or to one

previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

This language has been held to be mandatory and to require aggregation of sentences imposed at different times by different courts. <u>Gillespie v. Department of Corrections</u>, 527 A.2d 1061 (Pa. Cmwlth. 1987), <u>petition for allowance of appeal denied</u>, 518 Pa. 614, 540 A.2d 535 (1988).

Based upon the foregoing, we conclude that petitioner's petition is frivolous within the meaning of Pa. R.C.P. No. 240(j). Therefore, we will dismiss this matter in accordance with that rule.

O R D E R

NOW, June 24, 1998, petitioner's application for in forma pauperis status is denied and the petition for review is dismissed.

CERTIFIED FROM THE RECORD
AND ORDER EXIT

JUN 2 5 1998

Deputy Prothonotary - Chief Clerk

J. S29022/99

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| Appellee | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES ISELEY, | : | |
| Appellant | : | No. 2790 Philadelphia, 1998 |

Appeal from the Order Entered May 15, 1998, in the Court
of Common Pleas of Bucks County, Criminal Division, at
No. 1372-75/83, 1513/83
1576/83, 1241/83.

BEFORE:  ORIE MELVIN, SCHILLER and HESTER, JJ.

MEMORANDUM:                                    i **FILED**    MAY 1 8 1999

Charles Iseley appeals the May 15, 1998 order denying his fourth
petition for post-conviction relief.  We affirm.

On July 19, 1983, after successfully withdrawing a first guilty plea,
Appellant entered a second guilty plea to five counts of robbery involving
five separate incidents.  On appeal, we determined that Appellant's guilty
plea had been knowingly and voluntarily entered and refused to allow him to
withdraw it.  ***Commonwealth v. Iseley***, 615 A.2d 408 (Pa.Super. 1992).
The Supreme Court denied further review.  Appellant then filed three
unsuccessful petitions for post-conviction relief.

On February 3, 1998, Appellant filed his fourth petition for PCRA relief.
This appeal followed denial of that petition.  Initially, we consider the
timeliness of the petition.  42 Pa.C.S.A. § 9545, which became effective on
January 16, 1996, pursuant to changes to the PCRA enacted in 1995, now
provides that a PCRA petition is not timely unless it is filed within one year of

J. S29022/99

when a defendant's judgment of sentence becomes final.   42 Pa.C.S.A. §
9545 (b)(1).   Appellant's judgment of sentence became final ninety days
after he failed to ask the United States Supreme Court to review our
Supreme Court's decision denying allowance of appeal in 1992.  42 Pa.C.S.A.
§ 9545 (b)(3) (judgment of sentence becomes final at conclusion of direct
review or at expiration of time for seeking that review).  Clearly, this petition
was not filed within one year of 1992.

In a section of the act amending the PCRA, the legislature provided
that where, as here, a defendant's judgment of sentence became final
before the effective date of the amendments, his first PCRA petition will be
considered timely if it is filed within one year of the effective date of the
amendments.  Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess.
No. 1) § 3 (1).   This petition was not Appellant's first petition, and that
section therefore does not apply.  ***Commonwealth v. Alcorn***, 703 A.2d
1054 (Pa.Super. 1997).

42 Pa.C.S. § 9545 contains three exceptions to the filing requirements,
but Appellant fails to indicate how this petition comes within those
exceptions.  Equally important, however, is the fact that Appellant's claims
are not cognizable.  Specifically, the statutory language in 42 Pa.C.S. §
9543(a)(2)(iii) now provides that in order to be eligible for PCRA relief, the
petitioner's conviction or sentence must have resulted from a "plea of guilty
unlawfully induced where the circumstances make it likely that the

J. S29022/99

inducement caused the petitioner to plead guilty <u>and the petitioner is</u> <u>innocent</u>." 42 Pa.C.S. § 9543(a)(2)(iii) (emphasis added).

Appellant's contention is that since he was informed that his maximum sentence was 180 to 360 years when it actually was zero to 122 years, his plea was rendered involuntary.  He also raises complaints about the manner in which the Board of Parole and Probation has treated his sentence. However, this issue may not be raised in a post-conviction petition. ***Commonwealth v. LeGrande***, 567 A.2d 693 (Pa.Super. 1989).  Clearly, neither of these allegations concern Appellant's innocence, and they are not cognizable under the 1996 amendments to the PCRA.  Hence, his PCRA petition properly was denied.

Order affirmed.

Exhibit B

PA051

COMMONWEALTH V. _____

CR-_-79

OTN:

ACCOMPANYING CASES 8-3-72-,173
13:4-,-173-,137-
,174

BUCKS COUNTY
SENTENCE SHEET

NO. 89-1725

CLERK: _____

NOTES BY: J. Oliver

JUDGE: G. T. Walter

D.A.: R. Goldman

PD/DEF: T. Thompson

DATE: 12/6/83

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. ___ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. ___ for the term of ___ and, therefore, the sentence to be served by Information No. ___ for the term of ___ and, therefore, the sentence to be served is imposed is a minimum of not less than ___ years or a maximum of ___ years to which sentence ___ years.

**SUSPENDED SENTENCE**

On Information No. ___ 19__ defendant is directed to pay the court of prosecution and sentence is suspended.

**SENTENCE — WOMEN — HURCY**

The Court finding the defendant ___ to be a female over the age of 16 years, (having received or waives the imposition) orders and directs the defendant to pay the cost of prosecution and by direct that she undergo confinement in the state Industrial Home for women at Muncy, Pa., for a period of not less than ___ years nor more as provided by law and stand committed until [all] sentences Credit is to be given for all time spent in custody as Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. ___ 19__, the Court finding that ___, and for purposes would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and passes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. ___ 19__ the Court finding that the defendant ___ is guilty, orders and directs that the defendant to pay the cost of prosecution, pay a fine therein and direct to pay the cost of use of the (State Treasurer or the County of Bucks) the sum of ___ are to be paid in ___ equal monthly installments with first installment ___

---

**BUCKS COUNTY PRISON**

On Information No. ___ 19__ the Court (having received or waives a pre-sentence investigation)orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than ___ nor more than ___ and stand committed in custody. Credit is to be given for all time spent in custody as provided by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. ___ 19__ the Court (having received or waives a pre-sentence investigation)orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than ___ years nor more than ___ years in a State Correctional Institution and ___ committed to the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose; Credit is to the defendant for all time spent in custody as provided by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c) Defendant is directed to stand committed until judgment be fully complied with.

**PROBATION NO. ___**

On Information No. ___ 19__, the defendant having waived his (Jintro-a speedy) trial is released on probation for a period of ___ months upon the following conditions: Defendant to pay cost of prosecution and make restitution, pay the use of the (State Treasurer or County of Bucks) and make restitution in the sum of $___ within a period of ___ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer) obey the law in all other respects and stand committed until the same be complied

**SPECIAL PROVISIONS:**

CR-4-79

**COMMONWEALTH V.** _____

JUDGE: G. Tighe
D.A.: R. C. Rogers
PD/DEF: J. Thompson

DATE: 12/11/83

NO. 23-35

CLERK: _____

NOTES BY: V. B. Ward

**BUCKS COUNTY / SENTENCE SHEET / ACCOMPANYING CASES** ____

1377 - 1373
1375 - 1375

**SURCHARGED:** _____
**FROM:** _____

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the _____

**STATE PENITENTIARY**

On Information No. ____ 19__, the court having received or waives a pre-sentence investigation) orders and directs that the defendant, pay the cost of prosecution and undergo imprisonment in a State Correctional Institution for not less than ____ nor more than ____ years, and stand committed until sentence is complied with. Credit is to be given for all time spent in custody, as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**BUCKS COUNTY PRISON**

On Information No. ____ 19__, the court having received or waives a pre-sentence investigation and direct that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than ____ nor more than ____ and stand committed until sentence is complied with. Credit is to be given for all time spent in custody, as is provided for by Sec. 1360 of the Sentencing Code of 1974, and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**XXU**

On Information No. ____ 19__, the defendant having waived his right to a speedy trial is released on probation, or a period of ____ months upon the following conditions. Defendant to pay cost of prosecution and in lieu of a fine pay the sum of $ ____ within a period of ____ months, and make restitution in the sum of $ ____ monthly installments of $ ____ and pay the sum thereof monthly to his probation officer) and abide by the rules and regulations laid down by his probation officer) obey the law in all other respects and stand committed until the same be complied with.

**CONTINUATION NO.** ____ 19__

On Information No. 374 19__, the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant, pay the cost of prosecution and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 and by Pa. Rule of Criminal Procedure 1406 (b) and (c) for this designated Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c), the defendant is directed to stand committed until judgment be fully complied with.

**CONTINUATION NO.** ____ 19__

The defendant is released on probation, for a period of ____ under the supervision of the Bucks County Probation Officer (or State Parole Board) from the following conditions: Defendant to pay cost of prosecution. Defendant is directed to pay the sum of $ ____ within a period of ____ months, and make restitution in the sum of $ ____ months, and shall follow all specific conditions as hereinafter set forth.

**CONSECUTIVE SENTENCE**

The sentence heretofore imposed on Information No. ____ is to begin and take effect at the expiration of the minimum sentence imposed by the court on Information No. ____ 19__ and is therefore the sentence to be imposed by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than ____ years or a maximum of ____ years.

**SUSPENDED SENTENCE**

On Information No. ____ 19__ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE — WOMEN — MUNCY**

The Court finding the defendant to be a female over the age of 16 years, (having received or waives a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and undergo imprisonment in the State Industrial Home for women at Muncy, Pa., for a period of not less than ____ years and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all time spent in custody, as is provided for by Sec. 1360 of the Sentencing Code 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. ____ 19__ the Court finding that no useful purpose would be served by the imposition of further penalty, orders and directs the defendant be adjudged guilty without further penalty.

*Entered on _____*

**FINE ONLY**

On Information No. ____ 19__ the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ ____ to the Commonwealth for the use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in ____ equal monthly installments.

**SPECIAL PROVISIONS:**

Costs with 6 ms of release
Concurrent with

83 - 1311
83 - 1375
83 - 1373
83 - 1375
13 - 1513

234.08

Committed
Probation
12/4

CR-4-79

COMMONWEALTH v.

BUCKS COUNTY
ACCOMPANYING CASES

# BUCKS COUNTY
## SENTENCE SHEET

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the
attachment of

**CONSECUTIVE SENTENCES**

**SUSPENDED SENTENCE**

On Information No. _____ 19___ defendant is directed to pay the cost
of prosecution and sentence is suspended.

**SENTENCE — WOMEN — MUNCY**

**GUILTY WITHOUT FURTHER PENALTY**

**FINE ONLY**

**SPECIAL PROVISIONS:**

Costs within 6 mo. follows
$3 - 137.3
$3 - 137.4
$3 - 137.5
$3 - 151.3
$3 - 1241

188.36

Commit. Made
Sentence

ON INFORMATION NO. _____ 19___

the defendant is released on probation for a period of _____
under the supervision of the (Bucks County Probation Officer
or State Parole Board) from the following conditions. Defendant to pay cost
of prosecution and in lieu of a fine pay $ _____ for the use of the
months upon the following conditions. Defendant is directed to pay court costs
and make restitution in the sum of $ _____
months, and shall follow all specific conditions as hereinafter set forth.

**PA U**

On Information No. _____ 19___ the Court (having received or waived
a presentence investigation) orders and directs that the defendant pay the
cost of prosecution and undergo imprisonment in the _____
not less than _____ nor more than _____
until sentence is complied with. Credit is to be given for all time spent
in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and
by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. _____ 19___ the Court (having received or waives
a pre-sentence investigation) orders and directs that the defendant pay the
cost of prosecution and undergo imprisonment in a State Correctional
Institution at _____

Date: _____
(Judge) _____
D.A.: _____
D/DEF: _____

CR-4-79

**BUCKS COUNTY**

**ACCOMPANYING SENTENCE SHEET**

COMMONWEALTH V. _____

PROS: _____

SURCHARGE: _____

JUDGE: _____

D.A. _____

PD/DEF _____

DATE: _____

OTN: _____

NO. _____

NOTES BY: _____

CLERK: _____

**BUCKS COUNTY PRISON**

On Information No. _____ 19____ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and stand committed until sentence is complied with. This is to be given and committed for by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. _____ 19____ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ years nor more than _____ years in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, for this purpose. Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment is fully complied with.

**ARD**

On Information No. _____ 19____ the defendant is released on probation for a period of _____ under the supervision of the Probation Officer and upon the following conditions. Defendant to pay court costs and make restitution in the sum of $_____ within a period of _____ months, and shall follow all specific conditions as hereinafter set forth.

On Information No. _____ 19____ the defendant is released on probation for a period of _____ right to a speedy trial and upon the following conditions. Defendant to pay court costs and make restitution in the sum of $_____ months, and shall follow all specific conditions as hereinafter set forth.

On Information No. _____ 19____ the defendant is released on probation for a period of _____ State Parole Board, and in lieu of a fine pay $_____ for prosecution and in lieu of a fine pay $_____ for use of the County of Bucks (and make restitution in the sum of $_____ in monthly installments of $_____ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied with.

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ 19____ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _____ 19____ and, therefore, the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19____ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE — WOMEN— MUNCY**

The Court finding the defendant _____ to be a female over the age of _____ years, (having received or waived a pre-sentence investigation) orders and directs that the defendant to pay the cost of prosecution and further that she undergo confinement in the state industrial home for women at Muncy, Pa., for a period of not less than _____ years nor more than _____ as provided by law, and there to be fed, clothed and treated in all respects as provided by law, and be committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19____, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and impose the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19____, the Court finding that the defendant is able to pay the _____ orders and directs the defendant to pay the cost of prosecution and pay a fine in the sum of Guilty (of Bucks). The total fine and costs are to be paid to the Treasurer or _____ equal monthly installments.

**SPECIAL PROVISIONS:**

COMMONWEALTH V. _____

**BUCKS COUNTY**
**SENTENCE SHEET**

PROS:

SURCHARGE:

JUDGE:

D.A.:

PD/DEF:

DATE:

OTN:

ACCOMPANYING CASES:

C'TAX:     NO.

NOTES BY:

J.

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____.

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _____ and, the ____ore, the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than ____ years or a maximum of ____ years.

**SUSPENDED SENTENCE**

On Information No. _____ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE - WOMEN - MERCY**

The Court finding the defendant _____ to be a female over the age of 16 years, (having received or waives a pre-sentention) and upon consideration thereof, directs that she undergo confinement in the state industrial home for women at Muncy, Pa., for a period of not less than ____ years nor more than ____ years and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all days spent in custody as provided by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposed the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ the Court finding that the defendant is ____able to pay a fine orders and directs the defendant to pay the cost of prosecution and a ____ne in the sum of $ _____ to the Commonwealth for the ____use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

**BUCKS COUNTY PRISON**

On Information No. _____ 19__, the Court (having received or waives cost of pre-sentence investigation)orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than ____ nor more than ____ and stand committed until ____ is compiled for by, Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. _____ 19__, the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than ____ years nor more than ____ years in a State Correctional Institution and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for all purposes. Credit is to be given for all time spent in custody as provided by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment be fully compiled with.

**ARD**

On Information No. _____ 19__ the defendant is released on probation for a period of ____ months upon the following conditions. Defendant is directed to pay cost of prosecution and in lieu of fine pay ____ for the use of the County of Bucks (and make restitution in the sum of $ _____ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer, obey the law in all other respects and stand committed until the same be compiled with.

**ON INFORMATION NO. _____ 19___**

the defendant is released on probation for a period of ____ right to a speedy trial is released on probation for a period of ____ months and make restitution in the sum of $ _____ within a period of ____ months, and shall follow all specific conditions as hereinafter set forth.

**SPECIAL PROVISIONS:**

_____

OTN: _____

ACCOMPANYING CASES: _____

COMMONWEALTH v. _____

SURCHARGE: _____

PROS: _____

CR-4-79

JUDGE: _____

D.A. _____

PD/DEF T. Thompson

DATE: 12/7/83

**BUCKS COUNTY SENTENCE SHEET**

NO. _____

CLERK: _____

NOTES BY: _____

---

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ 19___ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _____ and thereafter the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than _____ years, or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE - WOMEN - HUNCY**

On Information No. _____ 19___ the defendant _____ to be a female over the age of 16 years, having received or waives a pre-sentence investigation, and directs the defendant to pay the cost of prosecution and further directs that she undergo confinement in the state industrial home for women at Muncy, Pa., for a period of not less than _____ years nor more than _____ and there to be fed, clothed and treated as provided by law and to stand committed until the same be complied with respects Credit is to be given for all time spent in custody as is provided for by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**FINE ONLY**

On Information No. _____ 19___ the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $_____ for the use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19___, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

---

**STATE PENITENTIARY**

On Information No. _____ 19___ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ years nor more than _____ years in a State Correctional Institution as shall be designated by the Bureau of Correction, sent to the Correction Diagnostic and Classification Center in Graterford, Pa. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment is fully complied with.

**BUCKS COUNTY PRISON**

On Information No. _____ 19___ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and stand committed until _____ sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**ON INFORMATION NO. ____**

_____ 19___ the defendant is released on probation for a period of _____ under the supervision of the (Bucks County Probation Officer or State Parole Board) from the following conditions. Defendant to stand committed in lieu of a fine pay $_____ for the use of the County of Bucks (and make restitution in the sum of $_____ in monthly payment to his probation officer) and make restitution in the sum of $_____ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied with.

**ON INFORMATION NO. ____**

_____ 19___ the defendant is released on probation for a period of _____ months upon the following conditions. Defendant to pay court cost and make restitution in the sum of $_____ and shall follow all specific conditions as hereinafter set forth.

**SPECIAL PROVISIONS:**

Commitment made to run concurrent to other cases

Credit for time served

83-1372
83-1373
83-1374
83-1375
83-1376
83-1503

23.00
23.00
23.00
23.00
23.00
23.00

108.35

Exhibit C

1   with Mr. Iseley, we have a total of six armed

2   robberies, all weapons offenses where violence was

3   threatened or the victims were put in fear of their

4   life or safety.

5          We also have another offense which is of a

6   little more minor nature involving the State Trooper,

7   that is Number 1241 of 1983 where assaultive conduct

8   was taken against the State Trooper after a very

9   high speed, automobile chase but I address

10  particularly the weapons offenses, the robbery

11  offenses and I find in the Court's judgment that the

12  only appropriate method of treatment is by total

13  confinement for a fairly extensive period of time.

14         Now, the sentence of the Court in Mr.

15  Iseley's case and I will state what the total comes

16  out to and then I will illustrate how it is to be

17  broken down in a moment, but the sentence is for a

18  minimum of 12 and a half years in the state

19  correctional institution, and a total of a maximum

20  of 25 years in the state correctional institution,

21  and that is calculated as follows on the individual

22  sentences:  Addressing first Number 1241 of 1983,

23  that is the offense involving the State Trooper, the

24  Court's sentence is for the defendant to undergo

25  imprisonment at the state correctional institution

183

1    and he shall be assigned to the state correctional

2    institution at Greaterford for purposes of further

3    assignment.   The minimum sentence in this case is

4    for a period of not less than one year, the maximum

5    sentence is for a period of not more than two years.

6    The defendant is to pay the cost of prosecution

7    within six months after his date of final release

8    from confinement.

9         I am going the make no restitution order

10   in any of the cases.   The defendants or this

11   defendant, Mr. Metzler I will come to later, each

12   will be facing a lengthy imprisonment term, in my

13   judgment it is not appropriate under that particular

14   circumstance to attempt to frame any kind of

15   restitution order because of the length of the

16   sentences.

17        It is the court's judgment in a

18   restitution order that that situation is counter

19   productive, would cause some defendants and perhaps

20   Mr. Iseley in this case to be tempted to use some

21   sort of improper illegal method of gaining money to

22   pay restitution in order to avoid a parole violation

23   that would encourage him to go back to the very kind

24   of life we are trying to not have here so I make no

25   restitution order.

1          Now, in the following cases, I am going to

2    impose concurrent prison sentences and I might state

3    that the sentence under Number 1241, 1983 is to be

4    concurrent with the following listed numbers, in

5    each of the following cases the defendant, Mr.

6    Iseley, is sentenced to undergo imprisonment at a

7    state correctional institution for a period of not

8    less than seven and a half years, nor more than 15

9    years, and for that purpose shall be assigned to the

10   state correctional institution at Greaterford,

11   Pennsylvania, for the purpose of classification and

12   assignment to the appropriate institution.

13          The cases in which that sentence is made

14   and they are all to be concurrent with each other

15   and also with Number 1241 of 1983, are the following

16   cases:   Number 1272 of 1983, involving the

17   Geiger-Walker premises, Number 1373 of 1983,

18   involving the Knight and Dedonado premises, Number

19   1374 of 1983, involving the Kevin Michael Walker

20   premises, Number 1513 of 1983, involving the Mark

21   George incident at the First Pennsylvania Bank, and

22   finally Number 1375 of 1983, involving the incident

23   with Mr. Hamann at the Girard Bank.

24          The final sentence of the Court which is

25   intended to and shall be calculated to be

190

1   consecutive to the, all of the previous sentences

2   that I have stated is in the case of Number 1576 of

3   1983, that is involving the incident at the Collins

4   premises, in which the defendant Iseley and

5   defendant Metzler and defendant Austin were all

6   involved, the sentence of the Court there is that

7   the defendant undergo imprisonment at a state

8   correctional institution, for that purpose shall be

9   assigned to the state correctional institute at

10  Greaterford, Pennsylvania, for a period of not less

11  than five years nor more than ten years.  In each

12  and all of the foregoing cases the defendant is to

13  pay the costs of prosecution within six months after

14  the date of his final release.

15          Gentlemen, are there any questions

16  concerning the mechanics of calculation of the

17  Iseley sentences?  In general summary if my

18  arithmetic is correct, I calculate that the minimum

19  sentence is 12 and a half years, the maximum is 25

20  years, that is calculated as follows:  We have one

21  to two years on the trooper offense, then on all of

22  the other offenses except Collins the sentence is

23  seven and half to 15 years, which is concurrent with

24  the trooper offense, and consecutive to that is the

25  sentence on the Collins offense.

195

1    assume the time served is sometime shortly after the

2    date of the Collins offense.  I note on the

3    pre-sentence investigation report of Mr. Metzler

4    that it notes that credit time should be given from

5    January 25, 1983 to present, whether that is the

6    exact date or not I am not sure.  I assume that they

7    were arrested --

8                    MR. GOLDMAN:  Iseley was one day

9    less.

10                   MR. THOMPSON:  The preliminary

11   arraignment, Your Honor, was 1:00 a.m. on January

12   22nd.

13                   THE COURT:  That would be the date of

14   custody?

15                   MR. GOLDMAN:  Metzler had one day on

16   the street.

17                   THE COURT:  For record purposes, in

18   all of Mr. Iseley's cases he should be given credit

19   for time served since January 22, 1983 as against

20   all of the sentences imposed.  I assume the date is

21   January 23 then, is that correct?

22                   MR. BRILL:  I don't know what the

23   date is.

24                   THE COURT:  We will make it for

25   record purposes as January 22, 1983.  We will make