*See all*

5
1/24/01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,

  Petitioner

v.                CIVIL NO. 1:CV-00-2186

KATHLEEN ZWIERZYNA, ET AL.,    (Judge Kane)

  Respondents

FILED
HARRISBURG, PA

JAN 2 3 2001

MARY E. D'ANDREA, CLERK
PER_____
   DEPUTY CLERK

**ORDER**

**Background**

  This is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The financial affidavit accompanying the prisoner's motion to proceed in forma pauperis indicates that he may not be required to pay the full statutory filing fee of $5.00. Therefore, temporary approval to proceed in forma pauperis will be granted so the court may request from the warden or other appropriate official a summary of the transactions in the petitioner's account for the six (6) months preceding the filing of this petition.

  The court may condition entitlement to proceed in forma pauperis upon payment of a partial filing fee after consideration of the income received within the six (6) month period preceding submission of the petition, the present balance in the prisoner's account, the average monthly balance in the prisoner's account and other factors as may be brought to the court's attention. Jones v. Zimmerman, 752 F.2d 76, 78-79 (3d Cir. 1985); Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir. 1983). The partial filing fee to be submitted shall not in any circumstances exceed 15% of the income received by the prisoner within the

preceding six (6) months. See Evans v. Croom, 650 F.2d 521, 522, 525 (4th Cir. 1982, cert. denied, 454 U.S. 1153 (1982).

The warden or other appropriate official will be directed to provide this court with a record of the transactions, inflow and outflow of funds through the prisoner's account, which occurred within the preceding six (6) month period and advise the court of the present balance in the prisoner's account. The court shall be advised whether the prisoner has institutional employment and, if so, his average monthly income from the job.

If the records are at another institution or if the records are for some reason unavailable, this court should be so informed.

NOW, THEREFORE, THIS 23 DAY OF JANUARY, 2001, IT IS ORDERED THAT:

1. The petitioner is granted temporary leave to proceed in forma pauperis, pursuant to Title 28 of the United States Code, § 1915(a).

2. Within ten (10) days of the date of this order, the warden or other appropriate official shall complete the attached affidavit form and provide the requested information to the court.

3. Pursuant to Jones v. Zimmerman, 752 F.2d 76 (3d Cir. 1985), the warden shall simultaneously provide a copy of the completed affidavit to the petitioner.

_____
Yvette Kane
United States District Judge

YK:mcs

## AFFIDAVIT

(To be completed by the appropriate prison official)

CIVIL ACTION NO. _____

I, _____, being duly sworn, depose and say:

(1)   I am employed as _____ at _____.

   I have served in that capacity since _____, 19___.

(2)   The plaintiff, _____, Reg. No. _____, is presently incarcerated at the said institution.

(3)   The following is a listing of assets at the said institution belonging to plaintiff:

   a. Prison account

      1. Present balance:                         $_____

      2. Total amount of deposits
         during six months preceding
         the filing of the complaint:             $_____

      3. Average monthly balance:                 $_____

      4. Average monthly deposits:                $_____

   b. Employment

      1. Institutional employment:                $_____

      2. Average monthly wage:                    $_____

   c. Other resources: _____
   _____

(4)   I have attached a true and correct copy of the record of the transactions of the prisoner's account which occurred within the six months preceding the filing of the complaint.

(5)   The above information set forth in this affidavit is true and correct to the best of my knowledge, information and belief.

_____
Signature

Sworn to and subscribed
before me this _____ day
of _____, 2000.

_____
Notary Public
My Commission Expires:

Return to:

United States District Court
235 N. Washington Avenue
P.O. Box 1148
Scranton, PA  18501-1148

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 23, 2001

Re:  1:00-cv-02186   Iseley v. Zwierzyna

True and correct copies of the attached were mailed by the clerk to the following:

Charles Iseley
SCI-Coal
AM-9320
1 Kelley Dr.
Coal Township, PA  17866

```
cc:
Judge                           (✓)
Magistrate Judge                ( )
U.S. Marshal                    ( )
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          (✓)
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen  ( )    PA Atty Gen ( )
                                         DA of County ( )    Respondents ( )
Bankruptcy Court                ( )
Other   DISHC                   ( )
        Schmelferig
```

MARY E. D'ANDREA, Clerk

DATE:  1/23/01                           BY:  _____
                                              Deputy Clerk