IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ORIGINAL

| | | |
|---|---|---|
| CHARLES ISELEY, | : | CIVIL NO. 1:CV-00-2186 |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| KATHLEEN ZWIERZYNA, ET AL., | : | |
| Respondents | : | |

FILED
HARRISBURG, PA
DEC 10 2001
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

## ANSWER TO PETITION FOR HABEAS CORPUS RELIEF AND MEMORANDUM OF LAW IN SUPPORT THEREOF

A seriatim response is dispensed with in the interest of clarity.

## I.    PROCEDURAL HISTORY

Attached herein as Appendix A is the complete docketing statement of the Bucks County Clerk of Courts, Criminal Division on Bucks County Case Nos. 1241, 1372-75, 1513, and 1576/83.

On July 19, 1983, the petitioner entered an open guilty plea to six separate counts of Robbery, additional counts of Aggravated Assault, Possession of Prohibited Offensive Weapons, and related offenses before the Honorable Oscar S. Bortner, Court of Common Pleas of Bucks County. At that time, the petitioner was represented by the Bucks County Public Defender's Office. Following the guilty plea, sentencing was deferred for a pre-sentence investigation. On August 4, 1983, the petitioner filed a motion to withdraw his guilty pleas. On August 10, 1983, by agreement of the parties, the trial court allowed the pleas to be withdrawn. On September 19, 1983, the petitioner was represented by Theodore Thompson, Esquire. The petitioner again entered open guilty pleas for a second time to the six separate counts of robbery and related charges before the

Honorable George T. Kelton. Sentencing was again deferred for a pre-sentence investigation, and for the purpose of obtaining a psychological evaluation.

On November 16, 1983, the petitioner filed a motion to withdraw the entry of his guilty pleas. On the scheduled sentencing date of December 12, 1983, a hearing was held on the petitioner's motion. The petitioner's second motion to withdraw his guilty plea was denied. On that same date, the petitioner was sentenced to five concurrent terms of seven-and-one-half (7 ½) to fifteen (15) years imprisonment on Case Nos. 1272/83, 1373-75/83 and 1517/83, a concurrent term of one (1) to two (2) years imprisonment on Case No. 1241/83, and consecutive term of imprisonment of five (5) to ten (10) years imprisonment on Case No. 1576/83, for a total aggregate term of imprisonment of twelve-and-one-half (12 ½) to twenty-five (25) years.

The petitioner took no appeal from the judgment of sentence.

On February 28, 1991, the petitioner filed his first petition for post conviction collateral relief in the Bucks County Court of Common Pleas, pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. Section 9541, et seq. The issues raised in this petition included allegations that the petitioner's second guilty plea was not knowing, intelligent or voluntary, and that trial counsel was ineffective for failing to pursue that issue. See first PCRA petition attached in Appendix B. The court appointed the Public Defender's Office to represent him on this petition. An evidentiary hearing was held on October 16, 1991, and on December 17, 1991, the petitioner's first petition for post conviction collateral relief was denied.

The petitioner filed a direct appeal. On October 22, 1992, the Pennsylvania Superior Court denied the appeal and affirmed the judgment of the lower court. The

2

petitioner's subsequent request for Allowance of Appeal to the Pennsylvania Supreme Court was denied.  See Commonwealth v. Iseley, 418 Pa. Super. 364, 615 A.2d 408 (1992), allocatur denied 670 A.2d 730 (1993) and Order dated May 25, 1993, attached in Appendix B.

On May 24, 1992, the petitioner had filed his second petition for post conviction collateral relief alleging that the Public Defender's Office was ineffective in his first post conviction collateral challenge.  This issue addressed PCRA counsel's failure to raise on appeal that trial counsel was ineffective for not advising the petitioner that he was required to file a written motion challenging the validity of his second guilty plea within ten days.  New counsel was court-appointed, and on October 18, 1993, a hearing was held on this second petition before the Honorable R. Barry McAndrews.  See second PCRA petition and supplemental petition attached in Appendix C.  Thereafter, the petitioner's second request for post conviction relief was denied on April 7, 1994.

Notice of direct appeal was filed, but later withdrawn by court-appointed counsel on June 14, 1994.

On February 7, 1996, the petitioner filed his third petition for post conviction relief again alleging claims of ineffective assistance of counsel and challenging the colloquy given at sentencing.  See third PCRA petition attached in Appendix D.  On May 23, 1996, this petition was denied without a hearing by Judge McAndrews.  See Opinion dated May 23, 1996 attached in Appendix D.  The Superior Court denied the petitioner's direct appeal on March 12, 1997, and the Supreme Court denied allocatur on November 11, 1997.  See Memorandum Opinion dated March 12, 1997 and Order dated November 7, 1997, attached in Appendix D.

The petitioner had, in the meantime filed a Petition for Writ of Habeas Corpus in the United States District Court on February 10, 1996. The issues raised were denial of his right to appeal, the claim that his plea was involuntary and unlawfully induced, ineffective assistance of counsel, and the claim that his sentence was unconstitutional. The petitioner filed notice to withdraw this action on March 29, 1996, and the United States District Court dismissed the writ of habeas corpus on April 26, 1996 without prejudice for failure to exhaust state remedies. See attachments in Appendix E.

A second application by the petitioner for habeas relief was dismissed without prejudice on October 11, 1996 (Civil Action No.96-3029). In this petition, the petitioner challenged the Pennsylvania Board of Probation and Parole denying him parole. The Circuit Court of Appeals for the Third Circuit affirmed the Order dismissing the petition. Iseley v. Vaughn, 107 F.3d 862 (3d Cir. 1997).

The petitioner then filed his third writ of habeas corpus in the United States District Court on December 15, 1997. The issues raised by the petitioner involved claims of ineffective assistance of counsel, that his guilty plea was involuntary and unlawfully induced, that his sentence was unconstitutional, and various issues involving the denial of his parole. On January 16, 1998, the petitioner's third writ of habeas corpus was dismissed without prejudice. See attachments in Appendix F.

The petitioner sought review in the Commonwealth Court of Pennsylvania, which was denied on March 9, 1998. Iseley v. Pennsylvania Board of Probation and Parole, No. 186 M.D. 1998 (PA. Commonwealth Ct.). The petitioner petitioned for allowance of appeal from the Pennsylvania Supreme Court. The petitioner raised various issues regarding the Board's failure to grant him parole including whether a prisoner can be

4

denied parole at the expiration of his minimum sentence. On September 10, 1998, the Supreme Court denied his petition.

On February 3, 1998, the petitioner filed his fourth PCRA petition in the Bucks County Court of Common Pleas. The petitioner raised issues previously addressed in his prior petitions regarding ineffective assistance of counsel, unlawfully induced guilty pleas, and the denial of his right to appeal. These claims were found to have been previously litigated by the trial court and, therefore, not cognizable under the Act. The petitioner also raised two new issues involving eligibility of parole and the doctrine of merger. These issues were deemed waived for failure to raise them in previous petitions. By Order dated May 15, 1998, the trial court denied the petitioner's fourth petition for post conviction collateral relief. See Order and Opinion dated May 15, 1998 attached in Appendix G. The petitioner filed an appeal to the Superior Court.

On March 3, 1998, the petitioner also filed in the Court of Common Pleas a petition for writ of habeas corpus, which was denied by Order dated March 9, 1998. See Order dated March 9, 1998 attached in Appendix G.

The petitioner filed a second petition for writ of habeas corpus in the Common Pleas Court on July 21, 1998. In this petition he challenged the computation of his sentences by the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole. This petition was also denied by Order dated July 29, 1998, for lack of jurisdiction. The petitioner filed an appeal to the Superior Court.

The Superior Court denied the petitioner's appeal of the denial of his fourth PCRA petition on May 18, 1999. See Memorandum Opinion dated May 18, 1999 attached in Appendix G. The Superior Court denied the petitioner's appeal on the denial

of his writ of habeas corpus on May 25, 1999. See Memorandum Opinion dated May 25, 1999 attached in Appendix G.

The petitioner also sought relief through a second writ of mandamus, questioning the constitutionally of the aggregation of the petitioner's sentences. The Commonwealth Court dismissed the writ by Order dated June 24, 1998. Iseley v. Board of Corrections, No. 579 M.D. 1998 (Pa. Commonwealth Court). The Supreme Court denied allocatur on December 29, 1998.

The Supreme Court denied the petitioner's request for Allowance of Appeal nunc pro tunc on January 13, 2000. See Order dated January 13, 2000 attached in Appendix G.

On August 27, 1999, the petitioner again filed a Petition for Writ of Habeas Corpus in the United States District Court. The issues raised by the petitioner, on grounds that he is being detained in violation of due process and equal protection, were as follows:

A. Ground One: The DOC, in retaliation for the petitioner's "successful" litigation of a section 1983 claim against the DOC and eleven named correctional officers, schemed to delay the petitioner's parole, intentionally created a negative institutional record, falsely charged him with infractions, denied him due process at institutional administrative hearings, misstated his educational progress, and otherwise harassed the petitioner to keep him from parole;

B. Ground Two: His sentences were unlawfully aggregated and extended by ex post facto application of the 1996 amendment to the parole act of 1941;

C. Ground Three: The petitioner has been denied parole on the basis of race;

D. Ground Four: The petitioner is being denied parole in retaliation for his role as a perceived jail-house lawyer;

E. Ground Five: The petitioner's guilty plea colloquy grossly overstated his maximum legal sentence and the court misstated his minimum sentence as well;

6

F. <u>Ground Six</u>: The petitioner was not informed by trial counsel that numerous valid and meritorious suppression issues existed and were being waived by him in entering his plea; and,

G. <u>Ground Seven</u>: The petitioner was denied his constitutional right to effective assistance of counsel when trial counsel failed properly (a) to advise him of his defenses, (b) the correct mandatory minimum sentence, or (c) his appellate rights, and (d) failed to adequately investigate his case.

See petition for writ of habeas corpus attached in Appendix H.

On August 22, 2000, an evidentiary hearing was held before United States Magistrate Judge Carol Sandra Moore Wells. At that hearing, evidence was presented including testimony on the issue of the Board's denial of the petitioner for parole.

In the subsequent Report and Recommendation dated August 31, 2000, no constitutional violations were found, and the recommendation was to deny and dismiss the petitioner's request for habeas corpus relief. See Report and Recommendation dated August 31, 2000 attached in Appendix H.

In the Order dated September 29, 2000, United States District Court Judge Eduardo C. Robreno denied and dismissed the petitioner's petition for writ of habeas corpus, and denied a certificate of appealability as the petitioner had failed to make a showing of a denial of a constitutional right. See Order dated September 29, 2000 attached in Appendix H. The petitioner filed a petition with the United States Court of Appeals for the Third Circuit, requesting a certificate of appealability. The petitioner raised as an "appealable" matter his eligibility for parole and the claim that he is serving an illegal sentence due to the Board's miscalculation of credit on his sentences. See petition for certificate of appealability attached in Appendix H. This matter is **currently pending.**

On December 15, 2000, the petitioner filed the instant petition in the United States District Court seeking yet again habeas corpus relief.  The petitioner erroneously claims that he is illegally imprisoned as he is serving a sentence beyond the maximum expiration of his aggregate sentence of twelve-and-one-half (12 ½) to twenty-five (25) year sentence imposed on December 12, 1983.

Thereafter, on December 21, 2000, the petitioner filed a petition for writ of habeas corpus in the Supreme Court of Pennsylvania.  The petitioner again raised issues regarding his ineligibility for parole and challenges the calculation of credit by the Board as to his sentences.  The petitioner filed an amended petition for writ of habeas corpus on March 5, 2001.  See petitions attached in Appendix I.  The Supreme Court denied the petitioner's request for relief on May 11, 2001.  See Order dated May 11, 2001 attached in Appendix I.

Additionally, on May 30, 2001, the petitioner filed his fifth PCRA petition in the Court of Common Pleas in Bucks County.  By Order dated October 15, 2001, the petitioner's fifth request for post conviction relief was dismissed.  See fifth PCRA petition and Order dated October 15, 2001 attached as Appendix J.

## II.    **EXHAUSTION**

A District Court may consider and grant habeas corpus relief only if the petitioner meets his burden of proving that he has either exhausted all state remedies available to him with respect to each allegation, or is excused from doing so.  28 U.S.C. Section 2254(b)(1).  A claim is exhausted if it has been "fairly presented" once to the highest

state court that has the power to consider it.  Evans v. Court of Common Pleas, Delaware County, PA, 959 F.2d 1227 (3d Cir. 1992).

The petitioner now alleges, in sum, that the Board of Probation and Parole incorrectly calculated his time, and therefore, he claims that that he is beyond the maximum expiration of his sentences and is illegally imprisoned.  Using an alternate theory, he, once again, challenges the discretionary aspects of the denial oh his parole by the Board of Probation and Parole.

A prisoner has no absolute right to be released from prison on parole upon the expiration of his minimum term, and no constitutionally protected liberty interest in being released from confinement prior to the expiration of his maximum term.  Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285, 724 A.2d 319 (1999); Weaver v. Pennsylvania Board of Probation and Parole, 688 A.2d 766 (Pa. Commonwealth Ct. 1997).  A prisoner has only the right to apply for parole at the expiration of his minimum term and to have that application considered by the Board of Probation and Parole.  Id. Under Pennsylvania law, courts do not have statutory jurisdiction to conduct appellate review of the discretionary nature of parole decisions of the Board of Probation and Parole, as such decisions do not constitute an "adjudication" subject to appeal.  Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287 (2001); Rogers, supra.  A writ of mandamus cannot be used to compel a purely discretionary act, yet the writ may be an extraordinary remedy for prisoners to pursue allegations of constitutional violations against the Board.  Id.

The petitioner first raised claims involving his eligibility for and the denial of his parole in the Pennsylvania courts through his writs of mandamus to the Commonwealth

Court in 1998. These writs were denied, as were his requests for allowance of appeal to the Pennsylvania Supreme Court.

The petitioner also raised the claims of his eligibility for parole, and the Board's denial of same, in his fourth PCRA petition filed in March 1998. This claim was deemed waived, as it was not previously raised in his previous PCRA petitions. 42 Pa. C.S.A. 9544(b). This petition was also dismissed for lack of jurisdiction, as it was untimely. 42 Pa. C.S.A. 9545(b).

It appears that the petitioner can no longer use the Post Conviction Relief Act as a vehicle to challenge the denial of his parole. Nevertheless, it also appears that there are other available remedies in the state courts for review on allegations of constitutional violations by the Board to state prisoners.

The petitioner has failed to identify any specific constitutional violation committed by the Board. Moreover, he has failed to meet his burden of demonstrating that he has exhausted all state remedies as to his claims involving parole eligibility and that the Board and/or the Department of Corrections has improperly calculated his time on his sentences in violation of his constitutional rights. 28 U.S.C. Section 2254(b)(1). To the contrary, the petitioner subsequently filed a writ of habeas corpus to the Pennsylvania Supreme Court and thereafter, his fifth petition for post conviction relief, while the instant petition was still pending.

This petition for habeas corpus relief should, therefore, be dismissed.

III.    **PROCEDURAL DEFAULT**

Should this Honorable Court find that the petitioner has exhausted his state remedies through the denials of his writs of mandamus and PCRA petitions, the petitioner is nonetheless not entitled to relief.

The petitioner's claims in the instant petition are procedurally defaulted and barred from review. Although the petitioner has filed numerous appeals over the years, he has failed to adequately present the claims raised in the instant petition to the state courts. A petitioner that forwards claims that have not been properly adjudicated in the state system must be dismissed, however, only where there is an available state remedy for there presentation to the state courts. Where there is no remaining state remedy, the claims are procedurally defaulted and unreviewable unless the petitioner can show cause and prejudice that would excuse the default or that miscarriage of justice would occur if the claims were not considered. Coleman v. Thompson, 501 U.S. 722 (1991).

The petitioner's assignments of error must be fairly presented to the state courts. Evans, supra. The issues raised in the instant petition must be the substantial equivalent of those presented to the state courts. Id. The petitioner now uses an alternate theory to attack the discretionary aspects of his denial of parole by the Board. The petitioner's state court pleadings and briefs fail to demonstrate that he has presented legal theories and supporting facts asserted in the instant petition in such a manner that the claims raised in the state courts are substantially equivalent to those asserted in federal court. Nor has the petitioner alleged or demonstrated sufficient facts to excuse his default.

Moreover, in his previous writ of habeas corpus filed in the United States District Court on August 27, 1999, the Court had found that the petitioner's previous claims attacking the denial of his parole were procedurally defaulted, and that the Court

11

"lack[ed] authority to grant relief on [his] claims, even if they were meritorious." Report and Recommendation, 8/31/00, p. 17.

Therefore, the petition should be dismissed.

## IV.    SUCCESSIVE PETITIONS/ABUSE OF WRIT

The petitioner's current application for habeas corpus relief is a successive petition that raises the same or similar claims as those raised and previously rejected in his previous petition.

Amendments to the habeas statute included in the Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, severely restrict the review available to state prisoners who have previously assailed their convictions through a collateral federal action. Specifically, the petitioner must obtain permission to file a second action from a three-judge panel of the court of Appeals, 28 U.S.C. §(b)(3), to whom he must make a prima face showing that he has met several prerequisites. First, his claims must not have been included in his first petition. 28 U.S.C. §2244 (b)(1) (requiring dismissal of claims presented in a prior habeas action). Second, the petitioner must show either (1) that the new claims he would present rely on a new, previously unavailable rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review or (2) that the factual predicate underlying the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. §2244(b)(2).

12

The issues addressed in the petitioner's previous petition requesting habeas corpus relief were claims that the petitioner was denied parole in retaliation for filing a 1983 action, for being perceived as a jailhouse lawyer, and on the basis on race. The previous petition also addressed the petitioner's claim that his sentences were unlawfully aggregated and extended by ex post facto application of the 1996 amendments to the parole act. The petitioner's current claim that that the Board has miscalculated his sentences, and that has already served his maximum terms, is, in effect, yet another challenge to the discretionary aspects of the Board's determination to deny the petitioner parole. This challenge had been previously raised and rejected in his previous petition for relief.

In addressing and rejecting the petitioner's challenges to the denial of his parole, the Court found:

> "This court is not persuaded by Petitioner's account of why he was denied parole. Ample legitimate reasons justify the Board's denial of parole. . . Petitioner was convicted on multiple counts of highly assaultive crimes[.] Furthermore, Petitioner admitted that, while incarcerated, he has amassed at least 37 Class I (highest level) misconducts[.] The foregoing factors, in and of themselves, justify the Boards refusals of parole."

Report and Recommendation, 8/31/00, p. 18.

The Court went on to find:

> "Petitioner cannot prove that the Board makes and applies its own laws without accountability to the legislature or judiciary, because it did not apply the new rules rigidly. Petitioner was given individualized consideration of parole. The Board, albeit incorrectly, specifically considered facts applicable to Petitioner's case and cited appropriate grounds, such as Petitioner's substance abuse, prior and ongoing assaultive behavior, victim injury, unfavorable DOC recommendation, need for counseling and treatment, and public safety mandates, for its decision. After discussion with petitioner and an opportunity to refute inaccuracies, Petitioner was given recommendations that established clear, legitimate criterion the Board would consider at the next review."

13

Report and Recommendation, 8/31/00, p. 20.

The Court found no constitutional violation.  Report and Recommendation, 8/31/00, p. 20.

Moreover, in his petition for certificate of appealability, following the Order dismissing his prior application for relief, the petitioner stated that the District Magistrate erroneously ruled on the legality of his sentence.  The petitioner claims in that petition for certificate of appealability that the issue in his request for habeas corpus relief was not one of <u>aggregation</u> of sentence, but of <u>credit</u> that was the basis of his challenge.

The petitioner himself, has, therefore, made clear that this current petition for relief is in fact a successive petition of claims presented in a prior habeas action.  His petition should, therefore, be dismissed.

Additionally, the petitioner has failed to meet any of the requirements for filing successive petitions.  The petitioner has failed to properly obtain permission from the Court of Appeals for this successive filing.  28 U.S.C. Section 2244(b)(3).  The petition should, therefore, be dismissed.

Moreover, should the petitioner's current theory challenging the Board's decision to deny his parole be considered a new issue, this subsequent petition constitutes an abuse of the writ.  The petitioner had previously challenged the Board's decisions regarding his eligibility for and denial of his parole in two previous mandamus actions and in PCRA collateral attacks in the state courts.  The petitioner had raised issues challenging his eligibility for and denial of his parole in his previous writs of habeas corpus filed December 15, 1997 and August 27, 1999.  The new claim challenging the calculation of credit on his sentences does not involve a new rule of law that the Supreme Court has

14

made retroactive to cases on collateral review. Nor, had he employed due diligence, would the petitioner have been unable to discover the factual predicates underlying the instant claim by the time he filed his first habeas petition. The petitioner's claim challenging the calculation of credit on his sentences clearly could have been presented in the habeas action petitioner filed in 2000, some sixteen years after the imposition of his aggregate sentence of twelve-and-one-half to twenty-five years. See McClesky v. Zant, 499 U.S. 467, 498 (1991):

> The question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process
> … The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition. If what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant.

The instant petition should, therefore, be denied.

## V.   THE PETITIONER IS NOT UNLAWFULLY IMPRISONED BUT IS CURRENTLY SERVING A LEGAL AGGREGATE SENTENCE OF 12 ½ TO 25 YEARS.

On December 12, 1983, the petitioner was sentenced on six separate counts of robbery, additional counts of aggravated assault, possession of prohibited offensive weapons, and related offenses. The petitioner received five concurrent terms of seven-and-one-half (7 ½) to fifteen (15) years imprisonment on Case Nos. 1272/83, 1373-75/83

and 1517/83. The petitioner received a concurrent term of one (1) to two (2) years imprisonment on Case No. 1241/83, and a consecutive term of imprisonment of five (5) to ten (ten) years imprisonment on Case No. 1576/83.

Under Pennsylvania law, "[w]henever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum shall not exceed one-half of the maximum sentence imposed." 42 Pa. C.S.A. Section 9757. The petitioner's sentence aggregates to a term of twelve-and-one-half (12 ½) to twenty-five (25) years. The petitioner's aggregated minimum date was July 22, 1995. The petitioner's aggregated maximum date is January 22, 2008.

Nevertheless, the petitioner claims that he is illegally imprisoned. The petitioner also erroneously claims, without authority, that the consecutive five (5) to ten (10) year sentence was to begin and be computed at the expiration of the minimum term of the seven-and-one-half (71/2) to fifteen (15) year sentences. Through some rather extraordinary calculations, the petitioner has concluded that he has served his sentence and is beyond the maximum expiration of his terms.

The petitioner's claim is patently frivolous and wholly without merit.

A sentence imposed for a criminal offense is the maximum term. Brown v. Pennsylvania Board of Probation and Parole, 668 A.2d 218 (Pa. Commonwealth Ct.). A prisoner has no constitutionally protected liberty interest in being released from confinement prior to expiration of maximum term. Weaver, supra. The minimum term merely sets the date prior to which the prisoner may not be paroled. Brown, supra.

Prisoners have no absolute right to parole, but only rather the right to petition for parole upon expiration of their minimum term. Id.; Rogers, supra. The minimum term, therefore, only establishes a parole eligibility date.

Moreover, the Board of Probation and Parole has broad, and sole, discretion to determine if and when a prisoner should be released on parole. Brown, supra.

The petitioner had been previously denied parole by the Board in October 1995, December 1996, November 1997, and February 1999. Report and Recommendation, 8/31/00, p. 5. The United States District Court had found that the Board had legitimate reasons to deny the petitioner's parole, and found no constitutional violations. Report and Recommendation, 8/31/00, pp. 18, 20, 22.

The petitioner is currently serving his legal aggregate sentence of twelve-and-one-half to twenty-five tears.

WHEREFORE, Respondent respectfully requests that this petition requesting habeas corpus relief be denied and dismissed.

Respectfully submitted:

Karen A. Diaz
Chief Deputy District Attorney

# **VERIFICATION**

I, Karen A. Diaz, hereby verify that I am an attorney, being duly sworn according to law, disposes and says that she is a Chief Deputy District Attorney of Bucks County and that the facts set forth in the foregoing are true and correct to the best of her knowledge, information and belief. The undersigned understand that the statements therein are made subject to the penalties of 18 Pa. C.S. A. subsection 4904 relating to unsworn falsification to authorities.

Karen A. Diaz
Chief Deputy District Attorney

DATED: December 10, 2001

## CERTIFICATE OF SERVICE

I, Karen A. Diaz, Esquire, Chief of Prosecution of Bucks County, do hereby swear and affirm that on the 10th day of December 2001, a true and correct copy of the Respondents' Answer to Petition for Habeas Corpus Relief and Memorandum of Law in Support Thereof, served upon the following in the manner indicated:

<u>Via First Class Mail</u>:

Charles Iseley AM-9320
1100 Pike Street
Huntingdon, PA  16654

Respectfully submitted,

Karen A. Diaz., Esquire
Chief Deputy District Attorney
Bucks County Courthouse – Fourth Floor
55 East Court Street
Doylestown, PA  18901
(215) 348-6344
Attorney I.D. 56067
Attorney for the Commonwealth

**APPENDIX A**

```
CMD->[LR]  TR->[  ]  CRIMINAL CASE AND CHARGE INFO DISPLAY        CC6  1093
                                                          12/08/2001 17:20
*INFO# [1983[01241][0]   DATE FILED 03 22 1983  STATUS   501  DATE
   OTN    DOCKET # FINAL AUTH   TRSFR DATE   DOCKET # INTL AUTH     SID#
B9546154   07 1 03 1982 2 000737
===================================================================================
DEF |LAST NAME ISELEY           FIRST CHARLES            SUFFIX    CORP
NFO|ADDR1 711 WINDER DR.                 ADDR2
   |CITY  BRISTOL            ST   PA  ZIP 19007
   |DOB  07 04 1962  SEX  M   RACE  B  OPER LIC                LIC ST
   |SS/CC #            DATE CITATION/COMPLAINT SIGNED  12 09 1982
PURDONS CODE==========ALPHA===DATE=====TYPE==SHORT DESCRIPTION=======**D.J.=
18 5104                  A   12041982    M    RESIST ARREST              1
18 5503(A)               B   12041982    S    DISORD. CON. FINE T/MUN.   1
18 5503(A)               C   12041982    S    DISORD. CON. FINE T/MUN.   1
75 1543(A)               D   12041982    S    DRIVING WHILE SUSP/REVOK   1
75 3733                  E   12041982    S    FLEE/ELUDE COP             1



        **1 = HELD FOR COURT    2 = WAIVED   3 = DISMISSED
        **4 = WITHDRAWN         5 = FUGITIVE
 NO MORE CHARGE RECORDS            ]        (LR,FR,PR,RT)      XMIT->[ ]

RCV         |    |FORM|     |LTAI|    |Col  8|Row  1|Page 1|ST1343
```

DATE: 12/08/2001    OFFICE OF CLERK OF COURTS BUCKS COUNTY, PA.              PAGE
TIME: 17:22              CLERK OF COURTS CASE DOCKET INFORMATION

DOCKET #    1983 01241

          JUDGE                  CLASS                    STATUS
        MCANDREWS              CRIMINAL

       PLAINTIFF                                    DEFENDANT
COMMONWEALTH OF PENNSYLVANIA        VS   ISELEY        CHARLES W

03221983 TRANSCRIPT FILED.
04041983 PETITION FOR APPOINTMENT OF PUBLIC DEFENDER FILED.   PETITION GRANTED
         ORIGINAL FILED IN 83-1372.
04201983 REQUEST FOR BILL OF PARTICULARS FILED.
         MOTION FOR PRE-TRIAL DISCOVERY AND INSPECTION BY DEFENDANT FILED.
04251983 MOTION FOR PRE-TRIAL DISCOVERY FILED BY COMMONWEALTH.
         DISCOVERABLE MATERIAL FILED BY DISTRICT ATTORNEY' OFFICE.
05181983 OMNIBUS PRE-TRIAL MOTION FILED.
05311983 HON. ISAAC S. GARB        PROS.BUTLER III        BUCHANAN
         CONTINUANCE GRANTED TO JUNE 20, 1983.
06211983 REQUEST FOR CONTINUED REPRESENTATION BY PUBLIC DEFENDER FILED.
07131983 WAIVER OF SPEEDY TRIAL FILED.
07151983 PETITION FILED - MOTION TO BAR APPLICATION OF MANDATORY SENTENCING
         ACT.
         DISCOVERABLE MATERIAL(ADDITIONAL)FILED BY DISTRICT ATTORNEY'S OFFICE
07191983 HON. OSCAR S. BORTNER        PROS.ROBERT E        GOLDMAN
         DEF. JOSEPH J        SCAFIDI
         FINAL PLEA OF GUILTY ENTERED.
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE
         BAIL REVOKED
08041983 PETITION TO WITHDRAW GUILTY PLEA FILED.
         ORDER ENTERED FIXING HEARING DATE.   HEARING FIXED FOR AUGUST 19,
         1983 AT 10:00 AM, COURT ROOM NO 3.
08101983 ORDER FILED. SEE FILE.   GUILTY PLEAS HERETOFORE ENTERED ON THE 19TH
         DAY OF JULY, 1983, BE AND THE SAME ARE DEEMED WITHDRAWN.
08191983 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY THEODORE Q. THOMPSON, ESQ
09191983 HON. GEORGE T. KELTON        PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.        THOMPSON
         FINAL PLEA OF GUILTY ENTERED.
         HON. GEORGE T. KELTON        PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.        THOMPSON
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE BY COUNTY.
09201983 PETITION TO DISMISS CHARGES WITH PREJUDICE, PA.R.CRIM.P.1100(F)
         FILED.
         MOTION TO QUASH INFORMATION FILED.
09211983 ORDER ENTERED DIRECTING PRE-SENTENCE INVESTIGATION REPORT.
         ORDER ENTERED DIRECTING PSYCHOLOGICAL EVALUATION.
11301983 NOTES OF TESTIMONY FILED FOR SEPTEMBER 19, 1983.
12011983 NOTES OF TESTIMONY FILED FOR JULY 19, 1983.
12071983 HON. GEORGE T. KELTON        PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.        THOMPSON
         FINAL PLEA OF GUILTY-WITHDRAWN.
         MOTIONS MADE IN COURT-DEFENSE MOTION TO BAR APPLICATION OF MANDATORY
         SENTENCING ACT.   COURT FINDS UNECESSARY TO MAKE DETERMINATION.
         DIAGNOSTIC CLASSIFICATION CENTER 1 YR TO 2 YRS.   CREDIT FOR TIME
         SERVED.   CONCURRENT TO OTHER CASES. COSTS W/IN 6 MOS OF RELEASE.
05041984 PETITION TO TRANSFER DEFENDANT FROM EDCC-GRATERFORD TO SCI-CAMP HILL
         FILED.   (FILED IN 83-1375.)

DATE: 12/08/2001                                                    PAGE
TIME: 17:22

DOCKET #   1983 01241

0101984 NOTES OF TESTIMONY FILED FOR DECEMBER 12, 1983 (MOTION AND
        SENTENCING - 2 VOLUMES). FILED IN 83-1576.
10161991 HON. GEORGE T. KELTON
        DEF.                  PUBLIC DEFENDER
        HEARING HELD. P.C.R.A.--TESTIMONY TO BE TRANSCRIBED & FURNISHED TO
        COUNSEL; 15 DAYS--DEFENSE BRIEF; 15 DAYS THEREAFTER C/W BRIEF.
7311992 ORDER FILED. SEE FILE.
1281993 PETITION FILED-SUPPLEMENTAL POST CONVICTION RELIEF.
        ORDER ENTERED FIXING HEARING DATE. HEARING FIXED FOR FEBRUARY 10,
        1993, COURTROOM #4.
6081993 PETITION TO TRANSFER DEFENDANT FROM SCI-SMITHFIELD TO
        SCI-GRATERFORD, FILED.                    ORIGINAL FILED IN 1576/83
08271993 MOTION FOR HEARING FILED. FORWARDED TO JUDGE FOR SIGNATURE.
9221993 ORDER ENTERED FIXING HEARING DATE. HEARING FIXED FOR OCTOBER 18TH
        1993 IN CT. RM. #3 AT 10:00 A.M.
10011993 PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM FILED
        WRIT ISSUED OCTOBER 18, 1993.
0181993 HON. R. BARRY MCANDREWS
        DEF. JOHN J.          FIORAVANTI, JR.
        HEARING HELD. POST CONVICTION RELIEF HEARING UNDER ADVISEMENT.
2231994 BRIEFS FILED BY COMMONWEALTH. BRIEF IN OPPOSITION TO PETITIONER'S
        REQUEST UNDER THE POST CONVICTION RELIEF ACT.
03071994 ADDITION MICROFILMED. SEE REEL#287AC, FRAME #1968.
4111994 OPINION AND ORDER OF COURT FILED. PETITION FOR POST CONVICTION
        RELIEF IS HEREBY ORDERED & DECREED THAT THE PETITION IS DENIED.
05061994 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF POST CON-
        VICTION RELIEF ON APRIL 7,1994.APPEAL FILED BY JOHN FIORAVANTI,ESQ.
        PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: R.BARRY MCANDREWS
        COURT REPORTER: JANET DRANSFIELD
        VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
        PA.R.A.P. 551 FILED.
5181994 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
06161994 ORDER FILED. APPEAL IS WITHDRAWN AND DISCONTINUED BY ORDER OF
        JOHN J. FIORAVANTI,JR., ATTORNEY FOR APPELLANT.DISCONTINUED 6/14/94.
7211994 ADDITION MICROFILMED. SEE REEL#294AC, FRAME #1113.
02071996 PETITION UNDER POST CONVICTION HEARING ACT FILED.
        FILED IN 83-1372
2281996 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
        FORWARDED TO THE JUDGE FOR SIGNATURE.
        PETITION FILED FOR APPOINTMENT OF COUNSEL.FORWARDED TO THE JUDGE FOR
        SIGNATURE. FILED PRO SE.
        PETITION FILED FOR WRIT OF HABEAS CORPUS. FORWARDED TO THE JUDGE FOR
        SIGNATURE. FILED PRO SE.
03071996 LETTER FROM COURT ADMINISTRATOR FORWARDING PETITION, FILED 02/28/96,
        TO THE PUBLIC DEFENDERS OFFICE. ORIGINAL FILED IN 1576/83. SEE FILE
03131996 ADDITIONAL DOCKETING-RECORD SENT TO THOMAS J. RUETER, U.S.DISTRICT
        COURT,EASTERN DIST. OF PA. 601 MARKET STREET,PHILA.,PA.19106.
5241996 OPINION OF COURT FILED. PETITION IS DENIED.
6031996 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF
        PCRA.
        PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:MCANDREWS
        COURT REPORTER:
10281996 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.

DATE: 12/08/2001                                                      PAGE
TIME: 17:22

DOCKET #   1983 01241

03121997 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
01051998 COMPLETE RECORD RETURNED BY APPELLATE COURT.
         NOTES OF TESTIMONY PREVIOUSLY SENT FOR CO-DEFENDANT UNRETURNED.
02031998 PETITION UNDER POST CONVICTION HEARING ACT FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
03031998 PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO
         THE JUDGE FOR SIGNATURE.
         PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
         PRO SE. FORWARDED TO THE JUDGE FOR SIGNATURE.
04211998 ORDER DATED 04/20/98  FILED. DEFENDANT SHALL ANSWER W/I TEN DAYS OF
         THIS ORDER,NOTIFYING ALL INTERESTED PERSONS. THE COURT IS PROPOSING
         DISMISSAL OF HIS MOTION FOR POST CONVICTION COLLATERAL RELIEF FOR
         THE ABOVE CASE.
05151998 ORDER DATED 05/15/98  FILED. ORDERED AND DIRECTED THE THE FOURTH
         PETITION OF PCRA IS HEREBY DENIED.
05161998 DELINQUENT COST ACCOUNT REFERRED TO FCA COLLECTION AGENCY
         FOR FURTHER ACTION                                        $352.35
06101998 NOTICE OF APPEAL TO SUPERIOR COURT FILED. FROM ORDER DATED MAY 15,
         1998.
06191998 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
07211998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
         PETITION FILED FOR APPOINTMENT OF COUNSEL. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
         PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
07291998 ORDER DATED 07/27/98  FILED. THE PETITION FOR WRIT OF HABEAS CORPUS
         IS DENIED.
08051998 NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 5/15/98 DENIAL OF PETITION FOR RELEIF UNDER POST CONVICTION ACT.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
         NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
09181998 SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.
         SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
         LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMAITON.
10091998 OPINION OF COURT FILED.
05181999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
05251999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999 COMPLETE RECORD RETURNED BY APPELLATE COURT.
         COMPLETE RECORD RETURNED BY APPELLATE COURT.
09201999 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
         U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000 ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
10312000 MOTION FILED PRO-SE.
         FORWARDED TO COURT FOR SIGNATURE.
11152000 LETTER CAME TO HAND. DEFENDATN REQUESTED INFORMATION.
01082001 ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
         EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001 PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.
         FORWARDED TO COURT FOR JUDGES SIGNATURE.

PAGE

DATE: 12/08/2001
TIME: 17:22

DOCKET #    1983 01241

7262001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
          THE PUBLIC DEFENDER'S OFFICE.
09122001 LETTER CAME TO HAND FROM DEFENDANT-ANSWERED ON 11/19/2001
19172001 NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
          HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001 BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
          BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
10152001 ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
          A HEARING
          ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
          A HEARING
10262001 LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT
          FILED PROPERLY
END OF CASE

```
CMD->[LR]  TR->[  ]  CRIMINAL CASE AND CHARGE INFO DISPLAY           CC6  1093
                                                                12/08/2001 17:21
*INFO# [1983[01372][0]    DATE FILED 03 30 1983  STATUS   501  DATE
   OTN      DOCKET # FINAL AUTH   TRSFR DATE   DOCKET # INTL AUTH      SID#
 B9550564  07 1 06 1983 2 000081
================================================================================
DEF |LAST NAME ISELEY           FIRST CHARLES WILLIAM       SUFFIX    CORP
 NFO|ADDR1 1436 N. FRAZIER ST.              ADDR2
    |CITY  PHILADELPHIA         ST  PA  ZIP 19100
    |DOB  07 04 1964  SEX  M   RACE  B  OPER LIC                    LIC ST
    |SS/CC # 163286426    DATE CITATION/COMPLAINT SIGNED  01 25 1983
 PURDONS CODE==========ALPHA===DATE====TYPE===SHORT DESCRIPTION=======**D.J.=
 18 3701(A)(1)II          A   12031982    F     ROBBERY W/THREATS         1
 18 3701(A)(1)II          B   12031982    F     ROBBERY W/THREATS         1
                          C   12031982                                    1
 18 3502(A)               D   12031982    F     BURGLARY                  1
 18 3921(A)               E   12031982    F     THEFT/MOVABLE PROP.$2000  1
 18 3921(A)               F   12031982    F     THEFT/MOVABLE PROP.$2000  1


        **1 = HELD FOR COURT   2 = WAIVED   3 = DISMISSED
        **4 = WITHDRAWN        5 = FUGITIVE
 NO MORE CHARGE RECORDS               ]        (LR, FR, PR, RT)       XMIT->[ ]

RCV           |    |FORM|     |LTAI|     |Col  8|Row  1|Page 1|ST1343
```

DATE: 12/08/2001   OFFICE OF CLERK OF COURTS BUCKS COUNTY, PA.              PAGE
TIME: 17:23            CLERK OF COURTS CASE DOCKET INFORMATION

DOCKET #   1983 01372

            JUDGE               CLASS                    STATUS
            GARB                CRIMINAL

        PLAINTIFF                                  DEFENDANT
COMMONWEALTH OF PENNSYLVANIA        VS   ISELEY        CHARLES WM

03301983 TRANSCRIPT FILED.
02171983 PETITION FOR APPOINTMENT OF PRIVATE ATTORNEY, PD CONFLICT FILED.
         CYNTHIA WEAVER, ESQ. IS APPOINTED.
03081983 PETITION FOR LINE-UP FILED.
03111983 MOTION TO VACATE APPOINTMENT OF COUNSEL AND ORDER FILED.
         PUBLIC DEFENDER'S OFFICE IS APPOINTED IN STEAD OF C WEAVER, ESQ.
03161983 ORDER FILED. SEE FILE. (RE PETITION FOR LINE-UP)
03221983 PETITION FOR LINE-UP FILED.
04041983 PETITION FOR APPOINTMENT OF PUBLIC DEFENDER FILED.  PETITION GRANTED
04081983 PETITION FOR BAIL REDUCTION FILED.
         BAIL REDUCTION REFUSED.
04181983 ORDER FILED. SEE FILE. (RE PETITION FOR LINE-UP)
05091983 MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL FILED.
         ORDER FILED. SEE FILE.(RE TRANSPORTATION TO PHILA DETENTION CENTER)
05121983 ENTRY OF APPEARANCE AND WAIVER OF ARRAIGNMENT FILED BY THE
         PUBLIC DEFENDER'S OFFICE.
06061983 REQUEST FOR BILL OF PARTICULARS FILED.
         MOTION FOR PRE-TRIAL DISCOVERY AND INSPECTION BY DEFENDANT FILED.
06131983 ANSWER FILED TO MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL.
06201983 MOTION TO COMPEL DISCOVERY AND RULE TO SHOW CAUSE FILED.
06211983 REQUEST FOR CONTINUED REPRESENTATION BY PUBLIC DEFENDER FILED.
06231983 ANSWER TO PETITION FOR PRE-TRIAL DISCOVERY FILED.
         BILL OF PARTICULARS (ANSWER TO REQUEST) FILED.
         MOTION FOR PRE-TRIAL DISCOVERY FILED BY COMMONWEALTH.
06241983 DISCOVERABLE MATERIAL FILED BY DISTRICT ATTORNEY' OFFICE.
         ADDITIONAL DISCOVERY MATERIAL.
07081983 ORDER ENTERED DIRECTING MENTAL HEALTH EVALUATION.
07121983 ANSWER FILED TO MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL.
         OMNIBUS PRE-TRIAL MOTION FILED.
         OMNIBUS PRE-TRIAL MOTION FILED.
07131983 WAIVER OF SPEEDY TRIAL FILED.
07151983 DISCOVERABLE MATERIAL(ADDITIONAL)FILED BY DISTRICT ATTORNEY'S OFFICE
07181983 PETITION FILED - MOTION TO BAR APPLICATION OF MANDATORY SENTENCING
         ACT.
07191983 HON. OSCAR S. BORTNER    PROS.ROBERT E        GOLDMAN
         DEF. JOSEPH J      SCAFIDI
         FINAL PLEA OF GUILTY ENTERED.
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE
         BAIL REVOKED
08041983 PETITION TO WITHDRAW GUILTY PLEA FILED.
         ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR AUGUST 19,
         1983 AT 10:00 AM, COURT ROOM NO 3.
08101983 ORDER FILED. SEE FILE.  GUILTY PLEAS HERETOFORE ENTERED ON THE 19TH
         DAY OF JULY, 1983, BE AND THE SAME ARE DEEMED WITHDRAWN.
08191983 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY THEODORE Q. THOMPSON, ESQ
09191983 HON. GEORGE T. KELTON    PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.      THOMPSON

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #   1983 01372

         FINAL PLEA OF GUILTY ENTERED.
         HON. GEORGE T. KELTON        PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.       THOMPSON
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE BY COUNTY.
09201983 PETITION TO DISMISS CHARGES WITH PREJUDICE, PA.R.CRIM.P.1100(F)
         FILED.
         MOTION TO QUASH INFORMATION FILED.
09211983 ORDER ENTERED DIRECTING PRE-SENTENCE INVESTIGATION REPORT.
         ORDER ENTERED DIRECTING PSYCHOLOGICAL EVALUATION.
09271983 NOTICE OF MANDATORY MINIMUM SENTENCE CASE FILED.
1291983 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR 12/7/83 AT
         9:15 AM, COURT ROOM #4 ON MOTION TO WITHDRAW GUILTY PLEA.
         ORDER FILED.  SENTENCING IS FIXED FOR 12/7/82 AT 10:00 AM IN COURT
         ROOM NO 4.
1301983 NOTES OF TESTIMONY FILED FOR SEPTEMBER 19, 1983.
12011983 NOTES OF TESTIMONY FILED FOR JULY 19, 1983.
2071983 HON. GEORGE T. KELTON        PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.       THOMPSON
         FINAL PLEA OF GUILTY WITHDRAWN - DENIED.
         MOTIONS MADE IN COURT-DEFENSE MOTION TO BAR APPLICATION OF MANDATORY
         SENTENCING ACT.  COURT FINDS UNECESSARY TO MAKE DETERMINATION.
         DIAGNOSTIC CLASSIFICATION CENTER 7 & 1/2 YRS TO 15 YRS. CREDIT FOR
         TIME SERVED. CONCURRENT W/ OTHER CASES. COSTS W/IN 6 MOS OF RELEASE.
05041984 PETITION TO TRANSFER DEFENDANT FROM EDCC-GRATERFORD TO SCI-CAMP HILL
         FILED.  (FILED IN 83-1375.)
10101984 NOTES OF TESTIMONY FILED FOR DECEMBER 12, 1983 (MOTION AND
         SENTENCING - 2 VOLUMES). FILED IN 83-1576.
02281991 PETITION UNDER POST CONVICTION HEARING ACT FILED.
03111991 ORDER FILED. PUBLIC DEFENDER IS APPOINTED TO REPRESENT DEFENDANT.
         (P.C.H.A.)
04081991 ANSWER FILED TO DEFENDANT'S MOTION FOR POST CONVICTION COLLATERAL
         RELIEF.
         ANSWER FILED., COMMONWEALTHS ANSWER TO DEFENDANT'S MOTION FOR POST
         CONVICTION RELIEF.
09121991 HON. ISAAC S. GARB
         PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
         WRIT ISSUED SEPTEMBER 13,1991 AND ORDER.
10091991 PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
         WRIT ISSUED OCTOBER 9, 1991., AND ORDER.
10161991 HON. GEORGE T. KELTON
         DEF.                 PUBLIC DEFENDER
         HEARING HELD.  P.C.R.A.--TESTIMONY TO BE TRANSCRIBED & FURNISHED TO
         COUNSEL; 15 DAYS--DEFENSE BRIEF; 15 DAYS THEREAFTER C/W BRIEF.
11081991 NOTES OF TESTIMONY FILED FOR OCTOBER 16, 1991.
11121991 BRIEFS FILED BY DEFENDANT.
         PETITION FILED.            REQUESTED FINDINGS OF FACT.
11251991 BRIEFS FILED BY COMMONWEALTH.
12181991 OPINION AND ORDER OF COURT FILED. ...POST-CONVICTION RELIEF ACT IS
         DENIED.
12201991 ADDITIONAL DOCKETING      NOTES OF TESTIMONY MAILED TO DEFENDANT - AT
         SCI SMITHFIELD, HUNTINGDON PA.
01031992 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM ORDER ENTERED ON
         DECEMBER 17, 1991 BY HON. GEORGE T. KELTON.

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #   1983 01372

          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:GEORGE T. KELTON
          COURT REPORTER: JANET DRANSFIELD
          VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
          PA.R.A.P. 551 FILED.
03131992  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
04241992  PETITION UNDER POST CONVICTION HEARING ACT FILED.
05151992  ORDER FILED. JOHN FIORAVANTI, ESQ. IS APPOINTED TO REPRESENT
          DEFENDANT. (P.C.H.A.)
07311992  ORDER FILED. SEE FILE.
          ORDER FILED...ORDERS & DIRECTS JOHN FIORAVANTI DEFER ACTION ON
          POST-CONVICTION RELIEF PETITION.
10221992  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
01281993  PETITION FILED-SUPPLEMENTAL POST CONVICTION RELIEF
          ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR FEBRUARY 10,
          1993, COURTROOM #4.
05251993  PETITION FILED. THE PETITION FOR ALLOWANCE OF APPEAL IS HEREBY
          DENIED BY THE SUPREME COURT.
06081993  PETITION TO TRANSFER DEFENDANT FROM SCI-SMITHFIELD TO
          SCI-GRATERFORD, FILED.                  ORIGINAL FILED IN 1576/83
08271993  MOTION FOR HEARING FILED. FORWARDED TO JUDGE FOR SIGNATURE.
09211993  ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR OCTOBER 18TH,
          1993 IN CT. RM. #3 AT 10:00 A.M.
10011993  PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM FILED
          WRIT ISSUED OCTOBER 18, 1993.
10181993  HON. R. BARRY MCANDREWS
          DEF. JOHN J.        FIORAVANTI, JR.
          HEARING HELD. POST CONVICTION RELIEF HEARING UNDER ADVISEMENT.
11301993  ADDITIONAL DOCKETING-NOTES OF TESTIMONY FOR OCT. 18, 1993 SENT TO
          GRATERFORD TO DEFENDANT AND TO PAROLE BOARD.
04111994  OPINION AND ORDER OF COURT FILED. PETITION FOR POST CONVICTION
          RELIEF IS HEREBY ORDERED & DECREED THAT THE PETITION IS DENIED.
05061994  NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF POST CON-
          VICTION RELIEF ON APRIL 7,1994.APPEAL FILED BY JOHN FIORAVANTI,ESQ.
          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: R.BARRY MCANDREWS
          COURT REPORTER: JANET DRANSFIELD
          VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
          PA.R.A.P. 551 FILED.
05181994  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
06161994  ORDER FILED. APPEAL IS WITHDRAWN AND DISCONTINUED BY ORDER OF
          JOHN J. FIORAVANTI,JR., ATTORNEY FOR APPELLANT.DISCONTINUED 6/14/94.
07211994  ADDITION MICROFILMED.  SEE REEL#294AC, FRAME #1133.
01031996  PETITION FILED FOR WRIT OF HABEAS CORPUS. (PRO SE) FORWARDED TO THE
          JUDGE FOR SIGNATURE.
02071996  PETITION UNDER POST CONVICTION HEARING ACT FILED.
02281996  PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
          FORWARDED TO THE JUDGE FOR SIGNATURE.
          PETITION FILED FOR APPOINTMENT OF COUNSEL.FORWARDED TO THE JUDGE FOR
          SIGNATURE. FILED PRO SE.
          PETITION FILED FOR WRIT OF HABEAS CORPUS. FORWARDED TO THE JUDGE FOR
          SIGNATURE. FILED PRO SE.
03071996  LETTER FROM COURT ADMINISTRATOR FORWARDING PETITION, FILED 02/28/96,
          TO THE PUBLIC DEFENDERS OFFICE.  ORIGINAL FILED IN 1576/83. SEE FILE
03131996  ADDITIONAL DOCKETING-RECORD SENT TO THOMAS J. RUETER, U.S. DISTRICT
          COURT,EASTERN DIST. OF PA. 601 MARKET STREET,PHILA.,PA.19106.

DATE: 12/08/2001                                                                PAGE
 IME: 17:23

DOCKET #   1983 01372

 5241996 OPINION OF COURT FILED.
06031996 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF
          PCRA.
          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:MCANDREWS
          COURT REPORTER:
          PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
 6191996 SUPERIOR COURT DOCKET NO.1922PHL96, ASSIGNED.
 0281996 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
03121997 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
 2181997 PETITION FILED FOR WRIT OF HABEAS. PRO SE. FORWARDED TO THE JUDGE
          FOR SIGNATURE.
 01051998 COMPLETE RECORD RETURNED BY APPELLATE COURT.
          NOTES OF TESTIMONY PREVIOUSLY SENT FOR CO-DEFENDANT UNRETURNED.
 2031998 PETITION UNDER POST CONVICTION HEARING ACT FILED. PRO SE.
          FORWARDED TO THE JUDGE FOR SIGNATURE.
03031998 PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE.
          FORWARDED TO THE JUDGE FOR SIGNATURE.
          PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
          PRO SE. FORWARDED TO THE JUDGE FOR SIGNATURE.
 03091998 ORDER DATED 03/09/98  FILED. WRIT OF HABEAS CORPUS
          IS DENIED.
 03231998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
          SENT TO DOUG PRAUL FOR SIGNATURE
          NOTICE OF APPEAL TO SUPERIOR COURT FILED.
          FORWARDED TO DOUG PRAUL
04201998 HON. ISAAC S. GARB
          OPINION OF COURT FILED ON 03 09 98 WE DENIED APPELLANT'S PETITION F/
          WRIT OF HABEAS CORPUS.HE HAS APPEALED THEREFROM.ON 07 09 83 APPELLANT
          ADDITIONAL DOCKETING ENTERED PLEA OF GUILTY OF SIX COUNTS OF ROBBERY
          AGG ASSAULT, TERROR THREATS,POSS PROH OFF WEAPONS & RELATED OFFENSES
          ADDITIONAL DOCKETING ON 08 04 83,PRIOR TO IMPOSITION OF SENTENCE
          APPELLANT FILED MOTION TO W/D GUILTY PLEA WHICH WAS GRANTED 8 10 83
          ADDITIONAL DOCKETING ON 9 19 83 HE ONCE AGAIN ENTERED PLEA OF GUILTY
          11 16 83 PRIOR TO SENTENCING,APPELLANT FILED MOTION TO WITHDRAW HIS
          ADDITIONAL DOCKETING SECOND PLEA OF GUILTY WHICH WAS DENIED AFTER
          HEARING ON 12 12 83
 04211998 ORDER DATED 04/20/98  FILED. DEFENDANT SHALL ANSWER W/I 10 DAYS OF
          THIS ORDER DATED 4/20/98,NOTIFYING ALL INTERESTED PERSONS. THE COURT
          IS PROPOSING DISMISSAL OF HIS MOTION FOR POST CONVICTION COLLATERAL
          RELIEF.
 05151998 ORDER DATED 05/15/98  FILED. ORDERED AND DIRECTED THE THE FOURTH
          PETITION OF PCRA IS HEREBY DENIED.
05161998 DELINQUENT COST ACCOUNT REFERRED TO FCA COLLECTION AGENCY
          FOR FURTHER ACTION                                         $188.36
 06101998 NOTICE OF APPEAL TO SUPERIOR COURT FILED. FROM ORDER DATED MAY 15,
          1998.
06191998 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
 07211998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
          FORWARDED TO THE JUDGE FOR SIGNATURE.
          PETITION FILED FOR APPOINTMENT OF COUNSEL. PRO SE. FORWARDED TO THE
          JUDGE FOR SIGNATURE.
          PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO THE
          JUDGE FOR SIGNATURE.

DATE: 12/08/2001                                                                    PAGE
TIME: 17:23

DOCKET #    1983 01372

7291998  ORDER DATED 07/27/98  FILED. THE PETITION FOR WRIT OF HABEAS CORPUS
         IS DENIED.
08051998 NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 5/15/98 DENIAL OF PETITION FOR RELEIF UNDER POST CONVICTION ACT
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
         NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
09181998 SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.
         SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
         LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
10091998 OPINION OF COURT FILED.
05181999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
05251999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999 COMPLETE RECORD RETURNED BY APPELLATE COURT.
         COMPLETE RECORD RETURNED BY APPELLATE COURT.
09201999 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
         U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000 ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
10312000 MOTION FILED PRO-SE.
         FORWARDED TO COURT FOR SIGNATURE.
11152000 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
01082001 ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
         EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001 PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.
         FORWARDED TO COURT FOR JUDGES SIGNATURE.
06132001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
         THE PUBLIC DEFENDER'S OFFICE.
07262001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
         THE PUBLIC DEFENDER'S OFFICE.
09122001 LETTER CAME TO HAND FROM DEFENDANT-ANSWERED ON 11/19/2001
09172001 NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
         HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001 BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
10152001 ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
         A HEARING
10262001 LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT
         FILED PROPERLY
END OF CASE

```
CMD->[LR]  TR->[  ]  CRIMINAL CASE AND CHARGE INFO DISPLAY          CC6  1093
                                                         12/08/2001 17:21
*INFO# [1983[01373][0]    DATE FILED 03 30 1983  STATUS   501  DATE
   OTN    DOCKET # FINAL AUTH   TRSFR DATE   DOCKET # INTL AUTH     SID#
 B9550704  07 1 08 1983 2 000094
=====================================================================
DEF |LAST NAME CHARLES W.      FIRST ISELEY               SUFFIX    CORP
 NFO|ADDR1 1436 N. FRAZIER ST.           ADDR2
    |CITY  PHILADELPHIA           ST  PA  ZIP 19100
    |DOB  07 04 1964  SEX  M   RACE  B  OPER LIC                LIC ST
    |SS/CC # 163286426   DATE CITATION/COMPLAINT SIGNED  01 26 1983
 PURDONS CODE==========ALPHA===DATE====TYPE===SHORT DESCRIPTION=======**D.J.=
 18 3701(A)(1)I        A  12301982   F    ROBBERY                     1
 18 3701(A)(1)I        B  12301982   F    ROBBERY                     1
 18 3701(A)(1)II       C  12301982   F    ROBBERY W/THREATS           1
 18 3701(A)(1)II       D  12301982   F    ROBBERY W/THREATS           1
 18 3701(A)(1)IV       E  12301982   F    INFLICT INJURY              1
 18 3701(A)(1)IV       F  12301982   F    INFLICT INJURY              1
                       G  12301982                                    1


        **1 = HELD FOR COURT   2 = WAIVED   3 = DISMISSED
        **4 = WITHDRAWN        5 = FUGITIVE
 NO MORE CHARGE RECORDS              ]          (LR,FR,PR,RT)       XMIT->[ ]

 RCV        |       |FORM|    |LTAI|      |Col  8|Row  1|Page 1|ST1343
```

DATE: 12/08/2001    OFFICE OF CLERK OF COURTS BUCKS COUNTY, PA.         PAGE
TIME: 17:23              CLERK OF COURTS CASE DOCKET INFORMATION

DOCKET #   1983 01373

                    JUDGE                 CLASS                  STATUS
                    GARB                  CRIMINAL

         PLAINTIFF                                   DEFENDANT
COMMONWEALTH OF PENNSYLVANIA        VS   ISELEY        CHARLES WM

3301983 TRANSCRIPT FILED.
2171983 PETITION FOR APPOINTMENT OF PRIVATE ATTORNEY, PD CONFLICT FILED.
         CYNTHIA WEAVER, ESQ. IS APPOINTED.
03101983 MOTION TO VACATE APPOINTMENT OF COUNSEL AND ORDER FILED.
         OFFICE OF PUBLIC DEFENDER APPOINTED INSTEAD OF CYNTHIA WEAVER, ESQ.
03221983 PETITION FOR LINE-UP FILED.
04041983 PETITION FOR APPOINTMENT OF PUBLIC DEFENDER FILED.   PETITION GRANTED
         ORIGINAL FILED IN 83-1372.
 1081983 PETITION FOR BAIL REDUCTION FILED.
         BAIL REDUCTION REFUSED.
 4181983 ORDER FILED. SEE FILE. (RE PETITION FOR LINE-UP)
 5091983 MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL FILED.
         ORDER FILED. SEE FILE.(RE TRANSPORTATION TO PHILA DETENTION CENTER)
05121983 ENTRY OF APPEARANCE AND WAIVER OF ARRAIGNMENT FILED BY THE
         PUBLIC DEFENDER'S OFFICE.
05061983 REQUEST FOR BILL OF PARTICULARS FILED.
         MOTION FOR PRE-TRIAL DISCOVERY AND INSPECTION BY DEFENDANT FILED.
 5131983 ANSWER FILED TO MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL
 5201983 MOTION TO COMPEL DISCOVERY AND RULE TO SHOW CAUSE FILED.
06211983 REQUEST FOR CONTINUED REPRESENTATION BY PUBLIC DEFENDER FILED.
06231983 ANSWER TO PETITION FOR PRE-TRIAL DISCOVERY FILED.
         BILL OF PARTICULARS (ANSWER TO REQUEST) FILED.
         MOTION FOR PRE-TRIAL DISCOVERY FILED BY COMMONWEALTH.
07081983 ORDER ENTERED DIRECTING MENTAL HEALTH EVALUATION.
 7121983 ANSWER FILED TO MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL
         OMNIBUS PRE-TRIAL MOTION FILED.
07131983 WAIVER OF SPEEDY TRIAL FILED.
 7151983 DISCOVERABLE MATERIAL(ADDITIONAL)FILED BY DISTRICT ATTORNEY'S OFFICE
 7181983 PETITION FILED - MOTION TO BAR APPLICATION OF MANDATORY SENTENCING
         ACT.
07191983 HON. OSCAR S. BORTNER      PROS.ROBERT E        GOLDMAN
         DEF. JOSEPH J      SCAFIDI
         FINAL PLEA OF GUILTY ENTERED.
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE
         BAIL REVOKED
 8041983 PETITION TO WITHDRAW GUILTY PLEA FILED.
         ORDER ENTERED FIXING HEARING DATE.   HEARING FIXED FOR AUGUST 19,
         1983 AT 10:00 AM, COURT ROOM NO 3.
 8101983 ORDER FILED. SEE FILE.  GUILTY PLEAS HERETOFORE ENTERED ON THE 19TH
         DAY OF JULY, 1983, BE AND THE SAME ARE DEEMED WITHDRAWN.
08191983 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY THEODORE Q. THOMPSON, ESQ
 9191983 HON. GEORGE T. KELTON      PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.      THOMPSON
         FINAL PLEA OF GUILTY ENTERED.
         HON. GEORGE T. KELTON      PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.      THOMPSON
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE BY COUNTY.

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #   1983 01373

09201983 PETITION TO DISMISS CHARGES WITH PREJUDICE, PA.R.CRIM.P.1100(F)
         FILED.
         MOTION TO QUASH INFORMATION FILED.
09211983 ORDER ENTERED DIRECTING PRE-SENTENCE INVESTIGATION REPORT.
         ORDER ENTERED DIRECTING PSYCHOLOGICAL EVALUATION.
09271983 NOTICE OF MANDATORY MINIMUM SENTENCE CASE FILED.
11291983 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR 12/7/83 AT
         9:15 AM, COURT ROOM #4 ON MOTION TO WITHDRAW GUILTY PLEA.
         ORDER FILED.  SENTENCING IS FIXED FOR 12/7/82 AT 10:00 AM IN COURT
         ROOM NO 4.
11301983 NOTES OF TESTIMONY FILED FOR SEPTEMBER 19, 1983.
12011983 NOTES OF TESTIMONY FILED FOR JULY 19, 1983.
12071983 HON. GEORGE T. KELTON        PROS.ROBERT E       GOLDMAN
         DEF. THEODORE Q.      THOMPSON
         FINAL PLEA OF GUILTY - WITHDRAWN.
         MOTIONS MADE IN COURT-DEFENSE MOTION TO BAR APPLICATION OF MANDATORY
         SENTENCING ACT.  COURT FINDS UNECESSARY TO MAKE DETERMINATION.
         DIAGNOSTIC CLASSIFICATION CENTER 7 & 1/2 YRS TO 15 YRS. CREDIT FOR
         TIME SERVED. CONCURRENT W/ OTHER CASES. COSTS W/IN 6 MOS OF RELEASE.
10101984 NOTES OF TESTIMONY FILED FOR DECEMBER 12, 1983 (MOTION AND
         SENTENCING - 2 VOLUMES). FILED IN 83-1576.
02281991 PETITION UNDER POST CONVICTION HEARING ACT FILED.
03111991 ORDER FILED. PUBLIC DEFENDER IS APPOINTED TO REPRESNT DEFENDANT.
         (P.C.H.A.)
04081991 ANSWER FILED., COMMONWEALTHS ANSWER TO DEFENDANT'S MOTION FOR POST
         CONVICTION COLLATERAL RELIEF.
09121991 HON. ISAAC S. GARB
         PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
         WRIT ISSUED SEPTEMBER 13,1991.
10091991 PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
         WRIT ISSUED OCTOBER 9, 1991., AND ORDER.
10161991 HON. GEORGE T. KELTON
         DEF.                 PUBLIC DEFENDER
         HEARING HELD.  P.C.R.A.--TESTIMONY TO BE TRANSCRIBED & FURNISHED TO
         COUNSEL; 15 DAYS--DEFENSE BRIEF; 15 DAYS THEREAFTER C/W BRIEF.
11081991 NOTES OF TESTIMONY FILED FOR OCTOBER 16, 1991.
11121991 BRIEFS FILED BY DEFENDANT.
         PETITION FILED.   REQUESTED FINDINGS OF FACT.
11251991 BRIEFS FILED BY COMMONWEALTH.
         BRIEFS FILED BY COMMONWEALTH.
12181991 OPINION AND ORDER OF COURT FILED. ...POST-CONVICTION RELIEF ACT IS
         DENIED.
12201991 ADDITIONAL DOCKETING      NOTES OF TESTIMONY MAILED TO DEFENDANT - AT
         SCI SMITHFIELD, HUNTINGDON, PA.
01031992 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM ORDER ENTERED ON
         DECEMBER 17, 1991 BY HON. GEORGE T. KELTON.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: GEORGE T.KELTON
         COURT REPORTER:JANET DRANSFIELD
03131992 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
04241992 PETITION UNDER POST CONVICTION HEARING ACT FILED.
05151992 ORDER FILED. JOHN FIORAVANTI, ESQ. IS APPOINTED TO REPRESENT
         DEFENDANT. (P.C.H.A.)
07311992 ORDER FILED...ORDERS & DIRECTS JOHN FIORAVANTI DEFER ACTION ON
         POST-CONVICTION RELIEF PETITION.

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #   1983 01373


0221992   JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
01281993  PETITION FILED-SUPPLEMENTAL POST CONVICTION RELIEF.
          ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR FEBRUARY 10,
          1993, COURTROOM #4.
05251993  PETITION FILED. THE PETITION FOR ALLOWANCE OF APPEAL IS HEREBY
          DENIED BY THE SUPREME COURT.
06081993  PETITION TO TRANSFER DEFENDANT FROM SCI-SMITHFIELD TO
          SCI-GRATERFORD, FILED.                 ORIGINAL FILED IN 1576/83
08271993  MOTION FOR HEARING FILED. FORWARDED TO JUDGE FOR SIGNATURE.
09221993  ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR OCTOBER 18TH
          1993 IN CT. RM. #3 AT 10:00 A.M.
10011993  PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM FILED
          WRIT ISSUED OCTOBER 18, 1993.
10181993  HON. R. BARRY MCANDREWS
          DEF. JOHN J.          FIORAVANTI, JR.
          HEARING HELD. POST CONVICTION RELIEF HEARING UNDER ADVISEMENT.
12231994  BRIEFS FILED BY COMMONWEALTH.  BRIEF IN OPPOSITION TO PETITIONER'S
          REQUEST UNDER THE POST CONVICTION RELIEF ACT.
03081994  ADDITION MICROFILMED.  SEE REEL#288AC FRAME #9      .
04111994  OPINION AND ORDER OF COURT FILED. PETITION FOR POST CONVICTION
          RELIEF IS HEREBY ORDERED & DECREED THAT THE PETITION IS DENIED.
05061994  NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF POST CON-
          VICTION RELIEF ON APRIL 7,1994.APPEAL FILED BY JOHN FIORAVANTI,ESQ.
          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: R.BARRY MCANDREWS
          COURT REPORTER: JANET DRANSFIELD
          VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
          PA.R.A.P. 551 FILED.
05181994  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
06161994  ORDER FILED. APPEAL IS WITHDRAWN AND DISCONTINUED BY ORDER OF
          JOHN J. FIORAVANTI,JR., ATTORNEY FOR APPELLANT.DISCONTINUED 6/14/94
07211994  ADDITION MICROFILMED.  SEE REEL#294AC, FRAME #1139.
01031996  PETITION FILED FOR WRIT OF HABEAS CORPUS. (PRO SE) FORWARDED TO THE
          JUDGE FOR SIGNATURE.
02071996  PETITION UNDER POST CONVICTION HEARING ACT FILED.
          FILED IN 83-1372
02281996  PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
          FORWARDED TO THE JUDGE FOR SIGNATURE.
          PETITION FILED FOR APPOINTMENT OF COUNSEL.FORWARDED TO THE JUDGE FOR
          SIGNATURE. FILED PRO SE.
          PETITION FILED FOR WRIT OF HABEAS CORPUS. FORWARDED TO THE JUDGE FOR
          SIGNATURE. FILED PRO SE.
03071996  LETTER FROM COURT ADMINISTRATOR FORWARDING PETITION, FILED 02/28/96
          TO THE PUBLIC DEFENDERS OFFICE.  ORIGINAL FILED IN 1576/83. SEE FILE
03131996  ADDITIONAL DOCKETING-RECORD SENT TO THOMAS J. RUETER, U.S.DISTRICT
          COURT,EASTERN DIST. OF PA. 601 MARKET STREET,PHILA.,PA.19106.
05241996  OPINION OF COURT FILED. PETITION IS DENIED
06031996  NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF
          PCRA.
          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:MCANDREWS
          COURT REPORTER:
          PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
06191996  SUPERIOR COURT DOCKET NO.1922PHL96, ASSIGNED.
10281996  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.

DATE: 12/08/2001                                                          PAGE
TIME: 17:23

DOCKET #   1983 01373

03121997 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
12181997 PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO
         THE JUDGE FOR SIGNATURE.
         PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO
         THE JUDGE FOR SIGNATURE.
01051998 COMPLETE RECORD RETURNED BY APPELLATE COURT.
         NOTES OF TESTIMONY PREVIOUSLY SENT FOR CO-DEFENDANT UNRETURNED.
02031998 PETITION UNDER POST CONVICTION HEARING ACT FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
03031998 PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
         PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
         PRO SE. FORWARDED TO THE JUDGE FOR SIGNATURE.
03091998 ORDER DATED 03/09/98  FILED. WRIT OF HABEAS CORPUS
         IS DENIED.
03231998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
         SENT TO DOUG PRAUL FOR SIGNATURE
         NOTICE OF APPEAL TO SUPERIOR COURT FILED.
         FORWARDED TO DOUG PRAUL
04201998 HON. ISAAC S. GARB
         OPINION OF COURT FILED ON 03 09 98 WE DENIED APPELLANT'S PETITION F/
         WRIT OF HABEAS CORPUS.HE HAS APPEALED THEREFROM.ON 07 09 83, APPELLANT
         ADDITIONAL DOCKETING ENTERED PLEA OF GUILTY TO SIX COUNTS OF ROBBERY
         AGG ASSAULT,TERROR THREATS, POSS PROH OFF WEAPONS & RELATED OFFENSES
         ADDITIONAL DOCKETING ON 08 04 83,PRIOR TO IMPOSITION OF SENTENCE
         APPELLANT FILED MOTION TO W/D GUILTY PLEA WHICH WAS GRANTED 8 10 83
         ADDITIONAL DOCKETING ON 9 19 83 HE ONCE AGAIN ENTERED PLEA OF GUILTY
         11 16 83 PRIOR TO SENTENCING,APPELLANT FILED MOTION TO WITHDRAW HIS
         ADDITIONAL DOCKETING SECOND PLEA OF GUILTY WHICH WAS DENIED AFTER
         HEARING ON 12 12 83
04211998 ORDER DATED 04/20/98  FILED. DEFENDANT SHALL ANSWER W'I TEN DAYS OF
         THE DATE OF THIS ORDER NOTIFYING ALL INTERESTED PERSONS. THE COURT
         IS PROPOSING DISMISSAL OF HIS MOTION FOR PCRA.
05151998 ORDER DATED 05/15/98  FILED. ORDERED AND DIRECTED THE THE FOURTH
         PETITION OF PCRA IS HEREBY DENIED.
05161998 DELINQUENT COST ACCOUNT REFERRED TO FCA COLLECTION AGENCY
         FOR FURTHER ACTION                                          $271.82
06101998 NOTICE OF APPEAL TO SUPERIOR COURT FILED. FROM ORDER DATED MAY 15,
         1998.
06191998 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
07211998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
         PETITION FILED FOR APPOINTMENT OF COUNSEL. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
         PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
07291998 ORDER DATED 07/27/98   FILED. THE PETITION FOR WRIT OF HABEAS CORPUS
         IS DENIED.
08051998 NOTICE OF APPEAL TO SUPERIOR COURT FILED CHARLES ISLEY, PRO SE FOR
         5/15/98 DENIAL OF PETITION FOR RELEIF UNDER POST CONVICTION ACT.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
         NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #    1983 01373

           PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
           COURT REPORTER:
09181998   SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.
           SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
           LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
10091998   OPINION OF COURT FILED.
05181999   JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
05251999   JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999   COMPLETE RECORD RETURNED BY APPELLATE COURT.
           COMPLETE RECORD RETURNED BY APPELLATE COURT.
09201999   COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
           U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000   ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
11152000   LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
01082001   ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
           EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001   PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.
           FORWARDED TO COURT FOR JUDGES SIGNATURE.
06132001   LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
           THE PUBLIC DEFENDER'S OFFICE.
07262001   LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
           THE PUBLIC DEFENDER'S OFFICE.
09122001   LETTER CAME TO HAND FROM DEFENDANT-ANSWERED ON 11/19/2001
09172001   NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
           HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001   BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
10042001   PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:R. BARRY MCANDREWS
           COURT REPORTER:
10152001   ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
           A HEARING
10262001   LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT
           FILED PROPERLY
END OF CASE

```
CMD->[FR]  TR->[ ]  CRIMINAL CASE AND CHARGE INFO DISPLAY            CC6  1093
                                                              12/08/2001 17:21
*INFO# [1983[01374][0]    DATE FILED 03 30 1983  STATUS    501  DATE
   OTN      DOCKET # FINAL AUTH   TRSFR DATE   DOCKET # INTL AUTH      SID#
 B8550752  07 1 08 1983 2 000098
====================================================================================
DEF |LAST NAME ISELEY          FIRST CHARLES WILLIAM       SUFFIX     CORP
 NFO|ADDR1 1436 N. FRAZIER ST.           ADDR2
    |CITY  PHILADELPHIA          ST  PA  ZIP 19100
    |DOB  07 04 1964  SEX  M   RACE  B  OPER LIC                 LIC ST
    |SS/CC #            DATE CITATION/COMPLAINT SIGNED  01 28 1983
 PURDONS CODE===========ALPHA===DATE=====TYPE===SHORT DESCRIPTION========**D.J.=




            **1 = HELD FOR COURT   2 = WAIVED   3 = DISMISSED
            **4 = WITHDRAWN        5 = FUGITIVE
 END OF CHARGE FILE                    ]       (LR,FR,PR,RT)       XMIT->[ ]

 RCV          |   |FORM|     |LTAI|     |Col  8|Row  1|Page 1|ST1343
```

DATE: 12/08/2001   OFFICE OF CLERK OF COURTS BUCKS COUNTY, PA.         PAGE
TIME: 17:23          CLERK OF COURTS CASE DOCKET INFORMATION

DOCKET #   1983 01374

              JUDGE              CLASS              STATUS
              GARB               CRIMINAL

        PLAINTIFF                          DEFENDANT
COMMONWEALTH OF PENNSYLVANIA      VS   ISELEY    CHARLES WM

03301983 TRANSCRIPT FILED.
02171983 PETITION FOR APPOINTMENT OF PRIVATE ATTORNEY, PD CONFLICT FILED.
         CYNTHIA WEAVER,ESQ IS APPOINTED.
03101983 MOTION TO VACATE APPOINTMENT OF COUNSEL AND ORDER FILED.
         PUBLIC DEFENDER OFFICE IS APPOINTED INSTEAD OF CYNTHIA WEAVER, ESQ.
03221983 PETITION FOR LINE-UP FILED.
04041983 PETITION FOR APPOINTMENT OF PUBLIC DEFENDER FILED.  PETITION GRANTED
         ORIGINAL FILED IN 83-1372.
04081983 PETITION FOR BAIL REDUCTION FILED.
         BAIL REDUCTION REFUSED.
04181983 ORDER FILED. SEE FILE. (RE PETITION FOR LINE-UP)
05091983 MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL FILED.
         ORDER FILED. SEE FILE.(RE TRANSPORTATION TO PHILA DETENTION CENTER)
05121983 ENTRY OF APPEARANCE AND WAIVER OF ARRAIGNMENT FILED BY THE
         PUBLIC DEFENDER'S OFFICE.
06061983 REQUEST FOR BILL OF PARTICULARS FILED.
         MOTION FOR PRE-TRIAL DISCOVERY AND INSPECTION BY DEFENDANT FILED.
06131983 ANSWER FILED TO MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL.
06201983 MOTION TO COMPEL DISCOVERY AND RULE TO SHOW CAUSE FILED.
06211983 REQUEST FOR CONTINUED REPRESENTATION BY PUBLIC DEFENDER FILED.
06231983 ANSWER TO PETITION FOR PRE-TRIAL DISCOVERY FILED.
         BILL OF PARTICULARS (ANSWER TO REQUEST) FILED.
         MOTION FOR PRE-TRIAL DISCOVERY FILED BY COMMONWEALTH.
07081983 ORDER ENTERED DIRECTING MENTAL HEALTH EVALUATION.
07121983 ANSWER FILED TO MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL.
         OMNIBUS PRE-TRIAL MOTION FILED.
07131983 WAIVER OF SPEEDY TRIAL FILED.
07151983 DISCOVERABLE MATERIAL(ADDITIONAL)FILED BY DISTRICT ATTORNEY'S OFFICE
07181983 PETITION FILED - MOTION TO BAR APPLICATION OF MANDATORY SENTENCING
         ACT.
07191983 HON. OSCAR S. BORTNER    PROS.ROBERT E      GOLDMAN
         DEF. JOSEPH J    SCAFIDI
         FINAL PLEA OF GUILTY ENTERED.
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE
         BAIL REVOKED
08041983 PETITION TO WITHDRAW GUILTY PLEA FILED.
         ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR AUGUST 19,
         1983 AT 10:00 AM, COURT ROOM NO 3.
08101983 ORDER FILED. SEE FILE.  GUILTY PLEAS HERETOFORE ENTERED ON THE 19TH
         DAY OF JULY, 1983, BE AND THE SAME ARE DEEMED WITHDRAWN.
08191983 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY THEODORE Q. THOMPSON, ESQ
09191983 HON. GEORGE T. KELTON    PROS.ROBERT E      GOLDMAN
         DEF. THEODORE Q.    THOMPSON
         FINAL PLEA OF GUILTY ENTERED.
         HON. GEORGE T. KELTON    PROS.ROBERT E      GOLDMAN
         DEF. THEODORE Q.    THOMPSON
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE BY COUNTY.

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #   1983 01374

9201983 PETITION TO DISMISS CHARGES WITH PREJUDICE, PA.R.CRIM.P.1100(F)
        FILED.
        MOTION TO QUASH INFORMATION FILED.
        MOTION TO QUASH INFORMATION FILED.
9211983 ORDER ENTERED DIRECTING PRE-SENTENCE INVESTIGATION REPORT.
        ORDER ENTERED DIRECTING PSYCHOLOGICAL EVALUATION.
9271983 NOTICE OF MANDATORY MINIMUM SENTENCE CASE FILED.
1291983 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR 12/7/83 AT
        9:15 AM, COURT ROOM #4 ON MOTION TO WITHDRAW GUILTY PLEA.
        ORDER FILED.  SENTENCING IS FIXED FOR 12/7/82 AT 10:00 AM IN COURT
        ROOM NO 4.
11301983 NOTES OF TESTIMONY FILED FOR SEPTEMBER 19, 1983.
12011983 NOTES OF TESTIMONY FILED FOR JULY 19, 1983.
2071983 HON. GEORGE T. KELTON      PROS.ROBERT E      GOLDMAN
        DEF. THEODORE Q.     THOMPSON
        FINAL PLEA OF GUILTY WITHDRAWAL-DENIED.
        MOTIONS MADE IN COURT-DEFENSE MOTION TO BAR APPLICATION OF MANDATORY
        SENTENCING ACT.  COURT FINDS UNECESSARY TO MAKE DETERMINATION.
        DIAGNOSTIC CLASSIFICATION CENTER 7 & 1/2 YRS TO 15 YRS. CREDIT FOR
        TIME SERVED, CONCURRENT W/ OTHER CASES. COSTS W/IN 6 MOS OF RELEASE.
5041984 PETITION TO TRANSFER DEFENDANT FROM EDCC-GRATERFORD TO SCI-CAMP HILL
        FILED.  (FILED IN 83-1375.)
10101984 NOTES OF TESTIMONY FILED FOR DECEMBER 12, 1983 (MOTION AND
        SENTENCING - 2 VOLUMES). FILED IN 83-1576.
2281991 PETITION UNDER POST CONVICTION HEARING ACT FILED.
03111991 ORDER FILED. PUBLIC DEFENDER IS APPOINTED TO REPRESENT DEFENDANT.
        (P.C.H.A.)
4081991 ANSWER FILED., COMMONWEALTHS ANSWER TO DEFENDANT'S MOTION FOR POST
        CONVICTION COLLATERAL RELIEF.
09121991 HON. ISAAC S. GARB
        PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
        WRIT ISSUED SEPTEMBER 13,1991.
10091991 PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
        WRIT ISSUED OCTOBER 9, 1991., AND ORDER.
0161991 HON. GEORGE T. KELTON
        DEF.               PUBLIC DEFENDER
        HEARING HELD.  P.C.R.A.--TESTIMONY TO BE TRANSCRIBED & FURNISHED TO
        COUNSEL; 15 DAYS--DEFENSE BRIEF; 15 DAYS THEREAFTER C/W BRIEF.
1081991 NOTES OF TESTIMONY FILED FOR OCTOBER 16, 1991.
11121991 BRIEFS FILED BY DEFENDANT.
        PETITION FILED.   REQUESTED FINDINGS OF FACT.
1251991 BRIEFS FILED BY COMMONWEALTH.
12181991 OPINION AND ORDER OF COURT FILED. ...POST-CONVICTION RELIEF ACT IS
        DENIED.
2201991 ADDITIONAL DOCKETING     NOTES OF TESTIMONY MAILED TO DEFENDANT AT
        SCI SMITHFIELD, HUNTINGDON, PA.
01031992 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM ORDER ENTERED ON
        DECEMBER 17, 1991 BY HON. GEORGE T. KELTON.
        PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: GEORGE T KELTON
        COURT REPORTER: JANET DRANSFIELD
        VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
        PA.R.A.P. 551 FILED.
03131992 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.

DATE: 12/08/2001                                                          PAGE
 IME: 17:23

DOCKET #    1983 01374

 4241992 PETITION UNDER POST CONVICTION HEARING ACT FILED.
 05151992 ORDER FILED. JOHN FIORAVANTI, ESQ. IS APPOINTED TO REPRESENT
           DEFENDANT. (P.C.H.A.)
  7311992 ORDER FILED...ORDERS & DIRECTS JOHN FIORAVANTI DEFER ACTION ON
           POST-CONVICTION RELIEF PETITION.
 10221992 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
  1281993 PETITION FILED-SUPPLEMENTAL POST CONVICTION RELIEF.
           ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR FEBRUARY 10,
           1993, COURTROOM #4.
 05251993 PETITION FILED. THE PETITION FOR ALLOWANCE OF APPEAL IS HEREBY
           DENIED BY THE SUPREME COURT.
  6081993 PETITION TO TRANSFER DEFENDANT FROM SCI-SMITHFIELD TO
           SCI-GRATERFORD, FILED.                    ORIGINAL FILED IN 1576/83
  8271993 MOTION FOR HEARING FILED. FORWARDED TO JUDGE FOR SIGNATURE.
  9221993 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR OCTOBER 18TH
           1993 IN CT. RM. #3 AT 10:00 A.M.
 10011993 PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM FILED
           WRIT ISSUED OCTOBER 18, 1993.
 10181993 HON. R. BARRY MCANDREWS
           DEF. JOHN J.          FIORAVANTI, JR.
           HEARING HELD. POST CONVICTION RELIEF HEARING UNDER ADVISEMENT.
  2231994 BRIEFS FILED BY COMMONWEALTH.  BRIEF IN OPPOSITION TO PETITIONER'S
           REQUEST UNDER THE POST CONVICTION RELIEF ACT.
  3081994 ADDITION MICROFILMED.  SEE REEL#288AC FRAME #33     .
  4111994 OPINION AND ORDER OF COURT FILED. PETITION FOR POST CONVICTION
           RELIEF IS HEREBY ORDERED & DECREED THAT THE PETITION IS DENIED.
 05061994 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF POST CON-
           VICTION RELIEF ON APRIL 7,1994.APPEAL FILED BY JOHN FIORAVANTI,ESQ.
           PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: R.BARRY MCANDREWS
           COURT REPORTER: JANET DRANSFIELD
           VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
           PA.R.A.P. 551 FILED.
 05181994 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
  6161994 ORDER FILED. APPEAL IS WITHDRAWN AND DISCONTINUED BY ORDER OF
           JOHN J. FIORAVANTI,JR., ATTORNEY FOR APPELLANT.DISCONTINUED 6/14/94.
 07211994 ADDITION MICROFILMED.  SEE REEL#294AC, FRAME #1145.
 01031996 PETITION FILED FOR WRIT OF HABEAS CORPUS. (PRO SE) FORWARDED TO THE
           JUDGE FOR SIGNATURE.
  2071996 PETITION UNDER POST CONVICTION HEARING ACT FILED.
           FILED IN 83-1372
  2281996 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
           FORWARDED TO THE JUDGE FOR SIGNATURE.
           PETITION FILED FOR APPOINTMENT OF COUNSEL.FORWARDED TO THE JUDGE FOR
           SIGNATURE. FILED PRO SE.
           PETITION FILED FOR WRIT OF HABEAS CORPUS. FORWARDED TO THE JUDGE FOR
           SIGNATURE. FILED PRO SE.
 03071996 LETTER FROM COURT ADMINISTRATOR FORWARDING PETITION, FILED 02/28/96,
           TO THE PUBLIC DEFENDERS OFFICE.  ORIGINAL FILED IN 1576/83. SEE FILE
  3131996 ADDITIONAL DOCKETING-RECORD SENT TO THOMAS J. RUETER, U.S.DISTRICT
           COURT,EASTERN DIST. OF PA. 601 MARKET STREET,PHILA.,PA.1910G.
 05241996 OPINION OF COURT FILED. PETITION IS DENIED.
  6031996 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF
           PCRA.

DATE: 12/08/2001                                                          PAGE
TIME: 17:23

DOCKET #    1983 01374

            PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:MCANDREWS
            COURT REPORTER:
            PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
  6191996  SUPERIOR COURT DOCKET NO.1922PHL96, ASSIGNED.
  0281996  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
 03121997  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
  2181997  PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO
            THE JUDGE FOR SIGNATURE.
 01051998  COMPLETE RECORD RETURNED BY APPELLATE COURT.
            NOTES OF TESTIMONY PREVIOUSLY SENT FOR CO-DEFENDANT UNRETURNED.
  2031998  PETITION UNDER POST CONVICTION HEARING ACT FILED. PRO SE.
            FORWARDED TO THE JUDGE FOR SIGNATURE.
 03031998  PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE.
            FORWARDED TO THE JUDGE FOR SIGNATURE.
            PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
            PRO SE. FORWARDED TO THE JUDGE FOR SIGNATURE.
  03091998 ORDER DATED 03/09/98  FILED. WRIT OF HABEAS CORPUS
            IS DENIED.
 03231998  PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
            SENT TO DOUG PRAUL FOR SIGNATURE
            NOTICE OF APPEAL TO SUPERIOR COURT FILED.
            FORWARDED TO DOUG PRAUL
 04201998  HON. ISAAC S. GARB
            OPINION OF COURT FILED ON 03 09 98 WE DENIED APPELLANT'S PETITION F/
            WRIT OF HABEAS CORPUS.HE HAS APPEALED THEREFROM.ON 07 09 83 APPELLANT
            ADDITIONAL DOCKETING ENTERED PLEA OF GUILTY TO SIX COUNTS OF ROBBERY
            AGG ASSAULT, TERROR THREATS,POSS PROH OFF WEAPONS & RELATED OFFENSES
            ADDITIONAL DOCKETING ON 08 04 83, PRIOR TO IMPOSITION OF SENTENCE,
            APPELLNT FILED MOTION TO W/D GUILTY PLEA WHICH WAS GRANTED 8 10 83
            ADDITIONAL DOCKETING ON 9 19 83 HE ONCE AGAIN ENTERED PLEA OF GUILTY
            11 16 83 PRIOR TO SENTENCING,APPELLANT FILED MOTION TO WITHDRAW HIS
            ADDITIONAL DOCKETING SECOND PLEA OF GUILTY WHICH WAS DENIED AFTER
            HEARING ON 12 12 83
 04211998  ORDER DATED 04/20/98  FILED. DEFENDANT SHALL ANSWER W/I TEN DAYS OF
            THIS DATE OF THIS ORDER. NOTIFYING ALL INTERESTED PERSONS THE THE
            COURT IS PROPOSISNG DISMISSAL OF HIS POST CONVICTION COLLATERAL
            RELIEF FOR THE ABOVE CASES.
 05151998  ORDER DATED 05/15/98  FILED. ORDERED AND DIRECTED THE THE FOURTH
            PETITION OF PCRA IS HEREBY DENIED.
 05161998  DELINQUENT COST ACCOUNT REFERRED TO FCA COLLECTION AGENCY
            FOR FURTHER ACTION                                      $234.08
 06101998  NOTICE OF APPEAL TO SUPERIOR COURT FILED. FROM ORDER DATED MAY 15,
            1998.
 06191998  LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
 07211998  PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
            FORWARDED TO THE JUDGE FOR SIGNATURE.
            PETITION FILED FOR APPOINTMENT OF COUNSEL. PRO SE. FORWARDED TO THE
            JUDGE FOR SIGNATURE.
            PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO THE
            JUDGE FOR SIGNATURE.
  07291998 ORDER DATED 07/27/98  FILED. THE PETITION FOR WRIT OF HABEAS CORPUS
            IS DENIED.
 08051998  NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
            FOR 5/15/98 DENIAL OF PETITION FOR RELEIF UNDER POST CONVICTION ACT.

DATE: 12/08/2001                                                        PAGE
TIME: 17:23

DOCKET #   1983 01374

          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
          COURT REPORTER:
          NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
          FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
          COURT REPORTER:
09181998  SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.
          SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
          LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
10091998  OPINION OF COURT FILED.
05181999  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
05251999  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999  COMPLETE RECORD RETURNED BY APPELLATE COURT.
          COMPLETE RECORD RETURNED BY APPELLATE COURT.
09201999  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
          U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000  ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
11152000  LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
01082001  ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
          EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001  PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.
          FORWARDED TO COURT FOR JUDGES SIGNATURE.
06132001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
          THE PUBLIC DEFENDER'S OFFICE.
07262001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
          THE PUBLIC DEFENDER'S OFFICE.
09122001  LETTER CAME TO HAND FROM DEFENDANT-ANSWERED ON 11/19/2001
09172001  NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
          HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001  BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
10042001  PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:R. BARRY MCANDREWS
          COURT REPORTER:
10152001  ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
          A HEARING
10262001  LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT
          FILED PROPERLY
END OF CASE

```
CMD->[LR]  TR->[  ]  CRIMINAL CASE AND CHARGE INFO DISPLAY            CC6  1093
                                                           12/08/2001 17:22
*INFO# [1983[01375][0]    DATE FILED 03 30 1983  STATUS    501  DATE
   OTN      DOCKET # FINAL AUTH   TRSFR DATE   DOCKET # INTL AUTH     SID#
   B9550962  07 1 08 1983 2 000120
===================================================================================
DEF |LAST NAME ISELEY          FIRST CHARLES              SUFFIX     CORP
NFO|ADDR1 1436 N. FRAZIER ST.           ADDR2
   |CITY  PHILADELPHIA          ST  PA  ZIP 19100
   |DOB  07 04 1964  SEX  M   RACE  B  OPER LIC                   LIC ST
   |SS/CC #            DATE CITATION/COMPLAINT SIGNED  02 14 1983
PURDONS CODE===========ALPHA===DATE====TYPE===SHORT DESCRIPTION========**D.J.=
  18 3701(A)(1)II       A    11151982   F    ROBBERY W/THREATS           1
  18 3921(A)            B    11151982   M    THEFT/PROP.LESS THAN $50     1
  18 3925(A)            C    11151982   M    RSP LESS THAN $50            1
  18 907(A)             D    11151982   M    POS.INS/CRIME W/L/T EMP.     1
  18 908(A)             E    11151982   M    DEALING IN OFF. WEAPONS      1
  18 2701(A)            F    11151982   M    SIMPLE ASSAULT               1
  18 2702(A)(1)         G    11151982   F    AGG/ASS. INDIFF. T/LIFE      1


        **1 = HELD FOR COURT    2 = WAIVED   3 = DISMISSED
        **4 = WITHDRAWN         5 = FUGITIVE
NO MORE CHARGE RECORDS             ]        (LR, FR, PR, RT)      XMIT->[ ]

RCV          |   |FORM|     |LTAI|     |Col  8|Row  1|Page 1|ST1343
```

DATE: 12/08/2001    OFFICE OF CLERK OF COURTS BUCKS COUNTY, PA.                    PAGE
TIME: 17:24              CLERK OF COURTS CASE DOCKET INFORMATION

DOCKET #   1983 01375

              JUDGE                   CLASS                   STATUS
              GARB                    CRIMINAL

       PLAINTIFF                                   DEFENDANT
COMMONWEALTH OF PENNSYLVANIA         VS  ISELEY        CHARLES WM

03301983 TRANSCRIPT FILED.
03081983 MOTION TO CONSOLIDATE INFORMATIONS FOR PRELIMINARY HEARING FILED.
         ORDER FILED. RE CONSOLIDATION OF CASES FOR PRELIMINARY HEARING.
03101983 MOTION TO VACATE APPOINTMENT OF COUNSEL AND ORDER FILED.
         PUBLIC DEFENDER OFFICE APPOINTED INSTEAD OF CYNTHIA WEAVER, ESQ.
03221983 PETITION FOR LINE-UP FILED.
04041983 PETITION FOR APPOINTMENT OF PUBLIC DEFENDER FILED.  PETITION GRANTED
         ORIGINAL FILED IN 83-1372.
04081983 PETITION FOR BAIL REDUCTION FILED.
         BAIL REDUCTION REFUSED.
04181983 ORDER FILED. SEE FILE. (RE PETITION FOR LINE-UP)
05091983 MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL FILED.
         ORDER FILED. SEE FILE.(RE TRANSPORTATION TO PHILA DETENTION CENTER)
05121983 ENTRY OF APPEARANCE AND WAIVER OF ARRAIGNMENT FILED BY THE
         PUBLIC DEFENDER'S OFFICE.
06061983 REQUEST FOR BILL OF PARTICULARS FILED.
         MOTION FOR PRE-TRIAL DISCOVERY AND INSPECTION BY DEFENDANT FILED.
06201983 MOTION TO COMPEL DISCOVERY AND RULE TO SHOW CAUSE FILED.
06211983 REQUEST FOR CONTINUED REPRESENTATION BY PUBLIC DEFENDER FILED.
06231983 ANSWER TO PETITION FOR PRE-TRIAL DISCOVERY FILED.
         BILL OF PARTICULARS (ANSWER TO REQUEST) FILED.
         MOTION FOR PRE-TRIAL DISCOVERY FILED BY COMMONWEALTH.
07081983 ORDER ENTERED DIRECTING MENTAL HEALTH EVALUATION.
07121983 ANSWER FILED TO MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL.
         OMNIBUS PRE-TRIAL MOTION FILED.
07131983 WAIVER OF SPEEDY TRIAL FILED.
07151983 DISCOVERABLE MATERIAL(ADDITIONAL)FILED BY DISTRICT ATTORNEY`S OFFICE
07181983 PETITION FILED - MOTION TO BAR APPLICATION OF MANDATORY SENTENCING
         ACT.
07191983 HON. OSCAR S. BORTNER      PROS.ROBERT E        GOLDMAN
         DEF. JOSEPH J      SCAFIDI
         FINAL PLEA OF GUILTY ENTERED.
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE
         BAIL REVOKED
08041983 PETITION TO WITHDRAW GUILTY PLEA FILED.
         ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR AUGUST 19,
         1983 AT 10:00 AM, COURT ROOM NO 3.
08101983 ORDER FILED. SEE FILE.  GUILTY PLEAS HERETOFORE ENTERED ON THE 19TH
         DAY OF JULY, 1983, BE AND THE SAME ARE DEEMED WITHDRAWN.
08191983 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY THEODORE Q. THOMPSON, ESQ
09191983 HON. GEORGE T. KELTON       PROS.ROBERT E       GOLDMAN
         DEF. THEODORE Q.    THOMPSON
         FINAL PLEA OF GUILTY ENTERED.
         HON. GEORGE T. KELTON       PROS.ROBERT E       GOLDMAN
         DEF. THEODORE Q.    THOMPSON
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE BY COUNTY.
09201983 PETITION TO DISMISS CHARGES WITH PREJUDICE, PA.R.CRIM.P.1100(F)
         FILED.

DATE: 12/08/2001                                                                PAGE
TIME: 17:24

DOCKET #   1983 01375

            MOTION TO QUASH INFORMATION FILED.
09211983 ORDER ENTERED DIRECTING PRE-SENTENCE INVESTIGATION REPORT.
            ORDER ENTERED DIRECTING PSYCHOLOGICAL EVALUATION.
 9271983 NOTICE OF MANDATORY MINIMUM SENTENCE CASE FILED.
 1291983 ORDER ENTERED FIXING HEARING DATE.   HEARING FIXED FOR 12/7/83 AT
            9:15 AM, COURT ROOM #4 ON MOTION TO WITHDRAW GUILTY PLEA.
            ORDER FILED.   SENTENCING IS FIXED FOR 12/7/82 AT 10:00 AM IN COURT
            ROOM NO 4.
11301983 NOTES OF TESTIMONY FILED FOR SEPTEMBER 19, 1983.
 2011983 NOTES OF TESTIMONY FILED FOR JULY 19, 1983.
 2071983 HON. GEORGE T. KELTON          PROS.ROBERT E          GOLDMAN
            DEF. THEODORE Q.      THOMPSON
            FINAL PLEA OF GUILTY WITHDRAWAL - DENIED.
            MOTIONS MADE IN COURT-DEFENSE MOTION TO BAR APPLICATION OF MANDATORY
            SENTENCING ACT.   COURT FINDS UNECESSARY TO MAKE DETERMINATION.
            DIAGNOSTIC CLASSIFICATION CENTER 7 & 1/2 YRS TO 15 YRS. CREDIT FOR
            TIME SERVED. CONCURRENT W/ OTHER CASES. COSTS W/IN 6 MOS OF RELEASE.
 5041984 PETITION TO TRANSFER DEFENDANT FROM EDCC-GRATERFORD TO SCI-CAMP HILL
            FILED.
10101984 NOTES OF TESTIMONY FILED FOR DECEMBER 12, 1983 (MOTION AND
            SENTENCING - 2 VOLUMES). FILED IN 83-1576.
 3301988 PETITION TO TRANSFER DEFENDANT FROM SCI CAMP HILL TO SCI DALLAS
            FILED.
 1301990 PETITION TO TRANSFER DEFENDANT FILED.
 2281991 PETITION UNDER POST CONVICTION HEARING ACT FILED.
03111991 ORDER FILED. PUBLIC DEFENDER IS APPOINTED TO REPRESNET DEFENDANT.
            (P.C.H.A.)
 4081991 ANSWER FILED., COMMONWEALTHS ANSWER TO  DEFENDANT'S MOTION FOR POST
            CONVICTION COLLATERAL RELIEF.
09121991 HON. ISAAC S. GARB
            PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
            WRIT ISSUED SEPTEMBER 13,1991 AND ORDER.
10091991 PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
            WRIT ISSUED OCTOBER 9, 1991., AND ORDER.
 0161991 HON. GEORGE T. KELTON
            DEF.                     PUBLIC DEFENDER
            HEARING HELD.  P.C.R.A.--TESTIMONY TO BE TRANSCRIBED & FURNISHED TO
            COUNSEL; 15 DAYS--DEFENSE BRIEF; 15 DAYS THEREAFTER C/W BRIEF.
11081991 NOTES OF TESTIMONY FILED FOR OCTOBER 16, 1991.
11121991 BRIEFS FILED BY DEFENDANT.
            BRIEFS FILED BY DEFENDANT.
            PETITION FILED.   REQUESTED FINDINGS OF FACT.
            PETITION FILED.   REQUESTED FINDINGS OF FACT.
11251991 BRIEFS FILED BY COMMONWEALTH.
12181991 OPINION AND ORDER OF COURT FILED. ...POST-CONVICTION RELIEF ACT IS
            DENIED.
12201991 ADDITIONAL DOCKETING     NOTES OF TESTIMONY MAILED TO DEFENDANT AT
            SCI SMITHFIELD, HUNTINGDON, PA.
 1031992 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM ORDER ENTERED ON
            DECEMBER 17, 1991 BY HON. GEORGE T. KELTON.
            PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:GEORGE T KELTON
            COURT REPORTER:JANET DRANSFIELD
            VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
            PA.R.A.P. 551 FILED.

DATE: 12/08/2001                                                              PAGE
TIME: 17:24

DOCKET #    1983 01375

03131992  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
04241992  PETITION UNDER POST CONVICTION HEARING ACT FILED.
05151992  ORDER FILED. JOHN FIORAVANTI, ESQ. IS APPOINTED TO REPRESENT
          DEFENDANT. (P.C.H.A.)
07311992  ORDER FILED. SEE FILE.
          ORDER FILED...ORDER & DIRECTS JOHN FIORAVANTI DEFER ACTION ON
          POST-CONVICTION RELIEF PETITION.
10221992  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
01281993  PETITION FILED-SUPPLEMENTAL POST CONVICTION RELIEF.
          ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR FEBRUARY 10,
          1993, COURTROOM #4.
05251993  PETITION FILED. THE PETITION FOR ALLOWANCE OF APPEAL IS HEREBY
          DENIED BY THE SUPREME COURT.
06081993  PETITION TO TRANSFER DEFENDANT FROM SCI-SMITHFIELD TO
          SCI-GRATERFORD, FILED.                     ORIGINAL FILED IN 1576/83
08271993  MOTION FOR HEARING FILED. FORWARDED TO JUDGE FOR SIGNATURE.
09221993  ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED OCTOBER 18TH
          1993   IN CT. RM. #3 AT 10:00 A.M.
10011993  PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM FILED
          WRIT ISSUED OCTOBER 18, 1993.
10181993  HON. R. BARRY MCANDREWS
          DEF. JOHN J.          FIORAVANTI, JR.
          HEARING HELD. POST CONVICTION RELIEF HEARING UNDER ADVISEMENT.
02231994  BRIEFS FILED BY COMMONWEALTH.  BRIEF IN OPPOSITION TO PETITIONER'S
          REQUEST UNDER THE POST-CONVICTION RELIEF ACT.
03081994  ADDITION MICROFILMED.  SEE REEL#288AC FRAME #56    .
04111994  OPINION AND ORDER OF COURT FILED. PETITION FOR POST CONVICTION
          RELIEF IS HEREBY ORDERED & DECREED THAT THE PETITION IS DENIED.
05061994  NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF POST CON-
          VICTION RELIEF ON APRIL 7,1994.APPEAL FILED BY JOHN FIORAVANTI,ESQ.
          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: R.BARRY MCANDREWS
          COURT REPORTER: JANET DRANSFIELD
          VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
          PA.R.A.P. 551 FILED.
05181994  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
07211994  ADDITION MICROFILMED.  SEE REEL#294AC, FRAME #1149.
01031996  PETITION FILED FOR WRIT OF HABEAS CORPUS. (PRO SE) FORWARDED TO THE
          JUDGE FOR SIGNATURE.
02071996  PETITION UNDER POST CONVICTION HEARING ACT FILED.
          FILED IN 83-1372
02281996  PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
          FORWARDED TO THE JUDGE FOR SIGNATURE.
          PETITION FILED FOR APPOINTMENT OF COUNSEL.FORWARDED TO THE JUDGE FOR
          SIGNATURE. FILED PRO SE.
          PETITION FILED FOR WRIT OF HABEAS CORPUS. FORWARDED TO THE JUDGE FOR
          SIGNATURE. FILED PRO SE.
03071996  LETTER FROM COURT ADMINISTRATOR FORWARDING PETITION, FILED 02/28/96,
          TO THE PUBLIC DEFENDERS OFFICE.  ORIGINAL FILED IN 1576/83  SEE FILE
03131996  ADDITIONAL DOCKETING-RECORD SENT TO THOMAS J. RUETER, U.S.DISTRICT
          COURT,EASTERN DIST. OF PA. 601 MARKET STREET,PHILA.,PA.19106.
05241996  OPINION OF COURT FILED. PETITION IS DENIED.
06031996  NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF
          PCRA.

DOCKET #   1983 01375

```
           PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
06191996 SUPERIOR COURT DOCKET NO.1922PHL96, ASSIGNED.
06241996 PETITION TO TRANSFER DEFENDANT FROM SCI-GRATERFORD TO SCI-GREENE,
           FILED.      DEFENDANT'S INMATE #AM-9320.
.0281996 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
03121997 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
.2181997 PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO
           THE JUDGE FOR SIGNATURE.
01051998 COMPLETE RECORD RETURNED BY APPELLATE COURT.
           NOTES OF TESTIMONY PREVIOUSLY SENT FOR CO-DEFENDANT UNRETURNED.
02031998 PETITION UNDER POST CONVICTION HEARING ACT FILED. PRO SE.
           FORWARDED TO THE JUDGE FOR SIGNATURE.
03031998 PETITION FILED FOR WRIT OF HABEAS CORPUS.PRO SE.
           FORWARDED TO THE JUDGE FOR SIGNATURE.
           PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
           PRO SE. FORWARDED TO THE JUDGE FOR SIGNATURE.
03091998 ORDER DATED 03/09/98  FILED. WRIT OF HABEAS CORPUS
           IS DENIED.
03231998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
           SENT TO DOUG PRAUL FOR SIGNATURE
           NOTICE OF APPEAL TO SUPERIOR COURT FILED.
           FORWARDED TO DOUG PRAUL
04201998 HON. ISAAC S. GARB
           OPINION OF COURT FILED ON 03 09 98 WE DENIED APPELLANT'S PETITION F
           WRIT OF HABEAS CORPUS.HE HAS APPEALED THEREFROM.ON 07 09 83,APPELLANT
           ADDITIONAL DOCKETING ENTERED PLEA OF GUILTY TO SIX COUNTS OF ROBBERY
           AGG ASSAULT,TERROR THREATS, POSS PROH OFF WEAPONS & RELATED OFFENSES
           ADDITIONAL DOCKETING ON 08 04 83,PRIOR TO IMPOSITION OF SENTENCE,
           APPELLANT FILE MOTION TO W/D GUILTY PLEA WHICH WAS GRANTED 8 10 83
           ADDITIONAL DOCKETING ON 9 19 83 HE ONCE AGAIN ENTERED PLEA OF GUILTY
           11 16 83 PRIOR TO SENTENCING,APPELLANT FILED MOTION TO WITHDRAW HIS
           ADDITIONAL DOCKETING SECOND PLEA OF GUILTY WHICH WAS DENIED AFTER
           HEARING ON 12 12 83
04211998 ORDER DATED 04/20/98  FILED. DEFENDANT SHALL ANSWER W/I TEN DAYS OF
           THIS ORDER,NOTIFYING ALL INTERESTED PERSONS. THE COURT IS PROPOSING
           DISMISSAL OF HIS MOTION OFR POST CONVICTION COLLATERLA RELIEF FOR
           THE ABOVE CASES.
05151998 ORDER DATED 05/15/98  FILED. ORDERED AND DIRECTED THE THE FOURTH
           PETITION OF PCRA IS HEREBY DENIED.
05161998 DELINQUENT COST ACCOUNT REFERRED TO FCA COLLECTION AGENCY
           FOR FURTHER ACTION                                    $274.38
06101998 NOTICE OF APPEAL TO SUPERIOR COURT FILED. FROM ORDER DATED MAY 15,
           1998.
06191998 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
07211998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
           FORWARDED TO THE JUDGE FOR SIGNATURE.
           PETITION FILED FOR APPOINTMENT OF COUNSEL. PRO SE. FORWARDED TO THE
           JUDGE FOR SIGNATURE.
           PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO THE
           JUDGE FOR SIGNATURE.
07291998 ORDER DATED 07/27/98  FILED. THE PETITION FOR WRIT OF HABEAS CORPUS
           IS DENIED.
08051998 NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
           FOR 5/15/98 DENIAL OF PETITION FOR RELEIF UNDER POST CONVICTION ACT.
```

DATE: 12/08/2001                                                          PAGE
TIME: 17:24

DOCKET #   1983 01375

          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
          COURT REPORTER:
          NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
          FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
          COURT REPORTER:
09181998  SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.
          SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
          LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMAITON.
10091998  OPINION OF COURT FILED.
05181999  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
05251999  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999  COMPLETE RECORD RETURNED BY APPELLATE COURT.
          COMPLETE RECORD RETURNED BY APPELLATE COURT.
09201999  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
          U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000  ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
10312000  MOTION FILED PRO-SE.
          FORWARDED TO COURT FOR SIGNATURE.
11152000  LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
01082001  ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
          EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001  PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.
          FORWARDED TO COURT FOR JUDGES SIGNATURE.
06132001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
          THE PUBLIC DEFENDER'S OFFICE.
07262001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
          THE PUBLIC DEFENDER'S OFFICE.
09122001  LETTER CAME TO HAND FROM DEFENDANT-ANSWERED ON 11/19/2001
09172001  NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
          HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001  BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
10042001  PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:R. BARRYMCANDREWS
          COURT REPORTER:
10152001  ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
          A HEARING
10262001  LETTER SENT TO DEFENDANT RETUNING NOTICE OF APPEA;. APPEAL NOT
          FILED PROPERLY
END OF CASE

```
CMD->[LR]  TR->[ ]  CRIMINAL CASE AND CHARGE INFO DISPLAY          CC6  1093
                                                           12/08/2001 17:20
*INFO# [1983[01513][0]    DATE FILED 04 07 1983  STATUS    501  DATE
    OTN       DOCKET # FINAL AUTH   TRSFR DATE   DOCKET # INTL AUTH     SID#
  39536155   07 1 08 1983 2 000244
 =================================================================================
DEF |LAST NAME ISELEY            FIRST CHARES JR.          SUFFIX    CORP
 INFO|ADDR1 1436 N. FRAZIER ST.              ADDR2
    |CITY  PHILA.             ST  PA  ZIP 19100
    |DOB  07 04 1964  SEX  M   RACE  B   OPER LIC                    LIC ST
    |SS/CC # 163286426   DATE CITATION/COMPLAINT SIGNED  01 31 1983
 PURDONS CODE=========ALPHA===DATE====TYPE===SHORT DESCRIPTION=======**D.J.=
  18 3701(A)(1)I        A   11151982    F    ROBBERY                      1
  18 3921(A)            B   11151982    F    THEFT/MOVABLE PROP.$2000     1
  18 3925(A)            C   11151982    F    RSP AMT. OVER $2000          1




          **1 = HELD FOR COURT   2 = WAIVED   3 = DISMISSED
          **4 = WITHDRAWN        5 = FUGITIVE
 NO MORE CHARGE RECORDS                ]        (LR,FR,PR,RT)       XMIT->[ ]

RCV           |    |FORM|      |LTAI|     |Col  8|Row  1|Page 1|ST1343
```

DATE: 12/08/2001   OFFICE OF CLERK OF COURTS BUCKS COUNTY, PA.                PAGE
TIME: 17:23              CLERK OF COURTS CASE DOCKET INFORMATION

DOCKET #   1983 01513

               JUDGE                 CLASS                    STATUS
               GARB                  CRIMINAL

        PLAINTIFF                                    DEFENDANT
COMMONWEALTH OF PENNSYLVANIA          VS   ISELEY        CHARLES JR

04071983 TRANSCRIPT FILED.
03081983 MOTION TO CONSOLIDATE INFORMATIONS FOR PRELIMINARY HEARING FILED.
         ORDER SIGNED.
03221983 PETITION FOR LINE-UP FILED.
04081983 PETITION FOR BAIL REDUCTION FILED.
         BAIL REDUCTION REFUSED.
04181983 ORDER FILED. SEE FILE. (RE PETITION FOR LINE-UP)
05091983 MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL FILED.
         ORDER FILED. SEE FILE (RE TRANSPORTATION TO PHILA DETENTION CENTER)
05121983 ENTRY OF APPEARANCE AND WAIVER OF ARRAIGNMENT FILED BY THE
         PUBLIC DEFENDER'S OFFICE.
06061983 REQUEST FOR BILL OF PARTICULARS FILED.
         MOTION FOR PRE-TRIAL DISCOVERY AND INSPECTION BY DEFENDANT FILED.
06201983 MOTION TO COMPEL DISCOVERY AND RULE TO SHOW CAUSE FILED.
06231983 ANSWER TO PETITION FOR PRE-TRIAL DISCOVERY FILED.
         BILL OF PARTICULARS (ANSWER TO REQUEST) FILED.
         MOTION FOR PRE-TRIAL DISCOVERY FILED BY COMMONWEALTH.
07081983 ORDER ENTERED DIRECTING MENTAL HEALTH EVALUATION.
07121983 ANSWER FILED TO MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL.
         OMNIBUS PRE-TRIAL MOTION FILED.
07131983 WAIVER OF SPEEDY TRIAL FILED.
07151983 DISCOVERABLE MATERIAL(ADDITIONAL)FILED BY DISTRICT ATTORNEY'S OFFICE
07181983 PETITION FILED - MOTION TO BAR APPLICATION OF MANDATORY SENTENCING
         ACT.
07191983 HON. OSCAR S. BORTNER      PROS.ROBERT E       GOLDMAN
         DEF. JOSEPH J      SCAFIDI
         FINAL PLEA OF GUILTY ENTERED.
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE
         BAIL REVOKED
08041983 PETITION TO WITHDRAW GUILTY PLEA FILED.
         ORDER ENTERED FIXING HEARING DATE.   HEARING FIXED FOR AUGUST 19,
         1983 AT 10:00 AM, COURT ROOM NO 3.
08101983 ORDER FILED. SEE FILE. GUILTY PLEAS HERETOFORE ENTERED ON THE 19TH
         DAY OF JULY, 1983, BE AND THE SAME ARE DEEMED WITHDRAWN.
08191983 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY THEODORE Q. THOMPSON, ESQ
09191983 HON. GEORGE T. KELTON      PROS.ROBERT E       GOLDMAN
         DEF. THEODORE Q.      THOMPSON
         FINAL PLEA OF GUILTY ENTERED.
         HON. GEORGE T. KELTON      PROS.ROBERT E       GOLDMAN
         DEF. THEODORE Q.      THOMPSON
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE BY COUNTY.
09201983 PETITION TO DISMISS CHARGES WITH PREJUDICE, PA.R.CRIM.P.1100(F)
         FILED.
         MOTION TO QUASH INFORMATION FILED.
09211983 ORDER ENTERED DIRECTING PRE-SENTENCE INVESTIGATION REPORT.
         ORDER ENTERED DIRECTING PSYCHOLOGICAL EVALUATION.
09271983 NOTICE OF MANDATORY MINIMUM SENTENCE CASE FILED.

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #   1983 01513

.1291983 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR 12/7/83 AT
         9:15 AM, COURT ROOM #4 ON MOTION TO WITHDRAW GUILTY PLEA.
         ORDER FILED.  SENTENCING IS FIXED FOR 12/7/82 AT 10:00 AM IN COURT
         ROOM NO 4.
.1301983 NOTES OF TESTIMONY FILED FOR SEPTEMBER 19, 1983.
12011983 NOTES OF TESTIMONY FILED FOR JULY 19, 1983.
12071983 HON. GEORGE T. KELTON       PROS.ROBERT E       GOLDMAN
         DEF. THEODORE Q.    THOMPSON
         FINAL PLEA OF GUILTY WITHDRAWAL - DENIED.
         MOTIONS MADE IN COURT-DEFENSE MOTION TO BAR APPLICATION OF MANDATORY
         SENTENCING ACT.  COURT FINDS UNECESSARY TO MAKE DETERMINATION.
         DIAGNOSTIC CLASSIFICATION CENTER 7 & 1/2 YRS TO 15 YRS. CREDIT FOR
         TIME SERVED. CONCURRENT W/ OTHER CASES. COSTS W/IN 6 MOS OF RELEASE.
05041984 PETITION TO TRANSFER DEFENDANT FROM EDCC-GRATERFORD TO SCI-CAMP HILI
         FILED.  (FILED IN 83-1375.)
10101984 NOTES OF TESTIMONY FILED FOR DECEMBER 12, 1983 (MOTION AND
         SENTENCING - 2 VOLUMES). FILED IN 83-1576.
02281991 PETITION UNDER POST CONVICTION HEARING ACT FILED.
03111991 ORDER FILED. PUBLIC DEFENDER IS APPOINTED TO REPRESENT DEFENDANT.
         (P.C.H.A.)
04081991 ANSWER FILED., COMMONWEALTHS ANSWER TO  DEFENDANT'S MOTION FOR POST
         CONVICTION COLLATERAL RELIEF.
09061991 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR SEPTEMBER 26,
         1991.
09121991 HON. ISAAC S. GARB
         PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
         WRIT ISSUED SEPTEMBER 13,1991 AND ORDER.
09301991 ORDER FILED. UPON REQUEST OF COUNSEL, HEARING HAS BEEN STRICKEN FROM
         COURT'S 9-26-91 LIST,& RESCHEDULED FOR 10-16-91 9:30 A.M. IN CTRM #4
10091991 PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
         WRIT ISSUED OCTOBER 9, 1991., AND ORDER.
10161991 HON. GEORGE T. KELTON
         DEF.                 PUBLIC DEFENDER
         HEARING HELD.  P.C.R.A.--TESTIMONY TO BE TRANSCRIBED & FURNISHED TO
         COUNSEL; 15 DAYS--DEFENSE BRIEF; 15 DAYS THEREAFTER C/W BRIEF.
11081991 NOTES OF TESTIMONY FILED FOR OCTOBER 16, 1991.
11121991 BRIEFS FILED BY DEFENDANT.
         PETITION FILED.   REQUESTED OF FINDINGS OF FACT.
11251991 BRIEFS FILED BY COMMONWEALTH.
12181991 OPINION AND ORDER OF COURT FILED. ...POST-CONVICTION RELIEF ACT IS
         DENIED.
01031992 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM ORDER ENTERED ON
         DECEMBER 17, 1991 BY HON. GEORGE T. KELTON.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:GEORGE T. KELTON
         COURT REPORTER: JANET DRANSFIELD
         VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
         PA.R.A.P. 551 FILED.
03131992 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
04241992 PETITION UNDER POST CONVICTION HEARING ACT FILED.
05151992 ORDER FILED. JOHN FIORAVANTI, ESQ. IS APPOINTED TO REPRESENT
         DEFENDANT. (P.C.H.A.)
07311992 ORDER FILED. SEE FILE.
         ORDER FILED...ORDER & DIRECTS JOHN FIORAVANTI DEFER ACTION ON
         POST-CONVICTION RELIEF PETITION.

DATE: 12/08/2001
TIME: 17:23

DOCKET #   1983 01513

0221992 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
01281993 PETITION FILED-SUPPLEMENTAL POST CONVICTION RELIEF
         ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR FEBRUARY 10,
         1993, COURTROOM #4.
5251993 PETITION FILED. THE PETITION FOR ALLOWANCE OF APPEAL IS HEREBY
         DENIED BY THE SUPREME COURT.
08271993 MOTION FOR HEARING FILED. FORWARDED TO JUDGE FOR SIGNATURE.
9221993 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR OCTOBER 18TH
         1993 IN CT. RM. #3 AT 10:00 A.M.
10011993 PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM FILED
         WRIT ISSUED OCTOBER 18, 1993.
10181993 HON. R. BARRY MCANDREWS
         DEF. JOHN J.           FIORAVANTI, JR.
         HEARING HELD. POST CONVICTION RELIEF HEARING UNDER ADVISEMENT.
2231994 BRIEFS FILED BY COMMONWEALTH.  BRIEF IN OPPOSITION TO PETITIONER'S
         REQUEST UNDER THE POST CONVICTION RELIEF ACT.
03081994 ADDITION MICROFILMED.  SEE REEL#288AC FRAME #79    .
04111994 OPINION AND ORDER OF COURT FILED. PETITION FOR POST CONVICTION
         RELIEF IS HEREBY ORDERED & DECREED THAT THE PETITION IS DENIED.
05061994 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF POST CON-
         VICTION RELIEF ON APRIL 7,1994.APPEAL FILED BY JOHN FIORAVANTI,ESQ.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: R.BARRY MCANDREWS
         COURT REPORTER: JANET DRANSFIELD
         VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
         PA.R.A.P. 551 FILED.
05181994 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
06161994 ORDER FILED. APPEAL IS WITHDRAWN AND DISCONTINUED BY ORDER OF
         JOHN J. FIORAVANTI,JR., ATTORNEY FOR APPELLANT.DISCONTINUED 6/14/94.
07211994 ADDITION MICROFILMED.  SEE REEL#294AC, FRAME #1154.
01031996 PETITION FILED FOR WRIT OF HABEAS CORPUS. (PRO SE) FORWARDED TO THE
         JUDGE FOR SIGNATURE.
02071996 PETITION UNDER POST CONVICTION HEARING ACT FILED.
         FILED IN 83-1372
02281996 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
         PETITION FILED FOR APPOINTMENT OF COUNSEL.FORWARDED TO THE JUDGE FOR
         SIGNATURE. FILED PRO SE.
         PETITION FILED FOR WRIT OF HABEAS CORPUS. FORWARDED TO THE JUDGE FOR
         SIGNATURE. FILED PRO SE.
03071996 LETTER FROM COURT ADMINISTRATOR FORWARDING PETITION, FILED 02/28/96,
         TO THE PUBLIC DEFENDERS OFFICE.  ORIGINAL FILED IN 1576/83  SEE FILE
03131996 ADDITIONAL DOCKETING-RECORD SENT TO THOMAS J. RUETER, U.S.DISTRICT
         COURT,EASTERN DIST. OF PA. 601 MARKET STREET,PHILA.,PA.19106.
05241996 OPINION OF COURT FILED. PETITION IS DENIED.
06031996 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF
         PCRA.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:MCANDREWS
         COURT REPORTER:
06191996 SUPERIOR COURT DOCKET NO.1922PHL96, ASSIGNED.
10281996 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
03121997 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
01051998 COMPLETE RECORD RETURNED BY APPELLATE COURT.
         NOTES OF TESTIMONY PREVIOUSLY SENT FOR CO-DEFENDANT UNRETURNED.

DATE: 12/08/2001                                                          PAGE
TIME: 17:23

DOCKET #    1983 01513

2031998  PETITION UNDER POST CONVICTION HEARING ACT FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
03031998 PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
         PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
3091998  ORDER DATED 03/09/98  FILED. WRIT OF HABEAAS CORPUS
         IS DENIED.
03231998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
         SENT TO DOUG PRAUL FOR SIGNATURE
         NOTICE OF APPEAL TO SUPERIOR COURT FILED.
         FORWARDED TO DOUG PRAUL
04201998 HON. ISAAC S. GARB
         OPINION OF COURT FILED ON 03 09 98 WE DENIED APPELLANT'S PETITION F/
         WRIT OF HABEAS CORPUS.HE HAS APPEALED THEREFROM.ON 07 09 83,APPELLANT
         ADDITIONAL DOCKETING ENTERED PLEA OF GUILTY TO SIX COUNTS OF ROBBERY
         AGG ASSAULT, TERROR THREATS,POSS PROH OFF WEAPONS & RELATED OFFENSES
         ADDITIONAL DOCKETING ON 08 04 83,PRIOR TO IMPOSITION OF SENTENCE,
         APPELLANT FILED MOTION TO W/D GUILTY PLEA WHICH WAS GRANTED 8 10 83
         ADDITIONAL DOCKETING ON 9 19 83 HE ONCE AGAIN ENTERED PLEA OF GUILTY
         11 16 83 PRIOR TO SENTENCING,APPELLANT FILED MOTION TO WITHDRAW HIS
         ADDITIONAL DOCKETING SECOND PLEA OF GUILTY WHICH WAS DENIED AFTER
         HEARING ON 12 12 83
4211998  ORDER DATED 04/21/98  FILED. DEFENDANT SHALL ANSWER W/I TEN DAYS OF
         THE DATE OF THIS ORDER,NOTIFYING ALL INTERESTED PERSONS. THE COURT
         IS PROPOSING DISMISSAL OF HIS MOTION FOR CONVICTION COLLATERAL
         RELIEF FOR THE ABOVE CASES.
5151998  ORDER DATED 05/15/98  FILED. ORDERED AND DIRECTED THE THE FOURTH
         PETITION OF PCRA IS HEREBY DENIED.
05161998 DELINQUENT COST ACCOUNT REFERRED TO FCA COLLECTION AGENCY
         FOR FURTHER ACTION                                        $412.53
6101998  NOTICE OF APPEAL TO SUPERIOR COURT FILED. FROM ORDER DATED MAY 15,
         1998.
06191998 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
07211998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
         PETITION FILED FOR APPOINTMENT OF COUNSEL. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
         PETITION FILED FOR APPOINTMENT OF COUNSEL. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
         PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
07291998 ORDER DATED 07/27/98  FILED. THE PETITION FOR WRIT OF HABEAS CORPUS
         IS DENIED.
08051998 NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 5/15/98 DENIAL OF PETITION FOR RELEIF UNDER POST CONVICTION ACT.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
         NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
09181998 SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.

DATE: 12/08/2001                                                            PAGE
IME: 17:23

DOCKET #   1983 01513

          SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
          LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
10091998  OPINION OF COURT FILED.
 5181999  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
 5251999  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999  COMPLETE RECORD RETURNED BY APPELLATE COURT.
          COMPLETE RECORD RETURNED BY APPELLATE COURT.
 9201999  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
          U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000  ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
 0312000  MOTION FILED PRO-SE.
          FORWARDED TO COURT FOR SIGNATURE.
11152000  LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
 1082001  ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
          EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001  PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.
          FORWARDED TO COURT FOR JUDGES SIGNATURE.
 7262001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
          THE PUBLIC DEFENDER'S OFFICE.
09122001  LETTER CAME TO HAND FROM DEFENDANT-ANSWERED ON 11/19/2001
 9172001  NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
          HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10262001  LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT
          FILED PROPERLY
 ND OF CASE

```
 CMD->[LR]  TR->[  ]  CRIMINAL●CASE AND CHARGE INFO DISPLAY   ●    CC6  1093
                                                             12/08/2001 17:21
*INFO# [1983[01576][0]   DATE FILED 04 11 1983  STATUS   501  DATE
   OTN      DOCKET # FINAL AUTH   TRSFR DATE   DOCKET # INTL AUTH    SID#
  B9550391  07 1 04 1983 2 000051  01 24 1983  07 1 08 1983 2 000061
════════════════════════════════════════════════════════════════════════════
DEF |LAST NAME ISELEY        FIRST CHARLES           SUFFIX    CORP
 NFO|ADDR1 1436 N. FRAZIER ST.        ADDR2
    |CITY PHILA.           ST  PA ZIP 19100
    |DOB  07 04 1964  SEX  M   RACE  B  OPER LIC              LIC ST
    |SS/CC # 163286426  DATE CITATION/COMPLAINT SIGNED  01 22 1983
 PURDONS CODE==========ALPHA===DATE=====TYPE===SHORT DESCRIPTION========**D.J.=
  18 3701(A)(1)II       A   01211983   F    ROBBERY W/THREATS           1
  18 3701(A)(1)II       B   01211983   F    ROBBERY W/THREATS           1
  18 907(A)             C   01211983   M    POS.INS/CRIME W/L/T EMP.     1
  18 3502               D   01211983   F    BURGLARY                    1
  18 3921(A)            E   01211983   M    THEFT/MOVABLE PROP          1
  18 3925(A)            F   01211983   M    RSP                         1
  18 3503 (A)(1)II      G   01211983   F    BREAK INTO OCC BLDG         1


        **1 = HELD FOR COURT   2 = WAIVED   3 = DISMISSED
        **4 = WITHDRAWN        5 = FUGITIVE
 NO MORE CHARGE RECORDS          ]           (LR,FR,PR,RT)      XMIT->[ ]

RCV           |    |FORM|    |LTAI|    |Col  8|Row  1|Page 1|ST1343
```

●                    ●

DATE: 12/08/2001    OFFICE OF CLERK OF COURTS BUCKS COUNTY, PA.          PAGE
TIME: 17:23              CLERK OF COURTS CASE DOCKET INFORMATION

DOCKET #    1983 01576

                JUDGE                CLASS                    STATUS
                GARB                 CRIMINAL

        PLAINTIFF                                  DEFENDANT
COMMONWEALTH OF PENNSYLVANIA          VS  ISELEY        CHARLES JR

04111983 TRANSCRIPT FILED.
04081983 PETITION FOR BAIL REDUCTION FILED. PETITION DENIED.
05091983 MOTION TO CONSOLIDATE INFORMATIONS FOR TRIAL FILED.
05121983 ENTRY OF APPEARANCE AND WAIVER OF ARRAIGNMENT FILED BY THE
         PUBLIC DEFENDER'S OFFICE.
06061983 REQUEST FOR BILL OF PARTICULARS FILED.
         MOTION FOR PRE-TRIAL DISCOVERY AND INSPECTION BY DEFENDANT FILED.
06081983 ANSWER FILED TO MOTION TO CONSOLIDATE DEFENDANTS FOR TRIAL.
06201983 MOTION TO COMPEL DISCOVERY AND RULE TO SHOW CAUSE FILED.
06231983 ANSWER TO PETITION FOR PRE-TRIAL DISCOVERY FILED.
         BILL OF PARTICULARS (ANSWER TO REQUEST) FILED.
         MOTION FOR PRE-TRIAL DISCOVERY FILED BY COMMONWEALTH.
07081983 ORDER ENTERED DIRECTING MENTAL HEALTH EVALUATION.
07131983 WAIVER OF SPEEDY TRIAL FILED.
07151983 DISCOVERABLE MATERIAL(ADDITIONAL)FILED BY DISTRICT ATTORNEY'S OFFICE
07181983 PETITION FILED - MOTION TO BAR APPLICATION OF MANDATORY SENTENCING
         ACT.
07191983 HON. OSCAR S. BORTNER       PROS.ROBERT E        GOLDMAN
         DEF. JOSEPH J       SCAFIDI
         FINAL PLEA OF GUILTY ENTERED.
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE
         BAIL REVOKED
08041983 PETITION TO WITHDRAW GUILTY PLEA FILED.
         ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR AUGUST 19,
         1983 AT 10:00 AM, COURT ROOM NO 3.
08101983 ORDER FILED. SEE FILE.  GUILTY PLEAS HERETOFORE ENTERED ON THE 19TH
         DAY OF JULY, 1983, BE AND THE SAME ARE DEEMED WITHDRAWN.
08191983 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY THEODORE Q. THOMPSON, ESQ
09191983 HON. GEORGE T. KELTON       PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.      THOMPSON
         FINAL PLEA OF GUILTY ENTERED.
         HON. GEORGE T. KELTON       PROS.ROBERT E        GOLDMAN
         DEF. THEODORE Q.      THOMPSON
         SENTENCE DEFERRED;PRE-SENTENCE INVESTIGATION TO BE MADE BY COUNTY.
         PSYCHIATRIC EVALUATION TO BE MADE.
09201983 PETITION TO DISMISS CHARGES WITH PREJUDICE, PA.R.CRIM.P.1100(F)
         FILED.
         MOTION TO QUASH INFORMATION FILED.
09211983 ORDER ENTERED DIRECTING PRE-SENTENCE INVESTIGATION REPORT.
         ORDER ENTERED DIRECTING PSYCHOLOGICAL EVALUATION.
09271983 NOTICE OF MANDATORY MINIMUM SENTENCE CASE FILED.
11291983 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR 12/7/83 AT
         9:15 AM, COURT ROOM #4 ON MOTION TO WITHDRAW GUILTY PLEA.
         ORDER FILED.   SENTENCING IS FIXED FOR 12/7/82 AT 10:00 AM IN COURT
         ROOM NO 4.
11301983 NOTES OF TESTIMONY FILED FOR SEPTEMBER 19, 1983.
12011983 NOTES OF TESTIMONY FILED FOR JULY 19, 1983.

DATE: 12/08/2001                                                                    PAGE
TIME: 17:23

DOCKET #    1983 01576

2071983 HON. GEORGE T. KELTON          PROS.ROBERT E          GOLDMAN
         DEF. THEODORE Q.      THOMPSON
         FINAL PLEA OF GUILTY WITHDRAWAL - DENIED.
         MOTIONS MADE IN COURT-DEFENSE MOTION TO BAR APPLICATION OF MANDATORY
         SENTENCING ACT.  COURT FINDS UNECESSARY TO MAKE DETERMINATION.
         DIAGNOSTIC CLASSIFICATION CENTER 5 TO 10 YRS. CREDIT FOR TIME SERVED
         CONSECUTIVE TO OTHER CASES. COSTS W/IN 6 MOS OF RELEASE.
5041984 PETITION TO TRANSFER DEFENDANT FROM EDCC-GRATERFORD TO SCI-CAMP HILL
         FILED.  (FILED IN 83-1375.)
10101984 NOTES OF TESTIMONY FILED FOR DECEMBER 12, 1983 (MOTION AND
         SENTENCING - 2 VOLUMES).
01301990 PETITION TO TRANSFER DEFENDANT FILED.
02281991 PETITION UNDER POST CONVICTION HEARING ACT FILED.
03111991 ORDER FILED. PUBLIC DEFENDER IS APPOINTED TO REPRESENT DEFENDANT.
         (P.C.H.A.)
04081991 ANSWER FILED., COMMONWEALTHS ANSWER TO DEFENDANT'S MOTION FOR POST
         CONVICTION COLLATERAL RELIEF.
09061991 ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR SEPTEMBER 26,
         1991.
09121991 HON. ISAAC S. GARB
         PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
         WRIT ISSUED SEPTEMBER 13,1991 AND ORDER.
09301991 ORDER FILED. UPON REQUEST OF COUNSEL, HEARING HAS BEEN STRICKEN FROM
         COURT'S 9-26-91 LIST,& RESCHEDULED FOR 10-16-91 9:30 A.M. IN CTRM #4
10091991 PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED
         WRIT ISSUED OCTOBER 9, 1991., AND ORDER.
10161991 HON. GEORGE T. KELTON
         DEF.                  PUBLIC DEFENDER
         HEARING HELD.  P.C.R.A.--TESTIMONY TO BE TRANSCRIBED & FURNISHED TO
         COUNSEL; 15 DAYS--DEFENSE BRIEF; 15 DAYS THEREAFTER C/W BRIEF.
11081991 NOTES OF TESTIMONY FILED FOR OCTOBER 16, 1991.
11121991 BRIEFS FILED BY DEFENDANT.
         PETITION FILED.  REQUESTED FINDINGS OF FACT.
11251991 BRIEFS FILED BY COMMONWEALTH.
12181991 OPINION AND ORDER OF COURT FILED. ...POST-CONVICTION RELIEF ACT IS
         DENIED.
01031992 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM ORDER ENTERED ON
         DECEMBER 17, 1991 BY HON. GEORGE T. KELTON.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:GEORGE T.KELTON
         COURT REPORTER: JANET DRANSFIELD
         VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
         PA.R.A.P. 551 FILED.
04211992 ADDITION MICROFILMED.  SEE REEL#249-AC, FRAME #400.
04241992 PETITION UNDER POST CONVICTION HEARING ACT FILED.
05151992 ORDER FILED. JOHN FIORAVANTI, ESQ. IS APPOINTED TO REPRESENT
         DEFENDANT. (P.C.H.A.)
06041992 ADDITION MICROFILMED.  SEE REEL#250AC, FRAME #647.
07311992 ORDER FILED. SEE FILE.
         ORDER FILED...ORDER & DIRECTS JOHN FIORAVANTI DEFER ACTION ON
         POST-CONVICTION RELIEF PETITION.
10221992 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
01281993 PETITION FILED-SUPPLEMENTAL POST CONVICTION RELEIF
         ORDER ENTERED FIXING HEARING DATE.  HEARING FIXED FOR FEBRUARY 10,
         1993, COURTROOM #4.

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #   1983 01576

05251993 PETITION FILED. THE PETITION FOR ALLOWANCE OF APPEAL IS HEREBY
         DENIED BY THE SUPREME COURT.
06081993 PETITION TO TRANSFER DEFENDANT FROM SCI-SMITHFIELD TO
         SCI-GRATERFORD, FILED.
03271993 MOTION FOR HEARING FILED. FORWARDED TO JUDGE FOR SIGNATURE.
09221993 ORDER ENTERED FIXING HEARING DATE.   HEARING FIXED FOR OCTOBER 18TH
         1993 IN CT. RM. #3 AT 10:00 A.M.
10011993 PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM FILED
         WRIT ISSUED OCTOBER 18, 1993.
10181993 HON. R. BARRY MCANDREWS
         DEF. JOHN J.          FIORAVANTI, JR.
         HEARING HELD. POST CONVICTION RELIEF HEARING UNDER ADVISEMENT.
02231994 BRIEFS FILED BY COMMONWEALTH.   BRIEF IN OPPOSITION TO PETITIONER'S
         REQUEST UNDER THE PST CONVICTION RELIEF ACT.
03081994 ADDITION MICROFILMED.   SEE REEL#288AC FRAME #102   .
04111994 OPINION AND ORDER OF COURT FILED. PETITION FOR POST CONVICTION
         RELIEF IS HEREBY ORDERED & DECREED THAT THE PETITION IS DENIED.
05061994 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF POST CON-
         VICTION RELIEF ON APRIL 7,1994.APPEAL FILED BY JOHN FIORAVANTI,ESQ.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: R.BARRY MCANDREWS
         COURT REPORTER: JANET DRANSFIELD
         VERIFICATION OF CONTINUING STATUS IN FORMA PAUPERIS UNDER
         PA.R.A.P. 551 FILED.
05181994 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
06161994 ORDER FILED. APPEAL IS WITHDRAWN AND DISCONTINUED BY ORDER OF
         JOHN J. FIORAVANTI,JR., ATTORNEY FOR APPELLANT.DISCONTINUED 6/14/94.
06281994 ADDITION MICROFILMED.   SEE REEL#289AC, FRAME #1136.
07211994 ADDITION MICROFILMED.   SEE REEL#294AC, FRAME #1161.
01031996 PETITION FILED FOR WRIT OF HABEAS CORPUS. (PRO SE) FORWARDED TO THE
         JUDGE FOR SIGNATURE.
02071996 PETITION UNDER POST CONVICTION HEARING ACT FILED.
         FILED IN 83-1372
02281996 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
         PETITION FILED FOR APPOINTMENT OF COUNSEL. FORWARDED TO THE JUDGE
         FOR SIGNATURE. FILED PRO SE.
         PETITION FILED FOR WRIT OF HABEAS CORPUS. FORWARDED TO THE JUDGE FOR
         SIGNATURE. FILED PRO SE.
03071996 LETTER FROM COURT ADMINISTRATOR FORWARDING PETITION, FILED 02/28/96,
         TO THE PUBLIC DEFENDERS OFFICE.        SEE FILE
05241996 OPINION OF COURT FILED. PETITION IS DENIED.
06031996 NOTICE OF APPEAL TO SUPERIOR COURT FILED FROM DENIAL OF
         PCRA.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:MCANDREWS
         COURT REPORTER:
         PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
10281996 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
03121997 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
12181997 PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO
         THE JUDGE FOR SIGNATURE.
01051998 COMPLETE RECORD RETURNED BY APPELLATE COURT.
         NOTES OF TESTIMONY PREVIOUSLY SENT FOR CO-DEFENDANT UNRETURNED.
02031998 PETITION UNDER POST CONVICTION HEARING ACT FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.

DATE: 12/08/2001                                                    PAGE
TIME: 17:23

DOCKET #    1983 01576

03031998 PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
         PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
03091998 ORDER DATED 03/09/98  FILED. WRIT OF HABEAS CORPUS IS DENIED.
03231998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED.
         SENT TO DOUG PRAUL FOR SIGNATURE.
         NOTICE OF APPEAL TO SUPERIOR COURT FILED.
         FORWARDED TO DOUG PRAUL.
04201998 HON. ISAAC S. GARB
         OPINION OF COURT FILED ON 03 09 98 WE DENIED APPELLANT'S PETITION F,
         WRIT OF HABEAS CORPUS.HE HAS APPEALED THEREFROM.ON 07 09 83 APPELLANT
         ADDITIONAL DOCKETING ENTERED PLEA OF GUILTY TO SIX COUNTS OF ROBBERY
         AGG ASSAULT,TERROR THREATS,POSS PROH OFF & RELATED OFFENSES
         ADDITIONAL DOCKETING ON 08 04 83,PRIOR TO IMPOSITION OF SENTENCE,
         APPELLANT FILED  MOTION TO W/D GUILTY PLEA WHICH WAS GRANTED 8 10 83
         ADDITIONAL DOCKETING ON 9-19 83 HE ONCE AGAIN ENTERED PLEA OF GUILTY
         11 16 83 PRIOR TO SENTENCING,APPELLANT FILED MOTION TO WITHDRAW HIS
         ADDITIONAL DOCKETING  SECOND PLEA OF GUILTY WHICH WAS DENIED AFTER
         HEARING ON 12 12 83
04211998 ORDER DATED 04/20/98  FILED. DEFENDANT SHALL ANSWER W/I TEN DAYS OF
         THS ORDER,NOTIFYING ALL INTERESTED PERSONS.THE COURT IS PROPOSISNG
         DISMISSAL OF HIS MOTION FOR POST CONVICTION COLLATERAL RELIEF FOR
         THE ABOVE CASES.
05151998 ORDER DATED 05/15/98  FILED. ORDERED AND DIRECTED THE THE FOURTH
         PETITION OF PCRA IS HEREBY DENIED.
05161998 DELINQUENT COST ACCOUNT REFERRED TO FCA COLLECTION AGENCY
         FOR FURTHER ACTION                                $1,674.16
06101998 NOTICE OF APPEAL TO SUPERIOR COURT FILED. FROM ORDER DATED MAY 15,
         1998.
06191998 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
07211998 PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FILED. PRO SE.
         FORWARDED TO THE JUDGE FOR SIGNATURE.
         PETITION FILED FOR APPOINTMENT OF COUNSEL. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
         PETITION FILED FOR WRIT OF HABEAS CORPUS. PRO SE. FORWARDED TO THE
         JUDGE FOR SIGNATURE.
07291998 ORDER DATED 07/27/98  FILED. THE PETITION FOR WRIT OF HABEAS CORPUS
         IS DENIED.
08051998 NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
         NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
09181998 SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.
         SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
         LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMAITON.
05181999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
05251999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999 COMPLETE RECORD RETURNED BY APPELLATE COURT.
         COMPLETE RECORD RETURNED BY APPELLATE COURT.

DATE: 12/08/2001                                                          PAGE
TIME: 17:23

DOCKET #    1983 01576

9201999  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
         U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000 ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
.0312000 MOTION FILED PRO-SE.
         FORWARDED TO COURT FOR SIGNATURE.
11152000 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
01082001 ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
         EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001 PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.
         FORWARDED TO COURT FOR JUDGES SIGANATURE.
06132001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
         THE PUBLIC DEFENDER'S OFFICE.
07262001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
         THE PUBLIC DEFENDER'S OFFICE.
09122001 LETTER CAME TO HAND FROM DEFENDANT-ANSWERED ON 11/19/2001
09172001 NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
         HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
.0012001 BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
10152001 ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
         A HEARING
.0262001 LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT
         FILED PROPERLY
END OF CASE

**APPENDIX B**

5035

**COMMONWEALTH OF PENNSYLVANIA**

**VS**

Charles ISELEY
_____
(Name of Petitioner)

IN THE CRIMINAL COURTS OF THE COUNTY OF

Bucks
1372-83, 1373-83, 1374-83, 1375-83,

Criminal 1513-83, and 1576-83
Action No. _____ of _____ 19 ____

**ORDER**

AND NOW this _____ 11th _____ day of ___ March ___, 19 91 Upon consideration of the foregoing petition

1. ☐ Petition is returned to petitioner for amendment as follows, such amendment to be made on or before

_____, 19 _____

2. ☒ A rule is granted upon the Commonwealth of Pennsylvania to show cause why a hearing should not be granted. The

rule is returnable on or before _____ April 8 _____ 19 91

. ☒ The request to proceed as a poor person, without the payment of costs, is ☒ granted ☐ denied.

. ☒ Upon finding that petitioner is unable to obtain a lawyer _Bucks County Public Defender_, Esq., is appointed to represent him.

. ☒ The Clerk of this Court is ordered and directed to do the following forthwith:

(a) To serve a copy of this petition and this order upon the District Attorney of _✓ Of Bucks_ County.

(b) To send a copy of this petition and this order to _Bucks County Public Defender 304_, Esq., the lawyer for the petitioner.

(c) To send a copy of this order to the petitioner.

6. ☐

_George T. Kelton_
                                                                        J.

DC-198
Rev. 6-87

# PETITION UNDER POST CONVICTION HEARING ACT

| COMMONWEALTH OF PENNSYLVANIA | COURT AND DOCKET NUMBERS |
|---|---|
| VS | *Common Pleas* |
| | *1372; 1373; 1374; 1375;* |
| | *1513 - 1576 - 83* |
| _Charles Iseley_ | |
| (Name of Petitioner) | To be filled in by Clerk of Court |

NOTE: List below those informations or indictments & offenses for which you have not completed your sentence.

INFORMATION OR INDICTMENT NUMBERS:

_1372-83, 1373-83, 1374-83, 1375-83, 1513-83, 1576-83_

I WAS CHARGED WITH THE FOLLOWING CRIMES:

_Robbery F1° (11 counts); Burglary, F1° (4 counts); Robbery F2° (1 count); Aggravated Assault F2° (2 counts); Criminal Trespassing F2° (1 count); Conspiracy F2° (10 counts); Criminal Trespassing F3° (3 cts); Theft by Unlawful Taking or Disposition F3° (1 count); Receiving Stolen Property F3° (1 count); Conspiracy F3° (5 counts); Terroristic Threats M1° (10 counts); Possession of Instruments of Crime M1° (5 counts); Prohibited Offensive Weapons M1° (3 counts); Carrying a Firearm without a License M1° (4 counts); Theft by Unlawful Taking or Disposition M1° (5 counts); Receiving Stolen Property M1° (5 counts); Aggravated Assault M1° (1 count); Conspiracy M1° (19 counts); Simple Assault M2° (13 counts); Recklessly Endangering Another Person M2° (10 counts); Conspiracy M2° (8 counts)_

**1. MY NAME IS:**

*Charles Iseley*

**2. I AM NOW**

(A) ☐ On Parole  (B) ☐ On Probation  (C) ☑ Confined in *SCI-Smithfield*

**3.**

I WAS SENTENCED ON *December 12*, 19 *83*   TO A TOTAL TERM

OF *12½-25 years*, COMMENCING ON *January 22*, 19 *83*   BY

JUDGE(S) *George S. Kelton*

FOLLOWING A:   ☐ Trial by jury   ☑ Plea of guilty

☐ Trial by a judge without a jury   ☐ Plea of nolo contendere

**4. I AM ELIGIBLE FOR RELIEF BECAUSE OF:**

☑ The introduction of evidence obtained pursuant to an unlawful arrest

☑ The unconstitutional suppression of evidence by the state

☑ The introduction of evidence obtained by an unconstitutional search and seizure

☐ The unconstitutional use by the state of perjured testimony

☐ The introduction of a coerced confession into evidence

☐ The obstruction by state officials of petitioner's right of appeal

☑ The introduction into evidence of a statement obtained in the absence of a lawyer at a time when representation is constitutionally required

☐ Being twice placed in jeopardy

☐ The infringement of my privilege against self-incrimination under either federal or state law

☑ The abridgement of a right guaranteed by the constitution or laws of this state or the constitution or laws of the United States, including a right that was not recognized as existing at the time of trial if the constitution requires retrospective application of that right

☑ The denial of my constitutional right to representation by a competent lawyer

☑ The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced

☑ A plea of guilty unlawfully induced

☑ The denial of my right to appeal through failure to inform me of this right

5. **THE FACTS IN SUPPORT OF THE ALLEGED ERROR(S) UPON WHICH THIS PETITION IS BASED ARE AS FOLLOWS:** (State facts clearly and fully: argument, citations, or discussions of authorities shall not be included.)

(A) I know the following facts to be true of my own personal knowledge:

See pages 3A and 3B; and 3C and 3D.

(B) The following facts were made known to me by means other than my own personal knowledge (Explain how and by whom you are informed):

My attorney imparted to my parents that I would be eligible for parole, with good behavior, after one-third of my minimum was completed. This information was procured via my mother.

(C) In the event my appeal is allowed as requested under #4, the following are the matters which I intend to assert on that appeal (Specify the matters to be asserted if appeal is allowed)

A plea of guilty that was not knowingly, intelligently voluntarily, or understandingly tendered. A plea of guilty unlawfully induced. Ineffective or inadequate assistance of counsel. The sentencing guidelines used were unconstitutional. Inadequate colloquy (guilty plea).

5. (A)

The guilty plea colloquy was insufficient, inadequate, or lacking; th
the nature of some charges and the concomitant elements of tho
offences were not discussed; that any admission of guilt wa
equivocal and a sufficient factual basis for the plea was lack
that I was asked only if I understood the charges and
whether I pleaded guilty, save for one; that facts were
asserted that constituted a defense; that I was denied th
opportunity to file a timely withdrawal of my plea because I w
not advised during the proceedings of my rights to do so, nor th
consequences; that the guilty plea was not knowingly, intelli
-ly, voluntarily, or understandingly entered; that I was not
advised, nor made aware of, whether the mandatory sentenci
statute or the sentencing guidelines statute would be utili
that I did not understand "presumption of innocence"; that
the plea should not have been accepted; that the plea shoul
have been allowed to have been withdrawn; that I was not
apprised of the elements of all the charges, or even all the char
that I did not knowingly, intelligently, voluntarily, or under-
standingly plead guilty to any of the charges save for resisti
arrest; that I was not adequately advised or made aware o
the possible mandatory minimum and maximum sentences o
punishment; that there was doubt of guilt; that I was not
apprised or made aware that the lesser offences would mer
(or what "merge" meant) for sentencing purposes; that I was not
informed or made aware of my right to have separate trials and

5 (t)

individual trials; that I was not informed of my right to plead
guilty to some cases and not guilty to others; that I was not
apprised or made aware of all the possible fines; that the
court erred in failing to inform me that if I pleaded guilty
the court could question me about offenses and that the
answers given under oath could be used against me; that the
court erred in accepting my plea by failing to inform me of
my constitutional right against compulsory self-incrimination.

Counsel failed to inform me of statute prohibiting con-
viction for more than one inchoate crime when conduct en-
gaged in is designed to end in commission of only one crime;
counsel failed in his duty to insure that my guilty plea was
knowingly, intelligently, voluntarily, and understandingly
made; counsel committed gross error by misinforming me
of proper parole eligibility; counsel erroneously communicated
to me that I would be eligible for parole, with good be-
havior, at one-third of my minimum; counsel erroneously
told me that I would be eligible for parole at one-half
of my minimum; counsel erroneously told me that if I
neglected to take the stand in trial that I would
"look bad" (ie., presumption of guilt would arise); counsel
failed to apprise me of my right against compulsory self-
incrimination; counsel failed to inform me that the
court could question me, if I pleaded guilty, about offenses
and that answers given under oath could be used against

5. (A)

me; counselor erroneously imparted to me that I could
not take the fifth amendment after guilty plea; couns_
failed to apprise me of the possible proper minimum and
maximum sentences; my plea would never have been m_
had I been properly advised by my attorney; couns_
made an incompetent attempt to withdraw plea (after m_
argument, but still did not do as instructed; counsel
erroneously told me to plead guilty because I had no
defense; counsel failed to file for reconsideration and t_
withdrawal of pleas as instructed; Counsel had no
reasonable basis for failing to pursue defects in colloquy
or factual basis etc., adequately; counsel did not adequ_
or properly apprise me of my right to allocution (or wh_
it is); counsel consistently failed to adequately obje_
or otherwise contend against the unsubstantiated
statements made by witnesses and D.A., hearsay testi_
conflicting testimony and evidence in regard to descrip_
of perpetrator and masks and secret photographic
line-ups; counsel made little if any attempt to cross_
examine at plea hearing or sentencing; counsel
neglected to apprise me of what "merge" meant;
counsel committed gross error in failing to have some
of the charges dismissed; counsel failed to pursue
evidence that could have exonerated me of one
case; counsel failed to apprise me that I could hav_

5. (A)

seperate and/or individual trials or plead guilty to s
cases and not guilty to others; counsel failed to pursue
the sentencing guidelines used were unconstitiona
counsel neglected to dispatch to me copies of transc
motions, etc.; counsel consistently neglected to apprin
me of his actions in regard to my case; counsel error
ly stated to me that being under the influence of
cohol or narcotics would not negate specific intent
robbery.

**6. SUPPORTING EXHIBITS**

    **(A)** In support of this petition I have attached as exhibits:

        ☐ Affidavits            [Exhibit(s) No. _____ ]

        ☐ Records              [Exhibit(s) No. _____ ]

        ☐ Other Supporting Evidence    [Exhibit(s) No. _____ ]

    **(B)** I have not attached any affidavits, records or other supporting evidence because

_I have no copies to dispatch._

_____

_____

**7. I HAVE TAKEN THE FOLLOWING ACTION(S) TO SECURE RELIEF FROM MY CONVICTION(S) OR SENTENCE(S):**

    **(A)** Direct Appeal    (IF "YES," name the court(s) to which appeal(s) was/were taken, date, term and number, and result.)

    ☐ YES   ☑ NO

_____

_____

_____

    **(B)** Previous proceedings in the courts of the Commonwealth of Pennsylvania

    ☐ YES   ☑ NO   (IF "YES," name the type of proceedings (such as habeas corpus, etc.) — including former proceedings under the Post Conviction Hearing Act the Court(s) in which petition(s) was/were filed, date, term and number, and result, including all appeals.

_____

_____

    **(C)** Habeas Corpus or other petitions in Federal Courts

    ☐ YES   ☑ NO   (IF "YES," name the district in which petition(s) was, were filed, date(s), Court Number—civil action or miscellaneous, and result, including all appeals.)

_____

_____

    **(D)** Other legal proceedings

    ☐ YES   ☑ NO   (IF "YES," give complete details—type of action, court in which filed, date, term and number, and result, including all appeals.)

_____

_____

8. FOLLOWING MY ARREST. I WAS REPRESENTED BY THE FOLLOWING LAWYER(S): (Give the lawyer's name and the proceeding at which he represented you.)

Joseph Scalidi; preliminary hearing and/or arraignment. Dean W. Ibrahim, preliminary hearing and/or arraignment. Theodore Thompson, guilty plea. Cynthia Weaver, none. First three inter alia.

9. THE ISSUES WHICH I HAVE RAISED IN THIS PETITION HAVE NOT BEEN FINALLY LITIGATED WAIVED BECAUSE: (State facts.)

A showing of manifest injustice and/or extraordinary circumstan. The allegation of error has not been waived and, if it has, does not constitute a state procedural default barring federal habeas corpus relief. The failure to litigate these issues could not have been the result of any rationally strategic or tactic decision by counsel. If the allegation of error has been waive the alleged error in the conviction or affirmance of sentence is against an innocent individual; the result.

10. BECAUSE OF THE FOREGOING REASONS, THE RELIEF WHICH I DESIRE IS:

(A) ☐ Relase from custody and discharge

(B) ☑ A new trial

(C) ☑ Correction of sentence

(D) ☐ Other relief (specify): _____

11. (A) I am ☐ ABLE  ☑ NOT ABLE to pay the costs of this proceeding.

I have $ _Seventy_____ in my prison account.

(B) My other financial resources are: I have access to no resources save for gifts.

12.  (A)  ☑ I do not have a lawyer and I am without financial resources or otherwise unable to obtain a lawyer

    (1)  ☑ I request the court to appoint a lawyer to represent me.

    (2)  ☐ I do not want a lawyer to represent me.

  (B)  ☐ I am represented by a lawyer. (Give name and address of your lawyer.)

_Charles Iseley_
(Signature of Petitioner)

# UNSWORN DECLARATION

I, _Charles Iseley_ do hereby verify that
      Your Name

the facts set forth in the above petition are true and correct

to the best of my personal knowledge or information and

belief, and that any false statements herein are made sub-

ject to the penalties of Section 4904 of the Crimes Code

(18 Pa. C.S. § 4904), relating to unsworn falsification to

authorities.

_Charles Iseley_
Signature of Petitioner

No Notary
Requried

Charles Isley
M-9320 Smithfield
P.O. Box 99, 1140 Pike St
Huntingdon PA 16654

615 A.2d 408, 419 Pa.Super. 364, Com. v. Iseley, (Pa.Super. 1992)

**\*408**  615 A.2d 408

419 Pa.Super. 364

Superior Court of Pennsylvania.

COMMONWEALTH of Pennsylvania
v.
Charles ISELEY, Appellant.
Submitted June 15, 1992.
Filed Oct. 22, 1992.

Defendant appealed from order of the Court of Common Pleas, Bucks County, Criminal Division, No. 1372 to 1375, 1513, 1576/1983, Kelton, J., denying his petition for postconviction relief. The Superior Court, No. 201 Philadelphia 1992, Kelly, J., held that: (1) defendant may not motion to withdraw second or subsequent guilty plea based upon mere assertion of innocence, and (2) defendant was sufficiently informed of all elements of all offenses for which he was charged and for which he plead guilty.

Affirmed.

Montgomery, J., concurs in result.

West Headnotes

[1] Criminal Law ⬤274(8)
110 ----
  110XV Pleas
    110k272 Plea of Guilty
      110k274 Withdrawal
        110k274(3) Grounds for Allowance
  110k274(8) Innocence or Doubt as to Guilt.
  Defendant may not move to withdraw second or subsequent guilty plea based upon mere assertion of innocence. Rules Crim.Proc., Rule 320, 42 Pa.C.S.A.

[2] Criminal Law ⬤274(1)
110 ----
  110XV Pleas
    110k272 Plea of Guilty
      110k274 Withdrawal
  110k274(1) In General.
  There is no absolute right to withdraw guilty plea. Rules Crim.Proc., Rule 320, 42 Pa.C.S.A.

[3] Criminal Law ⬤274(9)
110 ----

110XV Pleas
  110k272 Plea of Guilty
    110k274 Withdrawal
110k274(9) Time for Application.
Courts have discretion to permit or direct guilty plea to be withdrawn at any time before sentencing. Rules Crim.Proc., Rule 320, 42 Pa.C.S.A.

[4] Criminal Law ⬤274(3.1)
110 ----
  110XV Pleas
    110k272 Plea of Guilty
      110k274 Withdrawal
        110k274(3) Grounds for Allowance
        110k274(3.1) In General.

  (Formerly 110k274(3))
  When defendant moves to withdraw guilty plea prior to sentence, he or she need only show "fair and just" reason for withdrawal and lack of substantial prejudice to Commonwealth. Rules Crim.Proc., Rule 320, 42 Pa.C.S.A.

[5] Criminal Law ⬤274(8)
110 ----
  110XV Pleas
    110k272 Plea of Guilty
      110k274 Withdrawal
        110k274(3) Grounds for Allowance
  110k274(8) Innocence or Doubt as to Guilt.
  Mere assertion of innocence remains "fair and just cause" to allow withdrawal of guilty plea absent prejudice to Commonwealth. Rules Crim.Proc., Rule 320, 42 Pa.C.S.A.

[6] Criminal Law ⬤273.1(4)
110 ----
  110XV Pleas
    110k272 Plea of Guilty
      110k273.1 Voluntary Character
        110k273.1(4)  Ascertainment  by  Court;
          Advising and Informing Accused.
  Defendant was sufficiently informed of all elements of all offenses for which he was charged and for which he plead guilty, where record of defendant's first guilty plea colloquy, his codefendant's guilty plea, colloquy for which he was present, and defendant's last guilty plea, colloquy indicated that defendant was eventually made aware of each of the elements of crimes to which he plead guilty, and included defendant's affirmative admission that he fully understood nature of crimes for which he was charged.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

615 A.2d 408, 419 Pa.Super. 364, Com. v. Iseley, (Pa.Super. 1992)

[7] Criminal Law ☞273.1(1)
110 ----
  110XV Pleas
    110k272 Plea of Guilty
      110k273.1 Voluntary Character
    110k273.1(1) In General.

Determination of whether guilty plea can withstand voluntariness challenge must be based upon totality of circumstances surrounding plea and challenge must go beyond mere claim of technical violation. Rules Crim.Proc., Rule 319, 42 Pa.C.S.A.

[8] Criminal Law ☞273.1(4)
110 ----
  110XV Pleas
    110k272 Plea of Guilty
      110k273.1 Voluntary Character
    110k273.1(4)    Ascertainment    by    Court;
                    Advising and Informing Accused.

Consideration of whether defendant understood nature of crimes with which he or she was charged is not limited to examination of direct instruction by court;   rather, such factors as the defendant's presence at and understanding of codefendant's colloquy during guilty plea to same charges may be considered sufficient notice of elements of crimes to which defendant plead guilty.  Rules Crim.Proc., Rule 319, 42 Pa.C.S.A.

**\*409**  [419 Pa.Super. 366] Denise L. Marley, Asst. Public Defender, Doylestown, for appellant.

Alan M. Rubenstein, Dist. Atty., Doylestown, for Com., appellee.

Before    TAMILIA,    KELLY,    and MONTGOMERY, JJ.

KELLY, Judge:

[1] In this case, we are called upon to determine whether a defendant may motion to withdraw a second or subsequent guilty plea based upon a mere assertion of innocence.  We find that he may not and affirm.

The facts of this case have been properly set out by the trial court as follows.

[419 Pa.Super. 367] 1. On July 19, 1983, while represented by the Bucks County Public Defender, defendant entered guilty pleas to six separate informations.

The principal offenses in each of the six cases were:

| Case No. | Principal Offense | Victim(s) |
| --- | --- | --- |
| 1372/83 | Robbery | Michael Geiger, Cindy Walker |
| 1373/83 | Robbery | Linda Knight, Ralph DeDonado |
| 1374/83 | Robbery | Kevin Michael Walker |
| 1375/83 | Robbery | Joseph Hamann |
| 1513/83 | Robbery | Mark George |
| 1576/83 | Robbery | John, David & Helen Collins and Mary Beth Daley |

----------

Following extensive colloquy with defendant, the Honorable Oscar S. Bortner accepted the guilty pleas, deferred sentence and ordered a pre-sentence investigation by the Bucks County Department of Probation and Parole.

**\*410**  2. On August 4, 1983, defendant filed a petition to withdraw his guilty pleas.  On August 10, 1983, Judge Bortner allowed the pleas to be withdrawn.

3. Thereafter, the cases were again scheduled for jury trial on September 19, 1983.  On that date, while then represented by private counsel, Theodore Thompson, Esquire, defendant, for a second time, entered open guilty pleas to all of the above informations.  After extended colloquy with defendant, we accepted his pleas again, deferred sentence for completion of the pre-sentence investigation and for a psychological evaluation.

4. During the original guilty plea of July 19, 1983, and the second plea of September 19, 1983, a co-conspirator, Michael Metzler, also pleaded guilty to four of the same offenses.  (The Hamann and Mark George robberies involved only Iseley).  A joint colloquy was conducted on each occasion.

5. At the July 19, 1983 guilty plea, the offenses were explained in detail by Judge Bortner with maximum permissible sentences on each count disclosed first to Metzler.  [419 Pa.Super. 368] Iseley acknowledged that he understood the nature of the charges as explained to Metzler.  Then the separate informations applicable to Iseley were

explained by Judge Bortner with the sentence maximums on each information and the total of all potential sentences, if consecutive (352 years). Iseley acknowledged he understood. (N.T. 7/19/83, 4-17).

6. On July 19, 1983, after some hesitation and after a recess to permit him to confer with counsel, defendant Iseley was asked the following by Judge Bortner (N.T. 23):

THE COURT: I want a clear statement that you did each and every one of the acts with which you are charged.

If you did not do them, then don't admit them. I am not pushing you to admit to something you did not do.

Now, you're the one that knows whether you did them or not. I wasn't there. You were.

So, now, did you do these things or not?

MR EISELE [sic: ISELEY]: Yes, I did Your Honor.

7. On July 19, 1983, following acceptance of the guilty pleas, the District Attorney then introduced his detailed evidence on each of the six instant informations including detailed descriptions of the two bank teller machine robberies (1513/83 and 1375/83) involving only Iseley, with evidence that the proceeds thereof were found in defendant's gym bag. There was also police testimony about the details of the robberies at the Kevin Walker house, the Geiger-Walker house, the Knight-DeDonado house and the Collins-Daley house. In each of the last four, Metzler was a co-conspirator.

8. Following withdrawal of the first guilty plea, defendant, at the September 19, 1983 guilty plea hearing, again stated unequivocally (N.T. 9/19/83, 47-48) that he was pleading guilty because he was satisfied that he really was guilty of each of the offenses charged.

9. The colloquy at the September 19, 1983 hearing covered in detail the following matters: opportunity to confer with counsel prior to the plea, satisfaction with counsel's knowledge of the underlying facts and his explanation of the legal [

419 Pa.Super. 369] principles, the difficulty in securing a withdrawal of a second plea of guilty, inquiry as to the requirements that a plea be voluntary, waiver of jury trial and rights to participate in jury selection, the necessity of a unanimous verdict, right to a non-jury trial, reasonable doubt and the presumption of innocence, waiver of the right to confront witnesses, waiver of right to pursue further any pre-trial motions under Rule 1100 or for suppression of evidence, rights not waived by a guilty plea and the fact that a guilty plea has the same effect as a verdict of guilty. (N.T. 8-19).

10. Thereafter, (N.T. 19-47) we outlined in detail the elements of robbery including theft and defined the nature of a serious injury involved with a robbery threat; the elements of burglary and the entry into a building with intent to commit *411 a robbery; criminal trespass, possession of an instrument of crime; simple assault; and conspiracy. We then outlined with each defendant the specific cases involving each of the victims and named the victims in each case. (N.T. 19-34) The maximum sentence potential in each information was then reviewed with Iseley by his counsel, Mr. Thompson, with the total potential maximum detailed by the District Attorney.

11. Defendants Iseley and Metzger each then responded affirmatively to the following question:

THE COURT: Now, I would ask each of you, are each of you in fact pleading guilty because you are satisfied that you are guilty to all of these different very serious offenses which are charged against you, is that your reason for pleading guilty that because you are satisfied that you really are guilty, Mr. Metzler?

MR. METZLER: Yes, sir.

THE COURT: Mr. Iseley?

MR. ISELEY: Yes.

(N.T. 47-48)

12. Upon acceptance of the pleas, the District Attorney again summarized the evidence, defendant Iseley heard testimony as to the detailed facts in case number 1375, 1512, 1374, 1373, 1377 and 1576 of 1983 from Detective Hart and [

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

419 Pa.Super. 370] Officer Karl Alscher of Middletown Township and Detective John Tegzes of Bristol Township. (N.T. 53-98).

13. On November 16, 1983, a motion to withdraw the second guilty plea was filed. We held a hearing on that motion on December 12, 1983 and denied the motion.

14. On the same date, we sentenced defendant to concurrent terms of 7-1/2 to 15 years on case numbers 1372, 1373, 1374, 1375 and 1513 of 1983 and a consecutive term of 5 to 10 years on number 1576 of 1983. We advised defendant of his right to file a motion challenging the validity of the sentence within ten (10) days and to file an appeal within thirty (30) days after any final order. (N.T. 12/12/91, p. 182). No post sentence motions were filed in the trial court and no direct appeal was taken.

Trial Court Opinion at 2-7.

On February 28, 1991, appellant filed a PCRA petition. A hearing was held on October 16, 1991, and appellant's PCRA petition was denied. This timely appeal followed.

Appellant raises the following two issues on appeal:

A. WHETHER DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO APPEAL THE DENIAL OF THE MOTION TO WITHDRAW APPELLANT'S GUILTY PLEA.

B. WHETHER DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO ASSURE THAT THE GUILTY PLEA ENTERED WAS KNOWING, INTELLIGENT AND VOLUNTARY WHEN THE TRIAL COURT FAILED TO INFORM THE APPELLANT OF THE NATURE AND ELEMENTS OF THE OFFENSES CHARGED.

Appellant's Brief at 3.

Appellant first contends that his counsel was ineffective for failing to appeal the trial court's denial of his motion to withdraw his second guilty plea. He argues that a bare assertion of innocence is sufficient to allow withdrawal of his second guilty plea. We disagree.

[419 Pa.Super. 371] The standard for determining if counsel was ineffective is well settled. In *Commonwealth v. Thom*, 396 Pa.Super. 92, 98-99, 578 A.2d 422, 425 (1990), this Court held:

In order to establish a claim of ineffectiveness, appellant must establish that: by act or omission counsel was arguably ineffective; counsel's act or omission could not have had a reasonable basis designed to effectuate appellant's interests; and appellant was prejudiced by the act or omission in that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different.

(quoting *Commonwealth v. Petras* 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987)) (citations omitted). To gain relief **412 under the P.C.R.A. statute, however, appellant must also show that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilty or innocence could have taken place. 42 Pa.C.S. 9543(a)(2)(ii *Commonwealth v. Thomas, supra*, 396 Pa.Super at 98, 578 A.2d at 425.

[2][3][4] There is no absolute right to withdraw a guilty plea. *Commonwealth v. Hayes* 462 Pa. 291, 341 A.2d 85 (1975). Courts have the discretion to permit or direct a guilty plea to be withdrawn at any time before sentencing *Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987); Pa.R.Crim.P. 320. When a defendant moves to withdraw his plea prior to sentence, he need only show a "fair and just" reason for the withdrawal and a lack of substantial prejudice to the Commonwealth. *Commonwealth v. Anthony* 504 Pa. 551, 475 A.2d 1303 *see also Commonwealth v. Jackson*, 390 Pa.Super. 619, 569 A.2d 964 (1990).

In 1973, the Pennsylvania Supreme Court, in *Commonwealth v. Forbes* 450 Pa. 185, 299 A.2d 268 (1973), reversed judgment of sentence and granted a new trial on the basis that a mere assertion of innocence was a "fair and just" reason for the pre-sentence withdrawal of a guilty plea absent substantial prejudice to the Commonwealth. While never overruled, the continuing wisdom of the *Forbes* decision has been called into question on several occasions.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

[419 Pa.Super. 372] For example, in *Commonwealth v. Cole* 387 Pa.Super. 328, 564 A.2d 203 (1989), an *en banc* panel of this Court was presented with the question of whether the mere assertion of innocence alone was a fair and just reason to allow pre-sentence withdrawal of a guilty plea where the motion to withdraw was filed only after it became clear that a key witness against the defendant had returned to her home in Georgia. This Court reasoned that:

A criminal defendant will not be permitted to play fast and loose with the guilty plea process in order to delay prosecution or jeopardize the Commonwealth's ability to prove guilt.... To permit him to withdraw his guilty plea after the witness had returned to her home in Georgia would be to permit appellant to use his motion to withdraw for the improper purpose of gambling on the Commonwealth's ability to produce the witness for a second trial. This is the type of prejudice to the Commonwealth against which the rule was intended to protect.

\* \* \* \* \* \*

So many safeguards have been imposed by law to ensure that a guilty plea is voluntarily and knowingly made, that a defendant should not be permitted to withdraw his guilty plea, even before sentencing, merely by intoning the allegation that "I am not guilty," where, as here, his plea of guilty was supported by an extensive colloquy in which the defendant expressly admitted guilt.6

6. Although we are required to follow the law as pronounced by the Supreme Court in *Commonwealth v. Forbes, supra,* one cannot help but question whether the rationale which has called for different standards for withdrawing pleas of guilty before sentencing and after sentencing is not wrong in its fo   As it pertains to a pre-sentence motion to withdraw, it diminishes the gravity of the entry of a guilty plea under Pa.R.Crim.P. 319 to allow the plea to be withdrawn prior to sentencing upon a bald assertion of innocence. Would it not be better--even more realistic--to hold that after a guilty plea hearing has been held under Rule 319 and the guilty plea [419 Pa.Super. 373] has been entered by the defendant and accepted by the court, then such a plea may be withdrawn, either before or after sentencing, only to avoid

prejudice in the nature of a manifest injustice? Such a uniformly applied rule would discourage the gamesmanship that is apparent in the instant case and would elevate the guilty plea hearing to the formal confession of guilt envisioned by the Supreme Court i *Commonwealth v. Anthony, supra.*

*Commonwealth v. Cole, sup.* 387 Pa.Super. at 334-36, 564 A.2d at 206-07 (emphasis added)

**\*413** Similarly, i *Commonwealth v. Risl* 414 Pa.Super. 220, 606 A.2d 946 (1992), this Court was again asked to decide whether the mere assertion of innocence was sufficient cause to allow the pre-sentence withdrawal of a guilty plea. Therein, the Commonwealth had not asserted and the record did not contain any evidence of prejudice to the Commonwealth resulting from the withdrawal. Bound by the decision in *Forbes,* this Court reversed judgment of sentence, but noted that:

[W]e are in agreement with many of our colleagues who have expressed dissatisfaction with the standard set out ir *Forbes.* The developments in the guilty plea colloquy have successfully fulfilled the policy concerns underly *Forbes.* The court ii *Forbes* asserted that the liberal rule for withdrawal of a guilty plea before sentencing is consistent with the efficient administration of justice because it reduces the number of appeals contesting whether the plea was knowing and voluntary. *Commonwealth v. Fort* 450 Pa. 185, 191, 299 A.2d 268, 271 (1973). However, an extensive colloquy is more effective in conserving judicial resources than *Forbes* standard. We agree *Commonwealth v. Turiano,* 411 Pa.Super. 391, 601 A.2d 846, 852 (1992) that a guilty plea colloquy ensures that a criminal defendant understands the significance of the constitutional rights he is waivin *See also Commonwealth v. Jones,* 389 Pa.Super. 159, 164, 566 A.2d 893, 895 (1989) *alloc. denied,* 525 Pa. 632, 578 A.2d 926 (1990) (emphasizes importance of colloquy; *Commonwealth v. i 33* Pa.Super. 117, 121-123, 482 A.2d 1110, 1111-1113 (1984) (Dissenting Opinion by [419 Pa.Super. 374] McEwen, J.) (noting that guilty plea colloquy displayed voluntariness of plea). However, a *Forbe* is still the law of this Commonwealth, we are constrained to follow it.

*Id.* 606 A.2d at 948.  In a concurring opinion, the

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

Honorable Stephen J. McEwen echoed sentiments he had earlier expressed, opining that a more acceptable standard for review of such cases might be that:

> a pre-sentence assertion of innocence may compose the required "fair and just reason" provided that the totality of circumstances reflected by the record does not establish otherwise.

*Commonwealth v. Cc* 387 Pa.Super. 328, 338-39, 564 A.2d 203, 208 (1989) (Concurring Opinion by McEwen, J.). Such a standard would more wisely serve reason, not to mention the citizenry, without intruding upon the fundamental rights of those defendants who present a valid basis for withdrawal.

*Commonwealth v. Rish, supr.* 414 Pa.Super at 225,226, 606 A.2d at 948 (McEwen, J., Concurring); *see als Commonwealth v. Turiano,* 411 Pa.Super. 391, 402, 601 A.2d 846, 852-53 (1992).

[5] Whatever its ultimate wisdom, the continuing precedential effect of *Forbt* decision is irrefutable. Unless and until the decision is overruled, the mere assertion of innocence remains a "fair and just cause" to allow the withdrawal of a guilty plea absent prejudice to the Commonwealth.

Instantly, however, appellant boldly urges that as a matter of law the liberal rule of withdrawal announced in *Forbes* controls even, where as here, an earlier guilty plea had been formerly entered and successfully withdrawn for the same charges. We cannot agree. The *Forbes* Court was not faced with, and thus did not decide, the question of whether a mere assertion of innocence constitutes a "fair and just cause" to allow withdrawal *second or subsequent* guilty plea. The same is true for its progeny. Indeed, no case cited by appellant is even remotely supportive of the proposition that an assertion of innocence may alone suffice to support a successful motion to withdraw under such circumstances. As [419 Pa.Super. 375] a matter of law, therefore, *Forbt* doctrine is simply inapplicable herein.

Moreover, there is no basis in logic to extend the *Forbes* rule to apply to second or subsequent pleas to the same charge. The rul *Forbe* is made,

perhaps over-solicitously, in favor of justice, to protect against the possibility that an innocent defendant will erroneously plead guilty. The rule was not designed, nor intended, tc **\*414** permit the gamesmanship and cyclical manipulation which could quickly become the hallmark of our guilty plea process should we adopt the position urged upon us by appellant. As this Court has previously noted:

"A guilty plea is not a ceremony of innocence, it is an occasion when one offers a confession of guilty.... The defendant is before the court to acknowledge facts that he is instructed constitute a crime.... He is then to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequence." *Commonwealth v. Anthony,* 504 Pa. 551, 559, 475 A.2d 1303, 1307-1308 (1984). A criminal defendant who elects to plead guilt *has a duty to answer questions truthfull Commonwealth v. Mitchell,* 319 Pa.Super. 170, 175, 465 A.2d 1284, 1286 (1983). A defendant will not be permitted to postpone the final disposition of his ca: *by lying to the cc* concerning his culpability and thereafter withdraw his plea of guilty by contradicting his prior testimony and asserting innocence. C *Commonwealth v. Brow* 242 Pa.Super. 240, 363 A.2d 1249 (1976).

*Commonwealth v. Cole, supr.* 387 Pa.Super. at 335,564 A.2d at 206 (emphasis added). Such concerns apply *a fortio.* where as here, the defendant has burdened the system with such withdrawal motions, not once, but twice. Twice appellant was informed of the charges brought against him and the consequences of his guilty plea. Twice appellant was informed of his right to a jury trial and of his right to be presumed innocent. Twice appellant was questioned under oath as to the extent to which he understood this information and believed[419 Pa.Super. 376] himself to be guilty. And twice appellant affirmatively, unequivocally and unambiguously indicated not only his understanding of the charges, his rights, and the consequences of his plea, but also that he was in fact guilty. Had appellant so desired, he could have asserted his innocence *at le* these two occasions. He did not. Rather, appellant waited until shortly before his second scheduled sentencing date to assert this claim of innocence, offering absolutely no explanation for his delay in doing so.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

Appellant's assertion of innocence at this late stage smacks of little other than a self-serving attempt to improperly manipulate the system, and provides perhaps an apotheosis to illustrate the reason for rejecting a rule which allows withdrawal under such circumstances. The rule envisioned by appellant would most certainly make a "mockery of the guilty plea hearing process *Commonwealth v. Cole, supra,* 387 Pa.Super. at 339, 564 A.2d at 206, providing a ready means, if not an incentive, to perpetrate fraud on the courts. Moreover, the further delay inherent in allowing any second or subsequent guilty plea to be withdrawn on such dubious grounds is a burden too great for our already overcrowded criminal dockets to bear. (FN1) Even more importantly, given that the accuracy of any subsequent trial (should the prosecution ever reach that stage) is dependent upon the ever fading memories and increasingly uncertain availibrilities of the necessary witnesses, the power to prolong the prosecution could serve as a Sword of Damocles for the guilty defendant to suspend over the very heart of the trial, the search for truth. (FN2) This power, we refuse to confer.

Simply put, we deem it both unwise and unjust to indulge so exceptionally belated an assertion of innocence as one heard first after a second guilty plea has been entered. (FN3) The possibility that such an assertion is based in fact rather than [419 Pa.Super. 377] machinations is remote in the extreme; it is a virtual certainty, on the other hand, that a rule which provides for the withdrawal of a second or subsequent guilty plea based on the mere incantation of the words, "I now claim I am innocent," will at once reward *415 the guilty and undermine the integrity of the system. We conclude, therefore, that absent extraordinary circumstances, not present herein, a mere assertion of innocence may not be considered by a reviewing court to be alone a fair and just reason for withdrawal of any second or subsequent guilty plea. Appellant's underlying claim of error is therefore without merit. As such, appellant's contention that his plea counsel was ineffective must fail.

[6] Appellant next contends that defense counsel was ineffective for failing to assure that he was specifically informed of all the elements of all offenses for which he was charged and to which he plead guilty. We cannot agree.

[7] In *Commonwealth v. Harvey* 407 Pa.Super.

545, 595 A.2d 1280 (1991), this Court stated that:

Claims of unlawfully induced guilty pleas based on ineffective assistance have previously been entertained. *See Commonwealth v. Miller, supra* [495 Pa. 177, 433 A.2d 1 (1981) ]; *Commonwealth v. Unger,* 494 Pa. 592, 597 n. 4, 432 A.2d 146, 148 n. 4 (1980); *Commonwealth v. Knox,* 304 Pa.Super. 368, 372, 450 A.2d 725, 727 (1982). To be successful, appellant must show that the ineffectiveness caused him to enter an involuntary or unknowing plea. *Commonwealth v. Lutz,* 492 Pa. 500, 505-506, 424 A.2d 1302, 1305 (1981).

*Id.* 595 A.2d at 1282-83. The Pennsylvania Supreme Court has stated "that the importance of the colloquy is to demonstrate that defendant's action is taken voluntarily and intelligently... The essential element is therefore a recorded demonstration that the defendant is fully aware of the ramifications of his action and is entering his plea voluntarily.' *Commonwealth v. Ingram* 455 Pa. 198, 200, 316 A.2d 77, 78 (1974). Six areas of inquiry have been identified as essential in insuring the validity of a plea. To be lawful, "a guilty plea must include inquiry as to whether: 1) the defendant understood the nature of the charge to which he is [419 Pa.Super. 378] pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has a right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement.' *Commonwealth v. Cole, supra* 387 Pa.Super. at 336, 564 A.2d at 206-07, *citing Commonwealth v. Willis* 471 Pa. 50, 369 A.2d 1189 (1977); Pa.R.Crim.P. 319. Notwithstanding this apparent check-list approach, it is clear that the determination of whether a guilty plea can withstand a challenge must be based upon the totality of the circumstances surrounding the plea and the challenge must go beyond a mere claim of a technical violation. *Commonwealth v. Owens* 321 Pa.Super. 122, 467 A.2d 1159 (1983).

[8] Thus, consideration of whether a defendant understood the nature of the crimes with which he was charged is not limited to an examination of the direct instruction by the court *Commonwealth v. Shaffer,* 498 Pa. 342, 350, 446 A.2d 591, 595

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

615 A.2d 408, 419 Pa.Super. 364, Com. v. Iseley, (Pa.Super. 1992)                    Page 8

(1982); *Commonwealth v. Martine,* 499 Pa. 417, 453 A.2d 940 (1982). Rather, as this Court has previously held, such factors as the defendant's presence at and understanding of a co-defendant's colloquy during a guilty plea to the same charges may be considered sufficient notice of the elements of the crimes to which a defendant plead guilty. *See Commonwealth v. Harris* 286 Pa.Super 601, 429 A.2d 685 (1981). .(FN4) Similarly, our Supreme Court had considered the defendant's previous convictions indicative of the knowledge of the elements of such crimes for the purposes of a subsequent guilty plea   *S Commonwealth v. Schultz,* 505 Pa. 188, 191, 477 A.2d 1328, 1330 (1984).

*\*416.* In reviewing the record made of appellant's first guilty plea colloquy, appellant's co-defendant's guilty plea colloquy (for [419 Pa.Super. 379] which appellant was present), and appellant's last guilty plea colloquy, it is clear that at one point or other appellant was eventually made aware of each of the elements of the crimes to which he plead guilty. Moreover, the record also includes appellant's affirmative admission on the record that he fully understood the nature of the crimes for which he was charged.

THE COURT: Now, I would ask each of you, are each of you in fact pleading guilty because you are satisfied that you are guilty to all of these different very serious offenses which are charged against you, is that your reason for pleading guilty that because you are satisfied that you really are guilty, Mr. Metzler?

MR. METZLER: Yes, sir.

THE COURT: Mr. Iseley?

MR. ISELEY: Yes.

(N.T. 9/19/93 47-48). It is therefore fatuous for appellant to suggest now that he was unaware of the nature of the charges brought against him merely because the trial court failed to fully re-explain each and every element of the charges during his second colloquy. The trial court was under no duty to engage in such a rote and purposeless exercise in redundancy. Under the totality of the circumstances, it is clear that appellant was well aware of the nature of the charges to which he plead guilty. Accordingly, we conclude that appellant's underlying claim of error is without merit. As such, appellant's second contention that his plea counsel was ineffective must fail.

Judgment of sentence Affirmed.

MONTGOMERY, J., concurs in the result.

(FN1.) *Cf. Commonwealth v. Turiano, supra* 411 Pa.Super. at 402,601 A.2d at 852 (discussing the squandering of judicial resources inherent in entertaining serial guilty plea colloquies).

(FN2.) *See Commonwealth v. Wall,* 413 Pa.Super. 599, 614-15, 606 A.2d 449, 457 (1992).

(FN3.) *Cf Commonwealth v. Boatwright,* 404 Pa.Super. 75, 82, 590 A.2d 15, 20 (1992).

(FN4.) "The guilty plea colloquy must be considered in the light of the overall objective which is to insure that the plea is made with an understanding of the charges and an awareness of the consequences. *Commonwealth v. McNeill,* 453 Pa. 102, 106, 305 A.2d 51 (1973)." *Commonwealth v. Johnson,* 460 Pa. 169, 174, 331 A.2d 473, 477 (1975).

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

[770 E.D. Allocatur Docket 1992]
IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 770 E.D. Allocatur Docket 1992 |
| Respondent | : | |
| | : | Petition for Allowance of Appeal from the Superior Court |
| v. | : | |
| CHARLES WILLIAM ISELEY, | : | |
| Petitioner | : | |

O R D E R

PER CURIAM

And now, this 25th day of May, 1993, the Petition for Allowance of Appeal is hereby denied.

A TRUE COPY FROM RECORD
Attest:  5/25/93

_____
William G. Corey, Esquire
Deputy Prothonotary, Supreme Court of
Pennsylvania, Eastern District

**APPENDIX C**

**COMMONWEALTH OF PENNSYLVANIA**

**VS**

_Charles Isley_
(Name of Petitioner)

IN THE CRIMINAL COURTS OF THE COUNTY OF

1372,1373,1374,1375/1983,1513,0576/19

Criminal
Action No. _____ of _____ 19 ___

### ORDER

AND NOW this ___11th___ day of ___May___, 19 _92_ Upon consideration of the foregoing petit

1. ☐ Petition is returned to petitioner for amendment as follows, such amendment to be made on or before

_____, 19 ____

2. ☐ A rule is granted upon the Commonwealth of Pennsylvania to show cause why a hearing should not be granted. Th

rule is returnable on or before _____ 19 ___

3. ☐ The request to proceed as a poor person, without the payment of costs, is ☐ granted ☐ denied.

4. ☒ Upon finding that petitioner is unable to obtain a lawyer ___John Fioravanti___ Esq., is appoint
ed to represent him.

5. ☒ The Clerk of this Court is ordered and directed to do the following forthwith:

(a) To serve a copy of this petition and this order upon the District Attorney of ___Bucks___ County

(b) To send a copy of this petition and this order to ___John Fioravanti___ Esq., the lawyer for the petitioner

(c) To send a copy of this order to the petitioner.

6. ☐

_s/ R. Barry McAndrews_

DC-198
rev. 6-87

# PETITION UNDER POST CONVICTION HEARING ACT

| COMMONWEALTH OF PENNSYLVANIA<br><br>VS<br><br>_Charles Isley_<br>(Name of Petitioner) | COURT AND DOCKET NUMBERS<br><br><br><br>To be filled in by Clerk of Court |
|---|---|

NOTE: List below those informations or indictments & offenses for which you have not completed your sentence.

INFORMATION OR INDICTMENT NUMBERS:

1372-83, 1373-83, 1374-83, 1375-83, 1513-83, 1576-83.

I WAS CHARGED WITH THE FOLLOWING CRIMES:

Robbery $F1°$ (11 counts), Burg. $F1°$ (4cts), Rob. $F2°$ (1ct), Agg. Assault $F2°$ (2cts), Crim. Tres. $F2°$ (1ct), Conspiracy $F2°$ (10cts), Crim. Tres. $F3°$ (3cts), Theft by Unlawful Taking or Disposition $F3°$ (1ct), Receiving Stolen Prop. $F3°$ (1ct), Conspiracy $F3°$ (5cts), Ter. Thr. $M1°$ (10cts), Pos. of Inst. of Crime $M1°$ (5cts), Pro. Off. Weapons $M1°$ (3cts), Carrying a Firearm Without a License $M1°$ (4cts), Theft by Unlawful Taking or Disposition $M1°$ (5cts), Rec. Stln. Prop. $M1°$ (5cts), Agg. Assault $M1°$ (1ct), Conspiracy $M1°$ (19cts), Simple Assault $M2°$ (13cts), Recklessly Endangering Another Person $M2°$ (10cts), Conspiracy $M2°$ (8cts).

**1. MY NAME IS:**

Charles Isley

**2. I AM NOW**

(A) ☐ On Parole    (B) ☐ On Probation    (C) ☑ Confined in SCI-Smithfield

**3.**

I WAS SENTENCED ON Dec. 12 , 19 83 TO A TOTAL TERM

OF 12½-25 years , COMMENCING ON Jan. 22 , 19 83 BY

JUDGE(S) George T. Kelton

FOLLOWING A:    ☐ Trial by jury    ☑ Plea of guilty

☐ Trial by a judge without a jury    ☐ Plea of nolo contendere

**4. I AM ELIGIBLE FOR RELIEF BECAUSE OF:**

☐ The introduction of evidence obtained pursuant to an unlawful arrest

☐ The unconstitutional suppression of evidence by the state

☐ The introduction of evidence obtained by an unconstitutional search and seizure

☐ The unconstitutional use by the state of perjured testimony

☐ The introduction of a coerced confession into evidence

☐ The obstruction by state officials of petitioner's right of appeal

☐ The introduction into evidence of a statement obtained in the absence of a lawyer at a time when representation is constitutionally required

☐ Being twice placed in jeopardy

☑ The abridgement of a right guaranteed by the constitution or laws of this state or the constitution or laws of the United States, including a right that was not recognized as existing at the time of trial if the constitution requires retrospective application of that right

☐ The infringement of my privilege against self-incrimination under either federal or state law

☑ The denial of my constitutional right to representation by a competent lawyer

☐ The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced

☑ A plea of guilty unlawfully induced

☑ The denial of my right to appeal through failure to inform me of this right

5. **THE FACTS IN SUPPORT OF THE ALLEGED ERROR(S) UPON WHICH THIS PETITION IS BASED ARE AS FOLLOWS:** (State facts clearly and fully; argument, citations, or discussions of authorities shall not be included.)

(A) I know the following facts to be true of my own personal knowledge:

My lawyer testified that he never apprised me of my right to appeal the denial of my pre-sentence motion to withdraw my plea. Neither did the sentencing court. The court only addressed my post-trial rights in regard to reconsideration of sentence. My lawyer failed to ensure that I received the requisite instructions at sentencing. The sentencing guidelines statute I was sentenced under was unconstitutional because the General Assembly left the governor's office out of the legislative process used to draft the guidelines, as delineated by the Penna. Supreme Court. My lawyer failed to challenge the constitutionality of the sentencing guidelines statute.

(B) The following facts were made known to me by means other than my own personal knowledge (Explain how and by whom you are informed):

(C) In the event my appeal is allowed as requested under #4, the following are the matters which I intend to assert on that appeal (Specify the matters to be asserted if appeal is allowed)

The sentencing guidelines statute was unconstitutional, denial of appeal by a failure to inform me of the right, and ineffective assistance of counsel.

**5. SUPPORTING EXHIBITS**

(A) In support of this petition I have attached as exhibits:

☐ Affidavits                    [Exhibit(s) No. _____]

☐ Records                       [Exhibit(s) No. _____]

☐ Other Supporting Evidence     [Exhibit(s) No. _____]

(B) I have not attached any affidavits, records or other supporting evidence because

*I am in the hole and cannot acquire copies.*

_____

_____

**7. I HAVE TAKEN THE FOLLOWING ACTION(S) TO SECURE RELIEF FROM MY CONVICTION(S) OR SENTENCE(S):**

(A) Direct Appeal        (IF "YES," name the court(s) to which appeal(s) was/were taken, date, term and number, and result.)

☐ YES  ☑ NO

_____

_____

(B) Previous proceedings in the courts of the Commonwealth of Pennsylvania

☑ YES  ☐ NO    (IF "YES," name the type of proceedings (such as habeas corpus, etc.) — including former proceedings under the Post Conviction Hearing Act the Court(s) in which petition(s) was/were filed, date, term and number, and result, including all appeals.)

*PCHA motion filed on February 28, 1991. Denied after hearing on December 17, 1991. See pages one and two for number and term.*

(C) Habeas Corpus or other petitions in Federal Courts

☐ YES  ☑ NO    (IF "YES," name the district in which petition(s) was/were filed, date(s), Court Number—civil action or miscellaneous, and result, including all appeals.)

_____

_____

(D) Other legal proceedings

☐ YES  ☑ NO    (IF "YES," give complete details—type of action, court in which filed, date, term and number, and result, including all appeals.)

_____

FOLLOWING MY ARREST, I WAS REPRESENTED BY THE FOLLOWING LAWYER(S):   (Give t
name and the proceeding at which he represented you.)

Joseph Scafidi, prelim. hearing. Dean W. Ibrahim, prelim. hearing an
arraignment. Theodore Thompson, guilty plea. Cynthia Weaver, not
Denise L. Marley, PCHA hearing. First three inter alia.

THE ISSUES WHICH I HAVE RAISED IN THIS PETITION HAVE NOT BEEN FINALLY LITIGATED O
WAIVED BECAUSE:   (State facts.)

My lawyer failed to apprise me of my right to appeal my denied motion and
failed to challenge the constitutionality of the sentencing guidelines stat-
ite and to ensure that I received the requisite instructions at sentencing
constituting extraordinary circumstance because his actions had no rationa
strategic, tactical, or reasonable basis designed to serve my interest and this
conduct prejudiced me. Sentencing court failed to apprise me of my right to appea
my denied motion, in violation of procedural rule. Against my wishes counsel on
the first PCHA petition deliberately and improperly failed to raise the
instant issues despite my various communications to do so. I am in-
nocent of most of the charges.

10. BECAUSE OF THE FOREGOING REASONS, THE RELIEF WHICH I DESIRE IS:

(A) ☐ Relase from custody and discharge

(B) ☑ A new trial

(C) ☐ Correction of sentence

(D) ☑ Other relief (specify): withdrawal of my guilty plea or allowance to
appeal the denial of my pre-sentence motion to withdraw my plea.

11. (A) I am ☐ ABLE   ☑ NOT ABLE to pay the costs of this proceeding.

I have $ 100.00 _____ in my prison account.

(B) My other financial resources are: I am and have been unemployed and
receive no money on my prison account save for occasional gifts.

12. (A) ☑ I do not have a lawyer and I am without financial resources or otherwise unable to obtain a lawyer

    (1) ☑ I request the court to appoint a lawyer to represent me.

    (2) ☐ I do not want a lawyer to represent me.

  (B) ☐ I am represented by a lawyer. (Give name and address of your lawyer.)

_____

_____

*Charles Isley*
(Signature of Petitioner)

## UNSWORN DECLARATION

I, **Charles Isley** do hereby verify that
          *Your Name*

the facts set forth in the above petition are true and correct

to the best of my personal knowledge or information and

belief, and that any false statements herein are made sub-

ject to the penalties of Section 4904 of the Crimes Code

(18 Pa. C.S. § 4904), relating to unsworn falsification to

authorities.

*Charles Isley*
Signature of Petitioner

**No Notary
Requried**

Charles Isley, #M-9320
% SCI- SMithfield
P. O. Box 999
1120 Pike Street
Huntingdon, PA    16652

*Karen*

COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION


COMMONWEALTH OF PENNSYLVANIA      :   Nos. 1372-1375/1983
                                            1513/83; 1576/83;
               v.                     1241/83

CHARLES ISELEY


**ORDER**


AND NOW, this                 day of

1993, upon consideration of the within petition, a hearing is

fixed for the            day of               , 1993, in

Courtroom      , at           o'clock,


BY THE COURT:


_____ J.

FIORAVANTI & KNIGHT
By:  John J. Fioravanti, Jr., Esq.
Attorney I.D. #28231
Attorney for Appellant
93 East Court Street
Doylestown, PA.  18901
(215)  348-9133

---

COMMONWEALTH OF PENNSYLVANIA  :  COURT OF COMMON PLEAS
                                 BUCKS COUNTY, PENNSYLVANIA

                    v.          Nos.  1372-1375/1983;  1513/83;
                                       1576/83; 1241/83
CHARLES ISELEY,
            Appellant          :  NO.

### PETITION FOR SUPPLEMENTAL POST CONVICTION RELIEF

Petitioner, Charles Iseley, by his attorney, John J.
Fioravanti, Jr., Esquire, respectfully represents that:

1.  Petitioner filed a post conviction relief act petition
and the undersigned was appointed.

2.  At the time of said filing, the cases were pending in
the Superior Court of Pennsylvania under a previous post con-
viction relief act petition, litigated by the Bucks County public
defender's office.

3.  Thereafter, the Honorable Judge R. Barry McAndrews
ruled that the Bucks County Court was without jurisdiction and no
further action on said petition was taken.

- 1 -

4.    Thereafter, the Superior Court rendered an Opinion dismissing petitioner's post conviction relief act request.

5.    The undersigned seeks to re-institute this action based on the following claims of ineffectiveness:

a.    Trial counsel was ineffective in failing to request the Court to advise petitioner of the requirement that he challenge the denial of his pre-sentence application to withdraw the guilty plea, in accordance with PA. R.C.P. 1405, and as such the Bucks County public defender's office, through Denise Marley was ineffective in failing to raise that issue for the Appellate Court's review.

b.    Denise Marley was ineffective in failing to raise the fact that the sentencing judge did not notify petitioner of his right to appeal the propriety of the denial of his withdrawal of the plea of guilty.

c.    Denise Marley was ineffective in failing to raise the issue that Mr. Thompson, who represented the defendant at the time of the plea, was ineffective in failing to challenge the constitutionality of the sentencing guidelines in effect at the time of the sentence.

6.    The foregoing allegations effect the truth determining process and bear on the innocence of the petitioner.

7.    Failure of the court to decide these issues would constitute a  miscarriage of justice which could not be tolerated.

by a civilized society.    Commonwealth v. Dawson (citation omitted

   8.   Originally, petitioner plead guilty before the
Honorable Judge Oscar Bortner, thereafter he entered a guilty
plea before the Honorable George T. Kelton.

   9.   The case is presently assigned to the Honorable Judge
R. Barry McAndrews.

   WHEREFORE, petitioner respectfully requests that this
Honorable Court fix a hearing to determine whether the claims
have merit.

                         Respectfully submitted,

                         _John J. Fioravanti_

                         John J. Fioravanti, Jr.

# V E R I F I C A T I O N

I, John J. Fioravanti, Jr., Esquire, verify that the statements made in the foregoing Petition are true and correct to the best of my information, knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Dated:  January 8, 1993

_John J. Fioravanti_

John J. Fioravanti, Jr.

**APPENDIX D**

AM-9320

# MOTION FOR POST CONVICTION COLLATERAL RELIEF

| COMMONWEALTH OF PENNSYLVANIA | COURT AND DOCKET NUMBERS |
|---|---|
| VS | |
| _CHARLES ISELEY_<br>(Name of Defendant) | To be filled in by Clerk of Court |

NOTE: List below those informations or indictments & offenses for which you have not completed your sentence.

INFORMATION OR INDICTMENT NUMBERS:

1341/83, 1370/83, 1372-75/83, 1513/83, 1576/83

WAS CHARGED WITH THE FOLLOWING CRIMES:

Robbery F1° (11 counts), Burg F1° (4 cts), Rob F2° (1ct), Agg Assault F2° (2 cts), Crim Tres. F2° (1 ct), Conspiracy F2° (10 cts), Crim Tres. F3° (3 cts), Theft by Unlawful Taking or Dis. F3° (1 ct), Rec. Stol. Prop. F3° (1 ct), Resisting Arrest Conspiracy F3° (5 cts) Ter. Threats M1° (10 cts), Pos. of Inst. of Crime M1° (5 cts) Pro. Off Weapons M1° (3 cts), Car. Firearm w/o a Licence M1° (4 cts), Theft M1° (5 cts), Rec Stolen Prop M1° (5 cts), Agg. Assault M1 (1ct), Conspiracy M1° (19 cts), Simple Assault M2° (13 cts), Recklessly Endangering Another person M2° (10 cts), Conspiracy M2° (10 cts).

**MY NAME IS:**

_Charles Iseley_

**I AM NOW**

(A) ☐ On Parole    (B) ☐ On Probation    (C) ☐ Confined in _Prison_

3.

I WAS SENTENCED ON _Dec. 12_ , 19 _83_ TO A TOTAL TERM OF _12½ - 25 yrs_ , COMMENCING ON _Jan 22_ , 19 _83_ BY JUDGE(S) _George T. Kelton_

FOLLOWING A:    ☐ Trial by jury    ☑ Plea of guilty

☐ Trial by a judge without a jury    ☐ Plea of nolo contendere

I AM ELIGIBLE FOR RELIEF BECAUSE OF:

☐ (I) A violation of the constitution of Pennsylvania or laws of this Commonwealth or the constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

☑ (II) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

☑ (III) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty.

☑ (IV) The improper obstruction by Commonwealth officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

☑ (V) A violation of the provisions of the constitution, law or treaties of the United States which would require the granting of federal habeas corpus relief to a state prisoner.

☐ (VI) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.

☑ (VII) The imposition of a sentence greater than the lawful maximum.

☐ (VIII) A proceeding in a tribunal without jurisdiction.

THE FACTS IN SUPPORT OF THE ALLEGED ERROR(S) UPON WHICH THIS MOTION IS BASED ARE AS FOLLOWS: (State facts clearly and fully; argument, citations, or discussions of authorities shall not be included.)

(A) I know the following facts to be true of my own personal knowledge:

See attached pages

(B) The following facts were made known to me by means other than my own personal knowledge (Explain how and by whom you are informed):

(C) In the event my appeal is allowed as requested under #4, the following are the matters which I intend to assert on that appeal (Specify the matters to be asserted if appeal is allowed)

Violation of privilege against self-incrimination; Unlawful guilty plea; Ineffective assistance of counsel; Denial of appeal rights; Unlawful sentence; Violation of Ex Post Facto Clause; Denial of Equal Protection; Denial of Due Process; Double Jeopardy; Denial of Right to Parole; Denial of Right to Parole Eligibility; Denial of Right to Self-Representation

**SUPPORTING EXHIBITS**

(A) In support of this motion I have attached as exhibits:

☐ Affidavits                    [Exhibit(s) No. _____]

☐ Records                       [Exhibit(s) No. _____]

☐ Other Supporting Evidence     [Exhibit(s) No. _____]

(B) I have not attached any affidavits, records or other supporting evidence because

*I do not have any.*

_____

_____

_____

**I HAVE TAKEN THE FOLLOWING ACTION(S) TO SECURE RELIEF FROM MY CONVICTION(S) OR SENTENCE(S):**

(A) Direct Appeal      (IF "YES," name the court(s) to which appeal(s) was/were taken, date, term and number, and result.)

☐ YES    ☐ NO

_____

_____

_____

(B) Previous proceedings in the courts of the Commonwealth of Pennsylvania

☑ YES    ☐ NO      (IF "YES," name the type of proceedings (such as habeas corpus, etc.) — including former proceedings under the Post Conviction Hearing Act the Court(s) in which petition(s) was/were filed, date, term and number, and result, including all appeals.)

*PCRA petition filed Feb. 28, 1991, was denied Dec. 17, 1991; PCRA Petition filed May 11, 1992*

*was denied April 11, 1994 ; PCRA petition filed Feb. 7, 1996, was denied May 23, 1996*

*Habeas Corpus Petition filed in Pa. Supreme Crt, No 131 M.D. Misc. Dkt. 1997, denied Sept 12, 199*

(C) Habeas Corpus or other petitions in Federal Courts

☑ YES    ☐ NO      (IF "YES," name the district in which petition(s) was/were filed, date(s), Court Number—civil action or miscellaneous, and result, including all appeals.)

*Habeas Corpus Petition in Eastern District, Iseley v. Vaughn, No. 96-1103, was denied*

*Habeas Corpus Petition in Eastern District, Iseley v. Meyers, No. 97-7083, was denied*

*Actually, both were dismissed for failure to exhaust state remedies*

(D) Other legal proceedings

☑ YES    ☐ NO      (IF "YES," give complete details—type of action, court in which filed, date, term and number, and result, including all appeals.)

*Habeas Corpus/Mandamus petition in Commonwealth Court, was denied.*

_____

8. FOLLOWING MY ARREST, I WAS REPRESENTED BY THE FOLLOWING LAWYER(S):  (Give the lawyer's name and the proceeding at which he represented you.)

*Joseph Scatid, Dean W. Ibrahim, Theodore Thompson*

9. THE ISSUES WHICH I HAVE RAISED IN THIS MOTION HAVE NOT BEEN PREVIOUSLY LITIGATED ANI ONE OF THE FOLLOWING APPLIES:

☑   (I)   The allegation of error has not been waived.

☑   (II)   If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual."

☑   "(III)   If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a state procedural default barring federal habeas corpus relief."

✓   IV   The failure to litigate this issue(s) prior to or during trial or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel.

0. BECAUSE OF THE FOREGOING REASONS, THE RELIEF WHICH I DESIRE IS:

(A) ☑ Release from custody and discharge

(B) ☑ A new trial

(C) ☐ Correction of sentence

(D) ☐ Other relief (specify): _____

1. (A) I  am ☐ ABLE    ☑ NOT ABLE to pay the costs of this proceeding.

I have $ ___ Ø ___ in my prison account.

(B) My other financial resources are: *nil*

1. (A) ☑ I do not have a lawyer and I am without financial resources or otherwise unable to obtain a lawyer

    (1) ☑ I request the court to appoint a lawyer to represent me.

    (2) ☐ I do not want a lawyer to represent me.

  (B) ☐ I am represented by a lawyer. (Give name and address of your lawyer.)

*Charles Iseley*

(Signature of Defendant)

## UNSWORN DECLARATION

I, *Charles Iseley* do hereby verify that
         Your Name

the facts set forth in the above motion are true and correct

to the best of my personal knowledge or information and

belief, and that any false statements herein are made sub-

ject to the penalties of Section 4904 of the Crimes Code

(18 Pa. C.S. § 4904), relating to unsworn falsification to

authorities.

*Charles Iseley*

Signature of Defendant

o Notary
equried

| COMMONWEALTH OF PENNSYLVANIA | IN THE CRIMINAL COURTS OF THE COUNTY OF |
|---|---|
| VS | |
| _Charles Iseley_ | Criminal Action No. _____ of _____ 19 ___ |
| (Name of Defendant) | |

## ORDER

ND NOW this _____ day of _____, 19_____ Upon consideration of the foregoing mot

1. ☐ The motion is returned to defendant for amendment as follows, such amendment to be made on or before

   _____, 19 ___

2. ☐ A rule is granted upon the Commonwealth of Pennsylvania to show cause why a hearing should not be granted. Th

   rule is returnable on or before _____ 19 ___

3. ☐ The request to proceed as a poor person, without the payment of costs, is ☐ granted ☐ denied.

4. ☐ Upon finding that defendant is unable to obtain a lawyer _____ Esq.. is appoint
   ed to represent him.

5. ☐ The Clerk of this Court is ordered and directed to do the following forthwith:

   (a) To serve a copy of this motion and this order upon the District Attorney of _____ County

   (b) To send a copy of this motion and this order to _____ Esq., the lawyer for the defendant

   (c) To send a copy of this order to the defendant.

6. ☐

J

Ground I: Unlawful Guilty Plea:

The court did not inform defendant of all the elements of all the charges to which he was pleading guilty and the penalties for and ergo he did not understand the factual or legal bases of all the charges he was pleading guilty to or the consequences thereof

Defense counsel, prosecution, and court did not inform de which sentencing act he would be sentenced under despite the that there were two possibilities available, one of which was found to be unconstitutional by the Pa. Supreme Crt.

Defense counsel, prosecution, and court did not inform defenda of the proper possible minimum sentence which could have be tion zero to sixty-one years because of the merger doctrine fact, defendant was never informed of any possible minimum

Defense counsel, prosecution, and court did not inform defen of the proper possible maximum sentence. They stated that 352 years, which is grossly inaccurate. The true possible maxim sentence was 122 years because of the merger doctrine.

Defendant was pressured into pleading guilty by his attor and defendant wrote a letter to the court (judge Keston) spec informing court of same and specifically requested to withd his guilty plea and to represent himself because he did not his lawyer. However, the court ignored the letter and defenda right to represent himself and relayed the letter to defend attorney.

Defendant had numerous meritorious suppression issue his attorney intentionally never informed him of (as admitt PCRA hearing; see N.T. 10/18/93, pp 154) and ergo his plea coul have been valid since such data was integral for a knowing intelligent guilty plea decision to be made.

The court accepted defendant's guilty plea ~~also~~ for t...
violations despite the fact that it ruled, on record, that d...
was not in possession of a firearm.

Defense counsel, prosecution, and court never informed defen...
that the Commonwealth ~~would~~ could ignore its own laws/statutes regar...
the fact that defendant's minimum and maximum sentences ~~are~~...
rigid and cannot be extended/enlarged. According to written Penn...
sylvania law defendant had a right to parole at the expir...
of his minimum sentence but the Commonwealth has ignored...
own laws and continues to hold defendant past his minimum sente...

Defense counsel, prosecution, and court never informed defendant...
the Commonwealth could ignore its own laws/statutes and defendan...
right regarding the right to become eligible for parole at the...
expiration of his minimum sentence. Defendant was not review...
for parole until months after the expiration of his minimum sen...
despite the fact that, according to alleged "law", he was to be se...
six months prior to same.

Defense counsel, prosecution, and court never informed defendant th...
he could be denied parole without discretion. For example, def...
was denied parole for possessing a firearm (which is illegal and th...
court ruled that defendant was not in possession of a firearm) not taking...
drug program (none of defendant's charges concern narcotics and...
fact, he has never received a misconduct report concerning narcotics...
entire time he has been in prison), having an instant assaultive off...
(defendant did not have an instant assaultive offence), for being i...
administrative custody (which is illegal/according to state law), et c...
Moreover, defendant procured employment and residence which wa...
Never even investigated as ~~pros~~ supposed to, according to "law"...

<u>Ground 2</u>: Ineffective Assistance of Counsel

Defendant's attorney did not ensure that defendant was
formed of the elements of all the charges and penalties tha
which he was pleading guilty to.

Defendant's attorney did not inform him of his right to app
the denial of the presentence motion to withdraw his guilty pl
which was admitted, on record, during defendant's PCRA hearing

Defendant's counsel did not inform defendant under which
encing act he would be sentenced under or the differences
the various possible sentencing acts he may have been sent
under prior to or after the tender of defendant's guilty pl

Counsel deliberately did not inform defendant of num
meritorious suppression issues prior to the tender of the guilt
as admitted, on record, during defendant's PCRA hearing.

Counsel did not inform defendant of the proper permissi
range of minimum/maximum sentences or ensure that th
court informed defendant of same. The court stated that de
possible sentence was approximately 180-352 years, which is
inaccurate. It should have been Ø to 122 years because
merger doctrine.

Counsel advised defendant to testify at the sentencing
despite the fact that defendant wished to withdraw his g
and go to trial.

Counsel failed to ensure that defendant received the
sentence from the court. Defendant was sentenced to 7½-1
and 5-10 years for a total of 12½-15 years. However, it
fact that defendant began serving the 7½-15 sentence in
the 5-10 sentence in 1990 thereby clearly illustrating that
true sentence is 12½ to 17½ years and <u>not</u> 12½ to 25

Counsel failed to inform defendant that the Commonwealth wou

## Ground 3: Unlawful Sentence

Defendant was sentenced to sentences of 5 to 10 and 7½ to 15 years for a total of 12½ to 25 years. Consequently, it is a fact that defendant began serving the 7½ to 15 sentence in January of 1983 and began serving the 5 to 10 sentence in 1990. Thus it is clearly evident that defendant has completely served the 7½ to 15 sentence and will have served the entirely of the 5 to 10 sentence by the year 2000 clearly revealing that his sentence should be 12½ to 17½ years and not 12½ to 25 years.

Defendant was not sentenced as an individual as revealed from the fact that the judge specifically stated, on record, that he made several sentencing rulings in order to cover himself in the event of an appeal thereby effectively, capriciously, and arbitrarily sentencing defendant under a statute which he was not supposed to be sentenced under (i.e., mandatory sentencing guidelines statute) according to the court.

Ground 4: Denial of Right to Appeal

Defense counsel did not inform defendant of his right
appeal the denial of his presentence motion to withdraw h
guilty plea. This fact is revealed via defense counsel's testi
at the October 18, 1993, PCRA evidentiary hearing and trans
Thereof (N.T. pg 160~164).

The sentencing court failed to inform defendant of his
right to appeal the denial of his presentence motion to withdr
his guilty plea as it mandatorily should have pursuant to Pa. Ra

Ground 5 : Denial of Right To Self-Representation

Defendant sent a letter to the judge specifically request
To represent himself for the duration of the proceedings but the
judge ignored it.

Ground 6 : Denial of Right to Parole Eligibility

   The court gave the PBPP the authority to violate state
law and not allow defendant to become eligible for parole at
the expiration of his minimum sentence for no reason whatsoever

Ground 7: Double Jeopardy

The court gave the PBPP the authority to violate statute
and to extend his minimum sentence without discretion
because defendant had a weapon charge which he alread[y]
received a sentence for.

<u>Ground 8</u>: Denial of Right to Parole

The court gave the PBPP the authority to violate state law
and deny defendant parole despite the fact that written
state law specifically states that he must be paroled at the
expiration of his minimum sentence unless he tests positive
drug use via urinalysis test.

Ground 9: Violation of Ex Post Facto Clause & Equal Protection

The court gave the PBPP the authority to deny defendant parole without discretion and capriciously and arbitrarily. For example, the PBPP refuses to parole defendant unless he pays $30.00 despite the fact that he is indigent and that the court specifically ruled, on record, that defendant did not have to pay anyone anything (the $30.00 is supposed to be paid to the Bucks County Court of Common Pleas).

The court gave the PBPP the authority to extend defendant minimum sentence despite the fact that no such law permits same.

<u>Ground 10</u>: Violation of Right to Due Process & Equal Protection

The court gave the PBPP the authority to delegate its power to the DOC in order to deny defendant parole capriciously and arbitrarily and without discretion. For example, defendant was denied parole for being in administrative custody despite the fact that Pa. state law ~~specifically states~~ specifically states that he cannot be punished for being in said custody; defendant was also denied parole for not participating in a prescriptive program plan (he did), for having an instant assaultive offense (he did not), for not taking a drug program (none of defendants charges concern narcotics). The DOC does not use discretion in the denial of parole.

The court gave the PBPP the authority to ignore state law. For example, according to state law the PBPP has a legal obligation to investigate any factors conducive to parole. However, they only include whatever they consider detrimental and do not investigate anything. For example, they did not note any programs that defendant completed or that he had secured employment and residence and, in fact, did not investigate these.

0095

RBM:cjl
5/16/96


IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

COMMONWEALTH OF PENNSYLVANIA     :   No. 1372-1375/83; 1513/83;
                                 :   1576/83; 1241/83
             vs.             :
                                   :
CHARLES ISELEY                     :


### OPINION

     Defendant's third petition under the Post Conviction Relief Act, the Act of April 13, 1988, P.L. 336, No. 47, Section 3, 42 Pa. C.S.A. §9541 et. seq. is hereby denied without hearing.[1]

     On July 19, 1983, Charles Iseley ("Petitioner") pleaded guilty to six counts of robbery, aggravated assault, terroristic threats, possession of prohibited offensive weapons and related offenses. He was represented by the Bucks County Public Defender's Office. On August 4, 1983, prior to sentencing, Petitioner filed a motion to withdraw his guilty plea. This motion was granted on August 10, 1983. Subsequently, he retained private counsel and, on September 19, 1983, once again entered a guilty plea for the offenses. On November 16, 1983, prior to sentencing, Petitioner filed a motion to withdraw his second guilty plea. After hearing on December 12, 1983, this motion was

---

[1] Pursuant to 42 Pa. C.S.A. Rule 1507, a ten day notice was provided and is appended hereto as Exhibit "A".

denied and Petitioner was sentenced to a term of twelve and one-half to twenty-five years.  No direct appeal was taken.

On February 28, 1991, Petitioner filed for relief under the Post Conviction Relief Act ("PCRA").  Petitioner was again represented by the Bucks County Public Defender's Office.  After hearing on October 16, 1991, his petition was denied.  Petitioner appealed to the Pennsylvania Superior Court.  On October 22, 1992, the appellate court affirmed the trial court's denial of the petition.  His request for appeal was denied by the Pennsylvania Supreme Court.  On May 11, 1992, Petitioner filed a second petition under the PCRA.  He was represented by court-appointed counsel.  After hearing on October 18, 1993, his second petition was denied by this Court in an April 7, 1994 Order.  On February 7, 1996, Petitioner filed yet another petition for relief.

The Supreme Court has mandated that second or subsequent petitions for post-conviction relief "will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred." Commonwealth v. Lawson, 519 Pa. 504, 513, 549 A.2d 107, 112 (1988); Commonwealth v. Loach, 421 Pa. Super. 527, 533-534, 618 A.2d 463, 466 (1992).

The Lawson threshold standard is met if the petition can demonstrate "either that the proceedings resulting in his conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred or that he is innocent of the criminal charges." Commonwealth v. Dukeman, 513 Pa. Super.

397, 402, 605 A.2d 418, 420 (1992), quoting <u>Commonwealth v. Ryan</u>, 394 Pa. Super. 373, 376, 575 A.2d 949, 950-51 (1990).

Only after the <u>Lawson</u> threshold is satisfied may a trial court determine whether the defendant has also established the four prerequisites for relief set forth in the PCRA, 42 Pa. C.S.A. §9543, <u>Loach</u>, 421 Pa. Super. at 534, 618 A.2d at 467.

In this, his third PCRA petition, Petitioner has essentially repeated claims he made earlier. He again alleges ineffective assistance of counsel and that his guilty plea was unlawfully induced. He claims that he was not advised of his right to appeal. He claims that the colloquy provided at sentencing was inadequate, and he alleges to be victim of a "tainted lineup" and unconstitutional search and seizure.

Petitioner's allegations are without basis. He claims that trial counsel did not advise him of a right to appeal, yet he promptly filed a motion to withdraw his initial guilty plea and was successful in that attempt. Despite that withdrawal and the associated advice and information given him by counsel, he once again entered a guilty plea. In his brief, Petitioner alleges irregularities with the reasoning of the Judge in determination of sentence. And yet, the sentence he received, considering the number and seriousness of the offenses to which he pleaded guilty, was completely justified. Petitioner finds fault with his counsel for not pursuing these arguments at the PCRA hearings.

Upon consideration of what we have found as fact in this case, Petitioner has completely failed to demonstrate any

3

ineffectiveness of his attorneys.  The law presumes that counsel

is effective, the burden of establishing ineffectiveness rests

upon appellant.  Commonwealth v. House, 371 Pa. Super. 23, 537

A.2d 361 (1988).  Petitioner has not done that.  The standard

applied in Pennsylvania to evaluate claims of ineffective

assistance of counsel has been stated by the Pennsylvania Supreme

Court as follows:

> The threshold inquiry in such claims is whether
> the issue/argument/tactic which counsel has
> foregone and which forms the basis for the
> assertion of ineffectiveness is of arguable
> merit; for counsel cannot be considered
> ineffective for failing to assert a meritless
> claim.  Commonwealth v. Pursell, 508 Pa. 212,
> 495 A.2d 183 (1985).  If this threshold is met,
> it must next be established that the particular
> course chosen by counsel had no reasonable
> basis designed to effectuate his client's
> interests.  Commonwealth ex. rel. Washington v.
> Maroney, 427 Pa. 599, 235 A.2d 349 (1967).
> Finally, we require that the defendant
> establish how counsel's commission or omission
> prejudiced him.  Commonwealth v. Pierce, 515
> Pa. 153, 527 A.2d 973 (1987).

Commonwealth v. Durst, 522 Pa. 2 at 4-5, 559 A.2d 504 at 595

(1989).

Petitioner has not even begun to convince this Court

that his conviction was unfair or that a miscarriage of justice

occurred.  His conviction and sentence does not offend the

civilized society of Dukeman, and he has forwarded no facts that

even begin to pursuade this Court that he is innocent of the

criminal charges.  Therefore, Petitioner has not made the strong

prima facie showing required to satisfy the Lawson threshold that

permits subsequent attempts at post conviction relief.  Further,

he has not met the Durst threshold required to show ineffective

counsel.  Finally, Petitioner has not persuaded this Court that his guilty plea was legally defective.

For the foregoing reasons, the Petitioner's Petition is denied.

BY THE COURT:

_____5|23|96_____        _____
              DATE                      R. BARRY McANDREWS, J.

5

Commonwealth of Pennsylvania vs. Charles Iseley
No. 1372-1375/83; 1513/83; 1576/83; 1241/83


Karen A. Diaz, Esquire
Office of the District Attorney
Bucks County Courthouse
Doylestown, PA  18901
Counsel for the Commonwealth of Pennsylvania


Charles Iseley, pro se
Correctional Facility at Graterford
AM-9320, Box 244
Graterford, PA  19426
Pro Se



COURT OF COMMON PLEAS

**BUCKS COUNTY**
SEVENTH JUDICIAL DISTRICT
DOYLESTOWN, PENNSYLVANIA
18901
(215) 348-6000

KENNETH G. BIEHN
PRESIDENT JUDGE

JUDGES
ISAAC S. GARB
WILLIAM HART RUFE, III
EDWARD G. BIESTER, JR.
MICHAEL J. KANE
WARD F. CLARK
SUSAN DEVLIN SCOTT
JOHN J. RUFE
R. BARRY McANDREWS
CYNTHIA M. WEAVER
DANIEL J. LAWLER

SENIOR JUDGES
PAUL R. BECKERT
OSCAR S. BORTNER
LEONARD B. SOKOLOV

May 9, 1996

Karen A. Diaz, Esquire
Office of the District Attorney
Bucks County Courthouse
Doylestown, PA  18901

Charles Iseley
SCI
P.O. Box 346
Graterford, PA   19426

RE:  COMMONWEALTH OF PA. VS. CHARLES ISELEY; 1372-1375/83; 1513/83; 1576/83; 1241/83

Dear Ms. Diaz and Mr. Iseley:

This letter is to notify all interested persons that pursuant to 42 Pa. C.S.A. Rule 1507, we are proposing dismissal of Mr. Charles Iseley's Motion for Post Conviction Collateral Relief for information numbers 1372-1375/83; 1513/83; 1576/83; and 1241/83.  After review of the Petitioner's brief, it is clear that there is no basis upon which Mr. Iseley can prevail.  At the time of his guilty plea on July 19, 1983, before this Court, Mr. Iseley answered affirmatively to an extensive colloquy designed to ensure that his plea was intelligent, voluntary and knowing. Mr. Iseley was subsequently permitted to withdraw his guilty plea before sentencing, and on September 19, 1983, pleaded guilty once again.  Again Defendant was given a through colloquy and this Court was persuaded that his plea was intelligent, voluntary and knowing.  In this, Defendant's third Motion for Post Conviction Collateral Relief, he once again raises a claim of ineffective assistance of counsel.  After having reviewed subject Petition and the record, we find nothing to justify relief.

Because a hearing to consider this motion would be fruitless, and no purpose would be served by any further proceedings, it is proposed that the motion be denied without a hearing.

Petition has been ten (10) days from the date of this letter to respond.  If we do not hear from the Petitioner within ten (10) days, this Court will dismiss the motion.

Sincerely,

R. Barry McAndrews

RBM:cjl

EXHIBIT "A"

J. S03002/97

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                    v.          :
                                :
CHARLES ISELEY,                 :
                    Appellant   :    No. 1922 Philadelphia 1996

          Appeal from the Post Conviction Relief Act May
          23, 1996 in the Court of Common Pleas of Bucks
          County, Criminal, No. 1372-75/83, 1513/83,
          1576/83, 1241/83

BEFORE:  KELLY, HUDOCK, and OLSZEWSKI, JJ.

                        *J U D G M E N T*

          *ON CONSIDERATION WHEREOF, it is now here ordered and*

*adjudged by this Court that the judgment of the Court of*

*Common Pleas of*    BUCKS              *County be, and the same*

*is hereby*    AFFIRMED.

                                         *BY THE COURT:*

                                         /s/ ...............16.

                                         */ PROTHONOTARY*

*Dated:*    MARCH 12, 1997

J.S03002/97

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :          PENNSYLVANIA
            v.         :
                        :
CHARLES ISELEY,            :
         Appellant     :   No. 1922 Philadelphia 1996

Appeal from the Post Conviction Relief Act May
23, 1996 in the Court of Common Pleas of Bucks
County, Criminal, No. 1372-75/83, 1513/83,
1576/83, 1241/83

BEFORE: KELLY, HUDOCK, and OLSZEWSKI, JJ.

MEMORANDUM:                    **FILED**  **MAR 12 1997**

    The appellant, Charles Iseley, appeals from the order of the

Court of Common Pleas, Bucks County, dated May 23, 1996, which

denied his third petition for post-conviction collateral relief

brought pursuant to 42 Pa.C.S.A. §9541 et seq. We affirm.

    The factual background of this case has been properly set out

in the appellant's previous appeal to this Court, Commonwealth v.

Iseley, 419 Pa.Super. 364, 615 A.2d 408 (1992) as follows:

    1.   On July 19, 1983, while represented by the Bucks
    County Public Defender, defendant entered guilty pleas
    to six separate informations.

    The principal offenses in each of the six cases
    were:

| Case No. | Principal Offense | Victim(s) |
|----------|-------------------|-----------|
| 1372/83 | Robbery | Michael Geiger, Cindy Walker |
| 1373/83 | Robbery | Linda Knight, Ralph DeDonado |

J.S03002/97 - 2

| 1374/83 | Robbery | Kevin Michael Walker |
| 1375/83 | Robbery | Joseph Hamann |
| 1513/83 | Robbery | Mark George |
| 1576/83 | Robbery | John, David & Helen Collins and Mary Beth Daley |

Following extensive colloquy with defendant, the Honorable Oscar S. Bortner accepted the guilty pleas, deferred sentence and ordered a pre-sentence investigation by the Bucks County Department of Probation and Parole.

2.   On August 4, 1983, defendant filed a petition to withdraw his guilty pleas. On August 10, 1983, Judge Bortner allowed the pleas to be withdrawn.

3.   Thereafter, the cases were again scheduled for jury trial on September 19, 1983. On that date, while then represented by private counsel, Theodore Thompson, Esquire, defendant, for a second time, entered open guilty pleas to all of the above informations. After extended colloquy with defendant, we accepted his pleas again, deferred sentence for completion of the pre-sentence investigation and for a psychological evaluation.

4.   During the original guilty plea of July 19, 1983, and the second plea of September 19, 1983, a co-conspirator, Michael Metzler, also pleaded guilty to four of the same offenses. (The Hamann and Mark George robberies involved only Iseley). A joint colloquy was conducted on each occasion.

5.   At the July 19, 1983 guilty plea, the offenses were explained in detail by Judge Bortner with maximum permissible sentences on each count disclosed first to Metzler. Iseley acknowledged that he understood the nature of the charges as explained to Metzler. Then the separate informations applicable to Iseley were explained by Judge Bortner with the sentence maximums on each information and the total of all potential sentences, if consecutive (352 years). Iseley acknowledged he understood. (N.T. 7/19/83, 4-17).

6.   On July 19, 1983, after some hesitation and after a recess to permit him to confer with counsel, defendant Iseley was asked the following by Judge Bortner (N.T. 23):

> THE COURT: I want a clear statement that you
> did each and every one of the acts with which
> you are charged.
>
> If you did not do them, then don't admit them.
> I am not pushing you to admit to something you
> did not do.
>
> Now, you're the one that knows whether you did
> them or not. I wasn't there. You were.
>
> So, now, did you do these things or not?
>
> MR EISELE [sic: ISELEY]: Yes, I did Your
> Honor.

7. On July 19, 1983, following acceptance of the
guilty pleas, the District Attorney then introduced his
detailed evidence on each of the six instant
informations including detailed descriptions of the two
bank teller machine robberies (1513/83 and 1375/83)
involing only Iseley, with evidence that the proceeds
thereof were found in defendant's gym bag. There was
also police testimony about the details of the robberies
at the Kevin Walker house, the Geiger-Walker house, the
Knight-DeDonado house and the Collins-Daley house. In
each of the last four, Metzler was a co-conspirator.

8. Following withdrawal of the first guilty plea,
defendant, at the September 19, 1983 guilty plea
hearing, again stated unequivocally (N.T. 9/19/83, 47-
48) that he was pleading guilty because he was satisfied
that he really was guilty of each of the offenses
charged.

9. The colloquy at the September 19, 1983 hearing
covered in detail the following matters: opportunity to
confer with counsel prior to the plea, satisfaction with
counsel's knowledge of the underlying facts and his
explanation of the legal principles, the difficulty in
securing a withdrawal of a second plea of guilty,
inquiry as to the requirements that a plea be voluntary,
waiver of jury trial and rights to participate in jury
selection, the necessity of a unanimous verdict, right
to a non-jury trial, reasonable doubt and the
presumption of innocence, waiver of the right to
confront witnesses, waiver of right to pursue further
any pre-trial motions under Rule 1100 or for suppression
of evidence, rights not waived by a guilty plea and the
fact that a guilty plea has the same effect as a verdict
of guilty. (N.T. 8-19).

10. Thereafter, (N.T. 19-47) we outlined in detail the
elements of robbery including theft and defined the

J.S03002/97 - 4

nature of a serious injury involved with a robbery threat; the elements of burglary and the entry into a building with intent to commit a robbery; criminal trespass, possession of an instrument of crime; simple assault; and conspiracy. We then outlined with each defendant the specific cases involving each of the victims and named the victims in each case. (N.T. 19-34) The maximum sentence potential in each information was then reviewed with Iseley by his counsel, Mr. Thompson, with the total potential maximum detailed by the District Attorney.

11.   Defendants Iseley and Metzler each then responded affirmatively to the following question:

> THE COURT: Now, I would ask each of you, are each of you in fact pleading guilty because you are satisfied that you are guilty to all of these different very serious offenses which are charged against you, is that your reason for pleading guilty that because you are satisfied that you really are guilty, Mr. Metzler?

> MR. METZLER:  Yes, sir.

> THE COURT:  Mr. Iseley?

> MR. ISELEY:  Yes.

>                              (N.T. 47-48)

12.   Upon acceptance of the pleas, the District Attorney again summarized the evidence, defendant Iseley heard testimony as to the detailed facts in case number 1375, 1512, 1374, 1373, 1377 and 1576 of 1983 from Detective Hart and Officer Karl Alscher of Middletown Township and Detective John Tegzes of Bristol Township. (N.T. 53-98).

13.   On November 16, 1983, a motion to withdraw the second guilty plea was filed. We held a hearing on that motion on December 12, 1983 and denied the motion.

14.   On the same date, we sentenced defendant to concurrent terms of 7-1/2 to 15 years on case numbers 1372, 1373, 1374, 1375 and 1513 of 1983 and a consecutive term of 5 to 10 years on number 1576 of 1983. We advised defendant of his right to file a motion challenging the validity of the sentence within ten (10) days and to file an appeal within thirty (30) days after any final order. (N.T. 12/12/91. p. 182). No post sentence motions were filed in the trial court and no direct appeal was taken.

J.S03002/97 - 5

Id. at 367-70, 615 A.2d at 409-11 (quoting Trial Court Opinion at
2-7). On February 28, 1991, the appellant filed the first of his
several petitions for post-conviction collateral relief.
Following a hearing on October 16, 1991, the trial court denied
the petition. The appellant appealed to this Court. On October
22, 1992, a panel of this Court affirmed the trial court's denial
of the petition. The appellant sought allowance of appeal before
the Supreme Court. His petition for allocatur was denied. On May
11, 1992, the appellant filed a second petition under the Post
Conviction Relief Act (PCRA). After a hearing on October 18,
1993, the trial court denied the appellant's petition. Without
filing a direct appeal from that order, the appellant filed a
third petition under the PCRA on February 7, 1996. The Honorable
R. Barry McAndrews denied this petition without a hearing. The
instant appeal followed.

On appeal, the appellant, pro se, has submitted the following
statement of questions for our review:

> I.   WAS [SIC] TRIAL COUNSEL, FIRST PCRA COUNSEL,
>      AND SECOND PCRA COUNSEL INEFFECTIVE IN
>      OFFERING LEGAL ASSISTANCE TO DEFENDANT[?]
>
> II.  WAS DEFENDANT DENIED HIS CONSTITUTIONAL RIGHT
>      TO A JURY TRIAL[?]
>
> III. WAS DEFENDANT DENIED HIS CONSTITUTIONAL RIGHT
>      TO APPEAL THE DENIAL OF HIS MOTION TO WITHDRAW
>      HIS GUILTY PLEA[?]
>
> IV.  WAS DEFENDANT'S GUILTY PLEA ENTERED KNOWINGLY,
>      INTELLIGENTLY, AND VOLUNTARILY[?]

(The Appellant's Brief at 1).

Preliminarly, the Post Conviction Relief Act, 42 Pa.C.S.A.
§9541 et seq., is designed as a final opportunity to vindicate

certain constitutional rights to due process of law concerning conviction and sentence, to the extent that the issues raised have not previously been adjudicated or waived. See 42 Pa.C.S.A. §§9541, 9543, 9544. The Pennsylvania legislature has defined the eligibility requirements under the PCRA which, as amended in 1995, states:

**§9543.  Eligibility for relief**

(a)  **General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1)  That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:

(i)  currently serving a sentence of imprisonment, probation or parole for the crime;

(ii)  awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

(2)  That the conviction or sentence resulted from one or more of the following:

(i)  A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii)  Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv)   The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v)   A violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a State prisoner.

(vi)   The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii)   The imposition of a sentence greater than the lawful maximum.

(viii)   A proceeding in a tribunal without jurisdiction.

(3)   That the allegation of error has not been previously litigated or waived.

(4)   That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

**(b)   Exception.**--Even if the petitioner has met the requirements of subsection (a), the petition shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner. A petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss. This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S.A. §9543(a), (b)(emphasis added).

On appeal from a grant or denial of a petition for post conviction relief, the scope of review is limited to a

determination of whether the trial court's findings are supported by the record and its order is free of legal error. Commonwealth v. Laskaris, 407 Pa.Super. 440, 595 A.2d 1229 (1991). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Commonwealth v. Nelson, 393 Pa.Super. 611, 574 A.2d 1107 (1990); Commonwealth v. McClucas, 378 Pa.Super. 202, 548 A.2d 573 (1988); Commonwealth v. Carelli, 377 Pa.Super. 117, 546 A.2d 1185 (1988), allocatur denied, 521 Pa. 609, 557 A.2d 341 (1989).

In his first issue, the appellant asserts a series of reasons why he feels all previous counsel have rendered ineffective assistance of counsel. Initially, the appellant argues that guilty plea counsel was ineffective for pressuring him into pleading guilt and for failing to ensure that his guilty plea was knowing, intelligent, and voluntary; for failing to inform him of his right to file a direct appeal of the denial of his motion to withdraw his guilty plea; and for failing to preserve "meritorious suppression issues." (The Appellant's Brief at 5). Next, the appellant claims that his first PCRA counsel was ineffective for failing to raise all of the foregoing issues concerning guilty plea counsel's ineffectiveness. Finally, the appellant complains that his second PCRA counsel was ineffective when counsel "intentionally hindered [the appellant's] goals and denied him his right to appeal the denial of [his] second PCRA petition" Id. at 6), by "specifically inform[ing the appellant] that he did not have to appeal to Superior Court in order to raise the issues he wished [to raise] in federal court." (Id.). We cannot agree.

J.S03002/97 - 9

Our standard of review when faced with a claim of ineffective assistance of counsel is well-settled.

> First, counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. <u>Commonwealth v. Durst</u>, 522 Pa. 2, 4, 559 A.2d 504, 505 (1989); <u>Commonwealth v. Pierce</u>, 515 Pa. 153, 159, 527 A.2d 973, 975 (1987). To prevail on a claim of ineffectiveness, appellant must show that his underlying contentions possess arguable merit. <u>Commonwealth v. Durst</u>, <u>supra</u>; <u>Commonwealth v. Davis</u>, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988); <u>Commonwealth v. Pierce</u>, <u>supra</u>. Finding no merit, our inquiry would cease because counsel will not be deemed ineffective for failing to pursue a baseless or meritless claim. <u>Id</u>.; <u>Commonwealth v. Pursell</u>, 508 Pa. 212, 224, 495 A.2d 183, 189 (1985). If appellant's contention is found to be of arguable merit, he must also establish that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. <u>Id</u>. Finally, appellant must show how counsel's commission or omission prejudiced appellant. <u>Commonwealth v. Durst</u>, <u>supra</u>; <u>Commonwealth v. Davis</u>, <u>supra</u>; <u>Commonwealth v. Pierce</u>, <u>supra</u>.

<u>Commonwealth v. Harrison</u>, 444 Pa.Super. 103, 107-08, 663 A.2d 238, 240 (1995).

This Court does not require the highest level of criminal defense skills; the standard by which we judge counsel's performance is a "minimum level of competency." <u>Commonwealth v. Glover</u>, 422 Pa.Super. 543, 547, 619 A.2d 1357, 1359 (1993). When we examine counsel's approach in light of the available alternatives, a finding of ineffectiveness is appropriate if we conclude that the alternatives not chosen offered a substantially greater potential for success than the tactics actually utilized. <u>Commonwealth v. Clark</u>, 533 Pa. 579, 585, 626 A.2d 154, 157 (1993)(citing <u>Commonwealth v. Pierce</u>, <u>supra</u>). A reviewing court cannot deem counsel ineffective merely because counsel could have chosen a different course of action. <u>Commonwealth v. Polston</u>, 420

J.S03002/97 - 16

Pa.Super. 233, 249, 616 A.2d 669, 677 (1992), <u>allocatur denied</u>, 534 Pa. 638, 626 A.2d 1157 (1993)(citing <u>Commonwealth v. Chester</u>, 526 Pa. 578, 587 A.2d 1367 (1991), <u>certiorari denied</u>, <u>sub nom.</u>, <u>Laird v. Pennsylvania</u>, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991)). Likewise, where multiple allegations of ineffectiveness are raised on appeal, each allegation is reviewed independently. <u>Commonwealth v. Jones</u>, 370 Pa.Super. 591, 594, 537 A.2d 32, 34 (1988).

A claim of ineffectiveness of counsel "must be raised at the earliest stage in the proceedings at which counsel, whose effectiveness is challenged, no longer represents the appellant." <u>Commonwealth v. Yabor</u>, 376 Pa.Super. 356, 368, 546 A.2d 67, 73 (1988), <u>allocatur denied</u>, 521 Pa. 620, 557 A.2d 724 (1989)(quoting <u>Commonwealth v. House</u>, 371 Pa.Super. 23, 27, 537 A.2d 361, 363 (1988)). The burden of establishing that an issue was not waived rests with the appellant. <u>Commonwealth v. Schaffer</u>, 390 Pa Super. 610, 615, 569 A.2d 360, 363 (1990), <u>allocatur denied</u>, 525 Pa. 617, 577 A.2d 889 (1990).

An appellant is not entitled to PCRA review on an issue that has been previously litigated. 42 Pa.C.S.A. §9543(a)(3). An issue has been previously litigated if: "(1) it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal; (2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or (3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. §9544(a).

With regard to the first section of the appellant's first issue in which he attacks the effectiveness of guilty plea counsel's assistance, we note that in his prior appeal to this Court, the appellant also asserted that guilty plea counsel was ineffective for failing to appeal the trial court's denial of his motion to withdraw his second guilty plea. See Commonwealth v. Iseley, supra at 370, 615 A.2d at 411. As we stated infra, an appellant is not entitled to PCRA review on an issue that has been previously litigated. See 42 Pa.C.S.A. §9543(a)(3). Because this Court has reviewed and ruled on the merits of this issue, we hold that the issue is not reviewable under the PCRA. See 42 Pa.C.S.A. §§9543(a)(3), 9544(a).[1]

The appellant also asserts guilty plea counsel's ineffectiveness by complaining that counsel failed to ensure that his plea was entered knowingly, intelligently, and voluntarily. Because the appellant provides no argument in support of this bald assertion, nor explains why he believes that his guilty plea was not entered knowingly, intelligently, and voluntarily, we conclude that the appellant has waived this part of his first issue. See Pa.R.App.P. 2119(a); Commonwealth v. LaCava, 542 Pa. 160, 188, 666 A.2d 221, 235 (1995) ("This Court will not make appellant's arguments for him").

In a similar fashion, the appellant asserts that guilty plea counsel was ineffective for failing to preserve "meritorious

---

[1] There, the Court held the appellant's underlying issue to be without merit and concluded that his contention regarding guilty plea counsel's ineffectiveness resultantly failed.

suppression issues." Again the appellant offers no argument in support of this claim. Thus, we conclude that this issue, too, is waived. See Pa.R.App.P. 2119(a); Commonwealth v. LaCava, supra.

Next, the appellant levels a catch-all ineffectiveness claim at his first PCRA counsel. There, the appellant maintains quite simply that his first PCRA counsel was ineffective for failing to raise all of his previous issues regarding guilty plea counsel's ineffectiveness. Because we have concluded that the aforementioned allegations of ineffectiveness are either unreviewable or have been waived, we hold that the appellant's first PCRA counsel may not be deemed ineffective for failing to raise meritless, baseless, or frivolous issues. See Commonwealth v. Harrison, supra (citing Commonwealth v. Pierce, supra; Commonwealth v. Pursell, supra).

Finally, the appellant argues that his second PCRA counsel was also ineffective. Specifically, the appellant claims that his second PCRA counsel deliberately hindered his goals and denied him his right to appeal the denial of his second PCRA petition by advising the appellant that it was not necessary to appeal to the Superior Court in order to raise the issues that he wished to present to the federal court. Further, the appellant believes that counsel was ineffective for failing to file a direct appeal to the Superior Court, raising all aforementioned claims. Because we have concluded that those allegations of ineffectiveness are either unreviewable or have been waived, we hold that the appellant's second PCRA counsel may not be deemed ineffective for failing to raise meritless, baseless, or frivolous issues or for

possibly misinforming the appellant regarding the proper process of appeal. See id.

In his second issue, the appellant claims that he was denied his constitutional right to a trial by jury. The appellant complains that he should have been allowed to withdraw his guilty plea because he was pressured into pleading guilty by his attorneys and that the plea was entered against his express wishes. Because this issue was dealt with at length by the Superior Court in Commonwealth v. Iseley, supra,[2] we conclude that it is not reviewable under the PCRA. See 42 Pa.C.S.A. §9543(a)(3).

The appellant's third issue is an assertion that he was denied his right to appeal the denial of his motion to withdraw his guilty plea by his guilty plea counsel. The appellant claims that during his PCRA hearing on October 18, 1993, counsel testified that he failed to inform the appellant of his right to appeal. Because we have addressed this issue infra as couched in terms of an allegation of guilty plea counsel's ineffectiveness, we see no need to reiterate beyond stating that the issue is unreviewable under the PCRA. See 42 Pa.C.S.A. §9543(a)(3).

The appellant's fourth and final issue is a claim that his guilty plea was not entered knowingly, intelligently, and voluntarily. More precisely, the appellant argues that the plea colloquy, which was conducted by the trial court prior to the acceptance of his guilty plea, did not serve to inform him of all

---

[2] There, he also claimed that he was innocent. He has dropped that protestation for purposes of this appeal.

J.S03002/97 - 14

of the elements of all of the charges to which he was pleading guilty. Therefore, he concludes, he could not have understood the factual and legal basis of all of these charges, nor could he have comprehended the ramifications of the entry of his guilty plea.[3]

Couched in terms of guilty plea counsel's alleged ineffectiveness, the appellant raised this very issue before the Court in Commonwealth v. Iseley, supra at 377-79, 615 A.2d at 415-16. There, the panel stated that, after carefully reviewing the record made of the appellant's first guilty plea colloquy, the appellant's co-defendant's guilty plea colloquy (for which the appellant was present), and the appellant's second guilty plea colloquy,

> it is clear that at one point or other appellant was eventually made aware of each of the elements of the crime to which he plead guilty. Moreover, the record also includes appellant's affirmative admission on the record that he fully understood the nature of the crimes for which he was charged.

> THE COURT: Now, I would ask each of you, are each of you in fact pleading guilty because you are satisfied that you are guilty to all of these different very serious offenses which are charged against you, is that your reason for pleading

---

[3] Tacked onto this argument is the claim that "defendant had numerous meritorious suppression issues of which he was never informed of regarding the approximate probabilities of success on said issues (N.T. 10/18/93, pg. 154, line 23 to pg. 155) by defense counsel and ergo he could not have entered a knowing, intelligent, and voluntary plea when his counsel intentionally denied such requisite information necessary for such a decision. An approximate X% probability of success based on counsel's knowledge, research, and experience was necessary data for a plea decision." (The Appellant's Brief at 4-5). Without further elaboration as to what these "meritorious suppression issues" might be, we conclude that this subissue is waived. See Pa.R.App.P. 2119(a); Commonwealth v. LaCava, supra.

J.S03002/97 - 15

guilty that because you are satisfied that you really are guilty, Mr. Metzler?

MR. METZLER: Yes, sir.

THE COURT: Mr. Iseley?

MR. ISELEY: Yes.

(N.T. 9/19/93 47-48). It is therefore fatuous for appellant to suggest now that he was unaware of the nature of the charges brought against him merely because the trial court failed to fully re-explain each and every element of the charges during his second colloquy. The trial court was under no duty to engage in such a rote and purposeless exercise in redundancy. Under the totality of the circumstances, it is clear that appellant was well aware of the nature of the charges to which he plead guilty.

Id. at 379, 615 A.2d at 416. Accordingly, we held that this issue is unreviewable under the PCRA. See 42 Pa.C.S.A. §9543(a)(3). Moreover, had the issue not been unreviewable, we would have concluded, as did the panel in the prior appeal, that the appellant's claim of error is utterly meritless.

Based upon the foregoing, we affirm the May 23, 1996 order of the PCRA court which denied the appellant's third petition for post-conviction collateral relief.

Order affirmed.

DISTRICT TRADEMARK OFFICE

'97 MAR 1... 16.

## IN THE SUPREME COURT OF PENNSYLVANIA
### MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 0245 M.D. Allocatur Docket |
| | : | 1997. |
| Respondent | : | |
| | : | Petition for Allowance of |
| v. | : | Appeal from the Order of the |
| | : | Superior Court |
| CHARLES ISELEY, | : | |
| | : | |
| Petitioner | : | |

<u>O R D E R</u>

**PER CURIAM:**

AND NOW, this 7th day of November, 1997, we **DENY** the
Petition for Allowance of Appeal and we **GRANT** the Petition to
Proceed In Forma Pauperis.

TRUE & CORRECT COPY

ATTEST: NOV 1 0 1997

JOAN L. STEHOLAK, ESQUIRE
DEPUTY PROTHONOTARY

**APPENDIX E**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 USC §2254

_Charles Iseley_ _____ PETITIONER
(Full name)
Include name under which you were convicted

                                    vs.                    CASE NO. _96CV-1103_
                                                           (supplied by the Court)

_Donald T. Vaughn, warden_ _____ RESPONDENT
(Name of Warden, Superintendent, Jailer, or authorized
person having custody of petitioner)

                                    **and**

DISTRICT ATTORNEY FOR _Bucks_ _____ COUNTY
                                              ADDITIONAL RESPONDENT
THE ATTORNEY GENERAL OF THE STATE OF _Pennsylvania_ _____
                                              ADDITIONAL RESPONDENT

_Charles Iseley_ _____  _AM-9320_
Name                                Prison Number

_Graterford. prison_ _____
Place of Confinement

        (If petitioner is attacking a judgment which imposed a sentence to be served in the *future*, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C.§2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS - READ CAREFULLY

1. This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact in this petition or in a motion for leave to proceed in forma pauperis may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question use reverse side of sheet.

2. Additional pages are not permitted. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

4. If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must complete the form on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5. Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

grounds for relief in the petition you are seeking relief from any judgment of conviction.

7. When the petition is fully completed, the original and four copies must be mailed to the Clerk of the United States District Court whose address is ROOM 2609, 601 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19106.

8. Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: *Court of Common Pleas of Bucks County, Doylestown, PA*

2. (a) Date of Judgment of conviction: *December 7, 1983*
   (b) Indictment number(s) and court term and number: *1372, 1373, 1374, 1375, 1513, 1576, 1241 : 1923*

3. Length of sentence: *12½ - 25 yrs* Sentencing Judge: *George Keltin*

4. Nature of offense or offenses for which you were convicted: *Robbery, Burglary, Agg. Assault Simple Assault, Crim Tres., Conspiracy, Theft, Possession of Instruments of Crime of Receiving Stolen Property, Reckless Endangering Another Person, Carrying Firearm w/o License, Prohibited Offensive Weapons, e*

5. What was your plea? (*check one*)
   (a) Not Guilty ( )     (b) Guilty (✓)     (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (*check one*)
   (a) Jury ( )     (b) Judge only ( )

7. Did you testify at the trial?  Yes ( )  No ( )

8. Did you appeal from the judgment of conviction?
   Yes ( )  No (✓)

9. If you did appeal, answer the following:

   (a) Name of court: _____
   (b) Result: _____
   (c) Date of Result: _____
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details:

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes (✓)                    No ( )

11. If your answer to 10 was "yes", give the following information:

   (a) (1) Name of Court: *Court of Common Pleas of Bucks County*
       (2) Nature of proceeding: *Post Conviction Relief Act Petition*

       (3) Grounds raised: *Ineffective Assistance of Counsel, Denial of Appeal Guilty Plea not Intelligently/Understandingly/Voluntarily Tendered, etc.*
       _____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of Court: *Court of Common Pleas of Bucks County*

(3) Grounds raised: _Ineffective Assistance of Counsel at ⬤ PCRA proceeding_

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes (✓)   No ( )

(5) Result: _Denied_

(6) Date of result: _December 17, 1991_

(c) As to any third petition, application or motion, give the same information:

(1) Name of Court: _____
(2) Nature of proceeding: _____
(3) Grounds raised: _____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion? ___
   Yes ( )   No ( )

(5) Result: _____
(6) Date of Result: _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

   (1) First petition, etc.        Yes (✓)      No ( )
   (2) Second petition, etc.       Yes ( )      No (✓)
   (3) Third petition, etc.        Yes ( )      No ( )

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_Attorney stated that the issues were all in the first petition and erap since that was appealed to the highest court it was not necessary to appeal the denial of this second petition to file a federal habeas corpus petition_

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds this petition, you may be barred from presenting them at a later date.

   For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise an grounds which you may have other than those listed if you have exhausted all you state court remedies with respect them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you ba your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

   (b) Conviction obtained by use of coerced confession.

   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

   (e) Conviction obtained by a violation of the privilege against self-incrimination.

   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(h) Conviction obtained by a ● of a grand or petit jury which was unc●tutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(J) Denial of right of appeal.

**A. Ground one:** ~~Denial of right of appeal~~ (Denial of right of appeal)

**Supporting FACTS (tell your story *briefly* without citing cases or law):**
At no time did the court inform petitioner of his right to appeal the denial of his pre-sentence motion to withdraw his guilty plea. At no time did petitioner's counsel apprise him of said right which is corroborated via transcripts of petitioner's first PCRA hearing wherein petitioner's attorney testified under oath, that he never discussed said right of appeal with petitioner.

**B. Ground two:** ~~~~ Conviction obtained by a violation of the privilege against self-incrimination

**Supporting FACTS (tell your story *briefly* without citing cases or law:**
Petitioner's pre-sentence motion to withdraw his guilty plea was denied but then the court subsequently made a specific ruling that petitioner was not in possession of a firearm. A number of petitioner's charges were for firearms offenses.

**C. Ground three:** ~~~~ Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequence of the plea

**Supporting FACTS (tell your story *briefly* without citing cases or law:**
Petitioner was never made aware if the proper possible maximum sentence. The stated sentence by the court was grossly inaccurate. Petitioner was also never made aware of all the elements of all of the charges against--nor the possible penalties thereof. In essence the guilty plea colloquy was inadequate.

**D. Ground four:** ~~~~ Unconstitutional sentence ~~

**Supporting FACTS (tell your story *briefly* without citing cases or law:**
The judge stated on record that he made several rulings to be in accord with the mandatory sentencing guideline statute in order to cover himself in the event of an appeal. Petitioner was intentionally and effectively sentenced under said statute which was deemed incorrect & illegal by the PA Supreme Court.

**E. Ground five: See Reverse Side**

**13.** If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:
If any of the grounds were not presented previously it is because petitioner was not afforded effective assistance of counsel

**14.** Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes (●) No (✓)

**15.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: *Scafidi, Joseph*

(b) At arraignment and plea:

(c) On appeal: _____

(f) In any post-conviction proceeding: _Marley, Denise_    _Fioravanti, John_

(g) On appeal from any adverse ruling in a post-conviction proceeding:
_Marley, Denise_
_____
_____
_____
_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same cour[t]
and at the same time?   Yes (√)   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack[?]

   Yes ( )   No (√)

   (a) If so, give name and location of court which imposed sentence to be served in the future:
   _____
   _____

   (b) And give date and length of sentence to be served in the future:
   _____
   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the
sentence to be served in the future?     Yes ( )   No ( )


   I declare under penalty of perjury that the foregoing is true and correct.

Executed on _February 10, 1996_        _Charles Siely_
                                          Signature of Petitioner


_____
Signature of Attorney (if any)

Ground five: Denial of effective assistance of counsel.

Supporting facts: Counsel failed to raise grounds Three and four, failed to inform petitioner of his right to appeal the denial of his pre-sent motion to withdraw his guilty plea, failed to ensure that petitioner received an adequate plea colloquy, failed to challenge the adequacy of the plea colloquy, failed to challenge the admissibility of petitioner's lineup which was tainted via a prior secret photographic lineup, failed to challenge the admissibility of evidence obtained via an illegal seizure, failed to challenge the legality of the arrest where there was unnecessary preliminary arraignment delay which was unexused, and failed to investigate fact, if police continued to interrogate petitioner despite his placing them on official notice that he did not wish to speak without the presence of an attorney.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY                    :         CIVIL ACTION

        v.                        :

DONALD T. VAUGHN, et al.          :         NO.  96-1103

### O R D E R

AND NOW, this 25th day of April, 1996, upon independent

consideration of the pleadings and record herein, and after review of the Report

and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is

hereby

### ORDERED

that

1.    The Report and Recommendation is APPROVED and ADOPTED;

2.    Petitioner's motion to proceed in forma pauperis is GRANTED;

3.    The petition for a writ of habeas corpus is DISMISSED without

prejudice for failure to exhaust state remedies;

4.    Petitioner's motion for appointment of counsel is DENIED;

5.    The Clerk of Court shall send petitioner a copy of the

application for habeas corpus which he filed in this court;

6.    There is no probable cause for appeal.

BY THE COURT:

JOSEPH L. MCGLYNN, JR.                J.

FILED APR 2 6 1996

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

April 10, 1996

RE:   CHARLES ISELEY V VAUGHN ET AL
      C.A. 96-1103

### NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge THOMAS J. RUETER, on this date in the above captioned matter. You are hereby notified that within ten (10) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)).

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: _____

GEORGE E. MILLER
Deputy Clerk

cc:      P.P.
         TROY E. LEITZEL, ESQ.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY              :        CIVIL ACTION

v.                         :

DONALD T. VAUGHN, et al.     :        NO. 96-1103

**REPORT AND RECOMMENDATION**

Thomas J. Rueter                      April 9 , 1996
United States Magistrate Judge

On or about December 7, 1983, petitioner was convicted in the Court

of Common Pleas of Bucks County of robbery and related offenses.  The court

subsequently sentenced him to twelve and one half to twenty-five years

imprisonment.  (Petition ¶¶ 1-4).  On February 13, 1996, petitioner filed an

application for habeas corpus pursuant to 28 U.S.C. § 2254, alleging five separate

grounds.  He also filed motions to proceed in forma pauperis and for the

appointment of counsel.  (Document Nos. 3 & 4).

On March 25, 1996, the District Attorney of Bucks County filed an

answer and asserted that petitioner failed to exhaust all his state court remedies

as to all the grounds he raised as required by 28 U.S.C. § 2254(b).  On March 28,

1996, this court received the attached letter from the petitioner, in which he states

that he wishes to withdraw his petition so that he may pursue his state court remedies.[1] Accordingly, the court makes the following

## R E C O M M E N D A T I O N

AND NOW, this 9Th day of April, 1996, it is respectfully recommended that the motion to proceed in forma pauperis be granted and the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies. In view of this finding, it is recommended that the motion for appointment of counsel be denied. It is further recommended that a finding be made that there is no probable cause for appeal.

BY THE COURT:

THOMAS J. RUETER
United States Magistrate Judge

---

1. In his letter, the petitioner also requested that the court send him a copy of his application for habeas corpus so that he knows "what issues to raise in state court." The court recommends that the court direct the Clerk of Court to send petitioner a copy of his application.

2

RG
JM

96-1103

Re: Civil Action No 96-1103
    Iseley v. Vaughn, et al

Charles Ise
AM-9326, Ba
Braterford, PA

Clerk of Court
U.S. Dist Crt
U.S. Crthse                                    960326
Office of The Clerk, Rm 2604
601 Market St., Phila, PA 19106

Dear Sir:

    I wish to withdraw my petition in the above m
in recognition of the exhaustion requirements. I would
appreciate if you would be kind enough to apprise me regar
the current procedure to follow. In addition, I would a
appreciate if you could send me a copy of my petit:
so that I know what issues to raise in state cour
Thank you for your anticipated cooperation.

                                    Sincerely,

                                    Charles Isele,

**APPENDIX F**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY                      :          CIVIL ACTION

　　　v.                             :

R. W. MEYERS, et al.                :          NO. 97-7083

### O R D E R

AND NOW, this *16* day of JANUARY, 1998, upon careful and independent

consideration of the pleadings and record herein, and after review of the Report and

Recommendation of Thomas J. Rueter, United States Magistrate Judge, and the objections

thereto filed by the petitioner, it is hereby

### ORDERED

　　1.  The Report and Recommendation is APPROVED and ADOPTED;

　　2.  The petition for a writ of habeas corpus is SUMMARILY DISMISSED, without

prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts;

　　3.  Petitioner's motion for appointment of counsel, (Documents No. 4 and No. 8) is

DENIED; and

　　4.  No certificate of appealability is granted.

BY THE COURT:

_____
JOSEPH L. McGLYNN, JR.   Sr. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

January 5, 1998

RE:   CHARLES ISELEY V R. W. MEYERS ET AL
      CA No. 97-7083

**NOTICE**

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge THOMAS J. RUETER, on this date in the above captioned matter. You are hereby notified that within ten (10) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)).

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

                                    MICHAEL E. KUNZ
                                    Clerk of Court

                        By:_____
                                    GEORGE E. MILLER
                                    Deputy Clerk

cc:   P.P.
      R.W.MEYERS, WARDEN
      THE D.A. OF BUCKS CTY
      ATTY GEN OF PA
      Courtroom Deputy to Judge MCGLYNN

civ623.frm
(5/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY                          :            CIVIL ACTION

        v.                              :

R.W. MEYERS, et al                      :            NO.    97-7083

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                December 29 , 1997
United States Magistrate Judge

Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has also filed a motion for appointment of counsel. For the reasons that follow, the court recommends that the habeas corpus petition be summarily dismissed, without prejudice, for failure to exhaust his state court remedies for all his claims. In view of this recommendation, the court should also deny petitioner's motion for appointment of counsel.

I.      BACKGROUND

On or about September 19, 1983, petitioner pled guilty in the Court of Common Pleas of Bucks County to the following offenses: robbery, burglary, entry into a building with intent to commit a robbery, criminal trespass, possession of an instrument of crime, simple assault, and conspiracy. On November 16, 1983, the court sentenced petitioner to an aggregate term of twelve and one half to twenty-five years imprisonment. See Commonwealth v. Iseley, 615 A.2d

408, 410-11 (Pa. Super. 1992) (setting forth history of the proceedings before the trial court)

Petitioner did not file a direct appeal to the Superior Court of Pennsylvania or the Supreme Court

of Pennsylvania.

On February 28, 1991, petitioner filed a petition pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq.  A hearing was held on October 16,

1991, and the court denied his petition.  Petitioner filed an appeal to the Pennsylvania Superior

Court.  He raised two issues:

> A.      Whether defense counsel was ineffective in failing to appeal the denial of
> the motion to withdraw appellant's guilty plea.
> B       Whether defense counsel was ineffective in failing to assure that the guilty
> plea entered was knowing, intelligent and voluntary when the trial court failed to
> inform the appellant of the nature and elements of the offenses charged.

Iseley, 615 A.2d at 411.  The Superior Court affirmed.  Id. at 416.  The Supreme Court of

Pennsylvania denied petitioner's request for review.  Commonwealth v. Iseley, 627 A.2d 730 (Pa.

1993) (Table).

Petitioner claims that he subsequently filed two additional PCRA petitions in 1995

and 1996, which were denied by the Court of Common Pleas of Bucks County.  Petitioner did not

appeal the denial of the second petition.  (Pet. for Habeas Corpus, at 6.)  He alleges he filed an

appeal to challenge the denial of the third petition, but this court could find no record of the

appeal.

Petitioner filed two petitions for a writ of habeas corpus in this court.  The first

petition was dismissed by the Honorable Joseph L. McGlynn, Jr.  (Civ. A. No. 96-1103.)  By

order dated October 11, 1996, Judge McGlynn dismissed petitioner's second application for

habeas relief, without prejudice.  (Civ. A. No. 96-3029.)  In the second petition, petitioner

2

challenged the decision of the Pennsylvania Board of Probation and Parole denying him parole

Judge McGlynn adopted this court's Report and Recommendation and found that petitioner had

not exhausted all his state court remedies.  Petitioner appealed to the Court of Appeals for the

Third Circuit which affirmed Judge McGlynn's order dismissing the petition.  Iseley v. Vaughn,

107 F.3d 862 (3d Cir. 1997) (Table).

　　　　Petitioner filed this third petition on December 15, 1997.  He alleges the following

nine grounds for relief:

> 1.　　Trial counsel was ineffective by not informing him of his right to appeal the
> denial of his motion to withdraw his guilty plea;
> 2.　　His guilty plea was made involuntarily and unlawfully;
> 3.　　Trial counsel was ineffective by not informing him of the elements of the
> charges and the penalties of the crime to which he pled guilty;
> 4.　　The state judge imposed an unconstitutional sentence and he was biased;
> 5.　　Petitioner's privilege against self-incrimination was violated when he
> testified at the sentencing hearing;
> 6. -7.　Petitioner was denied his right to parole at the expiration date of his
> minimum sentence;
> 8.　　Petitioner was denied his right to appeal the denial of parole under the
> Pennsylvania Constitution;
> 9.　　The denial of parole to the petitioner violated Due Process, Equal
> Protection, Ex Post Facto Clause, Freedom of Speech and Access to Courts.

II.　　　　DISCUSSION

　　　　A federal court may not entertain the merits of a prisoner's petition for a writ of

habeas corpus unless available state court remedies have been exhausted.  28 U.S.C. § 2254(b)

(West Supp. 1997); Picard v. Connor, 404 U.S. 270, 275 (1971).  It is well established that a

prisoner must present all of his claims to the trial court, the state's intermediate court, as well as

its supreme court, before a district court may entertain a federal petition for habeas corpus.  Evans

3

v. Court of Common Pleas, Del. Cty., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). The exhaustion rule also facilitates "the creation of a complete factual record to aid the federal courts in their review." Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).

Petitioner has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b). Petitioner's first and third grounds for relief -- that trial counsel was ineffective by not informing him of his right to appeal the denial of the motion to withdraw his guilty plea and not informing him of the elements of the offense -- were exhausted in the state courts. The remaining seven issues, however, have not been exhausted in the state courts. Since petitioner has filed a petition for habeas corpus that contains both exhausted and unexhausted claims, his petition must be dismissed as a "mixed petition" pursuant to Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner also has the option of filing an amended petition withdrawing his seven unexhausted claims.[1]

Accordingly, for all the above reasons, the court makes the following:

### R E C O M M E N D A T I O N

AND NOW, this 29th day of December, 1997, it is respectfully recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED, without

---

[1] If petitioner elects to withdraw the unexhausted claims now, he may forever be barred from having his other seven claims heard by a federal court. See 28 U.S.C. § 2244(b)(2) (West Supp. 1997) (generally barring a second or successive petition).

prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, for failure to exhaust state court remedies. In view of this recommendation, the court further recommends that petitioner's motion for appointment of counsel, (Document No. 4), be DENIED and that no certificate of appealability be granted.

BY THE COURT:

THOMAS J. RUETER
United States Magistrate Judge

**APPENDIX G**

IN THE COURT OF COMMON PLEAS, BUCKS COUNTY

CHARLES ISELEY,
    Petitioner,

      V

Bucks County, Pa. Bd
of Probation & Parole,
    Respondents

## PETITION FOR WRIT OF HABEAS CORPUS

1. Petitioner Charles Iseley is a state prisoner currently imprisoned at Rockview state prison.

2. He was sentenced to the DOC by the Common Pleas Court Bucks County, Pennsylvania.

3. Consequently, petitioner has filed the petition pursuant to Pa. Rules Crim. P. Rule 1701 (a) since he is challenging the legality of his detention and confinement.

4. Petitioner's minimum sentence expired in 1995

5. However, petitioner has never been released from prison

6. Pursuant to state law petitioner had a right to become eligible for parole at the expiration of his minimum sentence

7. However, petitioner was not seen by the PBPP until months after the expiration of his minimum sentence thereby unlawfully extending petitioner's minimum sentence and confiscating.

8. The sentencing court did not stipulate that the PBPP could deny parole in violation of state law or extend petitioner's sentence in violation of state law.

9. Pursuant to state law the PBPP has no authority to extend petitioner's minimum sentence or deny parole at the expiration of his minimum sentence unless petitioner tests positive for controlled substance via urinalysis testing six

10. Pursuant to state law petitioner's minimum or ma[ximum?]imum cannot be altered pursuant to the 1974 Sentencing Co[de](42 Pa. C.S.A. sec 9701 et seq & included Sentencing Guidelines at sec 9721) which superceded 19 P.S. secs. 1057, 10[..]1161, and 1166.

11. The sentencing court did not stipulate that petitioner[']s minimum sentence could be confiscated.

12. Pursuant to 42 Pa. C.S.A. sec 9756 (c) petitioner had [a] right to parole at the expiration of his minimum sentence which is corroborated by the fact that pursuant to Title 37 Pa Code 94 petitioner had a right to become eligible for pre-release/preparole programs at the expiration of half of his minimum sentence.

13. The sentencing court did not stipulate that he could be denied parole in violation of state law.

14. Since petitioner has been punished twice for the same crime it is a violation of ~~striked~~ the double jeopardy clause.

15. Moreover, petitioner is unable to make parole because of a new state law which bars parole eligibility unless he pays $30.00 to the Bucks County Court of Common Pleas despite the fact that the sentencing court specifically ruled that he did not have to pay anyone anything.

16. Petitioner is indigent and cannot pay the money and the new state law is clearly in violation of the Equal protection and ex post facto clauses of the U.S. Constitution.

17. In addition, petitioner is serving an unlawful sentence.

18. Petitioner was sentenced to sentences of 5 to 1[0?] [and] 7½ to 15 years [...]

19. Consequently, it is a fact that petitioner began se
the 7½ to 15 sentence in January of 1983 and began serv
the 5 to 10 sentence in 1990. Thus it is clearly eviden
that petitioner has completely served the 7½ to 15 sen
and will have served the entirety of the 5 to 10 sente
by the year 2000 clearly revealing that his correct sen
is 12½ to 17½ and not 12½ to 25.

## RELIEF

WHEREFORE, the court should order a hearing forth
concerning the legality of petitioner's confinement/dete
and the incorrect maximum sentence computation. Peti
seeks release and correction of his incorrect maximum sen

Respectfully submitted,

Date: February 22, 1997

Charles Iseley
Charles Iseley
AM-9320, Box A
Bellefonte, PA 16823

IN THE COURT OF COMMON PLEAS, BUCKS COUNTY

CHARLES ISELEY
    Petitioner,
        v.
Bucks County, Pa. Bd. of
Probation & Parole,
    Respondents

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner Charles Iseley respectfully request the co[urt]
for permission to proceed in forma pauperis in the above
captioned matter for the following reasons:

1. He has been in prison over 15 years and unemployed
longer than that.

2. He has no money on his prison account.

Date: February 23, 1998

Respectfully submitted,

Charles Iseley
Charles Iseley
AM-9320, Box A
Bellefonte, PA 16823

IN THE COURT OF COMMON PLEAS, BUCKS COUNTY

CHARLES ISELEY,
    Petitioner,

      v

Bucks County, Pa. Bd. of
Probation & Parole,
    Respondents.

           :   :   :   :   :   :

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner, Charles Iseley, respectfully requests that the court appoint counsel to represent him in the above-captioned matter for the following reasons:

1. He is indigent and cannot procure the services of an attorney.

2. He has never graduated from high school and has no legal education

Respectfully submitted,

*Charles Iseley*

Charles Iseley
AM-9320, Box A
Bellefonte, PA 16823

Date: February 23, 1998

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA　　:　　NO.　1513/1983;
　　　　　　　　　　　　　　　　　　　　1372-1375/1983
　　　　　　　　　　　　　　　　　　　　1576/1983

　　　　　　vs.　　　　　　　　　　　　:

CHARLES ISELEY　　　　　　　　　　　:

## O R D E R

**AND NOW**, to wit, this 9ᵗʰ day of March, 1998, the petition for Writ of Habeas

Corpus is DENIED.

BY THE COURT:

_____

ISAAC S. GARB, P.J.

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION


**COMMONWEALTH OF PENNSYLVANIA** : **No. 1372-75/83, 1513/83, 1576/83,**
                                          : **1241/83**
                                          :
                       **v.**                    :
                                          :
**CHARLES ISELEY**                          :


### ORDER

AND NOW, this 15ᵗʰ day of May, 1998, it is **ORDERED** and **DIRECTED** that

the Fourth Petition for Relief under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541, et seq., be

and is hereby **DENIED**.


**BY THE COURT:**

R. BARRY McANDREWS, J.

RBM:MM:cjl
5/12/98

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : No. 1372-75/83, 1513/83, 1576/83,
: 1241/83
:
v.             :
:
CHARLES ISELEY          :

## OPINION

    This matter is before the Court on Charles Iseley's fourth petition for relief under the Post

Conviction Relief Act, 42 Pa.C.S.A. § 9541, et seq. For the following reasons, the fourth petition is

hereby denied without a hearing.

    On July 19, 1983, Charles Iseley ("Petitioner") pleaded guilty to six counts of robbery,

aggravated assault, terroristic threats, possession of prohibited offensive weapons and related

offenses.[1]  He was represented by the Bucks County Public Defender's Office. On August 4, 1983,

prior to sentencing, Petitioner filed a motion to withdraw his guilty plea. This motion was granted

on August 10, 1983. Subsequently, he retained private counsel, and on September 19, 1983, once

again entered a guilty plea for the offenses listed. On November 16, 1983, prior to sentencing,

Petitioner filed a motion to withdraw his second guilty plea. After a hearing on December 12, 1983,

this motion was denied and Petitioner was sentenced to a term of twelve and one-half to twenty-five

years. No direct appeal was taken.

---

[1] The facts in this case are set forth in detail in Commonwealth v. Iseley, 615 A.2d 408 (Pa. Super. 1992).

1

On February 28, 1991, Petitioner filed for relief under the Post Conviction Relief Act ("PCRA"). Petitioner was again represented by the Bucks County Public Defender's Office. After a hearing on October 16, 1991, his petition was denied. Petitioner appealed to the Pennsylvania Superior Court. On October 22, 1992, the appellate court affirmed the trial court's denial of the petition. His subsequent request for appeal was denied by the Pennsylvania Supreme Court. On May 11, 1992, Petitioner filed a second petition under the PCRA. He was represented by court-appointed counsel. After a hearing on October 18, 1993, his second petition was denied by this Court in an April 7, 1994, Order. On February 7, 1996, Petitioner filed a third petition for relief. That petition was denied by this Court without a hearing. On March 12, 1997, the appellate court affirmed the trial court's denial of the third petition. On February 3, 1998, petitioner filed his fourth petition for relief.

Iseley lists ten separate grounds for review in the fourth petition. Due to the repetitive nature of the issues raised, the ten grounds can be reduced to five: (1) ineffective assistance of counsel; (2) an unlawfully induced guilty plea; (3) the improper obstruction by commonwealth officials of the petitioner's right of appeal; (4) a violation of the provisions of the constitution of the United States; and (5) the imposition of a sentence greater than the lawful maximum.

Preliminarily, the Post Conviction Relief Act, 42 Pa. C.S.A. § 9541 et seq., is designed as a final opportunity to vindicate certain constitutional rights to due process of law concerning conviction and sentence, to the extent that the issues raised have not previously been adjudicated or waived. See 42 Pa. C.S.A. §§ 9541, 9543, 9544. The Supreme Court has mandated that second or subsequent petitions for post-conviction relief "will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred."

Commonwealth v. Lawson, 519 Pa. 504, 513, 549 A.2d 107, 112 (1988); Commonwealth v. Loach, 618 A.2d 463, 466 (Pa. Super. 1992).

The Lawson threshold standard is met if the petitioner can demonstrate "either that the proceedings resulting in his conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred or that he is innocent of the criminal charges." Commonwealth v. Dukeman, 605 A.2d 418, 420 (Pa. Super. 1992) (quoting Commonwealth v. Ryan, 575 A.2d 949, 950-51 (Pa. Super. 1990)). It is only after the Lawson threshold is satisfied that a trial court may determine whether the defendant has also established the four prerequisites for relief set forth in the PCRA, 42 Pa. C.S.A. § 9543. Loach, 618 A.2d at 467.

In his fourth petition, Iseley repeats many claims he has made previously, such as ineffective assistance of counsel.[2] We decline to rule on the merits of any argument previously raised, because those issues have been litigated and are waived. Section 9543 of the PCRA specifically provides that in order to be eligible for relief, the petitioner must plead and prove "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Under Section 9544, the issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter for right has ruled on the merits of the issue; or it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa. C.S.A. §9544(a)(2)&(3). Further, Section 9544 of the PCRA provides "an issue is waived if the

---

[2]Specific issues raised in the Fourth Petition which have been previously litigated include the claims of an unlawful guilty plea and ineffective assistance of counsel; petitioner complains that his attorney failed to inform him of the elements of the charges, accompanying penalties and his right to appeal; denial of the right to appeal, again, petitioner alleges defense counsel did not inform him of his right to appeal the denial of his pre-sentence motion to withdraw his guilty plea; and possible suppression of evidence. All of these issues were raised and specifically addressed in one or more of the three previous PCRA's filed.

petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding." 42 Pa. C.S.A. § 9544(b).

Petitioner does raise two new legal theories underlying his allegations of error, relating to his eligibility for parole, and the doctrine of merger. The issue presented is whether those arguments have also been waived because not raised previously. As noted, under the case law of this Commonwealth, a second or subsequent post conviction proceeding may only consider those issues which implicate a defendant's innocence or which raise the possibility that the proceedings resulted in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred. Lawson, 549 A.2d at 112.

Turning first to petitioner's claim with respect to the doctrine of merger, we find that this issue has not been previously waived. While petitioner's vaguely worded complaints do not rise to the prima facie standard enunciated by the Lawson Court, a third exception to the waiver doctrine provides that issues involving the legality of a sentence may never be waived. Commonwealth v. Williams, 660 A.2d 614, 618 (Pa. Super. 1995). In Commonwealth v. Shannon, 530 Pa 279, 608 A.2d 1020, 1024 (1992), the Court noted that "a challenge to a sentence which is unlawful per se is not waived where it is raised for the first time on appeal." The Shannon Court agreed with the appellant, finding imposition of separate sentences for two counts of involuntary deviate sexual intercourse arising from a single act was beyond the authority of the trial court. Id.

Instantly, petitioner argues that his sentence is unlawful because some counts to which he pled guilty should have merged as lessor offenses in the sentencing phase. As in Shannon this is a challenge to the legality of the sentence, and thus, we will consider the issue on its merits. However, a careful study of the record in this case reveals that even considered for its merits, the petition for hearing is properly denied.

4

The doctrine of merger provides that in the case of a single criminal act, the greater and lesser included offenses merge, and the defendant may be sentenced only for the greater offense. Commonwealth v. Belsar, 544 Pa. 346, 676 A.2d 632 (1996). Our Supreme Court recently reiterated the principal that "in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." Id. at 636 (quoting Commonwealth v. Anderson, 538 Pa. 574, 650 A.2d 20 (1994)). In the instant case, petitioner pled guilty to six separate informations.

The record reflects that the doctrine of merger was not violated in the sentencing phase of the guilty plea. Although petitioner was charged with multiple counts on each information, the trial court chose to either eliminate or not cover all of the minor offenses which were potentially included in the principal offense in each case - robbery. Thus, the length of petitioner's sentence, including the stated minimum and maximum term, was based on robbery counts. Moreover, against the recommendation of the District Attorney, the sentencing judge chose to impose the sentence concurrently for five of the informations, and consecutively only as to one of the informations.

Finally, petitioner raises several issues relating to his denial of parole. In Commonwealth v. Stark, 698 A.2d 1327 (Pa. Super. 1997), the Court considered this same issue under similar circumstances, and determined that the petitioner there had raised a cognizable issue. In Stark, in contrast to the instant case, the issue was raised on the petitioner's first PCRA. However, instantly, it appears that the issue did not arise until after petitioner filed his previous PCRA's, and therefore, we will consider petitioner's arguments substantively.

Petitioner complains that he was not informed that he could be denied parole at the time of his guilty plea. Further, he claims that the denial of parole after the expiration of his total minimum sentence, as he puts it, without discretion, results in his continued unlawful detention.

5

These arguments are without merit. Courts in this Commonwealth are not required to advise a defendant who is pleading guilty of the circumstances affecting the defendant's eligibility for parole. Stark, 698 A.2d at 1331. The Stark Court found that trial judges sufficiently discharge their duties by fully apprising defendants of maximum and minimum sentences, and are not required to advise defendants of the release rules of the Pennsylvania Board of Probation and Parole. Id. Moreover, in Pennsylvania, there is no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of their maximum valid sentence. Blair v. Pennsylvania Board of Probation and Parole, 467 A.2d 71 (Pa. Commw. 1983), cert. denied, 466 U.S. 977, 104 S. Ct. 2358, 80 L.Ed.2d 830 (1984). It is well settled in this Commonwealth that a parole eligibility date does not vest any right with respect to the granting of parole upon reaching that date. Krantz v. Pennsylvania Board of Probation and Parole, 483 A.2d 1044 (Pa. Commw. 1984). The General Assembly has granted the Board broad discretion in parole matters, and it is for the Board alone to determine whether or not the prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison. Stark, 698 A.2d at 1333; Commonwealth v. Vladyka, 425 Pa. 603, 229 A.2d 920 (1967). Therefore, this Court cannot interfere with the discretion of the Board in granting parole.

Defendant has not made the strong prima facie showing required to satisfy the Lawson threshold that permits subsequent attempts at post conviction relief. Moreover, as the record clearly indicates, the trial court did not violate the doctrine of merger in determining petitioner's minimum and maximum sentence. Finally, this court is without authority to interfere with the parole process.

For the foregoing reasons, the Court enters its Order denying defendant's petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541, et seq.

BY THE COURT:

5-15-98
DATE

R. BARRY McANDREWS, J.

**Commonwealth of Pennsylvania vs. Charles Iseley**
**No.'s 1372-75/83, 1513/83, 1576/83, 1241/83**

Copies to:

Charles Iseley
SCI Graterford
Inmate No. AM9320
Box 244
Route 29
Graterford, PA   19426
Defendant, pro se

Karen A. Diaz, Esquire
Office of the District Attorney
Bucks County Courthouse
Doylestown, PA  18901
Counsel for the Commonwealth

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY

## CRIMINAL DIVISION

**CHARLES ISELEY** : **NO.** 1513,1576,1241,1372
1373,1374,1375/1983

**vs.** :

**PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, et. al.** :

## ORDER

AND NOW, to wit, this *27TH* day of July, 1998, the petition for Writ of

Habeas Corpus is DENIED.

BY THE COURT:

_____

ISAAC S. GARB, PRESIDENT JUDGE

COPIES TO:

**NO.**      **1513,1576,1241,1372**
             **1373,1374,1375/1983**

Alan M. Rubenstein, Esquire
District Attorney
Court House
Doylestown, PA  18901

Charles Iseley
AM 9320
Box A
Bellefonte, PA  16823

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY

### CRIMINAL DIVISION

**COMMONWEALTH OF PENNSYLVANIA :**          **NO. 1513,1576,1241,**
                                            **1372-75/1983**

                    **vs.**                        :

**CHARLES ISELEY**                                 :

### OPINION

On July 21, 1998, appellant filed a petition for a Writ of Habeas Corpus in this court naming the Pennsylvania Department of Corrections respondent. On July 27, 1998, we dismissed his petition without hearing. This appeal resulted.

We dismissed this petition summarily because we lacked jurisdiction in the matter. The Act of December 20, 1982, P. L. 1409, No. 326, Article II, Section 201[1] provides that the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings "(1) against the Commonwealth government, including any officer thereof, acting in his official capacity, . . ." The Act provides for five exceptions, none of which apply to this case. In *Moore v. Roth*, 231 Pa. Super. 464, 331 A.2d 509,

---

[1] 42 Pa. C. S. A. 761.

(1964), the Superior Court construed an earlier Act of Assembly containing the exact same language as providing that a complaint by a prison inmate regarding actions taken by the state Board of Parole lie within the jurisdiction of the Commonwealth Court, and the trial court lacks jurisdiction to act on a petition for a Writ of Habeas Corpus challenging the act of the Board.

In *Commonwealth v. Robert LeGrande*, 389 Pa. Super. 457, 567 A.2d 693 (1989), the Superior Court held that the trial court lacked jurisdiction to adjudicate a motion under the Post Conviction Relief Act (PCRA) challenging the action of the state Parole Board.

In this case, appellant, a sentenced prisoner, challenges the determination of the State Department of Corrections in computing the sentences which have been imposed by this court. There are two sentences at issue imposed to be served consecutively to a state correctional institution, and appellant complains that the Department of Corrections incorrectly computed the date on which this first sentence would terminate so that he could begin serving his second sentence. Without reaching the merits of appellant's complaint, we are convinced that we lack jurisdiction to adjudicate it. This case is controlled by *Commonwealth v. Perry*, 386 Pa. Super. 534, 563 A.2d 511 (1989) which held that the trial court lacked jurisdiction to adjudicate the defendant's PCRA application challenging the manner in which the state Bureau of Corrections had computed his sentence. The Court in *Perry* held that the trial court lacked jurisdiction for the adjudication of that complaint which lies solely in the Commonwealth Court.

2

The foregoing explains the reason for our order.

BY THE COURT:

October  Y, 1998

ISAAC S. GARB, PRESIDENT JUDGE

3

COPIES TO:

Alan M. Rubenstein, Esquire
District Attorney
Court House
Doylestown, PA  18901

Stephen H. Shantz, Esquire
Public Defender
Court House
Doylestown, PA  18901

Mr. Charles Iseley
SCI ROCKVIEW
AM 9320
Box A
Bellefonte, PA  16823

J. S29022/99

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                     Appellee    :         PENNSYLVANIA
                                  :
            v.    :
                                    :
CHARLES ISELEY,    :
                 Appellant    :    No. 2790 Philadelphia, 1998

Appeal from the Order Entered May 15, 1998, in the Court
of Common Pleas of Bucks County, Criminal Division, at
No. 1372-75/83, 1513/83
1576/83, 1241/83.

BEFORE:  ORIE MELVIN, SCHILLER and HESTER, JJ.

*J U D G M E N T*

     *ON CONSIDERATION WHEREOF, it is now here ordered and
adjudged by this Court that the judgment of the Court of
Common Pleas of*  BUCKS         *County be, and the same
is hereby*  AFFIRMED.



          *BY THE COURT:*

        *PROTHONOTARY*

*Dated:*  MAY 18 , 1999

J. S29022/99

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                    Appellee     :         PENNSYLVANIA
                                 :
            v.                   :
                                 :
CHARLES ISELEY,                  :
                    Appellant    :    No. 2790 Philadelphia, 1998

          Appeal from the Order Entered May 15, 1998, in the Court
            of Common Pleas of Bucks County, Criminal Division, at
                      No. 1372-75/83, 1513/83
                         1576/83, 1241/83.

BEFORE:  ORIE MELVIN, SCHILLER and HESTER, JJ.

MEMORANDUM:                              ¡ **FILED**    MAY 1 8 1999

     Charles Iseley appeals the May 15, 1998 order denying his fourth

petition for post-conviction relief.  We affirm.

     On July 19, 1983, after successfully withdrawing a first guilty plea,

Appellant entered a second guilty plea to five counts of robbery involving

five separate incidents.  On appeal, we determined that Appellant's guilty

plea had been knowingly and voluntarily entered and refused to allow him to

withdraw it.  ***Commonwealth v. Iseley***, 615 A.2d 408 (Pa.Super. 1992).

The Supreme Court denied further review.  Appellant then filed three

unsuccessful petitions for post-conviction relief.

     On February 3, 1998, Appellant filed his fourth petition for PCRA relief.

This appeal followed denial of that petition.  Initially, we consider the

timeliness of the petition.  42 Pa.C.S.A. § 9545, which became effective on

January 16, 1996, pursuant to changes to the PCRA enacted in 1995, now

provides that a PCRA petition is not timely unless it is filed within one year of

J. S29022/99

when a defendant's judgment of sentence becomes final.  42 Pa.C.S.A § 9545 (b)(1).  Appellant's judgment of sentence became final ninety days after he failed to ask the United States Supreme Court to review our Supreme Court's decision denying allowance of appeal in 1992.  42 Pa.C.S.A. § 9545 (b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review).  Clearly, this petition was not filed within one year of 1992.

In a section of the act amending the PCRA, the legislature provided that where, as here, a defendant's judgment of sentence became final before the effective date of the amendments, his first PCRA petition will be considered timely if it is filed within one year of the effective date of the amendments.  Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1) § 3 (1).  This petition was not Appellant's first petition, and that section therefore does not apply.  *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super. 1997).

42 Pa.C.S. § 9545 contains three exceptions to the filing requirements, but Appellant fails to indicate how this petition comes within those exceptions.  Equally important, however, is the fact that Appellant's claims are not cognizable.  Specifically, the statutory language in 42 Pa.C.S. § 9543(a)(2)(iii) now provides that in order to be eligible for PCRA relief, the petitioner's conviction or sentence must have resulted from a "plea of guilty unlawfully induced where the circumstances make it likely that the

- 2 -

J. S29022/99

inducement caused the petitioner to plead guilty <u>and the petitioner is</u> <u>innocent</u>." 42 Pa.C.S. § 9543(a)(2)(iii) (emphasis added).

Appellant's contention is that since he was informed that his maximum sentence was 180 to 360 years when it actually was zero to 122 years, his plea was rendered involuntary. He also raises complaints about the manner in which the Board of Parole and Probation has treated his sentence. However, this issue may not be raised in a post-conviction petition. **Commonwealth v. LeGrande**, 567 A.2d 693 (Pa.Super. 1989). Clearly, neither of these allegations concern Appellant's innocence, and they are not cognizable under the 1996 amendments to the PCRA. Hence, his PCRA petition properly was denied.

Order affirmed.

J. S29023/99

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
             Appellee        :        PENNSYLVANIA
                               :
             v.               :
                               :
CHARLES ISELEY,               :
             Appellant     :      No. 2791 Philadelphia, 1998

Appeal from the Order Entered July 27, 1998, in the Court
of Common Pleas of Bucks County, Criminal Division, at
No. 1513, 1576, 1241
1372-75/1983.

BEFORE: ORIE MELVIN, SCHILLER and HESTER, JJ.

*J U D G M E N T*

*ON CONSIDERATION WHEREOF, it is now here ordered and*

*adjudged by this Court that the judgment of the Court of*

*Common Pleas of* BUCKS           *County be, and the same*

*is hereby* AFFIRMED.

CRT

*BY THE COURT:*

*PROTHONOTARY*

*Dated:* MAY 25, 1999

J. S29023/99

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br>Appellee | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| CHARLES ISELEY,<br>Appellant | : | No. 2791 Philadelphia, 1998 |

Appeal from the Order Entered July 27, 1998, in the Court
of Common Pleas of Bucks County, Criminal Division, at
No. 1513, 1576, 1241
1372-75/1983.

BEFORE: ORIE MELVIN, SCHILLER and HESTER, JJ.

MEMORANDUM:

**FILED MAY 2 5 1999**

Charles Iseley appeals the July 27, 1998 order dismissing his petition for writ of habeas corpus. We affirm.

On July 19, 1983, after successfully withdrawing a first guilty plea, Appellant entered a second guilty plea to five counts of robbery involving five separate incidents. On appeal, we determined that Appellant's guilty plea had been knowingly and voluntarily entered and refused to allow him to withdraw it. *Commonwealth v. Iseley*, 615 A.2d 408 (Pa.Super. 1992). Appellant then filed three unsuccessful petitions for post-conviction relief.

On July 21, 1998, Appellant filed a *pro se* petition for habeas corpus relief. Although somewhat garbled, his complaints clearly relate to the manner in which the Pennsylvania Board of Probation and Parole (the "Board") determined when his sentence imposed in this matter has been served. On appeal, his complaints are the same.

J. S29023/99

Where an alleged error in the computation of sentence involves a decision by the Board, the defendant must file an action with the Commonwealth Court.  **Commonwealth v. LeGrande**, 567 A.2d 693 (Pa.Super. 1989); **see also Commonwealth v. Hollawell**, 604 A.2d 723 (Pa.Super. 1992).  Hence, it is clear that the court of common pleas lacked jurisdiction over the matter, and the trial court properly dismissed the petition. **LeGrande, supra**.  We therefore affirm.

Order affirmed.

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, :    No. 213 M.D. Misc. Dkt. 1999

              Respondent         :

                        :

              v.             :

                        :

CHARLES ISELEY,            :

              Petitioner        :

## <u>ORDER</u>

**PER CURIAM:**

    **AND NOW**, this 13th day of January, 2000, the Petition for Leave to File Allowance of Appeal Nunc Pro Tunc is denied.

TRUE & CORRECT COPY

ATTEST    JAN 1 4 2000

*Shirley J. Phipps*

SHIRLEY J. PHIPPS
APPELLATE CLERK

**<u>APPENDIX H</u>**



## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY                  :
AM 9320                         :          Case No.    99cv4327
SCI Mahanoy                     :
Frackville, PA 17932            :
                                :
        v.                      :
                                :
Martin Dragovich, Warden        :
SCI Mahanoy                     :
301 Morea Road                  :
Frackville, PA 17932            :
                                :
        And                     :
                                :
Alan Rubenstein                 :
Bucks County District Attorney  :
Bucks County Courthouse         :
Doylestown, PA 18901            :
                                :
        And                     :
                                :
D. Michael Fisher               :
Attorney General of the Commonwealth :
    Of Pennsylvania             :
                                :
                                :
                                :
        And                     :
W. Conway Bushey, Secretary     :
Pennsylvania Board of Probation :
 and Parole                     :
1101 S. Front Street            :
Harrisburg, PA 17104-2517       :


### PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. 2254

1. Petitioner, Charles Iseley, is presently incarcerated in the State Correctional Facility at Mahanoy. He was originally sentenced to seven and one half to 15 years followed by a consecutive sentence of five to ten years in the Bucks County court of Common Pleas on bills of information numbers 1513, 1576, 1241, 1372,1373,1374, and 1375 of 1983.

2. The judgment of conviction in these matters was entered on December 7th 1983.

3. The defendant was originally sentenced by the honorable George Kelton.

4. The offenses for which petitioner was sentenced were six counts of Robbery, Prohibited Offensive Weapons and related charges.

5. The Judgment of Sentence was entered after petitioner's Motion to withdraw guilty pleas was denied.

6. Petitioner did not file a direct appeal from his Judgment of Sentence.

7. Petitioner has filed four Post-Conviction Relief Act petitions. In each instance, the Petitioner was denied relief. The PCRA Petitions bear the same caption as the original Petition.

8. Petitioner appealed the denial of his PCRA Petitions in each instance to the Superior Court of Pennsylvania. The Docket numbers for those appeals are Nos. 201 PHL 1992, 1612 PHL 1994, 1922 PHL 1996, 2790 PHL 1998, and 2791 PHL 1998.

9. Petitioner has sought Allocator from the Pennsylvania Supreme Court in his effort to obtain relief from his Judgment of Conviction. The applicable dockets are <u>Com. V. Isley</u> 0770 ED Alloc. Dkt 1992, 0245 M.D. Alloc Dkt 1997, 0131 MD Misc. Dkt 1997.

10. In each instance cited above the Petitioner was denied relief.

11. Petitioner has exhausted his state remedies inasmuch as four PCRA petitions have been filed and all but one was appealed to the Supreme Court of Pennsylvania.

12. Petitioner has also filed habeas corpus petitions in the State and Federal Courts stemming from the denial of due process in the illegal computation of his sentence and the unconstitutional aggregation of his minimum and maximum sentences by the Pennsylvania Board of Probation and Parole.

13. Petitioner has additionally filed the following state court actions seeking relief from his unconstitutional detention: <u>Isley v Pa. Board of Probation and Parole</u>, Commonwealth Court Nos. 339 M.D. 1996 and 579 M.D. 1998; <u>Isley v. Price</u>, Pa Supreme Court No. 0086 M.D. Misc Dkt 1997, <u>Isely v. Pa Board of Probation and Parole</u> Supreme Court Nos. 0283 M.D. Alloc Dkt. 1998 and 0635 MD Alloc. Dkt. 1998.

14. Petitioner has filed the following federal court actions seeking relief from his unconstitutional detention; Iseley v. Meyers ED Pa CA 97-7083, Iseley v. Vaughn ED Pa CA No. 96-1103, Iseley v. Ridge ED Pa CA No. 95-8044, Iseley v. Vaughn ED Pa CA No. 96-3029.

15. Petitioner has sought relief in the United States Court of Appeals for the Third Circuit in the matter of Iseley v. Vaughn CA No. 96-1957.

16. Petitioner has sought Certiorari in the United States Supreme Court in the matters of IN Re Iseley Nos 97-7152 and 97-7153.

17. Petitioner is being unconstitutionally detained in violation of due process and equal protection for the following reasons:

a. The Petitioner successfully litigated a section 1983 civil rights act claim against the Commonwealth due to the illegal acts of the Department of Corrections and certain correctional officers in causing him to suffer severe injuries. The case was settled in favor of petitioner with a substantial amount of damages being paid and an agreement by the Commonwealth to provide adequate medical care to petitioner. The case was based upon the brutal, vicious and severe beating administered upon Petitioner by eleven armed prison guards in retaliation for Petitioner's filing of grievances. Petitioner averred that the beating was racially motivated . Further, Petitioner received numerous false misconduct reports and charges as a result of his efforts to protect his constitutional rights.

b Since the resolution of the above civil claim, the Department of corrections has engaged in a purposeful scheme to deny petitioner his fundamental rights by delaying his parole reviews, intentionally creating a negative institutional record, charging him with unfounded allegations of infractions, denying him due process at institutional administrative hearings, misstating his educational progress and otherwise harassing petitioner to keep him from making parole.

c The petitioner has been denied due process in obtaining a hearing due to the ex post facto application of the 1996 amendment to the parole act of 1941. Specifically, Petitioner's sentences were aggregated After he was first seen by the Parole Board and denied. This action served to petitioner his credit for time served. He did not receive any credit for time on his second sentence until 1998 when said credit should have began running in 1990. This action effectively changed Petitioner's minimum sentence a right given only to the Court.

d The effect of the above was to illegally lengthen the petitioners maximum sentence. Petitioner received two consecutive sentences. One of seven and a half to fifteen years and one of five to ten. The five to ten was consecutive to the seven and one half to fifteen. Petitioner began serving his sentences in 1983. He was first seen by the Parole Board in 1995. In order for that to happen he would have to have been constructively paroled on his first sentence in 1990. Otherwise, he would not have been eligible to see the Board until 1998, or for release until 2003..

e Petitioner has been denied equal protection due to his race. Statistical studies show that Black violent offenders in the Commonwealth are less likely to be paroled than white offenders.

f Petitioner is being denied parole in a retaliation for his role as a perceived jail house lawyer. Petitioner was told that he would never make parole unless he stopped filing legal actions and prison grievances.

18. Petitioner's conviction and he Judgment of Sentence thereon were illegally and unconstitutionally obtained due to the following:

a The guilty plea colloquy failed to correctly advise Petitioner of his maximum sentence by law. The court misstated the maximum as 352 years. It should have been 122 years. In addition Petitioner's minimum sentence was also misstated by the court.

b Petitioner was not informed by trial counsel that numerous valid and meritorious suppression issues existed and were being waived by him in entering his guilty plea.

c Petitioner was denied his constitutional right to effective assistance of counsel when trial counsel failed to properly advise him of his defenses, failed to advise with regard to the mandatory minimum sentence, which statute was later declared unconstitutional, failed to advise him of his appellate rights and failed to adequately investigate his case.

19. Petitioner has no other actions pending in regard to his illegal detention by the Commonwealth of Pennsylvania.

20. Petitioner was represented at trial by Theodore Q. Thompson, Esq., on his first PCRA by Denise Marley, Esq. And on his second PCRA by John Fioravanti.

**PETITIONER IS ENTITLED TO RELIEF FROM HIS CONVICTION AND SENTENCE BECAUSE OF THE CUMULATIVE EFFECT OF THE ERRORS DESCRIBED IN THIS PETITION.**

21. The claims and factual allegations set forth in all other sections of this petition are realleged as if set forth entirely herein.

22. Each of the claims presented herein individually entitles Petitioner to relief from his conviction and sentence.

23. However, even if this court finds that Petitioner is not entitled to relief based on any particular claim, Petitioner is nevertheless entitled to relief because the cumulative effect of these errors was to deny Petitioner a fair trial and the heightened procedural safeguards constitutionally required in capital cases.

24. Collectively and cumulatively, these errors denied Petitioner his rights to due

process of law and his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Pennsylvania Constitution.

For all of the above-stated reasons and those presented in the submissions accompanying this Petition, Petitioner prays:

1.    That the Commonwealth Defendants be ordered to Answer this Petition;

2.    That leave to amend the Petition be granted;

3.    That summary relief be granted on those claims of error which are clear from the facts set forth in this pleading and the record.

4.    That an evidentiary hearing on the claims and any and all disputed issues of fact be granted;

5.    That discovery as may be necessary to a full and fair resolution herein be allowed;

6.    That Petitioner's convictions and sentences be vacated.

Respectfully submitted,

_____

PATRICK J. EGAN
232 South Fourth Street
Philadelphia, PA 19106
215-574-1080
Counsel for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHARLES ISELEY                          :
AM 9320                                 :        Case No.
SCI Mahanoy                             :
Frackville, PA 17932                    :
                                        :
                                        :
            v.                          :
                                        :
Martin Dragovich, Warden                :
SCI Mahanoy                             :
301 Morea Road                          :
Frackville, PA 17932                    :
                                        :
                                        :
            And                         :
                                        :
Alan Rubenstein                         :
Bucks County District Attorney          :
Bucks County Courthouse                 :
Doylestown, PA 18901                    :
                                        :
                                        :
            And                         :
                                        :
                                        :
D. Michael Fisher                       :
Attorney General of the Commonwealth    :
      Of Pennsylvania                   :
                                        :
                                        :
                                        :
                                        :

And                                      :
W. Conway Bushey, Secretary              :
Pennsylvania Board of Probation          :
and Parole                               :
1101 S. Front Street                     :
Harrisburg, PA 17104-2517                :

AUTHORITIES IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. 2254

## I.   Introduction

Petitioner, Charles Iseley, has been incarcerated in the Pennsylvania State Corrections

system since 1983.  He was sentenced at that time pursuant to guilty pleas to robbery and related

charges.  He was eighteen years old and had no prior adult convictions.  His sentence was seven

and one half to fifteen years followed by a consecutive five to ten years.

Early in the term of his imprisonment, Petitioner was severely beaten by eleven armed

corrections officers, injured and denied medical treatment.  This beating was administered in

retaliation for Petitioner's filing of prison grievances. As a result, he filed a civil rights action

which was eventually successful, resulting in a substantial award of damages and an agreement to

provide proper medical treatment by the Department of Corrections.  Little did Mr. Iseley know

at the time that this legal victory would result in a pattern of conduct by corrections personnel

which would condemn him to serve the maximum twenty-five year sentence.

The Corrections Department and the Board of Probation and Parole have denied

Petitioner his Due Process rights in his efforts to obtain parole.  They have illegally lengthened his

sentence by eight years. He is unable to receive parole because the Corrections Department

repeatedly recommends that he be denied. This is accomplished by continually citing him for prison misconducts then violating his due process rights in the administrative proceedings which ensue.

In addition, the Board of Probation and Parole has illegally aggregated the Petitioner's sentences. This was accomplished by aggregating his sentences after he had first been seen by the Board and by denying him credit on his consecutive sentence until eight years after his constructive parole on his first sentence. By so doing they have extended his maximum release date from 2000 to 2008. This was done in violation of equal protection, due process and the ex post facto laws.

## II.  Retaliatory Denial of Parole

Parole may not be denied for retaliatory purposes, Burkett v. Love, 89 F 3d 135 (    ). The state may not deny parole in order to force an inmate to refrain from pursuing legal actions and prison grievances, Frost v. Railroad, 271 U.S. 583 (1926); Elrod v. Burns, 427 U.S. 347 (1976).

The equal protection clause of the United States Constitution provides that an individual may not be denied due process of law because of their beliefs. Petitioner has a long history of litigiousness within the corrections community. The Department views him as a troublemaker and jailhouse lawyer. None of these beliefs within the Department are sufficient to give the right to deny parole.

The actions of the Board as set forth in the attached Petition violate Petitioner's First Amendment rights as well as the equal protection and due process clauses of the constitution. Petitioner was pointedly told by parole employees that he would never make parole until he stopped filing lawsuits and grievances.

The Petitioner consistently receives parole recommendations from the Department of Corrections that are erroneous.  They have stated he did not attend classes when he had.  They have written him up for misconducts which occurred when he was not present and then denied him his administrative process rights.  The effect is that the Board of Probation and Parole is continuously given unfavorable recommendations.  These recommendations are retaliatory in nature. See <u>Monroe v. Thigpen</u>, 932 F 2d 1437 (11th Cir. 1991).  Petitioner should be granted relief forthwith.

### III.   Illegal Aggregation of Sentences

Petitioner's maximum sentence was illegally lengthened by operation of the Department of Corrections and Board of Probation and Parole.  Petitioner received two sentences.  The first was a sentence of seven and one half to fifteen years.  The second was a sentence  of 5 to 10 years. The latter was consecutive to the former for a possible minimum sentence of 12 and ½ years. Petitioner began serving the sentences in 1983.  The only one way he could become eligible for release from prison in twelve and one half years (1995) is by receiving constructive parole on the first sentence in 1990. There is no other way.  Petitioner did become eligible for release in 1995. That means that he began serving the 7 ½ to 15 year sentence in 1983, was constructively paroled

in 1990, and began serving the 5 to 10 year sentence 1990. He will have served the entirety of that sentence by the year 2000. However, the defendants state the maximum sentence does not expire until 2008. This is impossible. Is impossible because the only way the maximum sentence expiration could be in 2008 is if the petitioner served the entire seven and one half to fifteen year sentence and then began serve the consecutive five to ten year sentence. Since petitioner became eligible for release in 1995 It is obvious that could not possibly happen unless he received constructive parole. Otherwise he would not have been eligible for release until 2003.

In essence because of the laws which force aggregation of the sentences, the petitioner sentences are neither concurrent nor consecutive but actually partially overlapping because of the parole boards automatic parole at the minimum of the first sentence. Moreover, it was the sentencing courts intention that the sentences partially overlap and that the petitioner become eligible for release in 1995 rather than 2003. Parole eligibility is part of the sentencing process and is wholly authorized by the sentencing court, <u>Warden v. Marrerro</u>, 417 U.S. 653 (1974).

Further, the illegal aggregation in this matter has worked in opposition of the intended purpose of the statutory change. In <u>Cunningham v. Commonwealth</u>, 394 A. 2d 1315 it is specifically stated that the purpose of the sentence aggregation statute was to nullify the need for an inmate to apply for constructive parole at the end of their first sentence. In other words, they are automatically constructively paroled at the minimum of their first sentence so tht they may be eligible for parole at the minimum of their aggregate sentence.

Petitioner has the right to become eligible for parole at the minimum of each sentence, <u>Marshall v. Pa Board of Prob. & Parole</u>, 638 A. 2d 441 (1994). He also has the right to be seen every six months by the board. These rights are being denied to Petitioner.

## IV.  Violation of ex Post Facto Clause

The Petitioner was sentenced pursuant to a guilty plea in 1983.  At the time Parole was determined pursuant to the 1941 Parole Act.  In 1996, the Parole Act was amended decreasing parole opportunities and change in parole criteria.  The application of the changes to Petitioner violates his rights under the Ex Post Facto Clause, Fleming v. Oregon, 998 F 2d 721 (9th Cir. 193); Jones v. Murray, 962 F 2d 302 (9th Cir. 1993).

## V.  Ineffective Assistance of Counsel

Defense counsel have "a duty to bring to bear such skill and knowledge as will render the [proceeding] a reliable adversarial testing process." Strickland v. Washington, 466 U.S. 668, 688 (1984).  This can be done only if counsel investigates. Id. at 691.  As the Superior Court has explained, "defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner." Commonwealth v. Gainor, 289 Pa. Super. 190, 432 A.2d 1116, 1120 (1981) (quoting United States v. Williams, 615 F.2d 585, 594 (3d Cir. 1980), and Beasely v. United States, 491 F.2d 687, 696 (6th Cir. 1974)); Commonwealth v. Fultz, 316 Pa. Super. 260, 462 A.2d 1340, 1343-44 (1983) (quoting Gainor); accord Commonwealth v. Bailey, 480 Pa. 329, 390 A.2d 166, 178 (1978) ("the adversary system requires that 'all available defenses are raised' so that the government is put to its proof") (quoting United States v. Ash, 413 U.S. 300 (1973)); see also United States v. Gray, 878 F.2d 702, 711 (3d Cir.1989) ("failure to conduct any pretrial investigation generally constitutes a clear instance of ineffectiveness"); United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997) (same).

Trial counsel also has an obligation to understand the law. As the Court explained in Scarpa v. DuBois, 38 F.3d 1, 10 (1st Cir. 1994):

> [counsel] should understand the elements of the offenses with which his client is charged and should display some appreciation of the recognized defenses thereto. Unless counsel brings these rudiments to the table, a defendant likely will be deprived of a fair 'opportunity to meet the case of the prosecution,' and, thus, will be placed at undue risk of having no effective advocate for his cause. Phrased another way, if an attorney does not grasp the basics of the charges and the potential defenses to them, an accused may well be stripped of the very means that are essential to subject the prosecution's case to adversarial testing.

See also Cave v. Singletary, 971 F.2d 1513, 1518 (11th Cir. 1992) (trial counsel's "complete misunderstanding" of Florida's felony murder statute demonstrate's deficient performance); Frey v. Fulcomer, 974 F.3d 348, 359 (3d Cir. 1992) (deficient performance established where counsel argued at sentencing from statute that had been declared unconstitutional and rewritten years before petitioner's capital trial); Young v. Zant, 677 F.2d 792, 798 (11th Cir. 1982) ("Competent counsel would not have gone to trial on an insanity defense without any evidence to support it. The insanity defense in this case amount to no defense at all, a fact [trial counsel] apparently did not recognize until [he] began [his] final summation to the jury."); Baty v. Balkcom, 661 F.2d 391, 394-95 (5th Cir. 1981). Thus, in order to render effective assistance, defense counsel must not only understand the nature of the charges against their client but also mount a reasonable

defense to such charges. While trial counsel is presumed to know the law, that presumption cannot stand in light of trial counsel's performance in this case.

Trial counsel here failed to advise him of suppression issues which if adequately investigated and understood could have eliminated potential evidence against him, thus denying him his rights. A guilty plea cannot be voluntarily and intelligently entered if the defendant is not aware of his potential defenses.

Trial counsel's performance here was plainly deficient, and Petitioner was prejudiced as a result. Strickland v Washington, 466 U.S. 668 (1984); Commonwealth v. Pierce, 515 Pa. 153, 158-59, 527 A.2d 973, 975 (1987) (petitioner must show that assertion is of arguable merit, that attorney had no reasonable basis for his/her action or inaction, and that attorney's action or inaction was prejudicial); see also Commonwealth v. Perry, 537 Pa. 385, 644 A.2d 705, 708-09 (1994). Had trial counsel performed reasonably here, Petitioner would have pursued his suppression issues and not have been convicted.

## VI. The Guilty Plea Colloquy Was Constitutionally Deficient

Petitioner's plea of guilt and the Judgment of Sentence entered thereon were invalid and constitutionally defective due to the trial court's incorrect statement of the maximum sentence allowable under law. The court erroneously advised Petitioner that the maximum was 352 years when it actually was 122 years. This defect in the colloquy renders he plea invalid and it must be vacated, Commonwealth v. Stark, 698 A 2d 1331(Pa Super 1997).

## VII. Conclusion

The aforesaid errors worked to deny Petitioner's rights under the Fifth, Sixth, Eighth, and

Fourteenth Amendments to the United States Constitution and his corresponding rights under the Pennsylvania Constitution. All post-trial and appellate counsel were ineffective for failing to raise these issues on direct appeal. Relief is warranted.

Respectfully submitted,

_____

Patrick J. Egan
232 S. 4th Street
Philadelphia, PA 19106
215-574-1080

DEC-27-2000 14:08      JUDGE ROBRENO                    215 597 9396

ER
MAG. WELLS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY                    :        CIVIL ACTION
                                  :
                                  :
        v.                        :
                                  :
MARTIN DRAGOVICH, et al.          :        NO. 99-4327

### ORDER

AND NOW, this 29 day of _September_ , 2000, upon consideration of the

Petition for Writ of Habeas Corpus, with exhibit, the Commonwealth's response, inclusive of all

exhibits thereto, Petitioner's traverse reply, and the record herein, and after review of the Report and

Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, it is hereby

ORDERED that:

1.    The Report and Recommendation is APPROVED and ADOPTED;

2.    The Petition for Writ of Habeas Corpus is DENIED and DISMISSED; and

3.    Petitioner has failed to make a showing of a denial of a constitutional right; thus, a
      certificate of appealability is DENIED.

IT IS SO ORDERED.

                                        BY THE COURT:


                                        _____
                                        EDUARDO C. ROBRENO, J.


① No objection were filed.
              End.
              9/29/00.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY                        :        CIVIL ACTION
                                      :
                                      :
        v.                            :
                                      :
                                      :
MARTIN DRAGOVICH, et al.              :        NO. 99-4327

## ORDER

AND NOW, this          day of                , 2000, upon consideration of the

Petition for Writ of Habeas Corpus, with exhibit, the Commonwealth's response, inclusive of all

exhibits thereto, Petitioner's traverse reply, and the record herein, and after review of the Report and

Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, it is hereby

ORDERED that:

1.      The Report and Recommendation is APPROVED and ADOPTED;

2.      The Petition for Writ of Habeas Corpus is DENIED and DISMISSED; and

3.      Petitioner has failed to make a showing of a denial of a constitutional right; thus, a
        certificate of appealability is DENIED.

IT IS SO ORDERED.

                                              BY THE COURT:


                                              _____
                                              EDUARDO C. ROBRENO, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                          :          CIVIL ACTION

                                         :

                                         :

      v.                                 :                    FILED SEP - 1 2000

                                         :

                                         :

MARTIN DRAGOVICH, WARDEN,                 :          NO. 99-4327
SCI MAHONOY, et al.

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                    August 31, 2000
UNITED STATES MAGISTRATE JUDGE

      Presently before this court is a counseled petition for habeas corpus relief filed pursuant to

28 U.S.C. § 2254. Charles Iseley[1] ("Petitioner"), who is presently incarcerated at the State

Correctional Institution at Mahonoy, Pennsylvania, asserts seven constitutional claims. This matter

was referred to the undersigned by the Honorable Eduardo C. Robreno for a Report and

Recommendation. For the reasons set forth below, I recommend that this petition be denied and

dismissed.

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

      On July 19, 1983, Petitioner, represented by a public defender, pled guilty in the Court of

Common Pleas of Bucks County to six distinct criminal charges of robbery as well as additional

---

[1] Petitioner's name, spelled inconsistently in the record, is spelled by him this way.

[2] The facts and procedural history were gleaned from Petitioner's habeas corpus petition, the Attorney General's answer (only in regards to computation of Petitioner's sentence and parole denial; Respondents Dragovich, Fisher, and Bushey are relying on the answer by the D.A. on issues of guilty plea colloquy, effectiveness of trial counsel, and any other claims of improper prosecution), the District Attorney's supplemental answer on behalf of Respondent, Alan M. Rubenstein, the District Attorney of Bucks County, (as pertaining to claims challenging legality of Petitioner's sentence and constitutionality of the guilty plea, Petition ¶ 18 (a), (b), (c)), all available portions of the state court record, and the Pennsylvania Board of Probation and Parole record, inclusive of all exhibits thereto.

counts of aggravated assault, terroristic threats, possession of prohibited offensive weapons, and related offenses.[3]  Petitioner was advised that he faced a potential maximum sentence of 180 to 300 years on the more serious charges; he sought to withdraw the guilty plea.[4]  Although, on August 10, 1983, Petitioner's motion to withdraw his guilty plea was granted,[5] after retaining private counsel, he reentered a guilty plea to the identical offenses on September 19, 1983.[6]  On December 12, 1983, Petitioner's motion to withdraw his second guilty plea was denied.  Petitioner was sentenced to five concurrent terms of seven-and-one-half (7 ½) to fifteen (15) years of imprisonment, a concurrent term of one (1) to two (2) years, and a sentence, consecutive to all others, of five (5) to ten (10) years of confinement.[7]  Thus, the aggregate term imposed on Petitioner was twelve-and-one-half (12 ½) to twenty-five (25) years.[8]  Petitioner did not initiate a direct appeal.

On February 28, 1991, Petitioner sought collateral review under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et. seq.*, raising the following issues:

> A.    Whether defense counsel was ineffective for failing to assure that the guilty plea entered was knowing, intelligent and voluntary when the trial court failed to inform the [Petitioner] of the nature and elements of the offenses charged.
>
> B.    Whether defense counsel['s] ineffectiveness caused [P]etitioner to enter an unknowing and involuntary guilty plea.
>
> C.    Whether defense counsel was ineffective for failing to appeal

---

[3] *See Commonwealth v. Iseley*, Bucks County Nos. 1241, 1372-1375, 1513, 1576, slip op. at 1 (C.C.P. May 23, 1996); Answer D.A. at 1.

[4] *See* N. T. August 4, 1983, 118.

[5] *Id.*

[6] *Id.*

[7] *See* Answer D.A. at 2.

[8] *See* Sentence Status Summary, Answer A.G., Ex. A.

the denial of the motion to withdraw guilty plea or file for
reconsideration of sentence.[9]

On December 17, 1991, following a hearing on October 16, 1991, this petition was denied.[10]

Petitioner's appeal of the substance of claims A and C, *supra*, in the Superior Court of Pennsylvania

was dismissed, on the merits, and judgment was affirmed on October 22, 1992.[11] In his appeal to

the Supreme Court of Pennsylvania, Petitioner asked:

> 1) Whether the trial court abused its discretion in denying
> [P]etitioner's motion to withdraw his guilty plea[12] and whether
> defense counsel was ineffective in failing to appeal that [denial];
> [and]

> 2) Whether defense counsel was ineffective in failing to assure that
> the guilty plea entered by [P]etitioner was knowing, intelligent, and
> voluntary when the trial court failed to inform the [P]etitioner of the
> nature and elements of the offenses charged.[13]

The Pennsylvania Supreme Court denied *allocatur* on May 25, 1993.

Petitioner's second PCRA petition, filed on May 11, 1992, alleged that PCRA counsel was

ineffective for failing to assert that trial counsel rendered ineffective assistance in that he failed to

advise Petitioner of requisite procedures to challenge the denial of his motion to withdraw his second

guilty plea.[14]  On April 7, 1994, following an October 18, 1993 hearing, this petition, too, was

denied.[15] On June 14, 1994, counsel withdrew Petitioner's May 6, 1994 appeal of these claims to

---

[9] *See* Answer at 2.

[10] *Id.*

[11] *Id.* at 3; *See also Commonwealth v. Iseley*, Bucks County Nos. 1241, 1372-1375, 1513, 1576, slip op. at
2 (C.C.P. May 15, 1998).

[12] Withdrawal was based on an assertion of innocence.

[13] *See* Answer at 3.

[14] *See Commonwealth v. Iseley*, Bucks County Nos. 1241, 1372-1375, 1513, 1576, slip op. at 2 (C.C.P.
April 7, 1994).

[15] *Id.* at 6.

Superior Court.[16]

Petitioner's third PCRA petition, filed February 7, 1996,

> essentially repeated claims he made earlier. He again alleges
> ineffective assistance of counsel and that his guilty plea was
> unlawfully induced. He claims that he was not advised of his right to
> appeal. He claims that the colloquy provided at the sentencing was
> inadequate, and he alleges to be victim of a "tainted lineup" and
> unconstitutional search and seizure.[17]

The court denied this petition, without a hearing, on May 23, 1996.[18] The Superior Court affirmed

the denial on March 12, 1997, and the Supreme Court denied *allocatur* on November 11, 1997.[19]

Petitioner filed his fourth PCRA petition on February 3, 1998. The PCRA court reduced his

ten repetitive claims to five potential grounds for relief: 1) ineffective assistance of counsel; 2) an

unlawfully induced guilty plea(s); 3) the improper obstruction by commonwealth officials of the

petitioner's right to appeal; 4) a violation of the provisions of the [C]onstitution of the United States;

and 5) the imposition of a sentence greater than the lawful maximum.[20] The court further noted two

new legal theories: 1) that his sentence was unlawful because some counts to which he pled guilty

should have merged as lessor offenses during the sentencing phase,[21] and 2) that, because Plaintiff

was not informed, at the time he pled guilty, that he later could be denied parole, the eventual denial

of parole after the expiration of his total minimum sentence has resulted in an ongoing unlawful

---

[16] *See* Answer D.A. at 4.

[17] *See Commonwealth v. Iseley,* Bucks County Nos. 1241, 1372-1375, 1513, 1576, slip op. at 3 (C.C.P. May 23, 1996).

[18] *Id.*

[19] *See* Answer at 4.

[20] *See Commonwealth v. Iseley,* Bucks County Nos. 1241, 1372-1375, 1513, 1576, slip op. at 2 (C.C.P. May 15, 1998).

[21] *Id.* at 4.

detention.[22]    The trial court deemed all of the Petitioner's claims either previously litigated and, thus, not cognizable under the PCRA, or meritless.[23]    The entire petition was, therefore, denied without a hearing, on May 15, 1998.[24]    A year later, on May 18, 1999[25] Superior Court affirmed the denial and the Supreme Court refused Allowance of Appeal *Nunc Pro Tunc* on January 13, 2000.[26]

Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court on February 19, 1996.  He complained therein of

> denial of right of appeal, conviction obtained by a violation of the privilege against self-incrimination, conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea, unconstitutional sentence and ineffective assistance of counsel.[27]

This filing was withdrawn, without court action, on March 28, 1996.

Petitioner, denied parole by the Pennsylvania Board of Probation and Parole (Board) on four separate occasions - October 31, 1995, December 13, 1996, November 4, 1997, and February 10, 1999, challenged the parole denials with a mandamus action.  By Order dated August 13, 1997, the Supreme Court denied Petitioner habeas corpus relief.  On March 9, 1998, Petitioner received an Order relative to his Petition for Review in the Commonwealth Court of Pennsylvania.[28]

---

[22] *Id.* at 5.

[23] *Id.* at 3-5.

[24] *Id.* at 7.

[25] *See* Answer at 4.

[26] *See* Attached Exhibit A.

[27] See Answer D.A. at 5.

[28] *See Isley v. Pennsylvania Board of Probation and Parole and Pennsylvania Department of Corrections*, No. 186, M.D. 1998.  The substance of this decision was as follows:

> . . . it appearing that petitioner seeks by way of mandamus to be paroled, and that the decision as to whether to grant parole is discretionary, *see Reider v. Pennsylvania Board of Probation and Parole*, 514 A.2d 967 (Pa. Cmwlth. 1986), and, therefore, not subject to mandamus in our original jurisdiction, the petition for review is dismissed.

Petitioner's appeal to the Supreme Court of Pennsylvania of this denial of mandamus presented eight

questions:

> 1. Can a prisoner be denied parole without the use of discretion?
> 2. Can a prisoner be denied parole based on false data in his prison file?
> 3. Can a prisoner be denied parole because he was in administrative custody?
> 4. Can a prisoner be denied parole for not participating in a program plan even though he did?
> 5. Can a prisoner's appeal to the denial of parole be ignored?
> 6. Can the parole board delegate its authority to the Department of Corrections in order to avoid the use of discretion in the denial of parole?
> 7. Can a prisoner's request for a parole review be ignored?
> 8. Can a prisoner be denied parole at the expiration of his minimum sentence even though state statutes give him a right to such parole?[29]

On September 10, 1998, his Petition for Allowance of Appeal was denied.[30]

Next, a Petition for Review filed by Petitioner, *pro se*, questioned the constitutionality of the

manner in which the Board aggregated Petitioner's sentences. Commonwealth Court, noting that

aggregation is mandated by Pennsylvania statute,[31] dismissed this filing as frivolous, by

Memorandum and Order dated June 24, 1998.[32] Petitioner's July 13, 1998 Petition for Allowance

of Appeal of this order, denying this second Petition for Writ of Mandamus, asked whether a

prisoner's sentence can be lengthened by the DOC or Board and his rights to equal protection and

due process can be violated. On December 29, 1998, this appeal from the Commonwealth Court was

---

*Id.*

[29] *Id.*, Petition for Allowance of Appeal, Statement of Questions Presented.

[30] *See Isley v. Pennsylvania Board of Probation and Parole and Pennsylvania Department of Corrections*, No. 283 M.D. Alloc. Dkt. 1998 (*Per Curiam*).

[31] *See* 42 Pa. C.S. § 9757.

[32] *See Iseley v. Department of Corrections*, et al., No. 579, Cmwlth. Ct. M.D. 1998 (*Per Curiam*).

denied.[33]  An appeal to the state Supreme Court was denied on January 13, 2000.[34]

Finally, on August 27, 1999, Petitioner filed the instant petition alleging that he is being

detained in violation of due process and equal protection in that:

> A.   Ground One:   The DOC, in retaliation for Petitioner's
> "successful" litigation of a section 1983 claim against the DOC and
> eleven named correctional officers, schemed to delay Petitioner's
> parole, intentionally created a negative institutional record, falsely
> charged him with infractions, denied him due process at institutional
> administrative hearings, misstated his educational progress, and
> otherwise harassed [P]etitioner to keep him from parole;

> B.   Ground Two:   His sentences were unlawfully aggregated and
> extended by ex post facto application of the 1996 amendment to the
> parole act of 1941;

> C.   Ground Three:   Petitioner has been denied parole on the basis of
> race;

> D.   Ground Four:   Petitioner is being denied parole in a retaliation for
> his role as a perceived jail house lawyer;

> E.   Ground Five:   Petitioner's guilty plea colloquy grossly overstated
> his maximum legal sentence and the court misstated his minimum
> sentence as well;

> F.   Ground Six:   Petitioner was not informed by trial counsel that
> numerous valid and meritorious suppression issues existed and were
> being waived by him in entering his plea; and

> G.   Ground Seven:   Petitioner was denied his constitutional right to
> effective assistance of counsel when trial counsel failed properly (a)
> to advise him of his defenses, (b) the correct mandatory minimum
> sentence, or (c) his appellate rights, and (d) failed to adequately
> investigate his case.

The Commonwealth denies that Petitioner is entitled to habeas relief, stating that each of the

---

[33] See Iseley v. Pennsylvania Department of Corrections, Pennsylvania Board of Probation and Parole, No.
635 M.D. Alloc. Dkt. 1998).

[34] See Attachment A.

foregoing claims is either procedurally defaulted or meritless. On August 22, 2000, an evidentiary

hearing was held to resolve any factual issues surrounding Petitioner's instant claims.

## II. DISCUSSION

A. Exhaustion

A petition for habeas corpus is a final effort to obtain relief when other legal remedies are

foreclosed. Therefore, a district court may consider and grant habeas corpus relief only if Petitioner

meets his burden of proving that he has either exhausted all state remedies available to him with

respect to each discrete allegation or is excused from doing so. 28 U.S.C. § 2254(b);[35] *See Rose v.*

*Lundy*, 455 U.S. 509, 519 (1982); *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993), *aff'd.* 30 F.3d

1488 (3d Cir. 1994) (citations omitted). A claim is exhausted if it has been "fairly presented" once

to the state's trial court, intermediate appellate court, and highest court. 28 U.S.C. § 2254(b); *Evans*

*v. Court of Common Pleas, Delaware County, Pennsylvania*, 959 F.2d 1227, 1230-31 (3d Cir. 1992)

(*citing Picard v. Connor*, 404 U.S. 270, 275 (1971)). The fair presentation requirement is met when

the claim presented in the state court is the "substantial equivalent" of the claim asserted in the

petitioner's federal habeas petition. *See Picard*, 404 U.S. at 278. *See Lesko v. Owens*, 881 F.2d 44,

---

[35] The exhaustion requirements of 28 U.S.C. § 2254 provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State Court shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the
> > State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the
> > rights of the applicant . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in
> the courts of the State, within the meaning of this section, if he has the right under
> the law of the State to raise, by any available procedures, the question presented.

50 (3d Cir. 1989) (*citing Picard*), *cert. denied* 110 S.Ct. 759 (1990); *Bisaccia v. Atty. Gen. of New Jersey*, 623 F.2d 307, 310 (3d Cir. 1980) (*quoting Picard*), *cert. denied* 101 S.Ct. 622 (1980). For the purposes of exhaustion, it is not necessary that the state court rule on the merits of the claim(s) presented to it. *See Sullivan v. Cuyler*, 723 F.2d 1077, 1082 (3d Cir. 1983); *Gonce v. Redman*, 780 F.2d 333, 336 (3d Cir. 1985). If a direct appeal has been aborted, but collateral review is possible, the exhaustion requirement has not been met. 28 U.S.C. § 2254(c). A petition which contains both exhausted and unexhausted claims is deemed "mixed" and, generally, must be dismissed for failure to satisfy the exhaustion requirement. *See Rose*, 455 U.S. at 522.

B. Procedural Default

When an issue is unexhausted and further direct or collateral review in state court is foreclosed, the claim is deemed procedurally defaulted for purposes of federal review.[36] *See Coleman v. Thompson*, 501 U.S. 722, 735n.1 (1991); 28 U.S.C. § 2254(b)(1)(A); 42 Pa.C.S. § 9544(a)-(c). This court will dismiss a procedurally defaulted claim unless Petitioner demonstrates both "cause" for the default *and* "actual prejudice" as a result of the alleged violation of federal law," or that the court's failure to consider the claims will result in a "fundamental miscarriage of justice."

"Cause" sufficient to excuse procedural default requires a showing that some objective factor, outside of counsel or Petitioner's control, prevented compliance with state procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Caswell*, 953 F.2d at 862. "Actual prejudice" occurred

---

[36] Collateral attack pursuant to the Pennsylvania Collateral Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.* requires that 1) a claim has not been previously litigated or waived *and* 2) the previous failure to raise the issue was not the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S. § 9543(a)(3)-(4). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue" or "it has been raised and decided in a proceeding collaterally attacking conviction or sentence." 42 Pa.C.S. § 9544(a)(2)-(3). An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding. 42 Pa.C.S. § 9544(b).

if an error caused the "actual and substantial disadvantage" of Petitioner. *See U.S. v. Frady*, 456 U.S. 152, 170 (1972). The burden of proof falls on Petitioner to establish both cause for the default and prejudice resulting therefrom. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Coleman*, 501 U.S. at 754; *Caswell*, 953 F.2d at 962. Fundamental injustice has been defined to encompass instances in which newly discovered evidence makes it "more likely than not" that a reasonable juror would find a petitioner not guilty. *See Coleman*, 501 U.S. at 750; *Schlup v. Delo*, 513 U.S. 298 (1995); *see also Caswell*, 953 F.2d at 857.

C.   Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996("AEDPA"), a federal habeas court may not overturn a state court's resolution of the merits of a constitutional issue unless the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court, in *Williams v. Taylor*, 2000 WL 385369 (U.S.), recently discussed the analysis required by § 2254(d)(1):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at *28. The Third Circuit, consistent to the *Williams v. Taylor* interpretation, set forth in *Matteo v. Superintendent, SCI-Albion*, 171 F.3d 877, 891 (3d Cir. 1999) a two tier approach to determining 2254(d)(1) issues:

First, the federal habeas court must determine whether the state court decision was "contrary to" Supreme Court precedent that governs the petitioner's claim. Relief is appropriate only if the petitioner shows that "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *O'Brien [v. Dubois]*, 145 F.3d [16], 24-25 [1st Cir. 1998]. In the absence of such a showing, the federal habeas court must ask whether the state court decision represents an "unreasonable application of" Supreme Court precedent: that is, whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified. If so, then the petition should be granted.

To apply the foregoing standard to pure questions of law and to mixed questions of law and fact, this court must first determine whether the outcome in Petitioner's case offends an established Supreme Court rule. Section 2254(d)(1) restricts the phrase "Clearly established Federal law" . . . "to the holdings, as opposed to the dicta of [the United States Supreme Court] as of the time of the relevant state-court decision." *Williams*, 2000 WL 385369 at 28. Under the "unreasonable application" clause,

a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 27.

Additionally, the AEDPA provides for relief if an adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). State factual determinations are presumptively correct, and they may be rebutted only upon presentation of clear and convincing evidence. *See* 28 U.S.C. § 2254(c)(1).

11

D. Underline{Exhausted Claims}

   1.    Ground Five - Claim that guilty plea colloquy failed to correctly advise Petitioner of his maximum sentence by law.

Although the trial judge accepted Petitioner's guilty plea as knowing, voluntary, and intelligent[37] Petitioner now contends that the guilty plea colloquy was improper because the trial court erroneously overstated his possible maximum (352 years[38] instead of 122 years) and minimum sentences. Petitioner, unsuccessfully, challenged the guilty plea colloquy in his first PCRA petition and subsequent appeals to Pennsylvania appellate courts. It is therefore exhausted and appropriate for habeas review.

A guilty plea entered in response to state criminal charges will provide a basis for federal habeas relief only if the plea was involuntary. *See Siers v. Ryan*, 773 F.2d 37, 42 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989), *citing Tollett v. Henderson*, 411 U.S. 258 (1973). "As the plea colloquy is designed to uncover hidden promises and representations as to the consequences of a guilty plea," a defendant's declarations made under oath at a plea colloquy "ought not to be lightly

---

[37] N. T. August 4, 1983, 32. The transcript evidences Petitioner's informed waiver of essential constitutional rights. Rights specifically waived included his right to plead not guilty (N.T. August 4, 1983, 18); to trial by a jury or judge (*id.* at 20-21); to certain appeal rights (*id.* at 23); to file certain pre-trial motions (*id.*); and, to suppress evidence or statements (id.) Additionally, he acknowledged guilt:

> The Court: I want a clear statement that admits that you did each and every of the acts with which you are charged. If you did not do them, then don't admit them. I am not pushing you to admit to something that you did not do. Now, you're the one that knows whether you did them or not. I wasn't there. You were. So, now, did you do these things or not?"
>
> Petitioner: "Yes, I did, Your Honor."

(N. T. August 4, 1983, 23). Furthermore, at an evidentiary hearing on August 22, 2000, Petitioner admitted it was his ultimate decision to plead guilty after he had spoken with trial counsel on at least four occasions. *N.T.* August 22, 2000, 39-41.

[38] *See* N.T. July 19, 1983, 17.

cast aside." *Zillich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985), *quoting North Carolina v. Alford*, 400 U.S. 25, 31 (1970). This question "should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." *Brady v. United States*, 397 U.S. 742 (1970). After thorough examination of the instant record, this court agrees that Petitioner's guilty plea was knowing, intelligent, and voluntary.

The trial court's error in stating Petitioner's maximum sentence, was immaterial. First, Petitioner's natural life would expire prior to his release whether he served a maximum sentence of 352 years or one of 122 years. Moreover, if Petitioner was inclined to plead guilty in the face of the longer term, clearly he would have done likewise in exchange for the shorter correct sentence. Accordingly, this court finds that the error was not prejudicial, did not invalidate the plea, and did not rise to the level of Constitutional error. This claim, therefore, must be dismissed as meritless.

2.    Grounds Six and Seven (a)-(d) - Ineffective Assistance of Counsel Claims

Petitioner has presented five ineffective assistance of counsel claims - Grounds Six and Seven (a)-(d). Ground Six, which asserts that trial counsel was ineffective for failing to inform Petitioner that entering a guilty plea would waive any suppression issues, and Ground Seven (c), which asserts that trial counsel was ineffective for failing to advise Petitioner of his appellate rights, are deemed exhausted.

To prevail on his ineffective assistance of counsel claims, Petitioner must meet the two-prong standard established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must first demonstrate that counsel's performance was so deficient as to fall

13

below an objective standard of "reasonableness under prevailing professional norms." *Id.* at 688. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. In assessing an attorney's performance, every effort must be made to "eliminate the distorting effects of hindsight," reconstruct the circumstances of counsel's conduct, and evaluate the conduct from counsel's perspective at the time. *Id.* at 689. After having adequately established that counsel's performance was constitutionally deficient, Petitioner must further show that the deficient representation prejudiced the defense. In a guilty plea case, that prejudice is met by establishing that, but for counsel's deficient performance, Petitioner would not have waived his right to proceed to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner could possibly satisfy the first prong of the *Strickland* standard if he were to prove that counsel inappropriately failed to inform him of his appellate rights. However, recently the United States Supreme Court refused to hold that counsel must always consult with the defendant regarding an appeal. The court explained situations where that tactic may not be required:

> "suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal."

*Roe v. Flores-Ortega*, - U.S. - , No. 98-1441, 2000 U.S. Lexis 1539 (2000).

In the instant matter, the trial judge adequately informed Petitioner of his appellate rights at the time of sentencing, on the record.[39] Thus, Petitioner cannot credibly claim he was unaware of

---

[39] The Court: "Now, addressing the post trial rights of [Petitioner] . . . , I wish to advise each defendant that the -- each of you, [Petitioner] and Mr. Metzler have the

14

these rights. Accordingly, the state courts' decision that trial counsel was not ineffective in failing to inform Petitioner of his appeal rights, did not offend federal law set forth in *Strickland* or *Hill*. Likewise, trial counsel was found not to be ineffective for failing to inform Petitioner that entering his guilty plea would effectively waive suppression issues, because Petitioner also was informed of that waiver in open court.[40] Petitioner has not presented one scintilla of evidence to disprove any of the state courts' factual findings on point. *See* 28 U.S.C. § 2254(e)(1) (as to factual findings, a state court is entitled to a presumption of correctness which can be rebutted only with clear and convincing evidence). As no deficiency occurred, inquiry into the prejudice prong of *Strickland*

---

right to file a motion challenging the validity of my sentence, you have the right to do that within ten days of today's date. If you should file a motion and I should grant reconsideration of the sentence then I would enter an order granting reconsideration.

In the event that I did not grant a reconsideration of the sentence within 30 days of today's date then the defendant's only other remedy would be by appeal to the Superior Court.

In the event that I did grant an order within this 30 day period after today for reconsideration of sentence, then I would vacate the sentence and reconsider it but neither defendant should – and I should comment there is no present motion before me at this time.

In any event, both defendants have the right to appeal from a final order entered by me within 30 days after the date of the final order so that if there is no motion for reconsideration or to set aside the sentence or in the event that I should not grant a motion for reconsideration, and today's sentence were a final order, then the defendant would have to appeal within 30 days of today's date.

In the event I granted reconsideration and then subsequently entered another order making any modification or change in the sentence or even in restating the sentence, that that was the final order, a defendant would have 30 days from the date of that final order to file an appeal to the Superior Court."

*N.T.* December 12, 1983, 182-183.

[40]    The Court: "You are by virtue of this guilty plea giving up certain appeal rights. Were you pleading not guilty, you would have the opportunity and right to file certain pre-trial motions, *for example, to suppress evidence or statements,* things of that nature and the decision relating to those motions would be subject to an appeal and would appear usually in the form of a motion for a new trial or an arrest of judgment after conviction. Do you understand that?" (emphasis supplied)
Petitioner: "Yes, sir."

*N.T.* July 19, 1983, 23. This court notes that one attorney actually filed a suppression motion on Petitioner's behalf, though he did not first discuss the matter with Petitioner. *See N.T.* August 22, 2000, 39.

would be futile.  Petitioner's exhausted ineffective assistance of counsel claims are denied.

E.  Procedurally Defaulted Claims

Petitioner failed to raise Grounds One through Four, and Seven (a), (b), and (d) on direct appeal, in any of his four PCRA petitions, or by mandamus, thus, they have not been exhausted. Moreover, Petitioner cannot now litigate these claims in the state courts because they are either time-barred under the PCRA, as amended, or otherwise not reviewable.  *See* 42 Pa.C.S. § 9545(b)(1).[41]

Generally, collateral actions must be filed within one year of the date a conviction becomes final.  *See id.*  This state statute of limitations, consistently applied since its effective date, creates a jurisdictional bar to Petitioner's successful institution of proceedings in state court.  *See Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998); *Commonwealth v. Banks*, 726 A.2d 374, 375-76 (Pa. 1999).  Petitioner's judgment of sentence became final prior to the 1996 amendments to Pennsylvania's Post Conviction Relief Act.  Therefore, he was required to file his PCRA petition on these issues by January 16, 1997, but failed to do so.

Nevertheless, PCRA review could be available if Petitioner were able to satisfy one of three narrow exceptions enumerated under 42 Pa.C.S.A. § 9545(b)(1).  Petitioner cannot, however, meet

---

[41] 42 Pa.C.S. § 9545(b) provides:

(b) Time for filing petition.
  (1) Any petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that
      (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
      (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
      (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

16

these requirements as he neither claims recent discovery of relevant facts, nor suggests that a recently pronounced state or federal supreme court law applies retroactively to give him new rights. Moreover, Petitioner has not alleged that any government officials interfered with his presentation of his claims. He, in fact, successfully filed prior collateral actions and waived the instant claims by not including them therein. Thus, under Pennsylvania law, Petitioner is clearly barred from returning to the state courts. As Petitioner has not alleged or demonstrated sufficient facts to excuse his default, state procedural exhaustion is impossible .

Petitioner also has not demonstrated cause and prejudice or a miscarriage of justice that would excuse his procedural default from this court's perspective. Consequently, this court lacks authority to grant relief on any of his remaining claims, even if they were meritorious. Nevertheless, Plaintiff's defaulted claims should be denied pursuant to 28 U.S.C. § 2254(b)(2) (a habeas petition "may be denied on the merits, notwithstanding failure [to exhaust available state remedies]").

1.  Ground One

Petitioner asserts that the Department of Corrections (DOC) schemed to delay his parole, intentionally created a negative institutional record, falsely charged him with infractions, denied him due process at institutional administrative hearings, misstated his educational progress, and otherwise harassed him to keep him from parole. He further contends that these detrimental actions were taken in retaliation for his successful pursuit of a civil rights claim against the DOC and eleven correctional officers.

At an evidentiary hearing on August 22, 2000, Petitioner gave credible testimony to show that inaccurate data existed in his parole records. However, he was unable to substantiate his bald assertions that the DOC, intentionally and in retaliation for his use of the court system to file legal

17

actions on behalf of himself and other inmates, placed false substance abuse charges (N.T. August 22, 2000, 14) and assault offenses (*id.* at 30) in his prison record, refused him admission to Board mandated drug rehabilitation programs, (*id.* at 16-17) denied him access to educational programs, (*id.* at 17) and violated his due process rights relative to prison administrative hearings (*id.* at 28). Although Petitioner testified that these errors or deprivations caused the repeated parole denials, (*id.* at 30), he admitted that he was told a legitimate reason ("Mud Man" situation) for them (*id.* at 13).

This court is not persuaded by Petitioner's account of why he was denied parole. Ample legitimate reasons justify the Board's denial of parole. *See* Attachment B. Petitioner was convicted on multiple counts of highly assaultive crimes.[42] Furthermore, Petitioner admitted that, while incarcerated, he has amassed at least 37 Class I (highest level) misconducts. (*Id.* at 32). The foregoing factors, in and of themselves, justify the Boards refusal of parole. Furthermore, Petitioner failed to establish that the parole examiners who denied him parole were aware of or inappropriately considered his litigiousness in concluding that he should continue to serve his sentence in prison. Accordingly, I would deny this unsubstantiated claim.

2. Ground Two

Petitioner complains in Ground Two that his sentences were unlawfully aggregated and extended by *ex post facto* application of the 1996 amendment to the Parole Act of 1941. In essence, Petitioner's claim assumes that, since the 1986 "amendments" to the parole act were not in effect at the time that he was convicted, application of these guidelines to his parole determination violates the *ex post facto* clause. However, the 1986 changes were to parole guidelines not any statute or law.

---

[42] *See* Attached Exhibit B. Two incidents involved Petitioner breaking into homes while the owners were present to rob and terrorize them at gunpoint. On two other occasions, Petitioner robbed men as they made withdrawals at automatic teller machines. He smashed one victim in the face with his gun.

18

The *ex post facto* clause of the U.S. Constitution, art. I § 10 cl. 1, prohibits the government from enacting a law which punishes an act "not punishable at the time it was committed; or imposes additional punishment to that then described." *Weaver v. Graham*, 450 U.S. 24, 28 (1981)(citations omitted).  Initially, Plaintiff must prove existence of a "law" that makes his punishment more burdensome. *See Jubilee v. Horn*, 959 F.Supp. 276, 282 (E.D.Pa. 1997).  In regard to the denial of parole, this circuit has held that the relevant inquiry is

> whether the guidelines in fact are applied with 'substantial flexibility'
> . . . . A [Board] practice to accord each inmate individualized treatment
> would not necessarily be dispositive of the issue, but . . . the 'range
> and contours of that allegedly individualized treatment' would also be
> relevant to the determination of whether the guidelines were merely 'a
> channel for discretion' or 'an unyielding conduit' which constitutes a
> 'law' for *ex post facto* purposes.

*Forman v. McCall*, 776 F.2d 1156, 1160 (3d Cir. 1985).  Thus, unless the new guidelines were applied "without substantial flexibility," there would be no violation of the *Ex Post Facto* Clause.

In the instant matter, Petitioner offers no evidence that the Board applied its policies or guidelines in a rigid manner rather than as a tool to facilitate exercise of its discretion. In an identical situation this district court found no constitutional violation.

> "[I]t appears that the Board adheres to no formal guidelines in
> making its parole and reparole determinations. Rather, the Board has
> complete discretion 'to release on parole any convict . . . except
> convicts condemned to death or serving life imprisonment, whenever,
> in its opinion the best interests of the convict justify or require his
> being paroled and it does not appear that the interests of the
> Commonwealth will be injured thereby." 61 Pa.Con.Stat.Ann. §
> 331.21. We therefore find Plaintiff's allegation of "newly established
> parole criteria" insufficient to state a claim under the *Ex Post Facto*
> Clause."

*Jubilee*, 959 F.Supp. at 282.  Likewise, no *ex post facto* violation occurred herein.

19

Petitioner cannot prove that the Board makes and applies its own laws without accountability to the legislature or judiciary, because it did not apply the new rules rigidly. Petitioner was given individualized consideration for parole. The Board, albeit incorrectly, specifically considered facts applicable to Petitioner's case and cited appropriate grounds, such as Petitioner's substance abuse, prior and ongoing assaultive behavior, victim injury, unfavorable DOC recommendation, need for counseling and treatment, and public safety mandates, for its decision. After discussion with Petitioner and an opportunity to refute inaccuracies, Petitioner was given recommendations that established clear, legitimate, criterion the Board would consider at the next review. Accordingly, sufficient flexibility exists for this court to find no constitutional violation.

### 3. Ground Three

Petitioner, an African-American, contends that the Board continues to deny him parole on the basis of race. In support of this claim, Petitioner states, without substantiation, that "[s]tatistical studies show that Black violent offenders in the Commonwealth are less likely to be paroled than white offenders." *See* Petition at [3]. Inasmuch as no evidence whatsoever was presented at the hearing or otherwise to support this claim (*see* N.T. August 22, 2000, 46), it must be denied.

### 4. Ground Four

Petitioner next argues that he was denied parole in retaliation for his role as a perceived jail house lawyer. Petitioner specifically accused Board hearing examiner David Withers of threatening to repeatedly deny parole unless he stopped filing legal actions[43] and prison grievances. These facts present a cognizable claim inasmuch as it would be unconstitutional to deny an inmate parole for

---

[43] On March 7, 2000, Petitioner filed a lawsuit in U.S. District Court, Middle District of Pennsylvania, against Martin Dragovich and several other individuals, including John Doe. Petitioner contends that Withers, one of the defendants, had knowledge of the lawsuit at the time he interviewed, and denied, Petitioner parole in June 2000. *N.T.* p. 31.

engaging in constitutionally protected activity. *See Crawford-El v. Britton*, 523 U.S. 574 (1998); *Anderson v. Davilla*, 125 F.3d 148, 161 (3d Cir. 1997). The Third Circuit's standard for proving such a claim requires Petitioner to demonstrate that

> (1) he engaged in protected activity; (2) Defendants responded with retaliation; and (3) his protected activity was the cause of Defendants' retaliation. . . . Once [the petitioner] shows that his protected conduct was a 'substantial motivating factor' for the defendant's actions, the burden shifts to the defendant to establish that it would have reached the same decision even in the absence of the protected conduct. *Mt. Healthy City Bd. of Educ.*, 429 U.S. at 287 [1977]; *Anderson*, 125 F.3d at [161-] 163; *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000).

*Rauso v. Vaughn*, 2000 WL 873285 (E.D. Pa. June 26, 2000).

Petitioner has failed to meet his burden at step two of the *Rauso* test. He presented no evidence whatsoever in his legal filings or at the August 22, 2000 hearing to even remotely establish that his parole denial was retaliatory. To the contrary, Mr. Withers, the parole examiner who interviewed Petitioner and denied him parole on the last two occasions, forcibly and credibly testified that he was unaware of any lawsuits at the time of his refusal and would not have considered race or litigation in reaching his decision. *See N.T.* August 22, 2000, 52-53. Mr. Withers identified some appropriate criteria upon which his recommendation would have been based:

> . . . impressions of [Petitioner] during the interview, his responses to the information we asked for about his crime, the institutional adjustment, whether there were misconducts or not, his response to those, his response to requested programs that he take by the institution and so on.

*N.T.* p. 60, 62. Mr. Withers and other Board hearing examiners would not independently assess the truth of DOC misconducts, although a list of charges and occasionally a copy of them were contained in the Board file. *See N.T.* at 54-55. Moreover, Mr. Withers testified that, although

21

examiners often follow DOC recommendations, they have discretion to override an unfavorable prison recommendation. He has in the past ignored such negative recommendations and stated that he would have done so in Petitioner's case, if he had deemed parole appropriate. *See id.* Parole examiners, including Mr. Withers, do not have any personal contact with DOC employees. *See id.* at 52-53. Rather, their decision to grant or deny parole is based upon a review of the Board's file and the impression obtained during an interview with the inmate. When Petitioner told Mr. Withers that he had filed a lawsuit against him and accused Mr. Withers of stating that he would deny Petitioner parole until he stopped filing lawsuits, Mr. Withers promptly arranged for Petitioner to have an immediate second interview with another hearing examiner. However, Petitioner, disappointed and unaware that a different examiner would conduct the follow-up interview, refused to respond to the Board's request that he return. *See id.* at 57, 66.

Based on the record as a whole, I find that Petitioner has not established any nexus between the ultimate decision-maker, Mr. Withers and DOC personnel who may have had a motive to retaliate against Petitioner. To the contrary, the motivating factor appeared to be legitimate penal interests. Hence, I would deny this claim on the merits.

5. Ground Seven

Petitioner contends that he was denied effective assistance of trial counsel in that he failed to 1) adequately investigate his case; 2) present alibi testimony; 3) advise him of available defenses, and 4) advise him of the correct mandatory minimum sentence. Upon review of the record, none of these assertions are sufficiently substantiated to justify habeas relief.

At the August 22, 2000 hearing, Petitioner admitted that he did not know if counsel had investigated potential witnesses, because counsel never discussed that issue with Petitioner. N.T.

August 22, 2000 at 25. Moreover, Petitioner admitted that counsel had previously testified that he had investigated one alibi witness. *Id.* at 34-35. Petitioner failed to indicate whether his witnesses were indeed ready and willing to testify. He did not state what favorable testimony, if any, could have been elicited from any witnesses. Moreover, counsel had previously indicated that he had, quite appropriately, refused to look favorably upon one witness who would have, upon cross examination, been required to testify that Petitioner was AWOL from a juvenile facility at the relevant time. *Id.* at 38. Thus, Petitioner has not demonstrated that counsel was derelict during his criminal representation as regards investigating and producing witnesses for trial. The record is also devoid of any prejudice that resulted to Petitioner because of the purported omissions. As neither prong of *Strickland* can be met, these claims fail.

Petitioner further testified that trial counsel never advised him of his available defenses . *See id.* at 27. This Court finds this statement incredible, particularly in light of the fact that trial counsel was a family acquaintance who spoke to Petitioner at Bucks County prison and on the telephone on at least four occasions prior to trial and previously had represented Petitioner in juvenile matters. *See id.* at 33. Furthermore, Petitioner has not asserted any viable defenses he would have presented. In light of the guilty plea and lack of evidence of innocence, I would deny this frivolous claim.

Finally, Petitioner testified that trial counsel was ineffective because he failed to advise him of the correct mandatory minimum sentence. However, the record reflects that the trial court did advise Petitioner of the appropriate sentencing parameters. *See id.* at 25-26. Even if Petitioner met the first prong of the *Strickland* test by establishing that trial counsel was constitutionally deficient in failing to advise him of the correct mandatory minimum, he cannot prove he suffered any prejudice whatsoever because of an error that actually meant Petitioner would serve less time prior

to being eligible for parole. Thus, the second prong of *Strickland* is not met and the claim fails.

Accordingly, I make the following:

## **RECOMMENDATION**

FILED  SEP – ...

AND NOW, this 31st day of August, 2000, for the reasons contained in the preceding report.

it is hereby RECOMMENDED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254 be DENIED and DISMISSED without an evidentiary hearing. Petitioner has not

demonstrated a substantial violation of any Constitutional right; therefore, there is no probable cause

to issue a certificate of appealability.

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE



# Supreme Court of Pennsylvania
## Middle District

434 MAIN CAPITOL BUILDING
P.O. BOX 624
HARRISBURG, PENNSYLVANIA 17108
(717) 787-6181
http://www.courts.state.pa.us

SHIRLEY BAILEY
CHIEF CLERK

January 14, 2000

Charles Iseley
AM-9320
301 Morea Rd
Frackville, PA 17932


RE:  COMMONWEALTH OF PENNSYLVANIA
     RESPONDENT
        V.
     CHARLES ISELEY
     RESPONDENT


## NO. 0213 M.D. MISCELLANEOUS DOCKET 1999


Dear Counsel:

    This is to advise that the attached order, a certified copy
enclosed, has been entered in the above-captioned matter.

                Very truly yours,

                Office of the Prothonotary
                Supreme Court of Pennsylvania


/lz
Attachment
c:
      SUPERIOR 2790, 2791PHL98
        Bucks
      Alan M. Rubenstein, District Attorney
      Karen Diaz, Esquire


ATTACHMENT "A"



# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 213 M.D. Misc. Dkt. 1999

        Respondent        :

                      :

          v.              :

                      :

CHARLES ISELEY,          :

        Petitioner         :

## <u>ORDER</u>

**PER CURIAM:**

    **AND NOW**, this 13th day of January, 2000, the Petition for Leave to File Allowance of Appeal Nunc Pro Tunc is denied.

TRUE & CORRECT COPY

ATTEST: JAN 1 4 2000

*Shirley J. Phipps*

SHIRLEY J. PHIPPS
APPELLATE CLERK

COAL TOWNSHIP
00 MAY -6 PM 2:52
PAROLE OFFICE

COMMONWEALTH OF PENNSYLVANIA
STATE CORRECTIONAL INSTITUTION
AT SCI-COAL TOWNSHIP, PA 17866

DATE:      May 1, 2000

SUBJECT:   Marshall Decision Review
           Charles Isley - A Housing Unit

TO:        Parole Office - Coal Township

FROM:      Frank D. Gillis          BY:   A Housing Unit Management Team
           Superintendent

In response to Marshall Decision Review on Charles Isley, AM9320
the following is the most current information available:

Mr. Isley, age 35, is serving a 12 year, 6 month to 25 year sentence for Robbery (9 counts), Reckless Endangerment, Burglary (2 counts), Conspiracy (2 counts), and Possession of Offensive Weapon. He was received at SCI-Coal Township on 04-18-00. He has a minimum date of 07-27-90 and a maximum date of 01-22-08.

Mr. Isley has a juvenile criminal history of prior assaultive and property related offenses, resulting in probation and juvenile commitment. He had frequent absences from placement and committed his current crime during this period of time. He has no detainers. Mr. Isley has received 37 Class I misconducts on record.

Mr. Isley is presently not in any programs.

Taking all of the above factors into consideration, the State Correctional Institution at Coal Township does not recommend Mr. Isley for parole at this time.

cc:    DC-15
       DC-14

ATTACHMENT "B"

```
PA DEPT. OF CORRECTIONS          MISCONDUCT TRACKING SYST        RUN:    DR017RPT
COMPUTER SERVICES                   CONDUCT RECORD               DATE:   5/01/2000
REMOTE PRINT TIME  9:47       CONDUCT VIOLATION AND DISPOSITION  PAGE:   1
                                FROM  8/04/1997 TO  5/01/2000
```

====================================================================================

INMATE NUMBER: AM9320                        INMATE NAME:  ISLEY

LOC: ROC   MISCONDUCT DATE: 03/02/1998   MISCONDUCT NUMBER: 0A11306
       CHARGES & DISPOSITION
       *** CHARGES DISMISSED/NOT GUILTY BY HEARING

LOC: ROC   MISCONDUCT DATE: 08/24/1998   MISCONDUCT NUMBER: A122000
       CHARGES & DISPOSITION
       B  12  ANY VIOLATION OF THE PCCC                      GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY              8/26/1998    90 DAYS

       1ST LEVEL OF APPEAL    9/04/1998  ABC   9/10/1998  UPHOLD HEAR'S DECISION
       2ND LEVEL OF APPEAL    9/15/1998  ABC   9/15/1998  UPHOLD HEAR'S DECISION

LOC: MAH   MISCONDUCT DATE: 12/14/1998   MISCONDUCT NUMBER: A110205
       CHARGES & DISPOSITION
       B  07  REFUSING TO OBEY AN ORDER                      GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             12/16/1998    30 DAYS

       1ST LEVEL OF APPEAL   12/29/1998  AC   12/30/1998  UPHOLD HEAR'S DECISION
       2ND LEVEL OF APPEAL    1/06/1999  AC    1/06/1999  UPHOLD HEAR'S DECISION
       3RD LEVEL OF APPEAL    1/18/1999  NA    1/20/1999  UPHOLD HEAR'S DECISION

LOC: MAH   MISCONDUCT DATE: 08/27/1999   MISCONDUCT NUMBER: 0A27518
       CHARGES & DISPOSITION
       A  1N  THREATENING EMPLOYE                            GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY              8/27/1999    60 DAYS

       1ST LEVEL OF APPEAL    9/01/1999  AC    9/02/1999  UPHOLD HEAR'S DECISION
       2ND LEVEL OF APPEAL    9/10/1999  NA    9/10/1999  UPHOLD HEAR'S DECISION
       3RD LEVEL OF APPEAL    9/22/1999  NA    9/22/1999  UPHOLD HEAR'S DECISION

LOC: MAH   MISCONDUCT DATE: 01/14/2000   MISCONDUCT NUMBER: A270930
       CHARGES & DISPOSITION
       *** CHARGES DISMISSED/NOT GUILTY BY HEARING

*** TOTAL NUMBER OF MISCONDUCTS:           5

IN THE US COURT OF APPEALS FOR THE THIRD CIRCUIT

CHARLES ISELEY,
    Appellant,
      v.
MARTIN DRAGOVICH, et al.,
    Appellees.

:
:
:    C.A. No. 00-3580
:
:
:

## CERTIFICATE OF APPEALABILITY

Appellant hereby certifies that the following are appealable matter

## I. Illegal Sentence

The lower court erroneously ruled appellant's sentence was "illegal" based on "aggregation". However, that was not even the issue. It was not the aggregation but the credit one which was misapplied. The following distinction reveals the illegal sentence

On December 7, 1983, appellant received seven criminal terms. None of the terms were mandatory

Six of the terms, five 7½ to 15 year terms and a 1 to 3 year term, were ordered to be served concurrently and appellant was granted approximately eleven months credit for the six terms and each of them and as a result the six terms began and took effect January 22, 1983 (see Exhibit A).

The seventh and last term, a 5 to 10 year term, was ordered to be served consecutive to all the concurrent terms and was ordered to begin and take effect at the minimum expiration of the six concurrent terms. Appellant was graded approximately eleven month

credit for this term and ergo appellant had approximately nine years and one month left to be served on this term (See Exhibit B for sentence credit).

Consequently, appellant was ordered to serve a maximum of 87 years $(5 \cdot 15 + 2 + 10 = 87)$ and his aggregated sentence, pursuant to 42 Pa. C.S.A. 9757, was 12½ to 25 years.

In 1925 appellant should have received two years credit for serving the entirety of the 1 to 2 year term from January 1923 to January 1925.

In 1998 appellant should have received 75 years credit for serving the entirety of each of the five 7½ to 15 year terms $(5 \cdot 15 = 75)$ from January 1923 to January 1998.

In 1999 appellant should have received 10 years credit for serving the entirety of the 5 to 10 year term from January 1923 to December 1933 plus July 1990 to August 1999 (July of 1990 was the minimum expiration of the concurrent terms — 7½ years).

Thus, in 15 years, from 1983 to 1998, appellant accrued 77 years of credit for all of the concurrent terms and in 10 years, January 1923 to December 1933 plus July 1990 to August 1999, appellant accrued 10 years of credit on the 5 to 10 year term.

Consequently, the total credit was 87 years, which is exactly the maximum amount he was ordered to serve $(5 \cdot 15 + 2 + 10 = 87)$.

It is axiomatic that 15 years plus 10 years equals 25 years, which is exactly what appellant's aggregated maximum term was — 25 years.

Nevertheless, appellant remains in prison allegedly because, according to appellees, his 5 to 10 year term did not begin and take effect until the maximum expiration of the concurrent terms which occurred in July of 1990.

However, appellee's allegation is obviously patently false because appellee sentence order for the 5 to 10 year term specifically and clearly states that it begin and take effect at the minimum expiration of the concurrent terms, which occurred in July of 1990 because January 1983 to July 1990 is 7½ years. (See Exhibit B).

Moreover, the appellees specifically stated, during the lower court hearing, that when appellant was reviewed for parole in October of 1995 he was being reviewed for parole release on all his terms. Therefore, at that juncture, at least five years of credit had accrued on the 5 to 10 year term else appellant would not have been eligible for parole release on that term until August 2002 if it did not start until July 1998, as appellees false claim.

In addition, if appellees' allegation were true, then his right to become eligible for parole at each minimum was violated because he was not reviewed on the concurrent terms until approximately 13 years. 42 Pa. C.S.A 9721(e); Marshall v. Bd, 638 A.2d 451 (Pa. Cmwlth 1994); Merritt v. Bd, 574 A.2d 597 (Pa. 1990); Cunningham v. Comm, 394 A.2d 315 (Pa. Cmwlth 1978); Kelly v. Risley, 365 F.2d 201 (9th Cir 1989); Com v. Ward, 568 A.2d 1242, 1244 note 6 (Pa. 1990); Hines v. Pa, 420 A.2d 381, 383 (Pa. 1980); See Exhibit C; Title 37 Pa Code 94.1-?

The fact that appellant's sentences are actually partially consecutive and partially concurrent makes them improper and illegal per se. Com v. Ward, 568 A.2d 1242 (Pa. 1990).

No court has the authority to vacate a sentence that has already expired and, similarly, no court can modify a sentence which has already expired. Appellant is, and continues to be, held in prison illegally despite having served the entirety of his terms.

The court should note that a Pennsylvania state prisoner is not permitted to receive medical care/treatment for serious conditions if he is beyond his minimum sentence. See Iseley v. Dragovich, E.D. Pa. No. 00-4839.

## II. Ex Post Facto Violation & Due Process

Prior to the 1996 amendments to the parole statutes/regulations, appellant had a right to apply for parole release every six months Marshall v. Bd., 638 A.2d 451 (Pa. Cmwlth) 1994). However, after the changes, it was changed to one year. This was not applied to appellant's two codefendants. The retroactive decrease in his parole opportunities is a violation of the ex post facto clause. Jones v. Garner, 164 F.3d 579 (11th Cir. 1999); Kelly v. Risley, 865 F.2d 201 (9th Cir. 1989); Fleming v. Oregon, 998 F.2d 721 (9th Cir. 1993); Cromwell v. U.S., 724 F.2d 1406, 1407 (3d Cir. 1984); Collins v. Youngblood, 497 U.S. 37, 46 (1990).

Moreover, prior to the changes over 80% of offenders received parole release at their minimum but afterward the board initiated a new goal of requiring violent offenders to serve at least 85% of the maximum term. Bonilla v. Vaughn, 1998 WL 48(233, pg 5 (E.D. PA). The board has initiated the alternatives even prior to the changes and started approximately in August of 1995 after the "Madman incident" in New Jersey. None of the goals were applied to appellant's codefendants who made release prior to the new rules/regs/amendments/statutes. In essence, appellant is required to serve 85% of his maximum while his codefendants were able to serve approximately 50%. Appellant's sentence was lengthened while his codefendants' were not.

## III. Equal Protection Violation

The fact that the above was applied to appellant and not his codefendants is a violation of equal protection.

The appellant was obviously adversely affected and the reasons for the denial of parole reflect that the board just made them up as an excuse to deny all violent offenders to make them serve 85% of the maximum.

For example, appellant was allegedly denied parole for high assaultive potential substance abuse and weapon used in offence. However none of these reasons barred his codefendants from parole release.

Appellant was also denied allegedly because he did not take any programs. However, that was a lie because appellant completed or participated in several programs.

## IV. Due Process

The lower court ruled that the board denied appellant parole for inaccurate or false reasons. Adverse parole consequences resulting from inaccurate data is a constitutional violation. Mauree v. Thigpen, 932 F.2d 1437, 1441 (11th Cir. 1991).

## V. Denial of Right to Appeal

The lower court ruled that the trial court fully informed appellant of his appellate rights. However, the ruling is erroneous. The lower court's reasoning is faulty

Appellant's issue, specifically, is that he was never apprised
of his right to appeal the denial of his presentence motion to with-
draw his guilty plea as he should have been Pa.R.Crim.P. 1405(c)()
(See Exhibit D). Neither the court nor his attorney notified him
of this appellate right. It should be noted that the standard to with-
draw a plea prior to sentencing is much less strict than afterward
and that appellant had a much higher probability of securing a trial
on direct appeal than on collateral attack.

## VI. Invalid Guilty Plea

A guilty plea cannot be valid without the assurance that the
defendant fully comprehends the possible maximum punishment that he
may receive. Com. v. Persinger, 615 A.2d 1305, 1307 (Pa. 1992).
During the colloquy appellant was incorrectly informed that the
possible maximum sentence was 352 years when in reality it was
8 to 18 years. It is axiomatic that if the defense counsel, judge
and district attorney had no idea of the correct possible maximum
then neither did appellant and out of all of the persons present—
it was he who legally was to be informed of the correct possible
maximum.

The lower court stated that appellant's sentence life would
expire anyway at either the correct or incorrect maximum. Such
reasoning is illogical because it has nothing on whether appellant
understood the possible maximum punishment and because it is
just plain wrong — appellant would be eligible for release at half
of the 352 years and eligible for prerelease programs at half that

The trial court also failed to inform appellant of all the elements of all the charges to which he was pleading guilty and ergo he could not have understood the factual or legal basis of all the charges as he should have. Com. v. Schork, 467 Pa. 248, 25c (1976).

In addition, appellant's attorney never made him aware of the meritorious suppression issues that were in existence prior to the tendering of the plea or anytime thereafter (appellant did not find out until a PCRA hearing years later).

The lower court ruled that that was immaterial since the trial court informed appellant of his right to file pre-trial motions during ~~colloquy~~. Appellant does not understand how that could affect his not knowing of meritorious issues prior to the guilty plea decision. If appellant had been aware of the meritorious issues then the plea would never have been made, and there would have been no colloquy. In totality the above invalidates the plea. Com. v. Shaffer, 498 Pa. 342 (1972).

VII. Ineffective Assistance of Counsel

Appellant's counsel never informed him of his right to appeal the denial of the presentence motion to withdraw the guilty plea nor did he ensure that the court did.

Appellant's counsel did not inform him of the meritorious suppression issues prior to the tendering of the guilty plea.

Appellant's counsel was ineffective.

Conclusion

Wherefore, the court should permit the appeal.

Respectfully submitted

Date: December 14 2000

Charles Iseley
Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twp., PA 17866

Exhibit A

1  assume the time served is sometime shortly after t

2  date of the Collins offense.  I note on the

3  pre-sentence investigation report of Mr. Metzler

4  that it notes that credit time should be given fro

5  January 25, 1983 to present, whether that is the

6  exact date or not I am not sure.  I assume that th

7  were arrested --

8          MR. GOLDMAN:  Iseley was one day

9  less.

10          MR. THOMPSON:  The preliminary

11  arraignment, Your Honor, was 1:00 a.m. on January

12  22nd.

13          THE COURT:  That would be the date

14  custody?

15          MR. GOLDMAN:  Metzler had one day on

16  the street.

17          THE COURT:  For record purposes, in

18  all of Mr. Iseley's cases he should be given credi

19  for time served since January 22, 1983 as against

20  all of the sentences imposed.  I assume the date i

21  January 23 then, is that correct?

22          MR. BRILL:  I don't know what the

23  date is.

24          THE COURT:  We will make it for

Exhibit B

BUCKS COUNTY
SENTENCE SHEET
ACCOMPANYING CASES

STATE PENITENTIARY

BUCKS COUNTY PRISON

On Information No. _____, 19__, the Court (having received or waived a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than ____ years nor more than ____ years in a State Correctional Institution, there to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

On Information No. _____, 19__, the defendant having waived his right to a pre-sentence investigation _____, the defendant is released on probation for a period of ____, upon the following conditions. Defendant to pay court costs and make restitution in the sum of $ _____ for the use of the _____, and shall follow all specific conditions as hereinafter set forth.

On Information No. _____, 19__, the defendant is released on probation for a period of ____ under the supervision of the (Bucks County Probation Officer) (State Parole Board) from the following conditions. Defendant to pay court costs, upon the following conditions. Defendant to pay court costs of prosecution and in lieu of a fine pay $ _____ for the use of the _____ and make restitution in the sum of $ _____ in monthly installments of $ _____ by making payment on probation in monthly installments of $ _____ by making payment on probation, and abide by the rules and regulations laid down by his probation officer herein and the law in all other respects, and stand committed until the same be complied with.

SPECIAL PROVISIONS:

**BUCKS COUNTY**
**SENTENCE SHEET**

**COMMONWEALTH v.** Charles Cooley

**JUDGE:** G. T. Walker

**D.A.:** R. Nelson

**Def/Off:** T. Thompson

**DATE:** 12/11/83

**OTN:**
**ACCOMPANYING CASES** No. 3-372, 373
                        1375, 1376
                        1374

**NO.** 83-4125
            1375
            1374

**CLERK:**

**NOTES BY:**

---

**BUCKS COUNTY PRISON**

On Information No. _____ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not more than _____ nor less than _____, and Credit is to be given for all time spent in custody, as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PRISON**

On Information No. _____ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ years nor more than _____ years in a State Correctional Institution, as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until this judgment be fully complied with.

**PROBATION**

On Information No. _____ the defendant having waived his right to a speedy trial is released on probation for a period of _____ upon the following conditions: defendant is directed to pay court costs and make restitution in the sum of $ _____ within a period of _____, and obey all specific conditions as hereinafter set forth.

On Information No. _____ the defendant is released on probation for a period of _____ under the supervision of the Bucks County Probation Officer upon the following conditions: defendant is directed to pay the cost of prosecution and in lieu of a fine pay the defendant in the sum of $ _____, in monthly installments of $ _____ and make restitution in the sum of $ _____, in monthly installments of $ _____ to the County of Bucks (and make payment to the probation officer) and abide by the rules and regulations laid down by his probation officer, obey the laws and in all other respects stand committed until the same be complied fully.

---

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ is to begin and take effect at the expiration of the minimum sentence imposed by the defendant for Information No. _____ and, therefore, the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE - WOMEN - MUNCY**

The Court finding the defendant over the age of 16 years, (having received or waives a pre-sentence investigation), orders and directs the defendant to pay the cost of prosecution and undergo imprisonment in the State Correctional Institution for women at Muncy, Pa., for a period of not less than _____ nor more than _____ years and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ the Court finding that the purpose would be served by imposing no further penalty, orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ and is adjudged guilty without further penalty.

**FINE ONLY**

On Information No. _____ the Court finding that the defendant is able to pay a fine, orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ to the use of the (State) Treasurer or the County of Bucks; the same are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS:**
Costs and fine suspended
Commitment

Credit for time served

COMMONWEALTH v. _____

JUDGE: G. Fritsch

D.A.: _____

P.D.: _____

CT: 4/1/83

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the _____

**CONSECUTIVE SENTENCES**

On Information No. _____ the sentence heretofore imposed on Information No. _____ is to begin and take effect at the expiration of the sentence imposed on Information No. _____ and, therefore, the minimum is to be served by the defendant for the total _____ years with respect to which sentence is imposed is a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE - WOMEN - MERCY**

to be a female. The Court finding the defendant _____ to receive or waive a pre-sentence investigation over the age of 16 years, that the defendant to pay the cost of prosecution and the (tional) orders and she undergo confinement in the state industrial home or more than when directed, not less than when at Mercy, Pa., for a period of not less than _____ years and there to be fed, held and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19___ the Court finding that no useful purpose would be served by imposing all order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19___ the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost for the prosecution and a fine in the sum of $_____ to Bucks County. The total fine and costs are to be paid in _____ equal monthly installments.

**STATE PENITENTIARY**

On Information No. 13-74, 82 _____ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correctional Diagnostic and Classification Center in Graterford, Pa., for this purpose. Sec. 1360 of the be given for all the spent in custody as is provided, sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c) Defendant is directed to stand committed until judgment be fully complied with.

**BUCKS COUNTY PRISON**

On Information No. _____ the Court (having received or waives a pre-sentence investigation) and direct that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison, for not less than _____ month nor more than _____. Credit to be given for all time spent in custody as provided for by Sec. 1360 of the Sentencing Code of 1974 and until sentence is completed with.

**ON INFORMATION NO.** _____ 19___

the defendant is released on probation for a period of _____ under the supervision of the (Bucks County Probation Officer) from the following conditions. Defendant is directed to pay court costs and in lieu of restitution the use of the within a period of _____ as hereinafter set forth.

**ON PROBATION NO.** _____ 19___

the defendant having waived his right to a speedy trial is referred on probation for a period of _____ months upon condition and in lieu of restitution in the sum of $_____ of prosecution and make restitution to his Probation Officer) and County of Bucks (and make restitution in monthly installments (and make payment to his Probation Officer) and with the law) in all other respects and stand committed until the same be complied with and shall follow all specific conditions as hereinafter set forth.

**SPECIAL PROVISIONS:**

Costs within 6 mos of release
Concurrent with _____

Cr with for Time served

234.08

Comm____

D5 - 1341
D5 - 1372
D3 - 1173
D3 - 1375
D3 - 1513

**BUCKS COUNTY — SENTENCE SHEET**

**BUCKS COUNTY PRISON**

On Information No. _____, the Court having received or waived a pre-sentence investigation and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and stand committed until sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Steel (b) and (c) of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure.

**STATE PENITENTIARY**

On Information No. _____, the Court having received or waived a pre-sentence investigation order, and directs that the defendant pay the cost of prosecution and undergo imprisonment in the State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Steel (b) and (c) Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure. Defendant is directed to stand committed until judgment be fully complied with.

**PROBATION**

On Information No. _____, the defendant having waived his right to a speedy sentencing conditions. Defendant is released on probation for a period of _____. Defendant is directed to pay court costs and make restitution in the sum of $_____ for the use of _____ within a period of _____ months, and shall follow all specific conditions as hereinafter set forth.

**ON INFORMATION NO. _____, 19___**

On Information No. _____, the defendant is released on probation for a period of _____, under the supervision of the Bucks County Probation Officer or State Parole Board, from the following conditions: Defendant to pay cost of prosecution and in lieu of a fine pay the sum of $_____ for the use of _____ in monthly installments (and make restitution, payment to his probation officer) and installments hereinafter laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied with.

---

**DE FACTO PARDON**

_____, upon motion of the District Attorney a bench warrant is issued for the _____, _____, attachment of _____.

**CONSECUTIVE SENTENCES**

_____, 19__ to _____, 19__ to _____, 19__. The sentence heretofore imposed on Information No. _____ hereby imposed on _____ begin and take effect at the expiration of the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____, 19__, defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE — WOMEN — HUNCY**

The Court finding the defendant _____ over the age of 18 years, (having received or waived a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and further that she undergo confinement in the State Industrial home for women at Huncy, Pa., for a period of not less than _____ nor more than _____ and there committed until the same be complied with, as provided by law. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____, no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____, 19__, the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $_____ for the use of the County of Bucks. The total fine and costs are to be paid in _____ (State Treasurer or the Commonwealth) equal monthly installments.

**SPECIAL PROVISIONS:**

Costs within 6 mo of release
$3 — 137.3
$3 — 137.6
$3 — 137.5
$3 — 157.5
$3 — 134

188.36

Commit. Made 11/9/85 — Credit for time served
Concurrent with

# BUCKS COUNTY

## ACCOMPANYING CASES

**SENTENCE SHEET**

COMMONWEALTH v. _____

PROS: _____

SURCHARGE: _____

JUDGE: _____

D.A. _____

DATE: _____

OTN: _____

NO. B-1576

C'URK: _____

NOTES BY: _____

---

### BUCKS COUNTY PRISON

On Information No. _____ 19___ the Court (having received or waived cost of prosecution investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and stand committed until the cost is complied. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

### STATE PENITENTIARY

On Information No. _____ 19___ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment and sentences the defendant for not less than more than _____ years in a State Correctional Institution at _____ and stand committed until the cost is complied. The defendant is directed to a State Correctional Institution, Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until fully complied with.

### AND

On Information No. _____ 19___ the defendant is released on probation for a period of _____ under the supervision of the Bucks County Probation Officer and subject to the following conditions. Defendant is directed to pay court costs and make restitution in the sum of $_____ within a period of _____ months, and shall follow all specific conditions as hereinafter set forth.

### ON INFORMATION NO. _____ 19___

the defendant is released on probation for a period of _____ under the supervision of the Bucks County Probation Officer and subject to the following conditions. Defendant is directed to pay court costs and make restitution in the sum of $_____ in the use of the County of Bucks (and make restitution in the sum of $_____ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied with.

---

### CONSECUTIVE SENTENCES

The sentence heretofore imposed on Information No. 1576, 19___ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. 1572 19___, of all offenses with respect to which sentence is imposed is a minimum of not less than 12½ years or a maximum of _____.

### SUSPENDED SENTENCE _____ 19___

of prosecution and sentence is suspended.

### SENTENCE — SURETY — MERCY

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and is directed to pay the cost.

The Court finding the defendant over the age of 18 years, (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and further directs that she undergo confinement in the State Industrial Home for _____ to be a minimum of not less than _____ years nor more than at Muncy, Pa., for a period of not less than _____ years nor more as provided by law and stand committed until fully complied and credited in all respects. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

### GUILTY WITHOUT FURTHER PENALTY

On Information No. _____ 19___ the Court finding that no useful purposes would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

### FINE ONLY

On Information No. _____ 19___ the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and to pay a fine of _____ to the Commonwealth for the use of the County of Bucks to the use of the County of Bucks and in the sum of _____ within _____ and be paid to the Treasurer or in the said County of Bucks this total fine and costs are to be paid in _____ equal monthly installments.

---

### SPECIAL PROVISIONS:

### BENCH WARRANT

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____.

---

Case 1:00-cv-02160-YK-DB    Document 21    Filed 12/10/2001    Page 254 of 316

**BUCKS COUNTY**
**ACCOMPANYING CASES**
**SENTENCE SHEET**

PROS:
SURCHARGE:

COMMONWEALTH V. _____

CR-4-79

JUDGE: _____
D.A.: _____
PD/DEF: T. Thompson

DATE: _____

OTN: _____ NO. _____
CLERK: _____
NOTED BY: _____

**BUCKS COUNTY PRISON**

On Information No. ___ the Court (having received or waives
a pre-sentence investigation)orders and directs that the defendant
until sentence is imposed in the Bucks County Prison for
not less than ___ and stand committed
until sentence is complied with. Credit is to be given for all time spent
in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and
by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. ___ the Court (having received or waives
a pre-sentence investigation) orders and directs that the defendant
cost of prosecution and undergo imprisonment for not less than ___ years nor
more than ___ years in a State Correctional Institution to be designated
by the Bureau of Correction and, thereafter, ... for this purpose. Credit is to
be given for all time spent in custody as is provided for by Sec. 1360 of the
Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).
Defendant is directed to stand committed until judgment be fully complied
with.

**AND**

On Information No. ___ the defendant having waived his
right to a speedy trial is released on probation for a period of ___
months upon the following conditions. Defendant is directed to pay court cost
and make restitution in the sum of ___ for the use of the
months, and shall follow all specific conditions as hereinafter set forth.

**ON INFORMATION NO. ___**

the defendant is released on probation for a period of ___
under the supervision of the Bucks County Probation Officer
following conditions. Defendant to pay court
in the sum of ___ for the use of
... monthly
restitution in the sum of ___
by making payment to his probation officer, obey
abide by the rules and regulation of ... his probation officer and
the law in all other respects and stand committed until the same be complied
with.

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. ___ is to
begin and take effect at the expiration of the minimum sentence imposed on
Information No. ___ and, therefore, the sentence to be served
by the Information No. ___ for the total of all offenses with respect to which sentence
is imposed is a minimum of not less than ___ years or a maximum of

**SUSPENDED SENTENCE**

On Information No. ___ defendant is directed to pay the cost
of prosecution, and sentence is suspended.

**SENTENCE - "FORTH" MERCY**

The Court finding the defendant ___ to be a female,
over the sex of 16 years, (having received or waives a pre-sentence investiga-
tion) orders and directs the defendant to pay the cost of prosecution and fur-
ther directs that she undergo confinement in the State Industrial home for
women, at Muncy, Pa., for a period of not less than ___ years nor more
than ___ years and stand committed until the same be complied with,
Credit is to be given for all time spent in custody as is provided for by
Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure
1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. ___ the Court finding that no useful
purpose would be served by imposing an order of probation, the Court hereby
orders and directs the defendant to pay the cost of prosecution and imposes
the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. ___ the Court finding that the defendant
is able to pay the fine and directs the defendant to pay the cost of
prosecution and pay a fine in the sum of ___ to the Commonwealth for the
use of the (State Treasurer or the County of Bucks). The total fine and cost
are to be paid in ___ equal monthly installments.

**SPECIAL PROVISIONS:**
Costs with Cty. Pro. of release
Concurrent with ___

BUCKS COUNTY
SENTENCE SHEET

COMMONWEALTH v. _____

OTN: _____    ACCOMPANYING CASES:

SUPERCHARGE: _____

PROS: _____

BENCH WARRANT

Upon motion of the District Attorney's Bench Warrant is issued for the

attachment of _____

CONSECUTIVE SENTENCES

The sentence heretofore imposed on Information No. _____ is to
begin *and take effect* at the expiration of the minimum sentence imposed on
Information No. _____; and, therefore, the sentence to be served
by the defendant for the total of all offenses with respect to which sentence
is imposed is a minimum of not less than _____ years or a maximum of
_____ years.

BUCKS COUNTY PRISON

On Information No. _____ 19_____ the Court having received or waives
a pre-sentence investigation orders and directs that the defendant pay the
cost of prosecution and undergo imprisonment in the Bucks County Prison for
not less than _____ nor more than _____ and stand committed
until the sentence is complied with. Credit is to be given for all time spent
in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and
by Pa. Rule of Criminal Procedure 1406 (b) and (c).

SUSPENDED SENTENCE

On Information No. _____ 19_____ defendant is directed to pay the
of prosecution and sentence is suspended.

STATE PENITENTIARY

On Information No. _____ 19_____ the Court (having received or waives
a pre-sentence investigation) orders and directs that the defendant pay the
cost of prosecution and undergo imprisonment for not less than _____ nor
more than _____ years in a State Correctional Institution as shall be designated
by the Bureau of Correction and, therefore, sent to the Correction Diagnostic
and Classification Center in Graterford, Pa., for this purpose. Credit is to
be given for all time spent in custody as is provided for by Sec. 1360 of the
Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c)
Defendant is directed to stand committed until judgment be fully complied

SENTENCE - WOMEN - MERCY

On Information No. _____ 19_____ the defendant
over the age of 16 years, (having received or waives a pre-sentence invest-
tion) orders and directs the defendant to pay the cost of prosecution and
undergo confinement in the state Industrial home for
women, at Muncy, Pa., for a period of not less than _____ years nor more
than _____ years and there is to be fed, clothed and treated in years
as provided by law and stand committed until the same be complied with.
Credit is to be given for all time spent in custody as is provided for by
Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure
1406 (b) and (c).

FINE ONLY

On Information No. _____ 19_____ the Court finding that the defendant
purpose would be served by imposing an order of probation, the Court hereby
orders and directs the defendant to pay the cost of prosecution and
the sentence of guilty without further penalty.

GUILTY WITHOUT FURTHER PENALTY

On Information No. _____ 19_____ the Court finding that no useful
purpose would be served by imposing an order of probation, the Court hereby
orders and directs the defendant to pay the cost of prosecution and imposes
the sentence of guilty without further penalty.

FINE ONLY

On Information No. _____ 19_____ the Court finding that the defendant
able to pay it 19_____ orders and directs the defendant to pay the cost of
prosecution and a fine in the sum of $_____ for the use of the
use of the (State Treasurer or the County of Bucks). The total fine and co
are to be pay in _____ equal monthly installments.

PROBATION

On Information No. _____ 19_____
the defendant is released on probation for a period of _____
right to a speedy trial is released on probation for a period of _____
months, upon the following conditions. Defendant to pay cost
and make restitution in the sum of $_____ (for the use of the
County of Bucks (and make restitution in the sum of _____ monthly
installments of $_____ by making payment to his probation officer) and
abide by the rules and regulations laid down by his probation officer, obey
the law in all other respects and stand committed until the same be complied
with.

the defendant is released on probation for a period of _____
under the supervision of the (Bucks County Probation Officer
of prosecution and (in lieu of a fine) pay costs. Defendant to pay cost
County of Bucks (and in lieu of a fine) make restitution in the sum of $_____
installments of $_____ by making payment to his probation officer) and
abide by the rules and regulations laid down by his probation officer and stand
the law in all other respects and stand committed until the same be complied
with.

SPECIAL PROVISIONS:

Commitment within to run consecutive to other cases
made consecutive to other cases
credit for time served

DATE: 11/7/83

BY/FOR: _____

D.A. _____

JUDGE _____

NO. _____

CLERK: _____

NOTES BY: _____

Exhibit C

# OFFICE of PUBLIC DEFENDER

### Bucks County Administration Building
### 55 East Court Street
### Doylestown, PA 18901

STEPHEN H. SHANTZ
Public Defender

(215) 348-647
Fax (215) 348-649

February 18, 1998

Charles Iseley
#9320
Box A
Belefonte, PA 16823

RE: Commonwealth v. Charles Iseley
1372-1376, 1512, 1376/83

Dear Mr. Iseley:

Please be advised that a copy of your habeas petition
dated December 18, 1997, has been forwarded to the Bucks
County Public Defender's Office. Your petition has been
forwarded by the Bucks County Court Administrator's Office.
I am the chief of the unit within our office which handles
issues involving sentence, probation, and parole.

To further assist you, I will need for you to clarify
certain issues. First, I would like to give you a summary of
the information that I have. If any of the information that
I have is different than yours, please advise me in a follow-
up letter.

At the time you entered your open guilty plea to the
above-captioned criminal matters, you were represented by a
Theodore Thompson, Esquire. You plead guilty to the above-
captioned criminal informations where the underlying charges
consisted of a robbery. On September 19, 1983, you entered
your open guilty plea to the above-captioned criminal matters
with sentencing to be set at a later date.

On December 7, 1983, the Honorable George T. Kelton
imposed a sentence of seven and one-half to fifteen years on
criminal informations 1372, 1373, 1374, 1375, 1513/83. All
of those sentences were to be served concurrently with credit
being given from January 31, 1983. A rough calculation would
indicate that if you were paroled on your minimum that would
be approximately July of 1990. However, if you were to serve
the balance of your entire sentence and max out, the max date
would appear to be January 31, 1998.

On criminal information number 1576/83, the Honorable
George T. Kelton imposed a consecutive sentence of five to
ten years. This occurred on December 7, 1983, and he gave

Page 2
Charles Iseley
February 13, 1998

you credit for the time from January 22, 1983. I am not sure you will be able to receive credit on the consecutive case from January 22, 1983, as that time may have been eaten up and given credit to the case in which you were given a concurrent sentence.

In calculating you maximum and minimum dates, it is important that you include in a letter to me the date that you were actually paroled on all of the concurrent cases. The day that you were paroled on all of the concurrent, the new consecutive sentence of five to ten years would begin. I would then be in a much better position to advise you as to what the sentence would be.

If you were not paroled and maxed out on all of the concurrent cases, you would not begin to serve the time on 1576/83 until February 1 of 1998.

Please forward to me all the information you have as soon as possible in reference to your being granted parole in the concurrent cases. Your prompt response in this matter will be greatly appreciated. Once again please contact me by letter at the Office of the Bucks County Public Defender's, Bucks County Courthouse, Sixth Floor, Doylestown, PA 18901. I look forward to receiving this information and assisting you in this matter.

Very truly yours,

Bradley Bastedo
Senior Deputy Public Defender

BB:erv

Exhibit D



(b) The sentencing judge may impose conditions of confidentiality consistent with this Rule.

te: Adopted July 23, 1973, effective 90 days hence; .mended December 14, 1979, effective April 1, 1980.

### Comment

The policy on disclosure contained in this Rule is intend- l to prevent injustices which may arise when inaccurate .. formation in psychiatric and pre-sentence reports is sub- mitted to the judge unchallenged. However, the Rule is ot intended to encourage formal litigation over these ports but, on the contrary, is intended to prevent such a evelopment by affording counsel for both parties an opportunity to point out any such inaccuracies before the 'udge pronounces sentence. Although the appellate courts ave never conclusively decided whether a defendant i titled to see these reports as a constitutional right, the .upreme Court of Pennsylvania has recently concluded that in its supervisory powers it would direct disclosure of 'ortions not secured on a confidential basis. Common- 'ealth i Phelps, 450 Pa. 597, 301 A.2d 678 (1973)

Paragraph (a)(2) permits the sentencing judge to impose conditions on counsel. This permits the judge to protect the confidentiality of sources of information when deemed ecessary. It also permits the judge in the proper exer- ise of his discretion to withhold portions of the report from counsel or to require counsel not to disclose portions to defendant, when the latter's mental or physical well-be- ng may be jeopardized thereby.

Pursuant to subparagraph (a)(2), it is expected that the reports will be made available in sufficient time for coun- sel to prepare for the sentencing hearing.

The 1979 amendment deleted language in subparagraph a)(2) regarding counsel's opportunity to comment upon the pre-sentence report; the language was viewed as unnecessary in light of the similar provision in Pa.R. Crim.P. 1405(a).

## RULE 1405.    SENTENCING PROCEEDING

At the time of sentencing, the judge shall:

(a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing;

(b) state on the record the reasons for the sen- tence imposed;

(c) advise the defendant on the record:

(1) of his right to appeal and the time within which he must exercise such right and, if he is indigent, of his right to proceed in forma pauperis and to be provided free counsel;

(2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);

(3) of the ten (10) day time limit within which such motions must be filed;

(4) that the defendant is entitled to be represent- ed by counsel in preparing and litigating such mo- tions; and

(5) that only claims raised in this court may be raised on appeal;

(d) require that a record of the sentencing pro- ceedings be made and preserved so that it can be transcribed as needed. The record shall include:

(1) the record of any stipulation made at a pre- sentence conference; and

(2) a verbatim account of the entire sentencing proceeding.

Note: Approved July 23, 1973, effective ninety (90) days hence; Comment amended June 20, 1975, effective immedi- ately; Comment amended and paragraphs (c) and (d) added June 29, 1977, effective September 1, 1977, amended May 22, 1978, effective as to cases in which sentence is imposed on or after July 1, 1978; Comment amended April 24, 1981, effective July 1, 1981.

### Comment

The sentencing proceeding should not take place until all post-verdict motions have been disposed of, and until all pre-sentence, psychiatric and diagnostic reports have been submitted to the court and counsel have had an opportuni- ty to inspect and prepare comment thereon (see Rule 1404).

The defendant's right to allocution at sentencing has long been established See Green v. United States, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

The duty of the sentencing judge to advise the defen- dant of his rights as set forth in subparagraph (c)(1) is discussed in Commonwealth v. Wilson, 430 Pa. 1, 6, 241 A.2d 760, 763 (1968), and Commonwealth v. Stewart, 430 Pa. 7, 8, 241 A.2d 764, 765 (1968).

For the duty of the sentencing judge to state on the record his reasons for the sentence imposed, see Common- wealth v. Riggins, 474 Pa. 115, 377 A.2d 140 (1977).

It is difficult to set forth all of the standards which a judge must utilize and consider in imposing sentence. It is recommended that at a minimum the judge look to the standards and guidelines as specified by statutory law (e. g., the Sentencing Code of 1974, Act of December 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S.A. §§ 1301 et seq., and any other applicable statutes). See also Commonwealth v. Riggins, 474 Pa. 115, 377 A.2d 140 (1977).

If the sentence initially imposed is modified, the sentenc- ing judge should assure that the reasons for the ultimate sentence appear on the record.

The advice mandated under paragraph (c) refers in part to the procedure under Rule 321 and Rule 1410.

With respect to the recording and transcribing of court proceedings, including sentencing, see Pa.R.Crim.P. 9030

It should be noted that Rule 1403(A)(2) requires that the court state on the record reasons for dispensing with a pre-sentence report under the circumstances enumerated therein.

IN THE U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

CHARLES ISELEY,
    Appellant,

      v.

MARTIN DRAGOVICH, et al,
    Appellees.

: C.A. No. 00 - 3580

## PROOF OF SERVICE

I hereby certify that I caused to be served the foregoing Certificate of Appealability and Motion for Appointment of Counsel by mailing true copies of same, postage prepaid, to:

Francis Filipi, dep atty gen
Office of Atty. Gen., Strawberry Sq.
Harrisburg, PA 17120

Michelle Henry, assistant
Office of Dist. Atty.
55 East Court St., Bucks Co.
Doylestown, PA 18901

Date: December 14, 2000

Charles C. Iseley
Charles Iseley

**APPENDIX I**

IN THE SUPREME COURT OF PENNSYLVANIA
Middle District

Charles Isley,
    Petitioner,

            v

Michael Fisher, et al,
    Respondents.

**RECD DEC 2 1 2000**

APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner respectfully requests this Honorable Court to leave to proceed in forma pauperis.

As certified in the accompanying Verified Statement, petitioner is unable to retain counsel or to pay costs of this proceeding

Charles Isley

Charles Isley, Pro Se
AM-9326, 1 Kelley Dr
Coal Twp, PA 17866

Date. December 19, 2000

IN THE SUPREME COURT OF PENNSYLVANIA

Middle District

CHARLES ISELEY,

    Petitioner,

    v.

Michael Fisher, et al,

    Respondents.

## IFP VERIFIED STATEMENT

    Charles Iseley, petitioner in the above-captioned matter, hereby states under the penalties provided by 18 Pa. C.S. sec 4904 that I am unable to retain counsel or pay costs of this matter because of my indigency.

    The following statements relating to my ability to pay the costs of this matter, are true and correct to the best of my knowledge and belief.

    1. I have been in prison nearly eighteen years and unemployed longer. Have that

    2. I have approximately $35.00 on my prison account which I require for personal hygiene items (soap, toothpaste, etc.), clothing (socks, underclothes), and stationery items (pens, paper, envelopes, postage etc.)

    3. I do not own any stocks, bonds, real estate vehicles precious jewelry or metals nor do I have a cash/savings account.

_Charles Iseley_
Charles Iseley

Date: December 19, 2000

IN THE SUPREME COURT OF PENNSYLVANIA

Middle District

CHARLES ISELEY,
    Petitioner,

     v.

Michael Fisher, et al,
    Respondents

## APPLICATION FOR LEAVE TO FILE ORIGINAL PROCESS

Petitioner respectfully request this Court to invoke its "Original Jurisdiction" in the above-captioned matter pursuant to the Judicial Code 42 Pa. C.S. secs 721 and 726.

Cause for Relief

    · Petitioner is confined in prison illegally. He is beyond the maximum expiration of his sentence and he hereby incorporates by reference his petition and memorandum of law.

Relief Sought

    Appointment of Counsel, hearing, discharge, permission to amend petition and damages

Date: December 19, 2001

Charles Iseley

Charles Iseley, Pro Se
AM-9320, 1 Kelley Dr.

IN THE SUPREME COURT OF PENNSYLVANIA

MIDDLE DISTRICT

CHARLES ISELEY,
    Petitioner,

       V.

Michael Fisher, atty gen.

Alan Rubenstein, Bucks County D.A.

Martin Horn, sec., Pa. Dept. / Cor

Kathleen Zwierzyna, sec. Pa. Bd. of Prob. & Par.

Frank Gillis, warden, Coal Twp. state prison

PETITION FOR WRIT OF HABEAS CORPUS

Facts

1. Petitioner, Charles Iseley, is currently imprisoned at Coal Township state prison and is being held illegally and without authority because the maximum expiration of his criminal term occurred in August of 1999.

2. In December of 1983 petitioner received seven criminal terms. None of the terms were mandatory terms.

3. Six of the terms, five 7½ to 15 year terms and a 1 to 2 year term, were ordered to be served concurrently. Petitioner was granted approximately eleven months time served credit for each of the six terms and as a result petitioner's terms, and each of them, began and took effect on January 2, 1983, pursuant to Sec. 1360 of the Sentencing Code of 1974 and Pa. R. Crim. P. 1406(b)(1).

4. The seventh and last term, a 5 to 10 year term, was ordered to be served consecutive to all the concurrent terms and was ordered to begin

**5.** Petitioner was granted approximately eleven months for time served credit on this term and therefore petitioner had approximately nine years and one month remaining to be served on this term pursuant to Sec. 1366 of the Sentencing Code of 1974 and Pa. R. Crim. P. 1406(b)(c).

**6.** Consequently, petitioner was sentenced to a total of 87 years (5·15 + 2 + 10 = 87) and his aggregated sentence, pursuant to 42 Pa. C.S. 9757, was 12½ to 25 years.

**7.** The accompanying Exhibit A, the relevant portion of petitioner's sentencing hearing transcript, clearly reveals he received the aforesaid credit.

**8.** The accompanying Exhibit B, the relevant sentence orders, clearly corroborate the facts related above.

**9.** In 1985 petitioner should have received two years credit for serving the entirety of the 1 to 2 year term from January 1983 to January 1985.

**10.** In 1998 petitioner should have received 75 years credit for serving the entirety of each of the five 7½ to 15 year terms (5·15 = 75) from January 1983 to January 1998.

**11.** In 1999 petitioner should have received ten years credit for serving the entirety of the 5 to 10 year term from January 1983 to December 1983 plus July 1990 to August 1999. July 1990 was the minimum expiration of all the concurrent terms.

**12.** Thus, in 15 years, from 1983 to 1998, petitioner accrued 77 years of credit for all of the concurrent terms and, in 10 years, from January 1983 to December 1983 plus July 1990 to August 1999, petitioner accrued 10 years of credit for the 5 to 10 year term.

**13.** Consequently, the total credit was 87 years, which is exactly the maximum amount he was ordered to serve (5·15 + 2 + 10 = 87).

**14.** It is axiomatic that 15 years plus 10 years equals 25 years, which is

15. Nevertheless petitioner remains in prison allegedly because, according to respondents, his 5 to 10 year term did not begin and take effect until the maximum expiration of the concurrent terms which occurred in July of 1998 and that he is not allowed to receive the eleven month time served credit on the 5 to 10 year term.

16. According to the respondents, the Department of Corrections has the authority to modify petitioner's terms and override any sentence orders from the court.

17. In addition, respondents claim that even though petitioner has served the entirety of all the concurrent terms since 1998 he cannot receive credit for them either, because his sentence is a 12½ to 25 year sentence only, and his actual sentences are irrelevant.

18. The respondents claims are false because petitioner's sentence order specifically states that the 5 to 10 year term was to begin and take effect at the minimum expiration of the concurrent terms and that he was granted credit for time served and the fact that claiming petitioner cannot serve the entirety of his 12½ to 15 year terms and his 5 to 10 year term is absurd.

## Claims

The facts above disclose a panoply of violations of law and petitioner's rights.

Relief

Wherefore the court should grant the following relief:

A) An evidentiary hearing forthwith to determine the legality of petitioner's confinement.

B) Appointment of counsel to assist petitioner.

C) Discharge of petitioner and his effects forthwith.

D) Damages of $2500 per day

E) Permission to amend petition.

Respectfully submitted;

Date: December 19, 2000

Charles Tschey
AM-9320, 1 Kelley Dr
Coal Twp, PA 17866

Exhibit F

1    assume the time served is sometime shortly after the

2    date of the Collins offense.  I note on the

3    pre-sentence investigation report of Mr. Metzler

4    that it notes that credit time should be given from

5    January 25, 1983 to present, whether that is the

6    exact date or not I am not sure.  I assume that they

7    were arrested --

8              MR. GOLDMAN:  Iseley was one day

9    less.

10             MR. THOMPSON:  The preliminary

11   arraignment, Your Honor, was 1:00 a.m. on January

12   22nd.

13             THE COURT:  That would be the date of

14   custody?

15             MR. GOLDMAN:  Metzler had one day on

16   the street.

17             THE COURT:  For record purposes, in

18   all of Mr. Iseley's cases he should be given credit

19   for time served since January 22, 1983 as against

20   all of the sentences imposed.  I assume the date is

21   January 23 then, is that correct?

22             MR. BRILL:  I don't know what the

23   date is.

24             THE COURT:  We will make it for

Exhibit B



The document is a severely degraded and illegibly faded Bucks County Sentence Sheet. Most of the text is unreadable due to image quality.

**BUCKS COUNTY SENTENCE SHEET**

PROS:

SURCHARGE:

COMMONWEALTH V. _____

JUDGE: G. T. Walter

D.A.

PD/DEF: T. Thompson

DATE: 11/6/71

OTN:

ACCOMPANYING CASES: 80-13, 172, 173, 174

NO. 1314 - 1374

NO. 83-175

CLERK:

NOTES BY: J. _____

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. ____ 19___ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. ____ 19___; and, therefore, the sentence to be served by the defendant for the total of all informations on which sentence is imposed is a minimum of not less than ____ years or a maximum of not less than ____ years.

**SUSPENDED SENTENCE**

On Information No. ____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE - WOMEN - THURY**

The Court finding the defendant _____ to be a female over the age of 16 years _____ received or waived a pre-sentence investigation and _____ directs the defendant pay the cost of prosecution, and further directs that she undergo confinement in the State Industrial Home for women at Muncy, Pa., for a period of not less than ____ years nor more than ____ years and there to be fed, clothed and treated in all respects as provided by law and stand committed until custody _____ is provided for. Credit is to be given as at the time _____ spent in custody as provided by law and by the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. ____ 19___ the Court finding that _____ purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. ____ 19___ the Court finding that the defendant is able to pay a fine, orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ for the _____ use of the (State) Treasurer or the County of Bucks, the total of which are to be paid _____ equal monthly _____

**SPECIAL PROVISIONS:**

Costs on 172 & 174 Only $50.00

Concurrent with 80-13-172

Only for time served.

**BUCKS COUNTY PRISON**

On Information No. ____ 19___ the Court having received or waives a pre-sentence investigation and orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than ____ nor more than ____ and stand committed until sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. 1375 ____ 19___ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than ____ nor more than ____ in the _____ to be designated for the reception of convicts and, therefore, sentenced to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment is fully complied with.

**PROBATION**

On Information No. 1375 ____ 19___ the defendant having waived his right to a speedy trial is released on probation for a period of ____ months upon the following conditions: Defendant within a period of ____ months make restitution _____ and may restitution and follow the specific conditions as hereinafter set forth.

On Information No. ____ 19___ the defendant _____ released on probation for a period of ____ months under the supervision of the Bucks County Probation Officer upon the following conditions. Defendant to pay cost _____ for the use of the _____

On Information No. ____ 19___ the defendant _____ released on probation (or a period of ____ and make restitution in the sum of $ _____ , pay the cost and installments of $ _____ per month payment to his probation officer) and abide by the rules and regulations laid down by said officers, obey the law in all other respects and stand committed until the same be complied with.

County of Bucks (and make restitution in the sum of $ _____ )

COMMONWEALTH    BUCKS COUNTY
SENTENCE SHEET

COMMONWEALTH v. _____    OTN: _____ CASES: #31372-1373 ___
GC: _____    ACCOMPANYING CASES: #31375-(1,2) ___
GB: G-T_____    CLERK: _____ NO: 35-27 ___
RG_____    NOTES BY: J. Blum ___
T. Lompson ___

DEF _____

tr: 11-7-83

## BUCKS COUNTY PRISON

On Information No. ___, the Court (having received or waives pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for ___ nor more than ___. This sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and Pa. Rule of Criminal Procedure 1406 (b) and (c).

## ANN. PENITENTIARY

On Information No. 1374 ___, the Court (having received or waives pre-sentence investigation) orders and directs that not less than 3½ years nor more than 15 years in and ___, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Secs. (b) and (c) Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406, Defendant is directed to stand committed until final judgment has been fully complied with.

On Information No. ___ 19 ___ the defendant having waived his right to a speedy trial is released on probation for a period of ___ months upon the following conditions. Defendant is directed to pay court costs and make restitution in lieu of a fine pay $ ___ for the use of ___ monthly months, and shall follow all specific conditions as hereinafter set forth.

## INFORMATION NO. _____ 19 ___

the defendant is released on probation for a period of ___ under the provision of the Bucks County Probation Officer the defendant, under the following conditions. Defendant in pay court and make restitution in the amount to the probation officer, obey by making ___ down by his probation officer, obey the law in all other respects and stand committed until the same be complied

## BENCH WARRANT

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

## CONSECUTIVE SENTENCES

The sentence heretofore imposed on Information No. ___ 19 ___ is to begin and run in effect at the expiration of the minimum sentence imposed on Information No. ___, and, therefore, the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than ___ years or a maximum of ___ years.

## SUSPENDED SENTENCE

On Information No. ___ 19 ___ defendant is directed to pay the cost of prosecution and sentence is suspended.

## SENTENCE - WOMEN - MUNCY

The Court finding the defendant _____ to be a female over the age of 16 years, (having received or waives a pre-sentence investigation and further orders and directs the discontinuance to pay the cost of prosecution and further directs that she undergo confinement in the state Industrial home for women for a period of not less than ___ years nor more than ___ years, at Muncy, and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same is complied for by Credit is to be given for all time spent in custody as provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

## GUILTY WITHOUT FURTHER PENALTY

On Information No. ___ 19 ___, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

## FINE ONLY

On Information No. ___ orders and directs the defendant to pay the cost of ___ 19 ___, the Court finding that the defendant is able to pay a fine in the sum of $ ___ to the Commonwealth for the use of the State Treasurer or the County of Bucks). The total fine and costs are to be paid in ___ equal monthly installments.

## SPECIAL PROVISIONS:
Costs within 6 mos of release
Concurrent with: #31372 - 1341
                 #31373 - 1372
                 #31375 - 1373
                 #31376 - 1375

Credit for Time served

134.08

BUCKS COUNTY

SENTENCE SHEET

NUMBER _____ ACCOMPANYING CASE(S) _____

COMPLAINT _____

REF _____

CLERK _____   NOTE BY _____

DEF _____

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ 19 ____ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _____ 19 ____ and, therefore, the sentence to be served by the defendant for the total of all offenses with respect to this sentence is imposed is a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19 ____ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE — WOMEN-THIRTY**

The Court finding the defendant _____ to be a female over the age of 16 years, the sentence received or waiver a pre-sentence investigation, and directs the defendant to pay the cost of prosecution and further directs that she undergo confinement in the State Industrial Home for women at Muncy, Pa., for a period of not less than _____ years and there to be fed, clothed, and treated in all respects as provided by law and stand committed until the same is complied with with Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19 ____, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19 ____, the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ to the Commonwealth for the use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS:**

Costs and in 6 mo of release

Concurrent with   83 - 1373   198.36
                  83 - 1374
                  83 - 1371
                  83 - 1341

Credit for time served

---

**COUNTY PRISON**

On Information No. _____ 19 ____ the Court (having received or waived a pre-sentence investigation)orders and directs the defendant pay the cost of prosecution, and undergo imprisonment for not less than _____ and stand committed in the Bucks County Prison for _____ Credit is to be given for all time spent _____ is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and Pa. Rule of Criminal Procedure 1406 (b) and (c).

**THE PENITENTIARY**

On Information No. _____ 19 ____ the Court (having received or waived a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ nor more than _____ years in a State Correctional Institution and shall be repeated to the Bureau of Correction, Classification and Diagnostic _____ for classification and assignment to a State Correctional Institution is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed _____ til judgment be fully complied.

On Information No. _____ 19 ____ the defendant having waived his _____ to a speedy trial is released on probation for a period of _____ upon the following conditions. Defendant is directed to pay court costs _____ make restitution in the sum of $ _____ within the period of _____ time, and shall follow all specific conditions as hereinafter set forth.

INFORMATION NO. _____

the defendant is released on probation for a period of _____ under the supervision of the (Bucks County Probation Officer or State Parole Board) from the following conditions, for the use of the _____ make restitution in the sum of $ _____ installments of $ _____ by making payment to his probation officer thereby the rules and regulations laid down by his probation officer _____ law in all other respects and stand committed until the same be complied

**BUCKS COUNTY**
**SENTENCE SHEET**

OTN: _____   ACCOMPANYING CASES: 83-1371-1374
1376-1377-1378

COMMONWEALTH v. Charles Rudolph   NO. 13-1576

CLERK: D. Sun

NOTES BY: U. A. Horn

**COUNTY PRISON**

On Information No. _____ 19___ the Court (having received or waives sentence investigation) orders and directs that the defendant be imprisoned in the Bucks County Prison for not more than _____ and not less than _____ and stand committed until sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and Rule of Criminal Procedure 1406 (b) and (c).

**PENITENTIARY**

On Information No. 1576 19___ the Court (having received or waives sentence investigation) orders and directs that the defendant be imprisoned for not less than _____ years nor more than _____ years in a State Correctional Institution as shall be designated by the Bureau of Correction and, thereafter, to the Diagnostic and Classification Center in Graterford, for this purpose. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c), and defendant is directed to stand committed until judgment be fully complied.

On Information No. _____ 19___ the defendant having waived his right to a speedy trial is released on probation for a period of _____ upon the following conditions. Defendant is directed to pay court costs and make restitution in the sum of $ _____ In monthly installments of $ _____ by making payment to his probation officer and shall follow all specific conditions as hereinafter set forth.

PROBATION NO. _____ 19___

The defendant is released on probation for a period of _____ under the supervision of the probation officer and the parole board upon the following conditions. Defendant to pay cost of prosecution and, in lieu of a fine, pay $ _____ for the use of the County of Bucks (and make restitution in the sum of $ _____) by making payment to his probation officer(s) and abide by the rules and regulations laid down by his probation officer(s) and all other respects and stand committed until the same be complied.

---

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____.

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. 1576 19___ is to begin and to run from the expiration of the minimum sentence imposed on Information No. 1377 19___ and, therefore, the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than 12½ years or a maximum of 25 years. ● New 1979 4; 5 6/1983 and 1579 and 12 years.

**SUSPENDED SENTENCE** 6/15/83, 82

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE – WOMEN – MERCY**

The Court finding the defendant _____ to be a female over the age of 16 years, (having received or waives a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and further directs that she undergo imprisonment in the State Industrial Home for Women at Muncy, years and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19___ the Court finding that no useful purpose would be served by imposing an order of probation, the Court thereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19___ the Court finding that the defendant is able to pay a fine and the cost of prosecution, the defendant to pay the cost of prosecution and the sum of $ _____ to the Commonwealth for the use of the State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS:** Defendant 6 mo. of release  12-7-83 Corrected
Mittimus

Consecutive to 83-1576   83-1372 ①
83-1377
83-1374
1-11-62                   83-1375
83-1573
63-1741

Credit for time served

## BUCKS COUNTY SENTENCE SHEET

NOS:

CHARGE:

COMMONWEALTH v. _____

JUDGE: G. T. Walton

A. F. Gilman

D/DEF: T. Thompson

DATE:

OTHS:

ACCOMPANYING CASES: 83 - 1372-1373 - 1375-1574
1377    1241

NO. 83-1371

CLERK: D. M.

NOTES BY: J. Adams

_George F. Miller J._

---

### BUCKS COUNTY PRISON

On Information No. _____ 19____ the Court (having received or waives pre-sentence investigation)orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and stand committed until sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1306 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

### FACE: PENITENTIARY

On Information No. (513)    1982)the Court (having received or waives pre-sentence investigation)orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ nor more than _____ years in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Sec. 1306 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment be fully complied with.

On Information No. _____ 19____ the defendant having waived his pre-sentence investigation is released on probation for a period of _____ the upon the following conditions. Defendant is directed to pay court costs of prosecution and in lieu of a fine pay $ _____ for the use of the County of Bucks (and make restitution in the sum of $ _____ within a period of _____ months, and shall follow all specific conditions as hereinafter set forth.

### INFORMATION NO. _____ 19____

the defendant is released on probation for a period of _____ under the supervision of the (Bucks County Probation Officer) the (State Parole Board) from the following conditions. Defendant to pay cost prosecution and in lieu of a fine pay $ _____ for the use of the County of Bucks (and make restitution in the sum of $ _____ monthly installments of $ _____ is to report to his probation officer) obey intelligente of _____ _____ _____ and shall be laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied

---

### BENCH WARRANT

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

### CONSECUTIVE SENTENCES

The sentence heretofore imposed on Information No. _____ 19____ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _____ 19____ and, therefore, the sentence to be served by the defendant for the total of all offenses to which sentence is imposed is a minimum of not less than _____ years or a maximum of _____ years.

### SUSPENDED SENTENCE

On Information No. _____ 19____ defendant is directed to pay the cost of prosecution and sentence is suspended.

### SENTENCE — WOMEN — MUNCY

The Court finding the defendant _____ to be a female over the age of 21 years, having received or waives a pre-sentence investigation) orders and directs, the defendant to pay the cost of prosecution and further directs that she undergo confinement in the state industrial home for women at Muncy, Pa., for a period of not less than _____ years nor more than _____ years and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all time in custody as is provided for by Sec. 1306 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

### GUILTY WITHOUT FURTHER PENALTY

On Information No. _____ 19____, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

### FINE ONLY

On Information No. _____ 19____ the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ to the Commonwealth for the use of the (State Treasurer or the County of Bucks). The total fine and cost are to be paid in _____ equal monthly installments.

### SPECIAL PROVISIONS:

Cost with 69 days of release

Concurrent with    83 - 1241
43 - 1372
83 - 1373
83 - 1372
83 - 1375 - 1375

_Credit for Time Spent_

**BUCKS COUNTY SENTENCE SHEET**

PROS: _____
SURCHARGE: _____

OTN: _____

ACCOMPANYING CASES:

COMMONWEALTH v. _Jeffery Staley_

NO. _2312/8/_

CLERK: _O'Neill_

JUDGE: _G. J. Caffrey_

D.A.: _R. Goldman_

NOTES BY: _W. Blumm_

PD/DEF: _T. Shumaker_

DATE: _12/7/83_

### BUCKS COUNTY PRISON

On Information No. _____ 19____ the Court (having received or waives a pre-sentence investigation)orders and Directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for no more than _____ than _____ and stand committed until sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

### STATE PENITENTIARY

On Information No. _____ 198___, the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ years nor more than _____ years in a State Correctional Institute (the defendant shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment is fully complied with.

### ARD

On Information No. _____ 19____ the defendant having waived his right to a speedy trial is released on probation for a period of _____ allowing conditions. Defendant within a period of _____ months upon restitution in the sum of $ _____ is directed to pay court costs and make restitution in the sum of $ _____ as hereinafter set forth _____ months, and shall follow all specific conditions as hereinafter set forth.

### ON INFORMATION NO. _____ 19____

the defendant is released on probation for a period of _____ under the supervision of the Bucks County Probation Officer or State Parole Board) from the following conditions. Defendant to pay cost of prosecution and in lieu of a fine pay the sum of $ _____ for the use of the County of Bucks (and make restitution) by making payment to his probation officer in monthly installments of $ _____ and make restitution laid down by his probation officer, obey abide by the rules and regulations laid down by his probation officer and stand committed until the same be complied the law in all other respects and stand committed until the same be complied with.

---

### BENCH WARRANT

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

### CONSECUTIVE SENTENCES

The sentence heretofore imposed on Information No. _____ 19____ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _____ 19____ or, therefore, the sentence to which sentence is imposed for the total of all offenses with respect to which sentence is imposed a minimum of not less than _____ years or a maximum of _____ years.

### SUSPENDED SENTENCE

On Information No. _____ 19____ defendant is directed to pay the cost of prosecution and sentence is suspended.

### SENTENCE - WORCH - NANCY

The Court finding the defendant _____ to be a female over the age of 16 years (having received or waives a pre-sentence investigation and further orders and she undergo confinement in the state industrial home for then directs that Pa., for a period of not less than _____ years nor more women at Muncy and there to be fed clothed and treated in all respects as provided by law and stand committed until the same be complied with or by Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

### GUILTY WITHOUT FURTHER PENALTY

On Information No. _____ 19____, the Court (finding that no useful purpose would be served by imposing an order of probation)the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

### FINE ONLY

On Information No. _____ 19____ the Court finding that the defendant in addition and a fine in the sum of $ _____ the defendant to pay the cost for the ers of the (State Treasurer or _____ County of Bucks). The total fine and cost are to be paid in _____ equal monthly installments.

### SPECIAL PROVISIONS:

_Cont within 6 mo of release_
_Concurrent to other cases_ { §3 - 1372
{ §3 - 1373
{ §3 - 1374
{ §3 - 1376
{ §3 - 1175
{ §3 - 1513
_Credit for time served_

168.25
23.00
23.00
23.00
23.00
23.00
23.00

_____ J.

IN THE SUPREME COURT OF PENNSYLVANIA

Middle District

CHARLES ISELEY,

    Petitioner,

        v

Michael Fisher, et al.,

    Respondents.

## MEMORANDUM OF LAW

    The fact that petitioner's terms are partially concurrent and partially consecutive renders them illegal/improper. Com. v Ward, 568 A.2d 1242 (Pa 1990).

    However the legality or illegality of the terms are irrelevant because no court has the authority to vacate an already expired term.

    The crux of the matter at hand is whether the respondents have the authority to modify petitioner's terms. According to this Court, only the trial court has such power and the power can only be usurped by the legislature. Com v Ward, supra. Moreover, petitioner had a right to timely release. Sample v Dicks, 885 F.2d 1099 (3rd Cir. 1989).

    Consequently the petition should be granted forthwith.

Date: December 19, 2000

Respectfully submitted,

Charles Iseley

Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twp, PA 17866

IN THE SUPREME COURT OF PENNSYLVANIA

Middle District

CHARLES ISELEY,
    Petitioner,

    v.

Michael Fisher, et al,
    Respondents.

## PROOF OF SERVICE

    I hereby certify that I caused to be served the foregoing Petition for Writ of Habeas Corpus and concomitant documents by mailing copies of same postage prepaid, to:

Michael Fisher, atty gen.
Office of Atty Gen.
Strawberry Sq.
Harrisburg, PA 17120

Alan Rubenstein, D.A.
Office of Dist. Atty.
Bucks County Cths, 55 East Court St
Doylestown, PA 18901

Martin Horn, sec.
Pa. Dept. of Cor.
P.O. Box 598
Camp Hill, PA 17001

Kathleen Zwierzyna, sec
Pa. Bd. of Prob. & Par.
1101 S. Front St, Suite 5300
Harrisburg, PA 17104-2519

Frank Gillis, warden
Coal Twp. State Prison
1 Kelley Dr.
Coal Twp., PA 17866

Date: December 19, 2000

Charles Iseley
Charles Iseley

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

CHARLES ISELEY,                          :
Petitioner;                              :
                                         :
                                         :
      V.                                 :
                                         :
                                         :NUMBER 220 MM 2000
MICHAEL FISHER, PA. ATTY. GEN.           :
ALAN RUBINSTEIN, BUCKS CO. D.A.          :
JEFFREY BEARD, SECT. PA. D.O.C.          :
KATHLEEN ZWIERZYNA, SECT. PBPP           :
FRANK GILLIS, WARDEN, COAL TOWP.         :
STATE PRISON;   RESPONDENTS:             :


## AMENDED PETITION
## FOR WRIT OF HABEAS CORPUS

FACTS:

1. PETITIONER, CHARLES ISELEY, IS CURRENTLY IMPRISONED AT COAL
   TOWNSHIP STATE PRISON AND IS BEING HELD UNLAWFULLY AND WITHOUT
   AUTHORITY BECAUSE THE MAXIMUM EXPIRATION OF HIS CRIMINAL TERM
   OCCURRED IN AUGUST OF 1999.

2. IN DECEMBER OF 1983, PETITIONER, RECEIVED SEVEN TERMS.

3. NONE OF THE CRIMINAL TERMS WERE MANDATORY TERMS.

4. SIX OF THE TERMS, FIVE 71/2 TO 15 YEAR TERMS AND A 1 TO 2 YEAR TERM,
   WERE ORDERED TO BE SERVED CONCURRENTLY.

5. PETITIONER WAS GRANTED APPROXIMATELY ELEVEN MONTHS TIME SERVED
   CREDIT FOR EACH OF THE SIX TERMS AND AS A RESULT, PETITIONER'S TERMS'
   AND EACH OF THEM , BEGAN AND TOOK EFFECT ON JANUARY 22, 1983,
   PURSUANT TO SEC. 1360 OF THE SENTENCING CODE OF 1974 AND PA. R. 1406(B)
   (C).

6. THE SEVENTH AND LAST TERM, A 5 TO 10 YEAR TERM, WAS ORDERED TO BE

SERVED CONSECUTIVE TO ALL THE CONCURRENT TERMS AND WAS ORDERED TO BEGIN AND TAKE EFFECT AT THE MINIMUM EXPIRATION OF ALL THE CONCURRENT TERMS.

7. PETITIONER WAS GRANTED APPROXIMATELY ELEVEN MONTHS TIME SERVED CREDIT ON THIS TERM AND THEREFORE PETITIONER HAD APPROXIMATELY NINE YEARS AND ONE MONTH REMAINING TO BE SERVED FOR THIS TERM PURSUANT TO SEC. 1360 OF THE SENTENCING CODE OF 1974 AND PA. R. 1460 (B) (C).

8. CONSEQUENTLY, PETITIONER WAS SENTENCED TO TOTAL OF 87 YEARS (5. 15 + 2 + 10 = 87).

9. PETITIONER'S AGGREGATED SENTENCE, WHICH IS USED FOR PAROLE ELIGIBILITY NOTICE AND PURPOSES, WAS 12 ½ TO 25 YEARS PURSUANT TO 42 PA. C. S. 9757.

10. THE AGGREGATED MINIMUM WAS CALCULATED BY ADDING THE 71/2 YEARS MINIMUM OF THE CONCURRENT 71/2 TO 15 YEAR TERMS ( THE 1 TO 2 YEAR TERM WAS IGNORED) TO THE FIVE YEAR MINIMUM OF THE 5 TO 10 YEAR TERM FOR A SUM OF 12 ½ (7 ½ + 5 = 12 1/2).

11. THE AGGREGATED MAXIMUM WAS CALCULATED BY ADDING THE 15 YEAR MAXIMUM OF THE CONCURRENT 71/2 TO 15 YEAR TERMS ( THE 1 TO 2 YEAR TERM WAS IGNORED) TO THE 10 YEAR MAXIMUM OF THE 5 TO 10 YEAR TERM FOR A SUM OF 25 ( 15+10=25).

12. THE ATTACHED EXHIBITS, THE SENTENCE ORDERS AND RELEVANT PORTION OF THE SENTENCING PROCEEDING CLEARLY CORROBORATE THE AFOREMENTIONED ABOVE RELATED FACTS.

13. IN 1985 PETITIONER SHOULD HAVE RECEIVED TWO YEARS CREDIT FOR SERVING THE ENTIRETY OF THE 1 TO 2 YEAR TERM FROM JANUARY 1983 TO JANUARY 1985.

14. IN 1998 PETITIONER SHOULD HAVE RECEIVED 75 YEARS CREDIT FOR SERVING THE ENTIRETY OF EACH OF THE FIVE 71/2 TO 15 YEAR TERMS ( 5. 15=75) FROM JANUARY 1983 TO JANUARY 1988.

15. IN 1999 PETITIONER SHOULD HAVE RECEIVED TEN YEAR CREDIT FOR SERVING THE ENTIRETY OF THE 5 TO 10 YEAR TERM FROM JULY 1990 (WHICH WAS THE MINIMUM EXPIRATION OF ALL CONCURRENT TERMS) TO AUGUST 1999 ( PETITIONER HAD ONLY NINE YEARS AND ONE MONTH TO SERVE THIS TERM AS NOTED ABOVE PREVIOUSLY).

16. THUS, IN 15 YEARS, FROM 1983 TO 1998, PETITIONER ACCRUED 77 YEARS OF CREDIT FOR ALL OF THE CONCURRENT TERMS ( 5. 15+2=77)AND IN 10 YEARS FROM JULY 1990 TO AUGUST 1999 PLUS THE ELEVEN MONTHS TIME SERVED CREDIT ( FROM JANUARY 1983 TO DECEMBER 1983) PETITIONER ACCRUED 10 YEARS OF CREDIT FOR THE 5 TO 10 YEAR TERM.

17, CONSEQUENTLY, THE TOTAL ACCRUED CREDIT WAS 87 YEARS, WHICH IS EXACTLY THE MAXIMUM AMOUNT HE WAS ORDERED TO SERVE ( 5. 15+2+10= 87).

18. PETITIONER ACCRUED THE 87 YEARS CREDIT IN TWO PARTS: A FIFTEEN YEAR PART AND A 10 YEAR PART.

19. IT IS AXIOMATIC THAT 15 YEARS PLUS 10 YEARS EQUALS 25 YEARS, WHICH IS EXACTLY WHAT THE AGGREGATED MAXIMUM WAS- 25 YEARS.

20. DESPITE HAVING SERVED THE ENTIRETY OF ALL HIS CRIMINAL TERMS, PETITIONER REMAINS IN PRISON.

21. PETITIONER REMAINS IN PRISON BECAUSE, ACCORDING TO RESPONDENTS HIS 5 TO 10 YEAR TERM DID NOT BEGIN AND TAKE EFFECT UNTIL THE MAXIMUM EXPIRATION OF ALL THE CONCURRENT TERMS OCCURRED IN JANUARY 1998.

22. THE RESPONDENTS FURTHER CLAIM THAT PETITIONER WAS NOT GRANTED ELEVEN MONTHS TIME SERVED CREDIT FOR THE 5 TO 10 YEAR TERM.

23 .RESPONDENTS CLAIM THAT THE PA. DEPT. OF CORRECTION HAS THE AUTHORITY TO MODIFY AND LENGTHEN PETITIONER'S SENTENCE AND OVERRIDE ANY ORDERS FROM THE COURT.

24. RESPONDENTS CLAIM THAT PETITIONER IS STILL SERVING ALL SEVEN CRIMINAL TERMS.

25. THE RESPONDENTS ALLEGED THAT PETITIONER MUST SERVE 25 YEARS BEFORE SERVING THE ENTIRETY OF HIS 1 TO 2 YEARS TERM.

26. THE RESPONDENTS ALLEGE THAT PETITIONER MUST SERVE 25 YEARS BEFORE SERVING THE ENTIRETY OF HIS 5 TO 10 YEARS.

27. THE RESPONDENTS ALLEGE THAT PETITIONER MUST SERVE 25 YEARS BEFORE SERVING THE ENTIRETY OF ANY OF HIS 7 ½ TO 15 YEAR TERMS.

28. ALL OF RESPONDENT'S CLAIM AND ALLEGATIONS ARE FALSE BECAUSE 25 YEARS IS BEYOND THE LEGAL MAXIMUM THAT A PETITIONER COULD HAVE

RECEIVED ON ANY INDIVIDUAL CASE AND PETITIONER'S SENTENCE ORDERS, AS PREVIOUSLY NOTED, CLEARLY AND SPECIFICALLY STATE WHAT PETITIONER'S TERMS WERE AND WHEN AND WHERE THEY BEGAN AND TOOK EFFECT.

CLAIMS:

THE FACTS ABOVE DISCLOSE A PANOPLY OF VIOLATIONS OF PETITIONER'S RIGHTS, INCLUDING, BUT NOT LIMITED TO: THE FIRST, FOURTH, FIFTH, SIXTH, EIGHT AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

RELIEF:

WHEREFORE THE COURT SHOULD GRANT THE FOLLOWING RELIEF:

 (A) DISCHARGE OF PETITIONER AND HIS PERSONAL EFFECTS
   FORTHWITH.

 (B) AN EVIDENTIARY HEARING FORTHWITH TO DETERMINE
   THE LEGALITY OF PETITIONER'S CONFINEMENT.

 (C) APPOINTMENT OF COUNSEL TO ASSIST PETITIONER.

           RESPECTFULLY SUBMITTED

           CHARLES ISELEY, AM-9320
           1 KELLEY DRIVE
           COAL TOWNSHIP, PA. 17866

]

DATE:MAR.  –  ,2001

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT


CHARLES ISELEY,                          :
Petitier;                                :
                                         :
                                         :
                                         :
        V.                               :     NUMBER 220 MM 2000
                                         :
                                         :
MICHAEL FISHER, et al;                   :
Respondents;                             :


MEMORANDUM OF LAW IN SUPPORT OF
AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The fact that petitioner's terms are partially concurrent and partially consecutive renders them illegal/improper, Com. V. Ward, 568 A.2d 1242 (Pa. 1990).However, the legality or illegality of the terms are irrelevant because no Court, has the authority to vacate an already expired term. The crux of the matter at hand is whether the respondents have the authority to modify Petitioner's terms. According to this Court, only the trial Court, has such power and that power can only be usurped by the Legislature, Com V. Ward, supra.

The 1974 Sentencing Code, 42 Pa. C.S.A. sec. 9701 et seq. And included Sentencing Guidelines (sec.9721), reserve authority for sentence length to the trial Court, and mandates that all sentences pursuant to said Code, must be for definite terms which are rigid and cannot be modified which encompasses both minimum terms and maximum terms, [sec. 9756 (a) (b)]. Moreover, Petitioner had a right to a timely release, Sample V. Diecks, 885 F. 2d 1099 (3rd Cir. 1989); Alexander V. Perrill, 916 F 2d 1392, 1395 (9th Cir. 1990); Brown V. Coughlin, 704 F. Supp. 41, 44 (S.D.N.Y. 1989).

CONCLUSION:

Wherefore the Petitioner should be granted forthwith.


                            RESPECTFULLY SUBMITTED

                            _Charles Iseley_
                            CHARLES ISELEY, AM-9320, 1 KELLY DR.
DATE: March 5, 2001        COAL TOWNSHIP, PA. 17866

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

CHARLES ISELEY,                    :
Petitioner;                        :
                                   :
                                   :
        V.                         :Number 220   MM   2000
                                   :
                                   :
MICHAEL FISHER, et al;             :
Respondents;                       :

CERTIFICATE OF SERVICE

I, Charles Iseley, hereby aver that I caused to be served the foregoing, Amended Petition for Writ of Habeas Corpus and Memorandum of Law in Support of Amended Petition for Writ of Habeas Corpus by mailing five copies of same, postage prepaid to;

| | | |
|---|---|---|
| MARYANNE LEWIS, DAY OFFICE OF ATTY. GEN. 15TH FL. STRAWBERRY SQ. HARRISBURG, PA. 17120 | SUSAN ZEAMER, Asst. Counsel OFFICE of CHIEF COUNSEL PA. BD.of PROB. & PAROLE 1101 S. Front St. Suite 5100, HARRISBURG, PA., 17104 | KAREN DIAZ, ADA OFFICE of DIST. ATTY BUCKS CO. COURT Hse Doylestown, Pa., 18901 |

DATE: MAR. 5, 2001                    _____
                                       CHARLES ISELEY, PETITIONER

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

CHARLES ISELEY,          :   No. 220 MM 2000
         Petitioner   :
                      :
        v.             :
                      :

MICHAEL FISHER, ATTORNEY   :
GENERAL, ALAN RUBENSTEIN, BUCKS :
COUNTY DA, MARTIN HORN,    :
SECRETARY, PA DEPARTMENT OF   :
CORRECTIONS, KATHLEEN
ZWIERZYNA, SECRETARY, PA BOARD :
OF PROBATION AND PAROLE, FRANK :
GILLIS, WARDEN, COAL TOWNSHIP :
STATE PRISON,        :
        Respondents   :

## ORDER

**PER CURIAM:**

    **AND NOW**, this 11th day of May, 2001, the request for leave to file original process is granted the Petition for Writ of Habeas Corpus, as amended, is denied.

TRUE & CORRECT COPY

ATTEST:

MAY 1 4 2001

**APPENDIX J**

**COMMONWEALTH OF PENNSYLVANIA**

VS

*CHARLES ISELEY*

(Name of Defendant)

IN THE CRIMINAL COURTS OF THE COUNTY OF

*BUCKS*

Criminal  83-  83  83  83
Action No. 1341 1372 1373 1374 1375

### ORDER

AND NOW this _____ day of _____, 19_____ Upon consideration of the foregoing motion

1. ☐ The motion is returned to defendant for amendment as follows, such amendment to be made on or before

_____, 19 _____

2. ☐ A rule is granted upon the Commonwealth of Pennsylvania to show cause why a hearing should not be granted. The

rule is returnable on or before _____ 19 ____

3. ☐ The request to proceed as a poor person, without the payment of costs, is ☐ granted ☐ denied.

4. ☐ Upon finding that defendant is unable to obtain a lawyer _____ Esq., is appointed to represent him.

5. ☐ The Clerk of this Court is ordered and directed to do the following forthwith:

(a) To serve a copy of this motion and this order upon the District Attorney of _____ County.

(b) To send a copy of this motion and this order to _____ Esq., the lawyer for the defendant.

(c) To send a copy of this order to the defendant.

6. ☐

DC-198
R  7-89

# MOTION FOR POST CONVICTION COLLATERAL RELIEF

| COMMONWEALTH OF PENNSYLVANIA | COURT AND DOCKET NUMBERS |
|---|---|
| **VS** | |
| _CHARLES ISELEY_<br>(Name of Defendant) | To be filled in by Clerk of Court |

NOTE: List below those informations or indictments & offenses for which you have not completed your sentence.

INFORMATION OR INDICTMENT NUMBERS:

1241/83 , 1372/83, 1373/83, 1374/83, 1375/83, 1513/83, 1576/83

I WAS CHARGED WITH THE FOLLOWING CRIMES:

_Robbery, Burglary, Aggravated Assault, Simple Assault, Resisting Arrest, Conspiracy, Recklessly Endangering Another Person, Receiving Stolen Property, Possession of Instruments of Crime, Prohibited Offensive Weapons, Carrying a Firearm without a License_

**1. MY NAME IS:**

CHARLES ISELEY

**2. I AM NOW**

(A) ☐ On Parole    (B) ☐ On Probation    (C) ☑ Confined in _____

**3.**

I WAS SENTENCED ON ___December 7,___ , 19 **83** ___1990___ TO A TOTAL TERM

OF __2/10/15/25__ , COMMENCING ON __January 22__ , 19 90 BY

JUDGE(S) ___George Kelton___

FOLLOWING A:    ☐ Trial by jury    ☑ Plea of guilty

☐ Trial by a judge without a jury    ☐ Plea of nolo contendere

**4. I AM ELIGIBLE FOR RELIEF BECAUSE OF:**

☐ (I) A violation of the constitution of Pennsylvania or laws of this Commonwealth or the constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

☑ (II) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

☑ (III) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty.

☑ (IV) The improper obstruction by Commonwealth officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

☑ (V) A violation of the provisions of the constitution, law or treaties of the United States which would require the granting of federal habeas corpus relief to a state prisoner.

☐ (VI) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.

☑ (VII) The imposition of a sentence greater than the lawful maximum.

☑ (VIII) A proceeding in a tribunal without jurisdiction.

5. THE FACTS IN SUPPORT OF THE ALLEGED ERROR(S) UPON WHICH THIS MOTION IS BASED ARE AS FOLLOWS: (State facts clearly and fully; argument, citations, or discussions of authorities shall not be included.)

(A) I know the following facts to be true of my own personal knowledge:

See Attached Facts and Exhibits and Memorandum

Exhibits: Sentence orders (1341, 1372, 1373, 1374, 1375, 1513, 1576),

Redacted sentence Transcript, Letter (from Asst. P.D. Bastide).

(B) The following facts were made known to me by means other than my own personal knowledge (Explain how and by whom you are informed):

(C) In the event my appeal is allowed as requested under #4, the following are the matters which I intend to assert on that appeal (Specify the matters to be asserted if appeal is allowed)

Illegal sentence, Illegal Confinement, Double Jeopardy, Due Process Violation,

Equal Protection Violation, Cruel & Unusual Punishment, Unlawful Guilty

Plea, and violation of the state and federal laws and Constitutions.

for illegal sentence see Com. v. Ward, 568 A.2d 1242, 1243 (Pa. 199

**6. SUPPORTING EXHIBITS**

    (A) In support of this motion I have attached as exhibits:

        ☐ Affidavits               [Exhibit(s) No. _____]

        ☑ Records                [Exhibit(s) No. _____]

        ☑ Other Supporting Evidence     [Exhibit(s) No. _____]

    (B) I have not attached any affidavits, records or other supporting evidence because

_____

_____

_____

_____

**7. I HAVE TAKEN THE FOLLOWING ACTION(S) TO SECURE RELIEF FROM MY CONVICTION(S) OR SENTENCE(S):**

    (A) Direct Appeal      (IF "YES," name the court(s) to which appeal(s) was/were taken, date, term and number, and result.)

        ☐ YES    ☑ NO

_____

_____

_____

    (B) Previous proceedings in the courts of the Commonwealth of Pennsylvania

        ☑ YES    ☐ NO    (IF "YES," name the type of proceedings (such as habeas corpus, etc.) — including former proceedings under the Post Conviction Hearing Act the Court(s) in which petition(s) was/were filed, date, term and number, and result, including all appeals.)

Do not have copies. —

_____

    (C) Habeas Corpus or other petitions in Federal Courts

        ☑ YES    ☐ NO    (IF "YES," name the district in which petition(s) was/were filed, date(s), Court Number—civil action or miscellaneous, and result, including all appeals.)

Do not have copies.

_____

    (D) Other legal proceedings

        ☑ YES    ☐ NO    (IF "YES," give complete details—type of action, court in which filed, date, term and number, and result, including all appeals.)

Do not have copies.

_____

8. FOLLOWING MY ARREST, I WAS REPRESENTED BY THE FOLLOWING LAWYER(S):  (Give the lawyer's name and the proceeding at which he represented you.)

Joseph Sculidi, Dean Ibrahim, Cynthia Weaver, Theodore Thompson

9. THE ISSUES WHICH I HAVE RAISED IN THIS MOTION HAVE NOT BEEN PREVIOUSLY LITIGATED A ONE OF THE FOLLOWING APPLIES:

☑ (I) The allegation of error has not been waived.

☐ (II) If the allegation of error has been waived, the alleged error has resulted in the conviction affirmance of sentence of an innocent individual."

☑ "(III) If the allegation of error has been waived, the waiver of the allegation of error during pretria trial, post-trial or direct appeal proceedings does not constitute a state procedural default barri federal habeas corpus relief."

The failure to litigate this issue(s) prior to or during trial or on direct appeal could not have been t result of any rational strategic or tactical decision by counsel.

10. BECAUSE OF THE FOREGOING REASONS, THE RELIEF WHICH I DESIRE IS:

(A) ☑ Release from custody and discharge

(B) ☐ A new trial

(C) ☐ Correction of sentence

(D) ☐ Other relief (specify): Eleven Month time served credit for 1576

11. (A) I am ☐ ABLE    ☑ NOT ABLE to pay the costs of this proceeding.

I have $ ___100___ in my prison account.

(B) My other financial resources are: None

12. (A) ☑ I do not have a lawyer and I am without financial resources or otherwise unable to obtain a lawyer

    (1) ☑ I request the court to appoint a lawyer to represent me.

    (2) ☐ I do not want a lawyer to represent me.

(B) ☐ I am represented by a lawyer. (Give name and address of your lawyer.)

_____

_____

_____

*Charles Iseley*
(Signature of Defendant)

## UNSWORN DECLARATION

I, ___*Charles Iseley*___ do hereby verify that
        Your Name

the facts set forth in the above motion are true and correct

to the best of my personal knowledge or information and

belief, and that any false statements herein are made sub-

ject to the penalties of Section 4904 of the Crimes Code

(18 Pa. C.S. § 4904), relating to unsworn falsification to

authorities.

*Charles Iseley*
Signature of Defendant

**No Notary
Requried**

## FACTS

1. The sentence that a defendant receives for a criminal conviction for a criminal offense is the maximum term.

2. Petitioner received seven (7), maximum terms for seven (7) criminal convictions for seven (7) criminal cases.

3. Petitioner received a two (2) year term for <u>1241</u> and was granted eleven (11) months time served credit. The term was ordered to have begun and taken effect on January 22, 1983.

4. Petitioner received a fifteen (15) year term for <u>1372</u> and was granted eleven (11) months time served credit. The term was ordered to have begun and taken effect on January 22, 1983.

5. Petitioner received a fifteen (15) year term for <u>1373</u> and was granted eleven (11) months time served credit. The term was ordered to have begun and taken effect on January 22, 1983.

6. Petitioner received a fifteen (15) year term for <u>1374</u> and was granted eleven (11) months time served credit. The term was ordered to have begun and taken effect on January 22, 1983.

7. Petitioner received a fifteen (15) year term for <u>1375</u> and was granted eleven (11) months time served credit. The term was ordered to have begun and taken effect on January 22, 1983.

8. Petitioner received a fifteen (15) year term for <u>1513</u> and was granted eleven (11) months time served credit. The term was ordered to have begun and taken effect on January 22, 1983.

9. Petitioner received a ten (10) year term for <u>1576</u> and was granted eleven (11) months time served credit. The term was ordered to begin and taken effect at the minimum expiration of all the other terms ( 1241, 1372, 1373, 1374, 1375, 1513 ). Petitioner had approximately nine (9) years and one (1) month left to serve for <u>1576</u>.

10. The minimum expiration of the other terms (1372, 1373, 1374, 1375, 1513 ) occurred in July of 1990 ( January 1983 to July 1990 is seven and a half [7/1/2] years. The minimum expiration for <u>1241</u> occurred in January of 1984.

11. In 1985 petitioner should have received two (2) years credit for serving the entirety of <u>1241</u> (January 1983 to January 1985).

12. In 1998 petitioner should have received fifteen (15) years credit for serving the entirety of <u>1372</u> ( January 1983 to January 1998 ).

13. In 1998 petitioner should have received fifteen (15) years credit for serving the entirety of <u>1373</u> ( January 1983 to January 1998 ).

14. In 1998 petitioner should have received fifteen (15) years credit for serving the entirety of 1374 ( January 1983 to January 1998 ).

15. In 1998 petitioner should have received fifteen (15) years credit for serving the entirety of 1375 ( January 1983 to January 1998 )

16. In 1998 petitioner should have received fifteen (15) years credit for serving the entirety of of 1513 ( January 1983 to January 1998 ).

17. In 1999 petitioner should have received ten (10) years credit for serving the entirety of 1576 ( January 1983 to December 1983 plus July 1990 to August 1999 ).

18. Consequently, in fifteen (15) years, from January 1983 to January 1998, petitioner accrued seventy-seven (77) years of credit, in sum, for 1241, 1372, 1373, 1374, 1375, and 1513, ( 5x15 +2=77 ) and accrued eight (8) years and five (5) months of credit ( January 1983 to December 1983 plus July 1990 to January 1998 ) for 1576. In January 1998 the total credit was therefore eighty-five (85) years and five (5) months.

19. Thus, in fifteen (15) years, from January 1983 to January 1998, petitioner served the entirety of 1241, 1372, 1373, 1374, 1375 and 1513 and a portion of 1576.

20. In ten (10) years, from January 1983 to December 1983 plus July 1990 to August 1999, petitioner served the entirety of 1576.

21. Fifteen (15) years plus ten (10) years equals twenty-five (25) years ( 15=10=25 )- which is exactly what petitioner's aggregated maximum term was.

22. Petitioner was ordered to "... imprisonment for not less than 1 years nor more than 2 years ..." for 1241. Petitioner is still serving this term and has served approximately eighteen (18) years On this term.

23. Petitioner was ordered to "... imprisonment for not less than 7/ ½ years nor more than 15 years...", for 1372. Petitioner is still serving this term and has served approximately eighteen (18) years on this term.

24. Petitioner was ordered to "... imprisonment for not less than 7/ ½ years nor more than 15 years ... ", for 1373. Petitioner is still serving this term and has served approximately eighteen (18) years on this term.

25. Petitioner was ordered to " ... imprisonment for not less than 7/ ½ years nor more than 15 years ... ", for 1374. Petitioner is still serving this term and has served approximately eighteen (18) years on this term.

26. Petitioner was ordered to "... imprisonment for not less than 7/ ½ years nor more than 15 years ... ", for 1375. Petitioner is still serving this term and has served approximately eighteen

(18) years on this term.

27. Petitioner was ordered to " ... imprisonment for not less than 7/ ½ years nor more than 15 years ... ", for 1513. Petitioner is still serving this term and has served approximately (18) years on this term.

28. Petitioner was ordered to "... imprisonment for not less than 5 years nor more than 10 years ... ", for 1576. Petitioner is still serving this term and has served approximately twelve (12) years on this term.

29. Petitioner is still serving all terms because the Pa. Bd. of Prob. and Parole, and the Pa. Dept. of Cor. claim that petitioner will not serve the entirety of any of the terms until January 2008.

30. They claim that petitioner's sentences are illegal because 1576 was supposed to begin and take effect at the maximum expiration of the other terms rather than the minimum, as ordered by the Court.

31. They do not have such authority. Moreover, even if , arguendo, 1576 did not begin and take effect until the maximum expiration of the other terms, the January 2008 expiration would still be incorrect because petitioner received eleven (11) months time served credit for 1576, therefore, if it began and took effect in January 1998, the maximum expiration of the other terms ( excluding 1241 ), then the maximum expiration would clearly occur in February of 2007 and not in January 2008.

32. However, as previously noted, petitioner's 1576 term was specifically and clearly ordered by the court to begin and take effect at the minimum expiration of 1241, 1372, 1373, 1374, 1375 and 1513.

33. It should be noted that the minimum expiration of 1241 occurred in January 1984 and that, by definition, 1576 was ordered to begin and take effect at that time.

34. Moreover, in 1995, petitioner became eligible for parole release on all the terms. Consequently, at that juncture, petitioner had accrued at least five years credit on 1576 or else he would not have become eligible for parole release on that term.

35. The fact that petitioner's terms were ordered to be partially concurrent and partially consecutive renders them illegal/improper.

36. The fact that petitioner has served more than the maximum terms for 1241, 1372, 1373, 1374, 1375, 1513 and 1576 entitles to release forthwith.

37. No court has the authority to vacate or modify a term which has already expired.

38. Moreover, the sentences imposed exceed the statutory maximums allowed.

## MEMORANDUM

A consecutive term which is ordered to begin at the expiration of the minimum of a prior term is illegal because it is an abuse of discretion for the sentencing court to impose a composite or aggregated sentence which is partially concurrent and partially consecutive thus making it an improper sentence. Com. V. Ward, 568 A.2d 1242, 1243 ( Pa. 1990 ).

In the instant case, the sentencing court ordered 1576 to begin and take effect at the minimum expiration of 1241, 1372, 1373, 1374, 1375 and 1513.

The minimum expiration of 1241 occurred in January 1985. The minimum expirations for 1372, 1373, 1374, 1375 and 1513 occurred in July of 1990.

A sentence imposed for a criminal offence is the maximum term. The minimum term merely set's the date prior to which a prisoner may not be paroled. A " sentence" is defined as the judgement formally pronounced by the court upon a defendant who has been convicted in a criminal prosecution which awards the punishment to be inflicted. Krantz V. Com., 483 A.2d 1044 ( Pa. Cmwlth. 1984 ).

A person cannot be, re-sentenced after the expiration of the maximum term. Com V. Harrison, 16 A.2d 665 (Pa. Super. 1940 ).

BUCKS COUNTY
SENTENCE SHEET

OTN:
ACCOMPANYING CASES:
NO. 83-1376

CONSOLIDATED:
SUB-CHARGE:
CO-CHARGE:

COMMONWEALTH V.

JUDGE: Wm. T. Nicholas
D.A.: R. Gilligan
DEFENDER: T. Tomkinson

DATE: 12/1/83

CLERK:
NOTES BY: V. Allison

CONSECUTIVE SENTENCES

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____.

**STATE PENITENTIARY**

On Information No. ____, 19__, the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ nor more than _____ years in a State Correctional Institution as designated by the Bureau of Correction and, thereafter, to the Correction Diagnostic and Classification Center in Philadelphia, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment be fully complied with.

**AND**

On Information No. ____, 19__ the defendant having waived his right to a speedy trial is released on probation for a period of _____ months upon the following conditions. Defendant within a period of _____ (months), and shall follow all specific conditions as hereinafter set forth.

**ON INFORMATION NO.**

_____, 19__ the defendant is released on probation for a period of _____ under the supervision of (Bucks County Probation Officer) or State Parole Board) from and in lieu of a fine pay $ _____ for the use of the County of Bucks (and make restitution in the sum of $ _____ in monthly installments of $ _____ by making payment to his probation officer) and

**SUSPENDED SENTENCE** 83-1376 to be at _____, 19__

On Information No. ____ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE - WOMEN - HUNCY**

The Court finding the defendant to be a female over the age of 16 years, (having received or waived a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and undergo confinement in a state industrial home for women at Muncy, Pa., for a period of not less than _____ nor more than _____ years, and to stand committed until the same be complied with, as provided by law and stand committed for any Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. ____, 19__, the Court finding that no useful purpose would be served by imposing an order of probation, hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. ____, 19__, the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of _____ to the Commonwealth for the use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

The sentence heretofore imposed on Information No. 5-76 19__ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. ____ 19__ at _____ and, therefore, the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than 2½ years or a maximum of _____ years.

SPECIAL PROVISIONS: _____

83-1377
83-1373
83-1376
83-1375

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for attachment of

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ to be a further sentence to which the defendant is sentenced, and, therefore, the sentence to which this defendant is imposed is a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19 _____ defendant is directed to pay of prosecution and sentence is suspended.

**SENTENCE - WOMEN - MERCY**

The Court finding the defendant _____ over the age of 16 years, (having received or waives a pre-sentence investigation) orders and directs the defendant to pay cost of prosecution and directs that she undergo confinement in the state industrial home ther directs that she undergo confinement less than _____ years nor women at Muncy, Pa., for a period of not be fed, clothed and treated in all re than _____ years and there to be committed until the same be completed with as provided by law and stand committed until the same be completed with Credit is to be given for all time spent in custody as is provided with Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Pr 1906 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19 _____, the Court finding that no further purpose would be served by imposing an order of probation, the Court h orders and directs the defendant to pay the cost of prosecution and im the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19 _____, the Court finding that the def is able to pay a fine orders and directs the defendant to pay the cost prosecution and a fine in the sum of $ _____ to the Commonwealth; use of the (State Treasurer or the County of Bucks). The total fine a are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS:**

---

**PTOS:**

**SURCHARGE:**

**SURCHARGE:**

**COMMONWEALTH V.**

**CR-**

**D.A.**

**PD/DEF**

**DATE:**

**BUCKS COUNTY PRISON**

A pre-sentence investigation orders and directs that defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ . Credit is to be given for all time spent until sentence is completed with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1906 (b) and (c).

**STATE PENITENTIARY**

On Information No. _____ 19 _____ the Court having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ years nor more than _____ years in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, for this purpose. Credit is to and Classification Center in custody as is provided for by Sec. 1360 of the be given for all time spent in custody as is provided for by Sec. 1360 of the sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1906 (b) and (c). Defendant is directed to stand committed until judgment be fully complied with.

**ARD**

On Information No. _____ 19 _____ the defendant having waived his right to a speedy trial is released on probation for a period of _____ months upon the following conditions. Defendant is directed to pay court costs and make restitution in the sum of $ _____ for the use of the months, and shall follow all specific conditions as hereinafter set forth.

**ON INFORMATION NO. _____ 19 _____**

the defendant is released on probation for a period of _____ under the supervision of the Bucks County Probation Officer or State Parole Board, (and in lieu of the following conditions. Defendant to pay cost prosecution and in lieu of a fine pay $ _____ for the use of the or prosecution and make restitution in the sum of $ _____ in monthly Court, or Bucks (and make restitution to his probation officer) and installments of $ _____ by making payment to his probation officer, obey abide by the rules and regulations laid down by his probation officer and stand the law in all other respects and stand committed until the same be complied

**ACCOMPANYING CASES:**

**NO.**

**CLERK:**

**NOTES BY:**

$3 — 1373
$3 — 137 ½ c
$3 — 137 ½
$3 — 1 ½ ½
$3 — 1341

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  : No. 1372-75/83, 1513/83,
                             :    1576/83, 1241/83
                  vs.        :
                             :
CHARLES ISELEY              :

## NOTICE OF INTENT TO DISMISS PETITION

Pursuant to Pennsylvania Rules of Criminal Procedure 907, the Clerk of Courts is directed to send to Defendant, Charles Iseley, a copy of this court's Notice of Intention to Dismiss the Petition.

AND NOW, this /3 day of September, 2001, upon review of the Fifth Post Conviction Relief Petition filed by Defendant, Charles Iseley, the Court finds that the Petition fails to satisfy the requirements of Section 9545(b) of the Post-Conviction Relief Act, 42 Pa.C.S.A. §9545(b) and is therefore, untimely. After reviewing the Petition, we find that there are no genuine issues concerning any material fact, that you are not entitled to post-conviction relief, and no purpose would be served by further proceedings. Further, we find that all issues raised in your Petition have been previously litigated, waived or lack merit. Defendant has twenty (20) days from the date herein to respond to this Notice.

BY THE COURT:

R. BARRY McANDREWS, P.J.

N. B. It is your responsibility
to notify all interested parties
of the above action.

IN THE COURT OF COMMON PLEAS BUCKS COUNTY, PA
CRIMINAL DIVISION

COM. OF PA.                          :NUMBERS- 1241/83; 1372-75/83
                                     :        1513/83; 1576/83
        V.                           :
                                     :
CHARLES ISELEY                       :


BRIEF IN OPPOSITION OF COURT'S INTENT TO DISMISS


REGULAR PROCEDURE BACKGROUND:

On September 13th, 2000, the Court issued a Notice of Intent to Dismiss Petition, regarding petitioner's petition filed pursuant to the Post-Conviction Relief Act, currently pending before the Court. This Brief is filed in opposition to dismissal.

STATEMENT OF FACTS:

The facts in this matter are indisputable and are a matter of record. On December 7th, 1983 petitioner received seven criminal terms for seven criminal cases for a total of eighty-seven (87) years. Six of the cases were ordered to have begun and taken effect on January 22nd, 1983. (The Court stated "for record purposes, in all of Mr.Iseley's cases he should be given credit for time served since January 22nd, 1983, as against all of the sentences imposed".). The six cases were for informations 1241, 1372, 1373, 1374, 1375 and 1513.

In 1985 petitioner served the entirety of 1241, a two year sentence.

In 1998 petitioner served the entirety of 1372, 1373, 1374, 1375, and 1513, all fifteen year sentences, for a total of seventy-five (75) years. The sentence for 1576, a ten year sentence, was ordered to begin and take effect at the minimum expiration of all the other terms, which occurred in July of 1990. At that juncture, petitioner had approximately nine years and one month remaining to serve for 1576 due to the eleven months time served credit granted to him by the Court for 1576. These facts are clearly corroborated and verified via petitioner's sentence sheet and sentence hearing transcript however, 1576 was not started at the minimum expirations of all the other sentences as ordered by the Court, but was started at their maximum expirations. Moreover, the eleven months time served credit was confiscated from petitioner despite a Court order granting him the credit.

Petitioner filed the instant petition to have his punishment be in accord with that which he was to by the Court. Petitioner requested appointment of counsel which has thus far been ignored by the

Court.

ARGUMENT:

### PETITIONER IS ENTITLED TO TIME SERVED CREDIT AND FOR SENTENCE TO BEGIN AND TAKE EFFECT AS ORDERED BY THE SENTENCING COURT:

Petitioner's sentence sheet specifically states for 1576 that, "credit is to be given for all time spent in custody as is provided for by; ( sec. 1360 of the Sentencing Code of 1974, and by Pa. Rule of Criminal Procedure 1406 (b) and (c) ). No where in the law does it state that the ( D.O.C.) and ( P.B.P.P.) May capriciously and arbitrarily deny time served credit granted to a prisoner by the sentencing Court, clearly the denial of credit is a violation of petitioner's rights under the first, fourth, fifth, sixth, eighth and fourteenth amendments of the United States Constitution.

An inquiry into the validity of a sentence concerning its legality or double jeopardy issues is, as a matter of law, a non-waiver matter. Com. V. Quinlan, 639 A2d 1235, 1238 (Pa. Super. 1994); Com. V. Davis, 760 A2d 406 (Pa. Super. 2000); Com. V. Isabell, 467 A2d 1287 ( Pa. 1983 ); Com. V. Vasquez, 744 A2d 1280 (Pa. 2000 ).

The fact that 1576 was ordered to begin and take effect at the minimum expirations of all the other sentences, causing a partially concurrent and partially consecutive sentence, perforce renders the sentence illegal. Com. V. Ward, 568 A2d 1242 (Pa. 1990 ). It is the signed sentence order which governs the sentence imposed. Isabell, supra at 1292; Quinlan, supra at 1239-40. Only the sentencing Court has the authority to alter or modify a criminal sentence imposed on the defendant, Ward, supra. It is the Commonwealth's obligation and responsibility to petition for modification of sentence if it believes the sentence order is incorrect and the petition must be filed within the prescribed thirty (30) day time limit to do so or the Commonwealth, not the defendant, waives the issue. Quinlan, supra at 1240; Isabell, Supra at 1292-93.

It should be noted that sentences such as petitioner's are not barred. Wilson V. Com., 480 A2d 392, 393 note 3 (Pa. Cmwlth. 1984); Ward, Supra at note 6; Merritt V. Bd., 574 A2d 597 (Pa. 1990); Kelly V. Risley, 865 F.2d 201 (9th cir. 1989); Com V. Stark, 698 A.2d 1327, 1334 (Pa.Super. 1997) ( Noting that Montana's statutes have same legal effect as Pennsylvania's ); Marshall V. Bd., 638 A. 2d 451 (Pa. Cmnlth. 1994). Wilson V. Com., 89 Pa.Cmnlth. 222. If a defendant is misinformed as to the actual duration of his sentence then the misinformation of the consequences of his plea voids the legality of his guilty plea and violates his rights. Stark, Supra at 1331. A prisoner has a right to be timely released from prison, Sample V. Diecks, 885 F. 2d 1099 (3d Cir. 1989).

The issues involved are not waived as petitioner filed petition subsequent to refusal of (D.O.C.) and (P.B.P.P.) To correct his records to reflect his true sentences and credit imposed and granted by the sentencing Court.

CONCLUSION:

Wherefore, the Court should grant petitioner's requested relief forthwith or appoint counsel to represent pertitioner and properly amend the petition and to order a hearing on this matter as soon as possible.

RESPECTFULLY SUBMITTED,

*Charles Iseley*

CHARLES ISELEY, AM-9320
1100 PIKE STREET
HUNTINGDON, PA. 16654

Date: _Oct. 1 2001_

IN THE COURT OF COMMON PLEAS BUCKS COUNTY, PA
CRIMINAL DIVISION

COM. OF PA.                          :NUMBERS- 1241/83; 1372-75/83
                                     :          1513/83; 1576/83
    V.                               :
                                     :
CHARLES ISELEY                       :


BRIEF IN OPPOSITION OF COURT'S INTENT TO DISMISS


REGULAR PROCEDURE BACKGROUND:

On September 13th, 2000, the Court issued a Notice of Intent to Dismiss Petition, regarding petitioner's petition filed pursuant to the Post-Conviction Relief Act, currently pending before the Court. This Brief is filed in opposition to dismissal.

STATEMENT OF FACTS:

The facts in this matter are indisputable and are a matter of record. On December 7th, 1983, petitioner received seven criminal terms for seven criminal cases for a total of eighty-seven (87) years. Six of the cases were ordered to have begun and taken effect on January 22nd, 1983. (The Court stated "for record purposes, in all of Mr. Iseley's cases he should be given credit for time served since January 22nd, 1983, as against all of the sentences imposed".). The six cases were for informations 1241, 1372, 1373, 1374, 1375 and 1513.

In 1985 petitioner served the entirety of 1241, a two year sentence.

In 1998 petitioner served the entirety of 1372, 1373, 1374, 1375, and 1513, all fifteen year sentences, for a total of seventy-five (75) years. The sentence for 1576, a ten year sentence, was ordered to begin and take effect at the minimum expiration of all the other terms, which occurred in July of 1990. At that juncture, petitioner had approximately nine years and one month remaining to serve for 1576 due to the eleven months time served credit granted to him by the Court for 1576. These facts are clearly corroborated and verified via petitioner's sentence sheet and sentence hearing transcript however, 1576 was not started at the minimum expirations of all the other sentences as ordered by the Court, but was started at their maximum expirations. Moreover, the eleven months time served credit was confiscated from petitioner despite a Court order granting him the credit.

Petitioner filed the instant petition to have his punishment be in accord with that which he was to by the Court. Petitioner requested appointment of counsel which has thus far been ignored by the

Court.

ARGUMENT:

PETITIONER IS ENTITLED TO TIME SERVED CREDIT AND FOR SENTENCE TO BEGIN AND TAKE EFFECT AS ORDERED BY THE SENTENCING COURT:

Petitioner's sentence sheet specifically states for 1576 that, "credit is to be given for all time spent in custody as is provided for by; ( sec. 1360 of the Sentencing Code of 1974, and by Pa. Rule of Criminal Procedure 1406 (b) and (c) ). No where in the law does it state that the ( D.O.C.) and ( P.B.P.P.) May capriciously and arbitrarily deny time served credit granted to a prisoner by the sentencing Court, clearly the denial of credit is a violation of petitioner's rights under the first, fourth, fifth, sixth, eighth and fourteenth amendments of the United States Constitution.

An inquiry into the validity of a sentence concerning its legality or double jeopardy issues is, as a matter of law, a non-waiver matter. Com. V. Quinlan, 639 A2d 1235, 1238 (Pa. Super. 1994); Com. V. Davis, 760 A2d 406 (Pa. Super. 2000); Com. V. Isabell, 467 A2d 1287 ( Pa. 1983); Com. V. Vasquez, 744 A2d 1280 (Pa. 2000 ).

The fact that 1576 was ordered to begin and take effect at the minimum expirations of all the other sentences, causing a partially concurrent and partially consecutive sentence, perforce renders the sentence illegal. Com. V. Ward, 568 A2d 1242 (Pa. 1990 ). It is the signed sentence order which governs the sentence imposed. Isabell, supra at 1292; Quinlan, supra at 1239-40. Only the sentencing Court has the authority to alter or modify a criminal sentence imposed on the defendant, Ward, supra. It is the Commonwealth's obligation and responsibility to petition for modification of sentence if it believes the sentence order is incorrect and the petition must be filed within the prescribed thirty (30) day time limit to do so or the Commonwealth, not the defendant, waives the issue. Quinlan, supra at 1240; Isabell, Supra at 1292-93.

It should be noted that sentences such as petitioner's are not barred. Wilson V. Com., 480 A2d 392, 393 note 3 (Pa. Cmwlth. 1984); Ward, Supra at note 6; Merritt V. Bd., 574 A2d 597 (Pa. 1990); Kelly V. Risley, 865 F.2d 201 (9th cir. 1989); Com V. Stark, 698 A.2d 1327, 1334 (Pa.Super. 1997) ( Noting that Montana's statutes have same legal effect as Pennsylvania's ); Marshall V. Bd., 638 A. 2d 451 (Pa. Cmlth. 1994). Wilson V. Com., 89 Pa.Cmnlth. 222. If a defendant is misinformed as to the actual duration of his sentence then the misinformation of the consequences of his plea voids the legality of his guilty plea and violates his rights. Stark, Supra at 1331. A prisoner has a right to be timely released from prison, Sample V. Diecks, 885 F. 2d 1099 (3d Cir. 1989).

The issues involved are not waived as petitioner filed petition subsequent to refusal of (D.O.C.) and (P.B.P.P.) To correct his records to reflect his true sentences and credit imposed and granted by the sentencing Court.

CONCLUSION:

Wherefore, the Court should grant petitioner's requested relief forthwith or appoint counsel to represent pertitioner and properly amend the petition and to order a hearing on this matter as soon as possible.

RESPECTFULLY SUBMITTED,

*Charles Iseley*

CHARLES ISELEY, AM-9320
1100 PIKE STREET
HUNTINGDON, PA. 16654

Date: _Oct. 1 2001_

IN THE COURT OF COMMON PLEAS BUCKS COUNTY, PA
CRIMINAL DIVISION

COM. OF PA.                          : NUMBERS- 1241/83; 1372-75/83
                                     :                1513/83; 1576/83
        V.                           :
                                     :
CHARLES ISELEY                       :

BRIEF IN OPPOSITION OF COURT'S INTENT TO DISMISS

REGULAR PROCEDURE BACKGROUND:

On September 13th, 2000, the Court issued a Notice of Intent to Dismiss Petition, regarding petitioner's petition filed pursuant to the Post-Conviction Relief Act, currently pending before the Court. This Brief is filed in opposition to dismissal.

STATEMENT OF FACTS:

The facts in this matter are indisputable and are a matter of record. On December 7th, 1983, petitioner received seven criminal terms for seven criminal cases for a total of eighty-seven (87) years. Six of the cases were ordered to have begun and taken effect on January 22nd, 1983. (The Court stated "for record purposes, in all of Mr. Iseley's cases he should be given credit for time served since January 22nd, 1983, as against all of the sentences imposed".). The six cases were for informations 1241, 1372, 1373, 1374, 1375 and 1513.

In 1985 petitioner served the entirety of 1241, a two year sentence.

In 1998 petitioner served the entirety of 1372, 1373, 1374, 1375, and 1513, all fifteen year sentences, for a total of seventy-five (75) years. The sentence for 1576, a ten year sentence, was ordered to begin and take effect at the minimum expiration of all the other terms, which occurred in July of 1990. At that juncture, petitioner had approximately nine years and one month remaining to serve for 1576 due to the eleven months time served credit granted to him by the Court for 1576. These facts are clearly corroborated and verified via petitioner's sentence sheet and sentence hearing transcript however, 1576 was not started at the minimum expirations of all the other sentences as ordered by the Court, but was started at their maximum expirations. Moreover, the eleven months time served credit was confiscated from petitioner despite a Court order granting him the credit.

Petitioner filed the instant petition to have his punishment be in accord with that which he was to by the Court. Petitioner requested appointment of counsel which has thus far been ignored by the

Court.

ARGUMENT:

PETITIONER IS ENTITLED TO TIME SERVED CREDIT AND FOR SENTENCE
TO BEGIN AND TAKE EFFECT AS ORDERED BY THE SENTENCING COURT:

Petitioner's sentence sheet specifically states for 1576 that, "credit is to be given for all time spent in custody as is provided for by; ( sec. 1360 of the Sentencing Code of 1974, and by Pa. Rule of Criminal Procedure 1406 (b) and (c) ). No where in the law does it state that the ( D.O.C.) and ( P.B.P.P.) May capriciously and arbitrarily deny time served credit granted to a prisoner by the sentencing Court, clearly the denial of credit is a violation of petitioner's rights under the first, fourth, fifth, sixth, eighth and fourteenth amendments of the United States Constitution.

An inquiry into the validity of a sentence concerning its legality or double jeopardy issues is, as a matter of law, a non-waiver matter. Com. V. Quinlan, 639 A2d 1235, 1238 (Pa. Super. 1994); Com. V. Davis, 760 A2d 406 (Pa. Super. 2000); Com. V. Isabell, 467 A2d 1287 ( Pa. 1983); Com. V. Vasquez, 744 A2d 1280 (Pa. 2000 ).

The fact that 1576 was ordered to begin and take effect at the minimum expirations of all the other sentences, causing a partially concurrent and partially consecutive sentence, perforce renders the sentence illegal. Com. V. Ward, 568 A2d 1242 (Pa. 1990 ). It is the signed sentence order which governs the sentence imposed. Isabell, supra at 1292; Quinlan, supra at 1239-40. Only the sentencing Court has the authority to alter or modify a criminal sentence imposed on the defendant, Ward, supra. It is the Commonwealth's obligation and responsibility to petition for modification of sentence if it believes the sentence order is incorrect and the petition must be filed within the prescribed thirty (30) day time limit to do so or the Commonwealth, not the defendant, waives the issue. Quinlan, supra at 1240; Isabell, Supra at 1292-93.

It should be noted that sentences such as petitioner's are not barred. Wilson V. Com., 480 A2d 392, 393 note 3 (Pa. Cmwlth. 1984); Ward, Supra at note 6; Merritt V. Bd., 574 A2d 597 (Pa. 1990); Kelly V. Risley, 865 F.2d 201 (9th cir. 1989); Com V. Stark, 698 A.2d 1327, 1334 (Pa.Super. 1997) ( Noting that Montana's statutes have same legal effect as Pennsylvania's ); Marshall V. Bd., 638 A. 2d 451 (Pa. Cmnlth. 1994). Wilson V. Com., 89 Pa.Cmnlth. 222. If a defendant is misinformed as to the actual duration of his sentence then the misinformation of the consequences of his plea voids the legality of his guilty plea and violates his rights. Stark, Supra at 1331. A prisoner has a right to be timely released from prison, Sample V. Diecks, 885 F. 2d 1099 (3d Cir. 1989).

The issues involved are not waived as petitioner filed petition subsequent to refusal of (D.O.C.) and (P.B.P.P.) To correct his records to reflect his true sentences and credit imposed and granted by the sentencing Court.

CONCLUSION:

Wherefore, the Court should grant petitioner's requested relief forthwith or appoint counsel to represent pertitioner and properly amend the petition and to order a hearing on this matter as soon as possible.

RESPECTFULLY SUBMITTED,

CHARLES ISELEY, AM 9320
1100 PIKE STREET
HUNTINGDON, PA. 16654

Date: Oct / 2001

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

**COMMONWEALTH OF PENNSYLVANIA** : No. 1372-75/83, 1513/83,
                                           :    1576/83, 1241/83

             **vs.** :

**CHARLES ISELEY** :

## ORDER

AND NOW, this /5₺₺ day of October, 2001, upon consideration the

Court's Notice of Intent to Dismiss Defendant, Charles Iseley's Fifth Motion for Post

Conviction Collateral Relief, it is **ORDERED** and **DIRECTED** that Defendant's Motion

be and is hereby **DENIED** without a hearing.

                                         **BY THE COURT:**

                                       _____

                                         R. BARRY McANDREWS, P.J.

N. B. It is your responsibility
to notify all interested parties
of the above action.