(23)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Petitioner,
       v.
KATHLEEN ZWIERZYNA, et al.,
    Respondents

Civil No.
1:CV-00-2186.

FILED
HARRISBURG, PA
JAN 0 3 2002
MARY E. D'ANDREA, CL
Per _____
     Deputy Clerk

<u>PETITIONER'S TRAVERSE TO THE RETURN</u>

## I. Procedural History

Petitioner herein incorporates by reference the contents of the attached exhibits including the Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. secs. 2241-2254. (Ex. 1).

It is clear from the facts that on December 7, 1983, petitioner was sentenced to serve a total of 87 years for 7 criminal cases, was granted approximately eleven months time served credit for each sentence for a total of 77 months time served credit and that his 5 to 10 year sentence for information number <u>1576</u> was ordered by the sentencing court to begin and take effect at the <u>minimum</u> expirations of all the other sentences (i.e., information numbers: 1241, 1372, 1373, 1374, 1375 and 1513) which occurred on July 22, 1990, because those sentences began and took effect on January 22, 1983, as **ordered** by the sentencing court. (Exs. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10). On July 22, 1990, petitioner had 9 years and one month left to serve on the 5 to 10 sentence for <u>1576</u> because of the eleven months time served credit he was granted by the court for <u>1576</u> from January 1983 to December 1983. (Exs. 8, 9).

Petitioner is currently beyond the maximum expiration of all his ~~sentences~~ sentences and is, and has been, in prison illegally since said maximum expiration which occurred on August 22, 1999.

1

## II. Exhaustion

Pursuant to 28 U.S.C. sec. 2241, a petition for writ of habeas corpus cannot extend to a prisoner unless he is in custody illegally with respect to the laws of the United States Constitution or treaties of the United States and there is no exhaustion requirement under sec. 2241 as there is under sec. 2254. <u>Betts v. Rafferty</u>, No. Civ A. 88-4043, 1989 W.L. 200946 at *1 (D.N.J. Aug. 21, 1989).

In the case at bar, petitioner specifically avers that he is in custody illegally and therefore exhaustion is not required.

Moreover, a challenge to the interpretation of a sentence by prison or parole officials is neither a collateral or direct attack on conviction or sentence imposed and cannot be properly brought via PCRA but pursuant to writ of habeas corpus ad subjiciendum. <u>Com. v. Isabell</u>, 467 A.2d 1287, 1291-93 (Pa. 1983); <u>Lepore v. Anderson</u>, 448 F.Supp. 716, 717 (M.D. Pa. 1978); <u>Com. v. Wilson</u>, 85 Cmwlth 32, 480 A.2d 392 (Pa. Cmwlth. 1984); <u>Com. v. Wilson</u>, 89 Cmwlth 222 (Pa. Cmwlth. 1985). Petitioner is not challenging the legality of sentence or conviction. He is merely stating that his sentence order specifically and clearly states that his sentence for 1576 was to begin and take effect at the <u>minimum</u> expirations of all the other sentences and should be adhered to. His sentence is over.

It is the signed sentence order which determines a sentence. <u>Isabell, supra</u>; <u>Com. v. Quinlan</u>, 639 A.2d 1235, 1239-40 (Pa. Super. 1994).

Pursuant to 28 U.S.C. 2254 state remedies must be exhausted. The respondents falsely claim that petitioner has not exhausted available state remedies and admit that PCRA relief is not available.

Exhaustion is excused if there is no appropriate state remedy available or if the state process is ineffective or frustrating. <u>Carter v.</u>

2

*Vaughn*, 62 F.3d 591, 594 (3d Cir. 1995); *Lambert v. Blackwell*, 134 F.3d 506, 517 (3d Cir. 1997); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996).

In the case at bar, respondents have provided documentation that petitioner exhausted the instant claim via PCRA by raising same in the sentencing court, appealing to the Pennsylvania Superior Court and appealing to the state Supreme Court. Thus, petitioner has obviously exhausted the PCRA avenue even though, or rather despite the fact that, as respondents admit, PCRA relief was not available for his claim.

On December 18, 1997, petitioner filed a state habeas corpus petition with the sentencing court (Ex. 10) which was subsequently denied. Petitioner timely appealed but received no response or acknowledgement from the court. (Ex. 11).

Consequently, petitioner filed another petition on July 21, 1998, which was subsequently dismissed without a hearing (Ex. 15). The lower court held that pursuant to *Com. v. Perry*, 563 A.2d 511 (Pa. Super. 1989), the court lacked jurisdiction to adjudicate the claim. (Ex. 15). The lower court's holding was and is clearly erroneous because *Perry*, which concerned PCRA relief, was not applicable to petitioner's habeas corpus relief request. *Isabell* the proper controlling case. *Com. v. Isabell*, 467 A.2d 1287 (Pa. 1983). *Isabell* concerns habeas corpus relief. Despite the lower court's erroneous holding, the state Superior and Supreme courts upheld the erroneous holding/decision, which is admitted by the respondents. Clearly, petitioner has exhausted the state habeas corpus relief avenue.

Petitioner also filed a Petition for Writ of Mandamus in the Commonwealth Court which was dismissed as frivolous and upheld by the state Supreme Court. (Ex. 16). The court turned the Mandamus into a "Petition for Review". However, petitioner filed it as a Petition for Writ of Mandamus. The court also erroneously believed that petitioner was challenging the aggregation of his sentences even though he was not;

3

He was challenging when his sentence was started. It should be noted that the Commonwealth Court has no authority over such a claim anyway. <u>Isabell</u>, <u>supra</u>. Despite this, petitioner has obviously exhausted the Mandamus relief avenue for the state and, inadvertently exhausted the Petition for Review relief avenue.

Since the state courts misunderstood the facts and applicable law, petitioner continued to seek to be heard (Ex 11) in order to guarantee that the available state remedies be deemed to be exhausted for the habeas corpus relief purposes (Ex 11).

Petitioner attempted to file a habeas corpus petition in the state Supreme Court and was unsuccessful until December 19, 2000, (Exs. 11, 17).

Petitioner's petition was subsequently denied by that court and therefore he has exhausted that state remedy, as respondents admit.

Petitioner again attempted to file a habeas corpus petition in the lower court. (Ex. 18). However, the court received it but has refused to file it. (Ex. 19). The court has refused to even include the filing on record (Ex. 22).

Petitioner also attempted to file a habeas corpus ad subjiciendum petition with the lower court. (Ex. 20). However, while the court received same it has refused to file it. (Ex. 21). It has refused to even include the filing on record. (Ex. 22).

Even if, <u>arguendo</u>, exhaustion is somehow not perfected, even though respondents point to no available remedy to petitioner or court, exhaustion should be excused because of the state courts' refusal to acknowlede jurisdiction, recognize the true underlying facts of petitioner's claim, recognize the true claim and refusal to even file petitions which has caused extensive inordinate delay and frustration.

4

## III. Procedural Default

Respondents claim, without offering any evidence, that petitioner is barred from habeas corpus review allegedly because he procedurally defaulted by failing to adequately present his claim in the state court. The respondents' allegation is false.

A fair presentation occurs if the state claim is the "substantial equivalent" of the federal claim. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989); *Bisaccia v. Atty*, 623 F.2d 307, 310 (3d Cir. 1988).

As noted above, and admitted by respondents, the state claim concerned the fact that petitioner's sentence for 1576 was ordered to begin at the minimum expirations of all the other sentences, which occurred in 1990. In the case at bar, the claim concerns the fact that petitioner's sentence for 1576 was supposed to begin in 1990, as ordered by the sentencing court. Clearly, the state claim is the requisite "substantial equivalent" of the federal claim and therefore qualifies as "fair presentation".

Moreover, if cause and prejudice can be shown for the default, if any, or if a miscarriage of justice would exist by the barring of claim, then the claim must be heard. *Coleman v. Thompson*, 501 U.S. 722 (1991). Instantly, petitioner avers that the state courts misconstrued the facts, misconstrued the claim and erroneously held that they did not have jurisdiction and has refused to file petitions. These causes are clearly beyond petitioner's control and ergo excuses any procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Caswell v. Ryan*, 953 F.2d 853, 862 (3d Cir. 1992). Since petitioner has been illegally confined he has suffered "actual and substantial disadvantage" he has been prejudiced and is therefore excused. *U.S. v. Frady*, 456 U.S. 152, 170 (1972).

5

Moreover, a claim cannot be waived if it involves double jeopardy or illegal sentence. Com. v. Quinlan, 639 A.2d 1235, 1238 (Pa. Super. 1994); Com. v. Davis, 760 A.2d 406 (Pa. Super. 2000); Com. v. Vasquez, 744 A.2d 1280 (Pa. 2000); Com. v. Shannon, 608 A.2d 1020, 1024 (Pa. 1992).

## IV. Successive Petition

Respondents claim that this is a successive petition, which is not true.

The prior petition was filed on August 27, 1999, and, of course was completed prior to that and mailed.

Petitioner's maximum sentence expired on August 22, 1999. Consequently, petitioner had to exhaust the prison grievance system and available state remedies concerning his being beyond his maximum sentence. Petitioner also raised this fact in a motion for temporary restraining order filed October 5, 2000, in Iseley v. Bushey, No. 1:00-CV-00577 (M.D. Pa.).

Despite the respondents allegation to the contrary, the prior petition concerned the false information in parole files/records as a result of parole regulations/statutes/procedures and retaliation and parole issues.

The instant petition has nothing whatsoever to do with parole. It is impossible for petitioner to have included the instant claim in the prior petition since it just happened and he had to find out how to seek review and had to utilize administrative/state remedies.

The prior petition had nothing to do with petitioner's being in prison beyond his maximum sentence and could not have. In addition, the current petition was filed pursuant to 28 U.S.C. sec. 2241.

Clearly, this is not a "successive petition". It has nothing to do with petitioner's parole rights or privileges but only with when his sentence for 1576 was ordered to begin and take effect.

6

## V. Abuse of Writ

The respondents claim that petitioner has abused the writ by not challenging the calculation of his sentence in the prior petition. However, as previously noted, petitioner did not become illegally confined until August 22, 1999, and the prior petition was filed on August 27, 1999, and therefore it was clearly impossible to include the current claim until petitioner utilized administrative and state remedies concerning his illegal confinement.

Moreover, the court should note that petitioner's sentences were not "aggregated" until April of 1998, months after the expirations of the maximum sentences for 1241, 1372, 1373, 1374, 1375 and 1513. (Exs. 14, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10). The DOC had no authority to do this. Com. v. Wilson, 85 Cmwlth. 32 (Pa. Cmwlth. 1984); Com. v. Wilson, 89 Cmwlth. 222 (Pa. Cmwlth. 1985).

Petitioner has obviously not abused the writ.

## VI. Illegal Confinement

Respondents allege that petitioner is currently serving a legal 12½ to 25 year aggregated sentence. However that is not true.

As noted above, petitioner's sentences were not aggregated until April of 1998. (Ex. 14).

According to John Skowronski, director of Pennsylvania state parole, petitioner is currently serving the 5 to 10 year sentence for 1576 which began and took effect on February 1, 1998, and terminates on February 1, 2008, since he served the entirety of the maximum sentences for 1241, 1372, 1373, 1374, 1375 and 1513 already. (Ex. 12). Of course, Skowronski's interpretations and calculations are incorrect.

7

According to the DOC, petitioner is serving one 12½ to 25 year sentence for one criminal case and the minimum expiration was July 27, 1990, and the maximum expiration is January 22, 2008. (Ex. 13). Of course, this interpretation and calculation is incorrect.

Respondents claim that petitioner's aggregated minimum occurred on July 22, 1995, and that the aggregated maximum expires on January 22, 2008. The respondents are incorrect.

The aggregated minimum expiration occurred on August 22, 1994, because the 5 to 10 year sentence for 1576 began and took effect at the minimum expirations of all the other sentences (i.e., for 1241, 1372, 1373, 1374, 1375 and 1513) which occurred on July 22, 1990, and petitioner was granted eleven months time served credit for 1576 and, therefore, four years and one month after July 22, 1990, would be the aggregated minimum expiration date which calculates as being on August 22, 1994, and not July 22, 1995, as respondents allege. As a result, five years after August 22, 1994, would be the maximum expiration date for 1576 which calculates as being August 22, 1999, since on August 22, 1994, there remained five years left to be served for 1576.

Petitioner's 12½ year aggregated minimum is made up of two parts, a 7½ year part and a 5 year part. 7½ + 5 = 12½. Legally, these parts must sum to 43½ years, which is the total of the minimum sentences that petitioner was sentenced to serve. The minimum sentences for 1241, 1372, 1373, 1374, 1375, 1513 and 1576 were, respectively: 1, 7½, 7½, 7½, 7½, 7½ and 5. 5(7½) + 5 + 1 = 43½.

The first part of the aggregated minimum sentence, the 7½ year part, consists of 38½ years in six parts (i.e., 1241, 1372, 1373, 1374, 1375 and 1513). 5(7½) + 1 = 38½. Each of these six parts began and took effect on January 22, 1983, and therefore petitioner has served the entirety of the aggregated minimum 7½ year sentence (i.e., 38½ years) ~~and of~~ first part.

8

The second part of the aggregated minimum sentence, the 5 year minimum sentence of 1576, began and took effect on July 22, 1990, and expired 4 years and one month later, because of the eleven month time served granted to petitioner for 1576, on August 22, 1994.

Clearly, petitioner has served the minimum aggregated sentence as ordered by the court: 7½ + 5 = 12½. 38½ + 5 = 43½. (Exs.1 to 10).

Petitioner's 25 year aggregated maximum sentence is made up of two parts, a 15 year part and a 10 year part. 15 + 10 = 25. Legally, these parts must sum to 87 years, which is the total of the maximum sentences that petitioner was ordered to serve. The maximum sentences for 1241, 1372, 1373, 1374, 1375 and 1513 and 1576 were, respectively, 2, 15, 15, 15, 15, 15 and 10. 5(15) + 10 + 2 = 87.

The first part of the aggregated maximum sentence, the 15 year part, consists of 77 years in six parts (i.e., 1241, 1372, 1373, 1374, 1375 and 1513), 5(15) + 2 = 77. Each of these six parts began and took effect on January 22, 1923, and therefore petitioner has served the entirely of the aggregated maximum 15 year sentence (ie., 77 years) first part.

The second part of the aggregated maximum sentence, the 10 year maximum sentence of 1576, began and took effect on July 22, 1990, and expired 9 years and 1 month later, because of the eleven months time served credit granted for 1576, on August 22, 1999.

Clearly, petitioner has served the maximum aggregated sentence as ordered by the court. 15 + 10 = 25. 5(15) + 10 + 2 = 87. (Exs.1 to 10).

It is obvious that aggregation does not affect the initiation date of petitioner's sentence for 1576. Com v. Wilson, 85 Cmwlth 3d, 480 A.2d 392 (Pa.Cmwlth. 1984); Com v. Wilson, 89 Cmwlth 22 (Pa.Cmwlth. 1985); Kelly v. Risley, 865 F.2d 201 (9th Cir. 1989);

_Merritt v. Board_, 574 A.2d 597 (Pa. 1990); _Com. v. Ward_, 56
A.2d 1242 (Pa. 1990); _Com. v. Isabell_, 467 A.2d 1287 (Pa. 198
_Marshall v. Board_, 638 A.2d 451 (Pa. Cmwlth. 1994); Ex. 10.

    Petitioner's claim has nothing whatsoever to do with parole
as respondents ~~allege~~ or aggregation.

    Petitioner's claim boils down to two indisputable and ines
apable facts: 1) Petitioner's sentence for _1576_ was ordered to
begin and take effect at the _minimum_ expirations of all the other
sentences; 2) Petitioner was granted eleven months time served
credit for _1576_. (Exs. 1 to 9).

    There is no doubt that petitioner's sentences for 1241, 1372
1373, 1374, 1375 and 1513 were _underlapping_ sentences becaus
of the _1576_ sentence overlap. (Ex. 14).

    Petitioner concedes that the overlap, causing a partially
concurrent and partially consecutive sentence, renders his sentence
illegal. _Com. v. Ward_, 568 A.2d 1242 (Pa. 1990). However, this
not pertinent because petitioner ~~does~~ is not seeking to have
sentence corrected or modified but simply wishes for his sentence
to be adhered to and followed as ordered.

    It is the respondents who refuse to recognize petitioner's
sentence as ordered by the sentencing court. However, it is the
respondents' responsibility to move the sentencing court for correcti
or modification and they have yet to do so and respondents have
authority to alter or modify petitioner's sentence.

    Only the sentencing court has the authority to alter or
modify a criminal sentence. _Ward_, _supra_.

    It is the signed sentence order which determines a
sentence. _Isabell_, _supra_ at 1292-93; _Com. v. Quinlan_, 639
A.2d 1235, 1239-40 (Pa. Super. 1994).

    If the state wishes to challenge a sentence it must prop
and timely move for correction or modification of sentence within the

prescribed 30-day time limit to do so or the state waives i
right to challenge the sentence. Isabell, supra, at 1292-93; Qu
supra, at 1240.

 In the case at bar, the state has yet to challenge the
sentence ordered by the court and has therefore waived its
right to challenge the sentence since the 30-day time limit
to do so has long since elapsed some 18 years ago.

 The court should note and take into consideration that
petitioner was misinformed of the actual duration of sentence
then his plea would be invalidated and deemed involuntary.
Com v. Stark, 698 A.2d 1327, 1331 (Pa. Super. 1997).

 The respondents admit that petitioner has been eligible for
parole release since 1995 and therefore it is obvious that only
two conditions ~~may~~ could exist for such to have taken place:

1. Petitioner was granted constructive parole in 1990
   for all 7½ to 15 sentences (1372-75 & 1513) and,
   at that juncture, the 5 to 10 sentence began and
   took effect (the sentence for 1241 expired in 1985)
   and 4 years and one month later (because of the
   eleven month time served credit granted for 1576)
   or five years later as respondents allege, petitioner
   became eligible for parole release and at that point
   had approximately 3 years left to serve for each
   of the 15 year sentences and approximately 4 or 5
   years left to serve for 1576.

2. Petitioner's sentence for 1576 automatically began
   and took effect in 1990 at the minimum expirations
   of all the other sentences as ordered by the court.

There is no other way that petitioner could have become eligible for parole release in 1995. Ex. 10 ; _Marshall v. Board_, 638 A.2d 451 (Pa. Cmwlth. 1994); _Kelly v. Risley_, 865 F.2d 201 (9th Cir. 1989); _Merritt v.___ 574 A.2d 597 (Pa. 1990); _Com. v. Wilson_, 85 Cmwlth 32 (Pa. Cmwlth. 1984); _Com. v. Wilson_, 89 Cmwlth 222 (Pa. Cmwlth 1985); _Ward, supra_.

This is clearly manifested in the respondents' admission that petitioner is currently eligible for parole release. If 1576 sentence did not begin and take effect until January 22, 1998, the maximum expiration of all the other sentences, then petitioner would not be eligible for parole until 4 years and one month later, on February 22, 2002, the minimum expiration of 1576. Since petitioner is currently eligible for parole release, the 1576 sentence could not begun and taken effect on January 22, 1998, else he would not possess such eligibility until 2002.

Moreover, petitioner could not have received 25 years on a single term because 25 years is beyond the maximum that he could have received on any single case. _Com. v. Ward_, 568 A.2d 1242, 1243 (Pa. 1989). The maximum that petitioner could have received on any individual robbery case was 20 years. _Ward, supra_.

In addition, it should be noted that even if the sentencing court did not order 1576 to begin and take effect at the minimum expirations of all the other sentences (July 22, 1990), he would still be entitled to release because, as respondents freely admit, he was never given any opportunity for parole on 1373, 1374, 1375 and 1513 until approximately December of 1995 which is greater than the minimums of said sentences by more than 5 years. Thus 1576 could not start until then despite the fact that he had a right to have consideration for the other sentences in (Ex. 10). _Kelly, supra_ ; _Marshall, supra_ ; _Merritt, supra_ ; _Wilson, supra_ at 32 ; _Wilson, supra_ at 222 ; _Ward, supra_.

According to law, it is the signed sentence order which det
a sentence. _Isabell_, supra ; _Quinlan_, supra. However, in respons
a motion for temporary restraining order petitioner filed on October
in _Iseley v. Bushey_, No. 1:00-CV-00577 (M.D.Pa., Judge Kane), resp
swore under penalty of perjury that petitioner's _commitment_ pap
were his sentence orders even though they were well aware that
commitment papers were not petitioner's sentence orders.

It is well established that a prisoner is entitled to timely
release. _Sample v. Diecks_, 885 F.2d 1099 (3d Cir. 1989). Petiti
had a liberty interest in being released on time, in conformity u
the sentence imposed. _Sample_, supra at 1114.

In the case at bar, respondents informed petitioner that his
sentence for _1576_ should have been ordered to start at the _maxin_
expirations of the other sentences rather than the _minimums_ and
therefore his sentence is illegal and they have the authority to alt
or modify an illegal sentence. (Ex. 11). The respondents also state
that because of his illegal sentence they may also deny any time ser
credit granted to him. (Ex. 11).

Only the sentencing court has the power to alter or modify
a sentence or to confiscate credit. _Ward_, supra. The court en
deny/confiscate granted time served credit.

## VII. Hearing Required

On numerous occasions petitioner has afforded the state
full and fair opportunity to address and resolve his claim on th
merits but the state has utterly refused to do so despite its le
obligation to afford petitioner a full and fair hearing on h
federal claim. _Picard v. Conner_, 404 US. 270, 275 (1971).

Petitioner proceeded _pro se_ and the state courts never had a h
misconstrued the facts, misconstrued the claim and erroneously held

that they lacked jurisdiction. Never was petitioner's claim addressed, investigated and nor were the merits ever considered.

Petitioner's claim is properly before the court and he is entitled to an evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 313 (1963); Sumner v. Mata, 449 U.S. 539, 551 (1981); Hawk v. Olson, 326 U.S. 271, 278-79 (1945). This case concerns unusual circumstances and therefore calls for a hearing. Brown v. Allen, 344 U.S. 443, 463 (1951).

A hearing is appropriate because where a hearing occurs facts must be proved by a preponderance of the evidence whereas without a hearing petitioner is subjected to the much higher standard of proving facts by convincing evidence. See L. Yackle, Postconviction remedies 508-509 (1981).

In addition, it is especially important to have a hearing in this matter because petitioner's sentence has been used to deny him medical services for his medical conditions. This has caused petitioner pain, suffering and deterioration of health. Petitioner is dying. (Ex. 23)(Docket no. pending).

Conclusion

Wherefore, petitioner should be released from custody forthwith or a hearing should be ordered to determine the legality of his confinement.


Date: Dec. 19, 2001


Respectfully submitted,

Charles Isely
Charles Isely
AM-4320, 1100 Pike St,
Huntingdon, PA 16654

14

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY
    Petitioner

    v.

KATHLEEN ZWIERZYNA, et al,
    Respondents.

Civil Action No.
1:CV-00-2186

FILED
HARRISBURG, PA

JAN 0 3 2002

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing Petitioner's Traverse to the Return by mailing a true copy of same, postage prepaid, to:

Karen Diaz, a.d.a.
Office of the District Attorney
Bucks County Courthouse
Doylestown, PA 18901

Date: 12-31-01

Charles Iseley /c.w.s
Charles Iseley