IN THE FEDERAL DISTRICT COURT FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

EXHIBITS LIST

EXHIBIT 1: ISELEY V. ZWIERZYNA, NO# 1: CV-00-2186
EXHIBIT 2: SENTENCE ORDER FOR INFORMATION NO# 1241
EXHIBIT 3: SENTENCE ORDER FOR INFORMATION NO# 1372
EXHIBIT 4: SENTENCE ORDER FOR INFORMATION NO# 1373
EXHIBIT 5: SENTENCE ORDER FOR INFORMATION NO# 1374
EXHIBIT 6: SENTENCE ORDER FOR INFORMATION NO# 1375
EXHIBIT 7: SENTENCE ORDER FOR INFORMATION NO# 1513
EXHIBIT 8: SENTENCE ORDER FOR INFORMATION NO# 1576

EXHIBIT 9: REDACTED SENTENCE HEARING TRANSCRIPT

EXHIBIT 10: LETTER FROM SENIOR DEPUTY PUBLIC DEFENDER

EXHIBIT 11: DECLARATION

EXHIBIT 12: LETTER FROM, KEITH BIDLINGMAIER, ESQUIRE

EXHIBIT 13: PRISON MEMO (SENTENCE)

EXHIBIT 14: DEPARTMENT OF CORRECTION SENTENCE STATUS SHEET

EXHIBIT 15: COURT OF COMMON PLEAS, OCTOBER 8TH, 1998, OPINION

EXHIBIT 16: REDACTED MAG'S REP.&REC. ISELEY V. DRAGOVICH 99-4327-ED. PA.

EXHIBIT 17: AMENDED PETITION FOR WRIT, ISELEY V. FISHER, NO. 220 MM 2000

EXHIBIT 18: PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT 19: LETTER FROM CLERK OF COURT

EXHIBIT 20: PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM

EXHIBIT 21: LETTER FROM CLERK OF COURT

EXHIBIT 22: REDACTED LOWER COURT DOCKET STATEMENTS

EXHIBIT 23: PETITION FOR WRIT OF MANDAMUS

FILED
HARRISBURG, PA

JAN 0 3 2002

MARY E. D'ANDREA, CLE
Per _____
Deputy Clerk

# EXHIBIT - 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
AM-9320, 1100 Pike St.,
Huntingdon, PA 16654
　　Petitioner,

V.

KATHLEEN ZWIERZYNA, sec.,
Pa. Bd. of Prob. & Parole,
1101 S. Front St., Ste. 5300,
Harrisburg, PA 17104

and

JEFFREY BEARD, sec.,
Pa. Dept. of Cor., P.O. Box 598
Camp Hill, PA 17001
　　Respondents.

Civil No. 1:CV-00-2186

(Judge Kane)

AMENDED PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. 2241 & 2254

TO THE HONORABLE, THE JUDGES OF SAID COURT:

NOW COMES the Petitioner, Charles Iseley, in propria persnam, and respectfully petitions this Honorable Court for a Writ of Habeas Corpus directed to the respondents and avers the following in support thereof:

1

1. Petitioner is currently being held in prison illegally and without authority because the maximum expiration of his sentence occurred in August of 1999.

2. On December 7, 1983, petitioner was sentenced to serve seven (7) criminal terms for seven (7) criminal cases. He was sentenced to a total of eighty-seven (87) years: A two (2) year term, five (5) fifteen (15) year terms and a ten (10) year term. (5·15)+10+2 = 87. Petitioner received approximately eleven (11) months time served credit for each term for a total of seventy-seven (77) months time served credit and was ordered to pay court costs for each case ($168.35, $188.36, $271.82, $234.07, $274.38, $179.28 and $111.62).

3. Petitioner's aggregated sentence was twenty-five (25) years, which was calculated by summing fifteen and ten (15+10) (the two year term was ignored for some reason) and the actual aggregated sentence was seventeen and a half (17½) years because of an overlap of the consecutive term: The two year term and all the fifteen (15) year terms were ordered to have begun and taken effect on January 22, 1983, whereas the ten (10) year term was ordered to begin and take effect at the minimum expiration of all the other terms, which occurred in July of 1990 (January 1983 to July 1990 is 7½ years). At that juncture, July of 1990, petitioner had approximately nine years and one month (9.083 years) left to serve on the ten (10) year term.

4. In seventeen and a half years (17½) petitioner served the maximum of the aggregated sentence (25) and the maximums for each term (2,10,15,15,15,15,15: Total = 87). The aggregated maximum (25 = 15+10) expired in August of 1999.

5. The information numbers for the terms were 1241, 1372, 1373, 1374, 1375, 1513 and 1576.

2

6. Petitioner received a one (1) to two (2) years term for 1241 and was granted approximately eleven (11) months time served credit for that term, which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of that term occurred on January 22, 1984, and the maximum expiration of this term occurred on January 22, 1985. Petitioner was ordered to "... imprisonment for not less than 1 years nor more than 2 years ..." and to pay $168.35 court costs for 1241. Petitioner is still serving this term and has served approximately eighteen (18) years on this term. On January 22, 1985, petitioner should have received two (2) years credit for serving the entirety of 1241 from January 22, 1983, to January 22, 1985. However, respondents still have petitioner serving this term and allege that he must serve twenty-five (25) years on this term before he can serve its entirety.

7. Petitioner received a seven and a half (7½) to fifteen (15) years term for 1372 and was granted approximately eleven (11) months time served credit for that term, which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of that term occurred on July 22, 1990, and the maximum expiration occurred on January 22, 1998. Petitioner was ordered to "... imprisonment for not less than 7½ years nor more than 15 years ..." and to pay $188.36 court costs for 1372. Petitioner is still serving this term and has served approximately eighteen (18) years on this term. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of 1372 from January 22, 1983, to January 22, 1998. However, respondents still have petitioner serving this term and allege that he must serve twenty-five (25) years on this term before he can serve its entirety.

3

8. Petitioner received a seven and a half (7½) to fifteen (15) years term for 1373 and was granted approximately eleven (11) months time served credit for that term, which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of that term occurred on July 22, 1990, and the maximum expiration occurred on January 22, 1998. Petitioner was ordered to "... imprisonment for not less than 7½ years nor more than 15 years ..." and to pay $271.82 court costs for 1373. Petitioner is still serving this term and has served approximately eighteen (18) years on this term. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of 1373 from January 22, 1983, to January 22, 1998. However, respondents still have petitioner serving this term and allege that he must serve twenty-five (25) years on this term before he can serve its entirety.

9. Petitioner received a seven and a half (7½) to fifteen (15) years term for 1374 and was granted approximately eleven (11) months time served credit for that term, which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of that term occurred on July 22, 1990, and the maximum expiration occurred on January 22, 1998. Petitioner was ordered to "... imprisonment for not less than 7½ years nor more than 15 years ..." and to pay $234.08 court costs for 1374. Petitioner is still serving this term and has served approximately eighteen (18) years on this term. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of 1374 from January 22, 1983, to January 22, 1998. However, respondents still have petitioner serving this term and allege that he must serve twenty-five years (25) on this term before he can serve its entirety.

4

10. Petitioner received a seven and a half (7½) to fifteen (15) years term for <u>1375</u> and was granted approximately eleven (11) months time served credit for that term, which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of that term occurred on July 22, 1990, and the maximum expiration occurred on January 22, 1998. Petitioner was ordered to "... imprisonment for not less than 7½ years <u>nor</u> more than 15 years ..." and to pay $274.38 court costs for <u>1375</u>. Petitioner is still serving this term and has served approximately eighteen (18) years on this term. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of <u>1375</u> from January 22, 1983, to January 22, 1998. However, respondents still have petitioner serving this term and allege that he must serve twenty-five (25) years on this term before he can serve its entirety.

11. Petitioner received a seven and a half (7½) to fifteen (15) years term for <u>1513</u> and was granted approximately eleven (11) months time served credit for that term, which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of that term occurred on July 22, 1990, and the maximum expiration occurred on January 22, 1998. Petitioner was ordered to "... imprisonment for not less than 7½ years <u>nor</u> more than 15 years ..." and to pay $179.28 court costs for <u>1513</u>. Petitioner is still serving this and has served approximately eighteen (18) years on this term. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of <u>1513</u> from January 22, 1983, to January 22, 1998. However, respondents still have petitioner serving this term and allege that he must serve twenty-five (25) years on this term before he can serve its entirety.

5

11. Petitioner received a five (5) to ten (10) years term for 1576 and was granted approximately eleven (11) months time served credit for that term, which was ordered to begin and take effect at the minimum expirations of 1241, 1372, 1373, 1374, 1375 and 1513, which occurred on July 22, 1990. Because of the eleven months time served credit, petitioner had approximately nine (9) years and one (1) month left to serve on 1576. The minimum expiration of 1576 occurred on August 22, 1994, and the maximum expiration occurred on August 22, 1999. Petitioner was ordered to "...imprisonment for not less than 5 years nor more than 10 years ..." and to pay $111.62 court costs for 1576. Petitioner is still serving this term and has served approximately twelve (12) years on this term. On August 22, 1999, petitioner should have received ten (10) years credit for serving the entirety of 1576 from January 1983 to December 1983 plus July 1990 to August 1999. However, respondents still have petitioner serving this term and allege that he must serve twenty-five (25) years on this term before he can serve its entirety.

12. According to respondents, the term for 1576 should have been ordered to begin and take effect at the maximum expirations of all the other terms rather than their minimum expirations and, that since it was not, it is an illegal sentence and they have the authority to modify illegal sentences and override any sentence orders from the court. According to respondents, petitioner will not serve the entirety of 1576 until January 22, 2008, which is clearly erroneous because even if 1576 did not start until January 22, 1998, the maximum expiration would occur on February 22, 2007, because of the eleven months time served credit granted to petitioner on 1576.

13. Nevertheless, petitioner's sentence order for 1576 specifically states that it begin and take effect at the minimum expirations of all

6

the other terms.

14. Moreover, the respondents' allegation is incongruous because they also allege that petitioner is still serving <u>all</u> terms and that he received a twenty-five year term for <u>each</u> case rather than the terms indicated by his sentence orders from the court. In essence, they claim petitioner received seven (7) twenty-five (25) year terms for a total of ~~seventy~~ one hundred and seventy-five (175) years. They also claim that they have the authority to deny any time served credit granted by the court to petitioner and to begin his terms where they see fit.

15. Petitioner's aggregated sentence was twenty-five years (25) which was calculated by adding fifteen (15) and ten (10) years together. The fifteen (15) years part came from 1372, 1373, 1374, 1375 and 1513 (1241 was ignored for some reason) which all began and took effect on January 22, 1983. The ten (10) years part came from 1576 which began and took effect on July 22, 1990.

16. Petitioner has served eighteen (18) years of the fifteen (15) year part and has served twelve (12) years of the ten (10) years part. Consequently, petitioner's aggregated credit is eighteen plus twelve, which equals thirty (18+12=30), which is five (5) years beyond the aggregated maximum sentence of fifteen (15) plus ten (10) for twenty-five (25) (15+10=25).

17. Petitioner was sentenced to serve a total of ~~one hundred~~ eighty-seven (87) years (5·15+2+10=87) and has currently served one hundred and twenty years (5·18+12=120: 18 yrs each for 1241, 1372, 1373, 1374, 1375 and 1513 and 12 years for 1576).

18. Clearly, petitioner is beyond the maximum terms imposed on him by the court.

7

19. The respondents have no authority to alter or modify when the terms begin and take effect or to deny time served credit granted by the court.

20. Petitioner's rights under the first, fourth, fifth, sixth, eighth and fourteenth amendments of the United States Constitution have been, and continue to be, violated by the respondents.

21. Petitioner has no adequate remedy at law.

WHEREFORE, Petitioner, Charles Iseley, prays that this Honorable Court will grant his petition and issue a Writ of Habeas Corpus directing his release from custody forthwith or ordering a hearing forthwith to determine the legality of his custody.

Date: June 25, 2001

Respectfully submitted

Charles Iseley
Charles Iseley
AM-9320, 1100 Pike St.
Huntingdon, PA 16654

8

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Petitioner,

    v.

KATHLEEN ZWIERZYNA, et al,
    Respondents.

:
:    Civil No. 1:CV-00-2186
:
:    (Judge Kane)
:
:

MEMORANDUM OF LAW IN SUPPORT OF
AMENDED PETITION FOR WRIT OF HABEAS CORPUS
·PURSUANT TO 28 USC. 2241 & 2254

    The attached exhibits (redacted sentence transcript, sentence orders and letter from the chief of the Office of Public Defender's unit for sentence, probation and parole issues) clearly support, corroborate and verify the amended petition's assertions. The exhibit letter writer never checked petitioner's sentence orders. This is obvious because he does not note that the term for 1576 was ordered to begin and take effect at the minimum expirations of 1241, 1372, 1373, 1374, 1375 and 1513.

    Only the sentencing court has the authority to alter or modify a criminal term. Com. V. Ward, 568 A.2d 1242 (Pa. 1990). Such authority may only be exercised prior to the 30-day time limit for correcting a term and the failure of the state to move for correction of a term within the 30-day time limit constitutes a waiver on its part. Com. V. Quinlan, 639 A.2d 1235 (Pa. Super. 1994).

    The indisputable fact that petitioner's term for 1576 was ordered to begin and take effect at the minimum expirations of 1241, 1372, 1373, 1374, 1375 and 1513, causing an overlap with those terms, perforce rendered his sentence illegal. Ward, supra.

1

Such overlapping of terms is not barred by statute since a prisoner has a right to become eligible for parole at the minimum expiration of a term. Ward, supra at note 6; Merritt v. Bd, 574 A.2d 597 (Pa. 1990); Marshall v. Bd, 638 A.2d 451 (Pa. Cmwlth. 1994); Kelly v. Risley, 865 F.2d 201 (9th Cir. 1989).

Petitioner could not have been misinformed of when his terms began because such misinformation would constitute a violation of his rights. Com. v. Stark, 698 A.2d 1327, 1331 (Pa. Super. 1997).

The challenge to the legality of a sentence is a right which cannot be waived by a prisoner. Com v. Davis, 760 A.2d 406 (Pa. Super. 2000); Com. v. Vasquez, 744 A.2d 1280 (Pa. 2000); Quinlan, supra.

Petitioner is beyond the maximum expiration of any and all terms imposed on him by the court and therefore he should be released from custody forthwith.

Date: June 25, 2001

Respectfully submitted,

Charles Iseley

Charles Iseley
AM-9320, 1100 Pike St.
Huntingdon, PA 16654

2

**EXHIBIT - 2**

**BUCKS COUNTY**
**SENTENCE SHEET**

NOS:

CHARGE:

COMMONWEALTH v. _____

CHARGE: CT _____

A. _____

D/DEF: _____

DATE: 12/7/83

OTH:

ACCOMPANYING CASES:

NO. _____

CLERK: _____

NOTES BY: _____

_____ J.

---

**BUCKS COUNTY PRISON**

On Information No. _____ 19___ the Court (having received or waives the pre-sentence investigation)orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and committed until sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1405 (b) and (c).

**STATE PENITENTIARY**

On Information No. _____ 19___ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ years nor than _____ years in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided by 1405 (b) and (c) Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1405. Defendant is directed to stand omitted until judgment be fully complied with.

**PAROLE**

On Information No. _____ 19___ the defendant is released on probation for a period of _____ subject to a speedy trial's rights upon the following conditions. Defendant is directed to pay court costs and make restitution in the sum of $ _____ within a period of _____ months, and shall follow all specific conditions as hereinafter set forth.

On Information No. _____ 19___

the defendant is released on probation for a period of _____ under the supervision of the (Bucks County Probation Officer or State Parole Board) from the following conditions. Defendant to pay cost of prosecution and in lieu of a fine pay $ _____ for the use of in monthly County of Bucks (and make restitution in the sum of $ _____ in monthly installments of $ _____ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied with.

---

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ 19___ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _____ 19___ and, therefore, the sentence to be served by the defendant for the total of all these sentences, with respect to which sentence is imposed a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE - WOMEN - MUNCY**

The Court finding the defendant _____ to be a female over the age of 16 years, (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and further directs that she undergo confinement in the State Industrial home for women at Muncy, Pa., for a period of not less than _____ years nor more than _____ years and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied for by Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1405 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19___, the Court finding, that no useful purpose would be served defendants by an order of probation, the Court hereby orders and directs the defendant's pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19___ the Court finding that the defendant is able to pay a fine in the sum of $ _____ to the Commonwealth for the use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS:**

Cnt. within 6 Mos of release

Concurrent to other cases {83-1372, 83-1373, 83-1376, 83-175, 63-1513}

Credit for time served

168.35
23.00
23.00
23.00
23.00
13.00
13.00

**EXHIBIT - 3**

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the _____.

attachment of _____

**CONSECUTIVE SENTENCES**

On Information No. _____ 19 ____ is to begin and take effect at the expiration of the sentence imposed on Information No. _____ 19 ____ and therefore the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19 ____ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE — WOMEN— MERCY**

_____ to be a female. The Court finding the defendant _____ over the age of 16 years, (having received or waives a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and further directs that she undergo confinement in the state Industrial home for women at Muncy, Pa., for a period of not less than _____ years nor more as provided by law and stand committed, be fed, clothed and treated in all respects Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19 ____, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and impose the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19 ____, the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ to the Commonwealth for the use of the [State Treasurer or the County of Bucks]. The total fine and costs are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS:**

Costs with 6 mo 1 release

Concurrent with
83 — 1373       188.36
83 — 1374
83 — 1375
Community
Service

Credit for time served

---

**BUCKS COUNTY PRISON**

On Information No. _____ 19 ____ the Court (having received or waives cost of prosecution and undergo imprisonment in the Bucks County Prison for _____ not less than _____ nor more than _____ and stand committed. Credit is to be given for all time spent until sentence is complied with in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. _____ 19 ____ the Court (having received or waives pre-sentence investigation) orders and directs that the defendant, pay the cost of prosecution and undergo imprisonment for not less than _____ years nor _____ years and be designated by the Bureau of Correction State Correctional Institution as shall be designated at the Classification Center in Graterford, Pa., for the minimum. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed. (1) judgment be fully complied with.

On Information No. _____ 19 ____ the defendant having waived his right to a speedy trial is released on Probation for a period of _____ months upon the following conditions. Defendant is directed to pay court costs and make restitution in the sum of $ _____ in monthly installment of $ _____ in lieu of a fine pay $ _____ County of Bucks (and make restitution in the sum of $ _____ for the use of the _____ by making payment to his probation officer) and abide by the rules and regulation laid down by his probation officer, obey in all other respects and stand committed until the same be complied with.

**INFORMATION NO. _____**

the defendant is released on probation for a period of _____ right to a speedy trial under the supervision of the Bucks County Probation Officer State Parole Board, obey the following conditions. Defendant is directed to pay cost of prosecution and in lieu of a fine pay $ _____ for the use of the County of Bucks (and make restitution in the sum of $ _____ in monthly installments of $ _____ by making payment to his probation officer) and abide by the rules and regulation laid down by his probation officer, obey and in all other respects and stand committed until the same be complied

# EXHIBIT - 4



BUCKS COUNTY PRISON

On Information No. _____ 19__, the Court (having received or waives a presentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and that time spent is to be given for all time spent until sentence is complied with. (Sec. 1350 of the Sentencing Code of 1974 and in custody as to Pa. Rule of Criminal Procedure 1406(b) and (c).)

STATE PENITENTIARY

On Information No. _____ 19__, the Court (having received or waives a presentence investigation) orders and directs that the defendant pay the cost of prosecution and imprisonment for not less than _____ years nor more than _____ years in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit to be given for all time spent in custody as is provided (Sentencing Code of 1974 and (c) Sentencing Code of 1974 and by stand committed until judgment be fully complied with.

On Information No. _____ 19__, the defendant having waived his right to a speedy trial is released on probation for a period of _____ and make restitution in the sum of _____ within a period of months, and shall follow all specific conditions as hereinafter set forth.

On Information No. _____ 19__, the defendant having waived his right to a speedy trial is released on probation for a period of _____ and that restitution in the sum of $ _____ for the use of in monthly installments of $ _____ by making them down by his probation officer, obey abide by the rules and regulations and stand committed until the same be complied with.

ON INFORMATION NO. _____ 19__
the defendant is placed on probation for a period of _____ under the supervision of the (Bucks County Probation Officer) (State Parole Board) (Parole Board) from the following conditions. Defendant to pay cost of prosecution and in lieu of a fine pay $ _____ for the use of County of Bucks (and make restitution in the sum of $ _____ in monthly installments of $ _____

# EXHIBIT - 5

BUCKS COUNTY
SENTENCE SHEET

COMMONWEALTH V. _____  No. _____  ACCOMPANYING CASES: _____

JUDGE: _____  CLERK: _____

D.A. _____  NOTES BY: _____

PD/DEF _____

DATE: 1/7/83

**BUCKS COUNTY PRISON**

On Information No. _____ 19___, the Court having received or waives a pre-sentence investigation orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and stand committed until sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. 1310  1372, the Court (having received or waived a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than ___ 1½ ___ years nor more than _____ in a State Correctional institution as shall be designated by the Bureau of Correction and therefore, Pa. For this purpose, Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment be fully complied with.

**ARD**

On Information No. _____ 19___ the defendant having waived his right to a speedy trial is released on probation for a period of _____ and is upon the following conditions. Defendant is directed to pay court costs and make restitution to the County of Bucks (and make restitution to pay the sum of the County of Bucks (and make restitution, in the sum of $ _____ in monthly installments of $ _____ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied

On Information No. _____ 19___
the defendant is released on probation for a period of _____ Probation Officer of State Parole Board) above the following conditions: Defendant to pay court of prosecution and in lieu of a fine pay $ _____ for the use of the County of Bucks (and make restitution, in the sum of $ _____ in monthly installments of $ _____ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied

---

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ 19___ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _____ 19___; and, therefore, the sentence is to be served by the defendant for the total of all offenses with respect to which sentences is imposed in a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE – WOMEN – MONEY**

The Court finding the defendant _____ to be a female over the age of 16 years, (having received or waived a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and further, that she undergo imprisonment in the State Industrial Home for women at Muncy, Pa. from the period of not less than _____ nor more than _____ years and there to be fed, clothed and treated in all respects an provided by law and stand committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19___, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19___, the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ to the Commonwealth for the use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS:**

Costs within 6 mo of release
Concurrent with D2 - 1371
C2 - 1372
C2 - 1373
C2 - 1375
83 - 1375
83 - 1353

Credit for Time served

**EXHIBIT - 6**

BUCKS COUNTY
SENTENCE SHEET

COMMONWEALTH v. _____

JUDGE: _____

D.A. _____

PD/DEF _____

DATED: _____

OTN: _____

ACCOMPANYING CASES: _____

NO. _____

CLERK: _____

NOTES BY: _____

_____ J.

**BUCKS COUNTY PRISON**

On Information No. _____ 19___ the Court (having received or waives a pre-sentence investigation)(order) and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not more than _____ nor more than _____ until sentence is complied with. Credit is to be given for all time spent in custody as provided for by Sec. 1360 of the Sentencing Code of 1974 and Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. _____ 19___ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _____ nor more than _____ years in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until indigent be fully complied.

**PROBATION**

On Information No. _____ 19___ the defendant having waived his right to a speedy trial is released on probation for a period of _____ months under the supervision of the Bucks County Probation Officer (Parole Board) from the following conditions. Defendant to pay cost of prosecution and cost of Bucks County. Defendant is directed to pay court costs and make restitution in the sum of $ _____ within a period of _____ by making payment to his probation officer, on a monthly installment of $ _____ and abide by the rules and regulations laid down by his probation officer, obey the law in all other respects and stand committed until the same be complied

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ begin and take effect at the expiration of the minimum sentence imposed on Information No. 19___ and, therefore, the sentence to be served by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE – WOMEN – MUNCY**

The Court finding the defendant _____ to be a female over the age of 16 years, (having received or waives a pre-sentence investigation) orders and directs the defendant pay the cost of prosecution and further directs that she undergo confinement at Muncy, Pa., for a period of not less than _____ industrial school for women at Muncy, Pa., for a period of not less than _____ nor more than _____ years and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rules of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19___ the Court (finding that the useful purpose would be served by imposing an order of probation.)(and,) directs the defendant is able to pay a fine) orders that the defendant to pay the cost of prosecution and directs the defendant to pay the cost of prosecution and the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19___ the Court finding that the defendant is able to pay a fine, directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ for the use of the County of Bucks (the State Treasurer or the County of Bucks). The total amount are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS**

Costs and _____
Concurrent _____
_____

# EXHIBIT - 7

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. _____ 19__ is to begin and take effect at the expiration of the sentence imposed on Information No. _____ and all the sentence to be served by the defendant for the total of all offenses, with respect to which sentence is imposed is a minimum of not less than _____ years or a maximum of _____ years.

**SUSPENDED SENTENCE**

On Information No. _____ 19__ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE — WOMEN — MUNCY**

The Court finding the defendant _____ to be a female over the age of 16 years, (having received or waived a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and further directs that she undergo confinement in the state industrial home for women at Muncy, Pa., for a period of not less than _____ years nor more than _____ years and she stand committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19__, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19__, the Court finding that the defendant is able to pay a fine and orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $ _____ to be committed for the use of the (State Treasurer or the County of Bucks) the total fine and costs are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS**

Costs with 69 days of release
Concurrent with $2 - 1271
                 $3 - 1372
                 $5 - 1373
                 $5 - 1372
                 $3 - 1375

Court No. Time served

---

**BUCKS COUNTY SENTENCE SHEET**

ACCOMPANYING CASES 63 - 1370-1373
                    1371   1271

COMMONWEALTH v. Chalsdaugh

NO. 63-1370

CHARGE:

JUDGE: G.T. Walton

CLERK: D.W.

NOTES BY: V.Blan

A. R. Ullman

ORDER J. Thompson

                George [signature], J.

**BUCKS COUNTY PRISON**

On Information No. _____ 19__ the Court (having received or waives pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and stand committed until sentence is complied with. Credit is to be given for all time spent as provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. 1513  1973 the Court (having received or waives pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than 7½ years nor more than 15 years in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and(c). Defendant is directed to stand committed until judgment be fully complied with.

On Information No. _____ 19__ the defendant having waived his right to a speedy trial, is released on probation for a period of _____ under the supervision of the (Bucks County Probation Officer State Parole Board) from the following conditions. Defendant to pay cost of prosecution and in lieu of fine Pay $ _____ for two use of the County of Bucks (and make restitution in the sum of $ _____ by making payments to his probation officer) and monthly installments of $ _____ by making payments to his probation officer, obey all rules and regulations laid down by his probation officers, obey the law in all other respects and stand committed until the same be complied with.

**INFORMATION NO.** _____ 19__

the defendant is released on probation for a period of _____ under the supervision of the (Bucks County Probation Officer State Parole Board) from the following conditions. Defendant to pay cost of prosecution and in lieu of fine Pay $ _____ for two use of the County of Bucks (and make restitution in the sum of $ _____ installments of $ _____ by making payments to his probation officer) and shall follow all specific conditions as hereinafter set forth.

# EXHIBIT - 8

OS:

CRIARGE:

BUCKS COUNTY
SENTENCE SHEET

COMMONWEALTH V. _Christopher_ _____

ACCOMPANYING CASES: 8-1371-1373-1373
1371-1375-1141

JUDGE: _____ NO. 83-1576

C'TRK: _____ D. Juro

NOTES BY: _____ V. Bolton

D/DEF: _____ F. Thompson

DATE: 1/3/85

## BUCKS COUNTY PRISON

On Information No. 19___ the Court (having received or waives a pre-sentence investigation)orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County committed not less than _____ nor more than _____ Credit is to be given for all time spent until sentence is complied with. Credits of the Sentencing Code of 1974 and in custody as is provided for by Pa. Rule of Criminal Procedure 1406 (b) and (c).

## STATE PENITENTIARY

On Information No. _1576_ 19___ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than _5_ years nor more than _____ years in the State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment is fully complied with.

## ARD

On Information No. _____ 19___ the defendant having waived his right to a speedy trial is released on probation for a period of _____ months upon the following conditions. Defendant is directed to pay court costs and make restitution in the sum of $ _____ within a period of _____ months, and shall follow all specific conditions as hereinafter set forth.

## ON INFORMATION NO. _____ 19___,

the defendant is released on probation under the supervision of the (Bucks County Probation Officer or State Parole Board) from the following conditions. Defendant to pay cost of prosecution and in lieu of a fine pay $ _____ for the use of the County of Bucks (and make restitution in the sum of $ _____) by making payment down to his probation officer) they installments of $ _____ payable _____ to his probation officer, they abide by the rules and regulations and stand committed until the same be complied with.

---

## BENCH WARRANT

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____

## CONSECUTIVE SENTENCES

The sentence heretofore imposed on Information No. _1576_ 19___ is to begin and take effect at the expiration of the minimum sentence imposed on Information No. _1572, 1923_ and, therefore, the sentence to which sentence by the defendant for the total of all offenses, with respect a maximum of is imposed a minimum of not less than _12½_ years and a maximum of _25_ years. _4 New 1373, 4, 5 of 1373 and 1573 and 1376_

## SUSPENDED SENTENCE _Judge J. Willer_

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

## SENTENCE - WOMEN- MERCY

On Information No. _____ 19___ the Court finding the defendant _____ to be a female over the age of 16 years, (having received or waives a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and further directs that she undergo confinement in the state Industrial Home for women at Muncy, Pa., and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Pa. Sec. 1350 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

## GUILTY WITHOUT FURTHER PENALTY

On Information No. _____ 19___ the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposed the sentence of guilty without further penalty.

## FINE ONLY

On Information No. _____ 19___ the Court finding that the defendant is _____ able to pay a fine orders and directs the defendant to pay the cost of prosecution and a _____ ne in the sum of _____ to the Commonwealth for the use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

SPECIAL PROVISIONS: _Sentence 6 Mo of release 12-7-83_ _Concurrent_ _Consecutive to 83-1576_

_111.62_

_Credit for time served_

83 - 1371
83 - 1373
83 - 1374
83 - 1375
83 - 1513
83 - 1141

# EXHIBIT - 9

1   assume the time served is sometime shortly after t

2   date of the Collins offense.  I note on the

3   pre-sentence investigation report of Mr. Metzler

4   that it notes that credit time should be given fro

5   January 25, 1983 to present, whether that is the

6   exact date or not I am not sure.  I assume that th

7   were arrested --

8           MR. GOLDMAN:  Iseley was one day

9   less.

10           MR. THOMPSON:  The preliminary

11   arraignment, Your Honor, was 1:00 a.m. on January

12   22nd.

13           THE COURT:  That would be the date o

14   custody?

15           MR. GOLDMAN:  Metzler had one day on

16   the street.

17           THE COURT:  For record purposes, in

18   all of Mr. Iseley's cases he should be given credit

19   for time served since January 22, 1983 as against

20   all of the sentences imposed.  I assume the date is

21   January 23 then, is that correct?

22           MR. BRILL:  I don't know what the

23   date is.

24           THE COURT:  We will make it for

25   record purposes as January 22, 1983.  We will make

**EXHIBIT - 10**



# OFFICE of PUBLIC DEFENDER

Bucks County Administration Building
55 East Court Street
Doylestown, PA 18901

STEPHEN H. SHANTZ
Public Defender

(215) 348-647
Fax (215) 348-649

February 18, 1998

Charles Iseley
#9320
Box A
Belefonte, PA 16823

RE:    <u>Commonwealth v. Charles Iseley</u>
       1372-1376, 1512, 1576/83

Dear Mr. Iseley:

Please be advised that a copy of your habeas petition
dated December 18, 1997, has been forwarded to the Bucks
County Public Defender's Office. Your petition has been
forwarded by the Bucks County Court Administrator's Office.
I am the chief of the unit within our office which handles
issues involving sentence, probation, and parole.

To further assist you, I will need for you to clarify
certain issues. First, I would like to give you a summary of
the information that I have. If any of the information that
I have is different than yours, please advise me in a follow-
up letter.

At the time you entered your open guilty plea to the
above-captioned criminal matters, you were represented by a
Theodore Thompson, Esquire. You plead guilty to the above-
captioned criminal informations where the underlying charges
consisted of a robbery. On September 19, 1983, you entered
your open guilty plea to the above-captioned criminal matters
with sentencing to be set at a later date.

On December 7, 1983, the Honorable George T. Kelton
imposed a sentence of seven and one-half to fifteen years on
criminal informations 1372, 1373, 1374, 1375, 1513/83. All
of those sentences were to be served concurrently with credit
being given from January 31, 1983. A rough calculation would
indicate that if you were paroled on your minimum that would
be approximately July of 1990. However, if you were to serve
the balance of your entire sentence and max out, the max date
would appear to be January 31, 1998.

On criminal information number 1576/83, the Honorable
George T. Kelton imposed a consecutive sentence of five to
ten years. This occurred on December 7, 1983, and he gave

Page 2
Charles Iseley
February 13, 1998

you credit for the time from January 22, 1983.  I am not sure
you will be able to receive credit on the consecutive case
from January 22, 1983, as that time may have been eaten up
and given credit to the case in which you were given a
concurrent sentence.

In calculating you maximum and minimum dates, it is
important that you include in a letter to me the date that
you were actually paroled on all of the concurrent cases.
The day that you were paroled on all of the concurrent, the
new consecutive sentence of five to ten years would begin.
I would then be in a much better position to advise you as
to what the sentence would be.

If you were not paroled and maxed out on all of the
concurrent cases, you would not begin to serve the time on
1576/83 until February 1 of 1998.

Please forward to me all the information you have as
soon as possible in reference to your being granted parole in
the concurrent cases.  Your prompt response in this matter
will be greatly appreciated.  Once again please contact me by
letter at the Office of the Bucks County Public Defender's,
Bucks County Courthouse, Sixth Floor, Doylestown, PA 18901.
I look forward to receiving this information and assisting
you in this matter.

Very truly yours,

Bradley Bastedo
Senior Deputy Public Defender

BB:erv

# EXHIBIT - 11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY
    Petitioner,
       v

KATHLEEN ZWIERZYNA, et al.,
    Respondents

Civil Action No.
1: CV-00-2186

## DECLARATION

I, Charles Iseley, hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge and information:

1. I am the petitioner in the above-captioned matter.

2. I have filed numerous state actions in court concerning the interpretation of my sentence. Some of them concerned the effect on parole and later regarding my being beyond my sentence illegally.

3. Many petitions that I sent were not filed by the courts but were returned or ignored, I guess because I did not draft them correctly or because I did not have an attorney. I have letters to corroborate this but I currently do not have access to my legal material because I am in the hole and the prison guards will not allow me access to the requisite legal property.

4. The federal habeas corpus petition I filed in the eastern district concerned parole. I was unable to include my being beyond the maximum expiration of my sentence because it had only just happened and I have to exhaust my administrative and state remedies prior to filing, which I did to the best of my ability.

5. The prison and parole officials informed me that my sentence was illegal because the court should not have ordered my sentence for 1576 to start at the minimum expirations of my

1

other sentences. According to them 1576 should have been ordered to start at the maximum expirations.

6. They informed me that since my sentence was illegal they can start it wherever they wish and can deny me any time served credit granted by the sentencing court.

Date: December 17, 2001

Charles Iseley
Charles Iseley

2

# EXHIBIT - 12

```
DATE: 11/19/2001                                              PAGE
TIME: 11:29

DOCKET #   1983 01241

└ 262001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO     G
          THE PUBLIC DEFENDER'S OFFICE.
09172001 NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-       D
          HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001 BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS                       S
          BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS                      S
10152001 ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT    S
          A HEARING
          ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT   S
          A HEARING
10262001 LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT       S
          FILED PROPERLY
END OF CASE
```

**EXHIBIT - 13**

Petitioner's appeal to the Supreme Court of Pennsylvania of this denial of mandamus presented eight

questions:

> 1.  Can a prisoner be denied parole without the use of discretion?
> 2.  Can a prisoner be denied parole based on false data in his prison file?
> 3.  Can a prisoner be denied parole because he was in administrative custody?
> 4.  Can a prisoner be denied parole for not participating in a program plan even though he did?
> 5.  Can a prisoner's appeal to the denial of parole be ignored?
> 6.  Can the parole board delegate its authority to the Department of Corrections in order to avoid the use of discretion in the denial of parole?
> 7.  Can a prisoner's request for a parole review be ignored?
> 8.  Can a prisoner be denied parole at the expiration of his minimum sentence even though state statutes give him a right to such parole?[29]

On September 10, 1998, his Petition for Allowance of Appeal was denied.[30]

Next, a Petition for Review filed by Petitioner, *pro se*, questioned the constitutionality of the

manner in which the Board aggregated Petitioner's sentences.  Commonwealth Court, noting that

aggregation is mandated by Pennsylvania statute,[31] dismissed this filing as frivolous, by

Memorandum and Order dated June 24, 1998.[32] Petitioner's July 13, 1998 Petition for Allowance

of Appeal of this order, denying this second Petition for Writ of Mandamus, asked whether a

prisoner's sentence can be lengthened by the DOC or Board and his rights to equal protection and

due process can be violated.  On December 29, 1998, this appeal from the Commonwealth Court was

---

*Id.*

[29] *Id.*, Petition for Allowance of Appeal, Statement of Questions Presented.

[30] *See Isley v. Pennsylvania Board of Probation and Parole and Pennsylvania Department of Corrections*, No. 283 M.D. Alloc. Dkt. 1998 (*Per Curiam*).

[31] *See* 42 Pa. C.S. § 9757.

[32] *See Iseley v. Department of Corrections*, et al., No. 579, Cmwlth. Ct. M.D. 1998 (*Per Curiam*).

6

denied.[33]  An appeal to the state Supreme Court was denied on January 13, 2000.[34]

Finally, on August 27, 1999, Petitioner filed the instant petition alleging that he is being detained in violation of due process and equal protection in that:

> A.  <u>Ground One:</u>  The DOC, in retaliation for Petitioner's "successful" litigation of a section 1983 claim against the DOC and eleven named correctional officers, schemed to delay Petitioner's parole, intentionally created a negative institutional record, falsely charged him with infractions, denied him due process at institutional administrative hearings, misstated his educational progress, and otherwise harassed [P]etitioner to keep him from parole;

> B.  <u>Ground Two:</u>  His sentences were unlawfully aggregated and extended by *ex post facto* application of the 1996 amendment to the parole act of 1941;

> C.  <u>Ground Three:</u>  Petitioner has been denied parole on the basis of race;

> D.  <u>Ground Four:</u>  Petitioner is being denied parole in a retaliation for his role as a perceived jail house lawyer;

> E.  <u>Ground Five:</u>  Petitioner's guilty plea colloquy grossly overstated his maximum legal sentence and the court misstated his minimum sentence as well;

> F.  <u>Ground Six:</u>  Petitioner was not informed by trial counsel that numerous valid and meritorious suppression issues existed and were being waived by him in entering his plea; and

> G.  <u>Ground Seven:</u>  Petitioner was denied his constitutional right to effective assistance of counsel when trial counsel failed properly (a) to advise him of his defenses, (b) the correct mandatory minimum sentence, or (c) his appellate rights, and (d) failed to adequately investigate his case.

The Commonwealth denies that Petitioner is entitled to habeas relief, stating that each of the

---

[33] *See Iseley v. Pennsylvania Department of Corrections, Pennsylvania Board of Probation and Parole*, No. 635 M.D. Alloc. Dkt. 1998).

[34] *See* Attachment A.

# EXHIBIT - 14

FORM BC-16D

**SENTENCE STATUS SUMMARY**

**COMMONWEALTH OF PENNSYLVANIA**
BUREAU OF CORRECTION

Replaces form JBC-16C which may be used

FOC

## I. SENTENCE SUMMARY

Class of Sentence:  ☐ DEFINITE  ☒ INDEFINITE  ☐ GENERAL  ☐ LIFE  ☐ COMMUTED LIFE  ☐ EXECUTION

| | Date | County | Number, Term Court, Indictment | Type Sent | Minimum Y | M | D | Maximum Y | M | D | Judge | Offense | Offense Tracking Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 12-7-83 | Bucks | CP1375,83 | | 7 | 6 | | 15 | | | George Kelton | Robb(2) | B955096 |
| B | 12-7-83 | Bucks | CP1576,83 | CS | 5 | | | 10 | | | Kelton | Robb;Burg | B955039 |
| A | 12-7-83 | Bucks | CP1515,83 | CC | FOME | | | 15 | | | Kelton | Robb;T,RSP | B9536154 |
| A | 12-7-83 | Bucks | CP1372,83 | CC | FOME | | | 15 | | | Kelton | Robb(2);Consp | B955058 |
| A | 12-7-83 | Bucks | CP1373,83 | CC | FOME | | | 15 | | | Kelton | Robb(2); Consp;REAP | B955070 |
| A | 12-7-83 | Bucks | CP1374,83 | CC | FOME | | | 15 | | | Kelton | Robb;Burg REAP;PCW Resist | B9550755 |
| | 12-7-83 | Bucks | CP1241,83 | CC | F-DCV | | | 2 | | | Kelton | Arrest | B954615 |

| Continued From BC# | Plea G | Total Sentence: 12 | 6 | 25 | Commitment Credit 01-22-83 to 12-07-83 XXXXXXXXXXXXXXXXXXX |
|---|---|---|---|---|---|

| Fines | Costs $1,432.61 | Restitution |
|---|---|---|

Summary or Remarks on Sentence  The 5-10 year sentence at CP#1576, 83, is consecutive to each and ever
7½-15 year sentence and the same credit is applicable to the resulting single
NO PSI    12½-25 year aggregation....as shown in change 6 on page 2 of this summary.
This change was made 4/28/98.

## 2. DATES SECTION

1576        1515        1372        1373        1374        1241

| Item | Original | Change #1 | Change #2 | Change #3 | Change #4 | Change #5 |
|---|---|---|---|---|---|---|
| DATE OF RECEPTION | 12-8-83 | 12-8-83 | 12-8-83 | 12-8-83 | 12-8-83 | 12-8-83 |
| EFFECTIVE DATE | 2-1-83 | 2-3-83 | 1-25-83 | 1-27-83 | 1-31-83 | 10-22-83 |
| EXPIRATION OF MINIMUM | 8-15-90 | 8-3-90 | 7-25-90 | 7-27-90 | 7-31-90 | 10-22-8 |
| EXPIRATION OF MAXIMUM | 2-15-2008 | 2-3-98 | 1-25-98 | 1-27-98 | 1-31-98 | 10-22-8 |
| EFFECTIVE DATE - PV | X X X X X | SEE REMARKS ABOVE——————— | | | | |
| DELINQUENT TIME | X X X X X | | | | | |
| BACKTIME | X X X X X | | | | | |
| NEW MAXIMUM - PV | X X X X X | | | | | |
| SENTENCE CHANGE | X X X X X | 12-7-83 | 12-7-83 | 12-7-83 | 12-7-83 | 12-7-83 |
| BASIS FOR CHANGE | X X X X X | Underlapp CC Sent | Underlapp CC Sent | Underlapp CC Sent | Underlapp CC Sent | Underlapp CC Sent |
| NEW SENTENCE | X X X X X | | | | | |
| | 1st Release Method—Inst.—Date | 2nd Release: Method—Inst.—Date | 3rd Release: Method—Inst.—Date | 4th Release: Method—Inst.—Date | | |

## 3. REFERENCES AND IDENTIFICATION

T/GRN: 6-3-96    8th MAR 10/31/98    SCI-CF 3-14-00    6th    SCIA 6/25/97    RH    Roc 7-2

| 1st Admission: Inst.—Date JGR 12-8-83 | 2nd Admission: Inst.—Date T-SCI 83 - 4/30/84 | 3rd Admission: Inst.—Date SCID 1-5-88 SCISI | 4th Admission: Inst.—Date SCI 10-31-90 |
|---|---|---|---|

| Prosecuting Police Department Doylestown | Place of Birth Phila Pa. | | Date of Birth 7-4-64 | Marital Status SGL | R-S N M |
|---|---|---|---|---|---|

| BC Number M-9320 | PBPP Number 7951-R | SID Number 1-51-48-54-3 | Name ISLEY, Charles W. | | ☒ TN | ☐ ALIAS |
|---|---|---|---|---|---|---|

§ 14

| 4. ACTIONS: PENNSYLVANIA BOARD OF PAROLE | | | | 5. ACTIONS: BOARD OF PARDONS | | | |
|---|---|---|---|---|---|---|---|
| Date | Action | Date | Action | Date | Cal Page | | Action |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## 6. DETAINERS

| Dated | From (Incl. Address) | Charging | Indict—Warrant Nos. | Remarks |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## 7. SELECTIVE SERVICE SYSTEM CONTROLS

| ☐ Registered At Time of Reception | ☐ Unregistered At Time of Reception | Remarks |
|---|---|---|

## 8. UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE CONTROLS

| USINS Number | ☐ USINS Notification of No Contemplated Action | ☐ USINS Proceedings Instituted and Pending | ☐ USINS Proceedings Completed Detainer; See Above |
|---|---|---|---|

## 9. NOTIFY IN EVENT OF ILLNESS OR DEATH

| Name  Charles Iseley, Sr. | Relationship  Father |
|---|---|
| Address  711 Winder Drive  Bristol, Pa.  19007 | Telephone  785-3351 |

## 10. REMARKS - ATA - ETC.

| 1st Reception | |
|---|---|
| 2nd Reception | |
| 3rd Reception | |
| 4th Reception | |
| Previous BC# | |

Additional Charges
CP1576,83 Crim Trespass,PIC;RSP;Terr Threats, REAP;Simp Aslt Consp 5yrs to 10 yrs
CP1375,83 Theft,RS P;PIC;POW;Simp Aslt(3);Agg Aslt(2);REAP;Terr Threats;Car F/A W/O Lic
   7½yrs to 15yrs CC
CP1372,83 Burg;Consp(11);Terr Threats (2);Theft by U/L Tak;RSP;PIC;POW(0);Simp Aslt(2)
REAP;Carr F/A W/O Lic
CP1373,83 Burg;Theft by U/L Tak;RSP(2)cts Simp Aslt;Terr Threats(2) PIC(2);Carr F/A W/O Lic
CP1374,83 Crim Tresp,Theft RSP;PIC;Simp  Aslt;Agg Aslt;REAP;Terr Threats;Carr F/A W/O Lic

9-18-91 ATA Bucks Co. & Ret'd 9-26-91
10-11-91 ATA Bucks Co. & Ret'd 10-18-91

SCIG -5-19-93

Case 1:00-cv-02186-YK-DB    Document 21    Filed 01/08/2002    Page 43 of 96

DC-16D

# SENTENCE STATUS SUMMARY

## 2. DATES SECTION

| Item | Change #6 | Change #7 | Change #8 | Change #9 | Change #10 | Change #1 |
|---|---|---|---|---|---|---|
| DATE OF RECEPTION | [A + B] 12-08-83 | | | | | |
| EFFECTIVE DATE | 01-22-83 | | | | | |
| EXPIRATION OF MINIMUM | 07-22-95 | | | | | |
| EXPIRATION OF MAXIMUM | 01-22-2008 | | | | | |
| EFFECTIVE DATE - PV | | | | | | |
| DELINQUENT TIME | | | | | | |
| BACKTIME | | | | | | |
| NEW MAXIMUM - PV | | | | | | |
| SENTENCE CHANGE | 9/13/96 & 4/28/98 | | | | | |
| BASIS FOR CHANGE | RECOMPUTED SENTENCE | | | | | |
| NEW SENTENCE | 12Y6M-25Y | | | | | |
| 1st Release: Method—Inst.—Date | 2nd Release: Method—Inst.—Date | | 3rd Release: Method—Inst.—Date | | 4th Release: Method—Inst.—Date | |

| Item | Change #12 | Change #13 | Change #14 | Change #15 | Change #16 | Change #1 |
|---|---|---|---|---|---|---|
| DATE OF RECEPTION | | | | | | |
| EFFECTIVE DATE | | | | | | |
| EXPIRATION OF MINIMUM | | | | | | |
| EXPIRATION OF MAXIMUM | | | | | | |
| EFFECTIVE DATE - PV | | | | | | |
| DELINQUENT TIME | | | | | | |
| BACKTIME | | | | | | |
| NEW MAXIMUM - PV | | | | | | |
| SENTENCE CHANGE | | | | | | |
| BASIS FOR CHANGE | | | | | | |
| NEW SENTENCE | | | | | | |
| 1st Release: Method—Inst.—Date | 2nd Release: Method—Inst.—Date | | 3rd Release: Method—Inst.—Date | | 4th Release: Method—Inst.—Date | |

## 3. REFERENCES AND IDENTIFICATION

| 1st Admission: Inst.—Date | 2nd Admission: Inst.—Date | 3rd Admission: Inst.—Date | 4th Admission: Inst.—Date |
|---|---|---|---|
| I-SCIP- 9/15/99 | | | |

| Prosecuting Police Department | | Place of Birth | | Date of Birth | Marital Status | R-S |
|---|---|---|---|---|---|---|

| DC Number | PBPP Number | SID Number | Name | | | |
|---|---|---|---|---|---|---|
| AM-9320 | 7951-R | 1514854-3 | ISLEY, CHARLES W. | | ☐ TN | ALIAS |

(OVER)

# EXHIBIT - 15

COPIES TO:

Alan M. Rubenstein, Esquire
District Attorney
Court House
Doylestown, PA   18901

Stephen H. Shantz, Esquire
Public Defender
Court House
Doylestown, PA   18901

Mr. Charles Iseley
SCI ROCKVIEW
AM  9320
Box A
Bellefonte, PA  16823

(1964), the Superior Court construed an earlier Act of Assembly containing the exact same language as providing that a complaint by a prison inmate regarding actions taken by the state Board of Parole lie within the jurisdiction of the Commonwealth Court, and the trial court lacks jurisdiction to act on a petition for a Writ of Habeas Corpus challenging the act of the Board.

In *Commonwealth v. Robert LeGrande*, 389 Pa. Super. 457, 567 A.2d 693 (1989), the Superior Court held that the trial court lacked jurisdiction to adjudicate a motion under the Post Conviction Relief Act (PCRA) challenging the action of the state Parole Board.

In this case, appellant, a sentenced prisoner, challenges the determination of the State Department of Corrections in computing the sentences which have been imposed by this court. There are two sentences at issue imposed to be served consecutively to a state correctional institution, and appellant complains that the Department of Corrections incorrectly computed the date on which this first sentence would terminate so that he could begin serving his second sentence. Without reaching the merits of appellant's complaint, we are convinced that we lack jurisdiction to adjudicate it. This case is controlled by *Commonwealth v. Perry*, 386 Pa. Super. 534, 563 A.2d 511 (1989) which held that the trial court lacked jurisdiction to adjudicate the defendant's PCRA application challenging the manner in which the state Bureau of Corrections had computed his sentence. The Court in *Perry* held that the trial court lacked jurisdiction for the adjudication of that complaint which lies solely in the Commonwealth Court.

2

The foregoing explains the reason for our order.

BY THE COURT:

October  Y , 1998

ISAAC S. GARB, PRESIDENT JUDGE

# EXHIBIT - 16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY            :     Case No. *U.S.C. - 99 - 4327*
AM 9320                :
SCI Mahanoy           :
Frackville, PA 17932      :
                      :

        v.                :

            , Warden    :
SCI Mahanoy           :
301 Morea Road        :
Frackville, PA 17932      :
                      :

      And             :
                      :

Alan Rubenstein        :
Bucks County District Attorney   :
Bucks County Courthouse     :
Doylestown, PA 18901      :
                      :

      And             :
                      :

D. Michael Fisher        :
Attorney General of the Commonwealth   :
   Of Pennsylvania         :
                      :
                      :

      And             :
W. Conway Bushey, Secretary    :
Pennsylvania Board of Probation   :
 and Parole              :
1101 S. Front Street       :
Harrisburg, PA 17104-2517    :

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. 2254

1.  Petitioner, Charles Iseley, is presently incarcerated in the State Correctional Facility at Mahanoy.   He was originally sentenced to seven and one half  to 15 years followed by a consecutive sentence of five to ten years in the Bucks County court of Common Pleas on bills of information numbers 1513, 1576, 1241, 1372,1373,1374, and 1375 of 1983.

2.  The judgment of conviction in these matters was entered on December 7th 1983.

3.  The defendant was originally sentenced by the honorable George Kelton.

4.  The offenses for which petitioner was sentenced were six counts of Robbery, Prohibited Offensive Weapons and related charges.

5.  The Judgment of Sentence was entered after petitioner withdrew Motions to withdraw guilty pleas.

6.  Petitioner did not file a direct appeal from his Judgment of Sentence.

7.  Petitioner has filed four Post-Conviction Relief Act petitions.  In each instance, the Petitioner was denied relief.  The PCRA Petitions bear the same caption as the original Petition.

8.  Petitioner appealed the denial of his PCRA Petitions in each instance to the Superior Court of Pennsylvania.  The Docket numbers for those appeals are Nos.  201 PHL 1992, 1612 PHL 1994, 1922 PHL 1996, 2790 PHL 1998, and 2791 PHL 1998.

9.  Petitioner has sought Allocator from the Pennsylvania Supreme Court in his effort to obtain relief from his Judgment of Conviction.  The applicable dockets are Com. V. Isley 0770 ED Alloc. Dkt 1992, 0245 M.D. Alloc Dkt 1997, 0131 MD Misc. Dkt 1997.

10.  In each instance cited above the Petitioner was denied relief.

·11.  Petitioner has exhausted his state remedies inasmuch as four PCRA petitions have been filed and all but one was appealed to the Supreme Court of Pennsylvania.

12.  Petitioner has also filed habeas corpus petitions in the State and Federal Courts stemming from the denial of due process in the illegal computation of his sentence and the unconstitutional aggregation of his minimum and maximum sentences by the Pennsylvania Board of Probation and Parole.

13.  Petitioner has additionally filed the following state court actions seeking relief from his unconstitutional detention: Isley v Pa. Board of Probation and Parole, Commonwealth Court Nos. 339 M.D. 1996 and 579 M.D. 1998; Isley v. Price, Pa Supreme Court No. 0086 M.D. Misc Dkt 1997, Isely v. Pa Board of Probation and Parole Supreme Court Nos.  0283 M.D. Alloc Dkt. 1998 and 0635 MD Alloc. Dkt. 1998.

14. Petitioner has filed the following federal court actions seeking relief from his unconstitutional detention; Iseley v. Meyers ED Pa CA 97-7083, Iseley v. Vaughn ED Pa CA No. 96-1103, Iseley v. Ridge ED Pa CA No. 95-8044, Iseley v. Vaughn ED Pa CA No. 96-3029.

15. Petitioner has sought relief in the United States Court of Appeals for the Third Circuit in the matter of Iseley v. Vaughn CA No. 96-1957.

16. Petitioner has sought Certiorari in the United States Supreme Court in the matters of IN Re Iseley Nos 97-7152 and 97-7153.

17. Petitioner is being unconstitutionally detained in violation of due process and equal protection for the following reasons:

a. The Petitioner successfully litigated a section 1983 civil rights act claim against the Commonwealth due to the illegal acts of the Department of Corrections and certain correctional officers in causing him to suffer severe injuries. The case was settled in favor of petitioner with a substantial amount of damages being paid and an agreement by the Commonwealth to provide adequate medical care to petitioner.

b Since the resolution of the above civil claim, the Department of corrections has engaged in a purposeful scheme to deny petitioner his fundamental rights by delaying his parole reviews, intentionally creating a negative institutional record, charging him with unfounded allegations of infractions, denying him due process at institutional administrative hearings, misstating his educational progress and otherwise harassing petitioner to keep him from making parole.

c The petitioner has been denied due process in obtaining a hearing due to the ex post facto application of the 1996 amendment to the parole act of 1941. Specifically, Petitioner's sentences were aggregated **After** he was first seen by the Parole Board and denied.

d The effect of the above was to illegally lengthen the petitioners maximum sentence. Petitioner received two consecutive sentences. One of seven and a half to fifteen years and one of five to ten. The five to ten was consecutive to the seven and one half to fifteen. Petitioner began serving his sentences in 1983. He was first seen by the Parole Board in 1995. In order for that to happen he would have to have been constructively paroled on his first sentence in 1990. Otherwise, he would not have been eligible to see the Board until 1998.

e Petitioner has been denied equal protection due to his race. Statistical studies show that Black offenders in the Commonwealth are less likely to be paroled than white offenders.

f Petitioner is being denied parole in a retaliation for his role as a perceived jail house lawyer.

18. Petitioner's conviction and he Judgment of Sentence thereon were illegally and

unconstitutionally obtained due to the following:

        a  The guilty plea colloquy failed to correctly advise Petitioner of his maximum sentence by law.  The court misstated the maximum as 352 years.  It should have been 122 years.

        . b  Petitioner was not informed by trial counsel that numerous valid and meritorious suppression issues existed and were being waived by him in entering his guilty plea.

        c  Petitioner was denied his constitutional right to effective assistance of counsel when trial counsel failed to properly advise him of his defenses, failed to advise with regard to the mandatory minimum sentence, which statute was later declared unconstitutional, failed to advise him of his appellate rights and failed to adequately investigate his case.

    19.  Petitioner has no other actions pending in regard to his illegal detention by the Commonwealth of Pennsylvania.

    20.  Petitioner was represented at trial by Theodore Q. Thompson, Esq., on his first PCRA by Denise Marley, Esq. And on his second PCRA by John Fioravanti.

**PETITIONER IS ENTITLED TO RELIEF FROM HIS CONVICTION AND SENTENCE BECAUSE OF THE CUMULATIVE EFFECT OF THE ERRORS DESCRIBED IN THIS PETITION.**

    21.The claims and factual allegations set forth in all other sections of this petition are realleged as if set forth entirely herein.

    22.Each of the claims presented herein individually entitles Petitioner to relief from his conviction and sentence.

    23.    However, even if this court finds that Petitioner is not entitled to relief based on any particular claim, Petitioner is nevertheless entitled to relief because the cumulative effect of these errors was to deny Petitioner a fair trial and the heightened procedural safeguards constitutionally required in capital cases.

    24.    Collectively and cumulatively, these errors denied Petitioner his rights to due process of law and his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Pennsylvania Constitution.

    For all of the above-stated reasons and those presented in the submissions accompanying this Petition, Petitioner prays:

    1.    That the Commonwealth Defendants be ordered to Answer this Petition;

    2.    That leave to amend the Petition be granted;

3.       That summary relief be granted on those claims of error which are clear from the facts set forth in this pleading and the record.

4.       That an evidentiary hearing on the claims and any and all disputed issues of fact be granted;

5.       That discovery as may be necessary to a full and fair resolution herein be allowed;

6.       That Petitioner's convictions and sentences be vacated.

Respectfully submitted,

_____

PATRICK J. EGAN
232 South Fourth Street
Philadelphia, PA 19106
215-574-1080
Counsel for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY | : | Case No. *u.s.c. - 99 - 4327* |
| AM 9320 | : | |
| SCI Mahanoy | : | |
| Frackville, PA 17932 | : | |
| | : | |
| v. | : | |
| | : | |
| , Warden | : | |
| SCI Mahanoy | : | |
| 301 Morea Road | : | |
| Frackville, PA 17932 | : | |
| | : | |
| And | : | |
| | : | |
| Alan Rubenstein | : | |
| Bucks County District Attorney | : | |
| Bucks County Courthouse | : | |
| Doylestown, PA 18901 | : | |
| | : | |
| And | : | |
| | : | |
| D. Michael Fisher | : | |
| Attorney General of the Commonwealth | : | |
| Of Pennsylvania | : | |
| | : | |
| | : | |
| | : | |
| And | : | |
| W. Conway Bushey, Secretary | : | |
| Pennsylvania Board of Probation | : | |
| and Parole | : | |
| 1101 S. Front Street | : | |
| Harrisburg, PA 17104-2517 | : | |

AUTHORITIES IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. 2254

## I.  Introduction

Petitioner, Charles Iseley, has been incarcerated in the Pennsylvania State Corrections system since 1983.  He was sentenced at that time pursuant to guilty pleas to robbery and related charges.  He was eighteen years old and had no prior adult convictions.  His sentence was seven and one half to fifteen years followed by a consecutive five to ten years.

Early in the term of his imprisonment, Petitioner was severely beaten by corrections officers, injured and denied medical treatment.  As a result, he filed a civil rights action which was eventually successful, resulting in a substantial award of damages and an agreement to provide proper medical treatment by the Department of Corrections.  Little did Mr. Iseley know at the time that this legal victory would result in a pattern of conduct by corrections personnel which would condemn him to serve the maximum twenty-five year sentence.

The Corrections Department and the Board of Probation and Parole have denied Petitioner his Due Process rights in his efforts to obtain parole.  They have illegally lengthened his sentence by eight years.  He is unable to receive parole because the Corrections Department repeatedly recommends that he be denied.  This is accomplished by continually citing him for prison misconducts then violating his due process rights in the administrative proceedings which ensue.

In addition, the Board of Probation and Parole has illegally aggregated the Petitioner's sentences.  By so doing they have extended his maximum release date from 2000 to 2008.  This

was done in violation of equal protection, due process and the ex post facto laws.

## II.  Retaliatory Denial of Parole

Parole may not be denied for retaliatory purposes, Burkett v. Love, 89 F 3d 135 (     ).
The state may not deny parole in order to force an inmate to refrain from pursuing legal actions
and prison grievances, Frost v. Railroad, 271 U.S. 583 (1926); Elrod v. Burns, 427 U.S. 347
(1976).

The equal protection clause of the United States Constitution provides that an individual
may not be denied due process of law because of their beliefs.  Petitioner has a long history of
litigiousness within the corrections community.  The Department views him as a troublemaker and
jailhouse lawyer.  None of these beliefs within the Department are sufficient to give the right to
deny parole.

The Petitioner consistently receives parole recommendations from the Department of
Corrections that are erroneous.  They have stated he did not attend classes when he had.  They
have written him up for misconducts which occurred when he was not present and then denied
him his administrative process rights.  The effect is that the Board of Probation and Parole is
continuously given unfavorable recommendations.  These recommendations are retaliatory in
nature. See Monroe v. Thigpen, 932 F 2d 1437 (11th Cir. 1991).  Petitioner should be granted
relief forthwith.

### III. Illegal Aggregation of Sentences

Petitioner's maximum sentence was illegally lengthened by operation of the Department of Corrections and Board of Probation and Parole. Petitioner received two sentences. The first was a sentence of seven and one half to fifteen years. The second was a sentence of 5 to 10 years. The latter was consecutive to the former for a possible minimum sentence of 12 and ½ years. Petitioner began serving the sentences in 1983. The only one way he could become eligible for release from prison in twelve and one half years (1995) is by receiving constructive parole on the first sentence in 1990. There is no other way. Petitioner did become eligible for release in 1995. That means that he began serving the 7 ½ to 15 year sentence in 1983, was constructively paroled in 1990, and began serving the 5 to 10 year sentence 1990. He will have served the entirety of that sentence by the year 2000. However, the defendants state the maximum sentence does not expire until 2008. This is impossible. Is impossible because the only way the maximum sentence expiration could be in 2008 is if the petitioner served the entire seven and one half to fifteen year sentence and then began serve the consecutive five to ten year sentence. Since petitioner became eligible for release in 1995 It is obvious that could not possibly happen unless he received constructive parole. Otherwise he would not have been eligible for release until 2003.

In essence because of the laws which force aggregation of the sentences, the petitioner sentences are neither concurrent nor consecutive but actually partially overlapping because of the parole boards automatic parole at the minimum of the first sentence. Moreover, it was the sentencing courts intention that the sentences partially overlap and that the petitioner become eligible for release in 1995 rather than 2003. Parole eligibility is part of the sentencing process and

is wholly authorized by the sentencing court, <u>Warden v. Marrerro</u>, 417 U.S. 653 (1974).

### IV.  Violation of ex Post Facto Clause

The Petitioner was sentenced pursuant to a guilty plea in 1983.  At the time Parole was determined pursuant to the 1941 Parole Act.  In 1996, the Parole Act was amended decreasing parole opportunities and change in parole criteria.  The application of the changes to Petitioner violates his rights under the Ex Post Facto Clause, <u>Fleming v. Oregon</u>, 998 F 2d 721 (9th Cir. 193); <u>Jones v. Murray</u>, 962 F 2d 302 (9th Cir. 1993).

### V.  Ineffective Assistance of Counsel

Defense counsel have "a duty to bring to bear such skill and knowledge as will render the [proceeding] a reliable adversarial testing process." <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984).  This can be done only if counsel <u>investigates</u>.  <u>Id.</u> at 691.  As the Superior Court has explained, "defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner." <u>Commonwealth v. Gainor</u>, 289 Pa. Super. 190, 432 A.2d 1116, 1120 (1981) (quoting <u>United States v. Williams</u>, 615 F.2d 585, 594 (3d Cir. 1980), and <u>Beasely v. United States</u>, 491 F.2d 687, 696 (6th Cir. 1974)); <u>Commonwealth v. Fultz</u>, 316 Pa. Super. 260, 462 A.2d 1340, 1343-44 (1983) (quoting <u>Gainor</u>); <u>accord Commonwealth v. Bailey</u>, 480 Pa. 329, 390 A.2d 166, 178 (1978) ("the adversary system requires that 'all available defenses are raised' so that the government is put to its proof") (quoting <u>United States v. Ash</u>, 413 U.S. 300 (1973)); <u>see also United States v. Gray</u>, 878 F.2d 702, 711 (3d Cir.1989) ("failure to conduct any pretrial investigation generally constitutes a clear

instance of ineffectiveness"); <u>United States v. Kauffman</u>, 109 F.3d 186, 190 (3d Cir. 1997)

(same).

  Trial counsel also has an obligation to understand the law.  As the Court explained in

<u>Scarpa v. DuBois</u>, 38 F.3d 1, 10 (1st Cir. 1994):

> [counsel] should understand the elements of the offenses with
>
> which his client is charged and should display some appreciation of
>
> the recognized defenses thereto.  Unless counsel brings these
>
> rudiments to the table, a defendant likely will be deprived of a fair
>
> 'opportunity to meet the case of the prosecution,' and, thus, will be
>
> placed at undue risk of having no effective advocate for his cause.
>
> Phrased another way, <u>if an attorney does not grasp the basics of the</u>
>
> <u>charges and the potential defenses to them, an accused may well be</u>
>
> <u>stripped of the very means that are essential to subject the</u>
>
> <u>prosecution's case to adversarial testing.</u>

<u>See also</u> <u>Cave v. Singletary</u>, 971 F.2d 1513, 1518 (11th Cir. 1992) (trial counsel's "complete

misunderstanding" of Florida's felony murder statute demonstrate's deficient performance); <u>Frey</u>

<u>v. Fulcomer</u>, 974 F.3d 348, 359 (3d Cir. 1992) (deficient performance established where counsel

argued at sentencing from statute that had been declared unconstitutional and rewritten years

before petitioner's capital trial);  <u>Young v. Zant</u>, 677 F.2d 792, 798 (11th Cir. 1982) ("Competent

counsel would not have gone to trial on an insanity defense without any evidence to support it.

The insanity defense in this case amount to no defense at all, a fact [trial counsel] apparently did

not recognize until [he] began [his] final summation to the jury."); <u>Baty v. Balkcom</u>, 661 F.2d

391, 394-95 (5th Cir. 1981). Thus, in order to render effective assistance, defense counsel must not only understand the nature of the charges against their client but also mount a reasonable defense to such charges. While trial counsel is presumed to know the law, that presumption cannot stand in light of trial counsel's performance in this case.

Trial counsel here failed to advise him of suppression issues which if adequately investigated and understood could have eliminated potential evidence against him, thus denyingg him his rights. A guilty plea cannot be voluntarily and intelligently entered if the defendant is not aware of his potential defenses.

Trial counsel's performance here was plainly deficient, and Petitioner was prejudiced as a result. Strickland v. Washington, 466 U.S. 668 (1984); Commonwealth v. Pierce, 515 Pa. 153, 158-59, 527 A.2d 973, 975 (1987) (petitioner must show that assertion is of arguable merit, that attorney had no reasonable basis for his/her action or inaction, and that attorney's action or inaction was prejudicial); see also Commonwealth v. Perry, 537 Pa. 385, 644 A.2d 705, 708-09 (1994). Had trial counsel performed reasonably here, Petitioner would have pursued his suppression issues and not have been convicted.

## VI. The Guilty Plea Colloquy Was Constitutionally Deficient

Petitioner's plea of guilt and the Judgment of Sentence entered thereon were invalid and constitutionally defective due to the trial court's incorrect statement of the maximum sentence allowable under law. The court erroneously advised Petitioner that the maximum was 352 years when it actually was 122 years. This defect in the colloquy renders he plea invalid and it must be vacated, Commonwealth v. Stark, 698 A 2d 1331(Pa Super 1997).

## VII.   Conclusion

The aforesaid errors worked to deny Petitioner's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and his corresponding rights under the Pennsylvania Constitution.  All post-trial and appellate counsel were ineffective for failing to raise these  issues on direct appeal.  Relief is warranted.

Respectfully submitted,

_____

Patrick J. Egan
232 S. 4th Street
Philadelphia, PA 19106
215-574-1080

# EXHIBIT - 17

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

CHARLES ISELEY,                          :
Petitioner;                              :
                                         :
                                         :
        V.                               :
                                         :
                                         :NUMBER 220 MM 2000
MICHAEL FISHER, PA. ATTY. GEN.           :
ALAN RUBINSTEIN, BUCKS CO. D.A.          :
JEFFREY BEARD, SECT. PA. D.O.C.          :
KATHLEEN ZWIERZYNA, SECT. PBPP           :
FRANK GILLIS, WARDEN, COAL TOWP.         :
STATE PRISON;  RESPONDENTS:              :

AMENDED PETITION
FOR WRIT OF HABEAS CORPUS

FACTS:

1. PETITIONER, CHARLES ISELEY, IS CURRENTLY IMPRISONED AT COAL
   TOWNSHIP STATE PRISON AND IS BEING HELD UNLAWFULLY AND WITHOUT
   AUTHORITY BECAUSE THE MAXIMUM EXPIRATION OF HIS CRIMINAL TERM
   OCCURRED IN AUGUST OF 1999.

2. IN DECEMBER OF 1983, PETITIONER, RECEIVED SEVEN TERMS.

3. NONE OF THE CRIMINAL TERMS WERE MANDATORY TERMS.

4. SIX OF THE TERMS, FIVE 71/2 TO 15 YEAR TERMS AND A 1 TO 2 YEAR TERM,
   WERE ORDERED TO BE SERVED CONCURRENTLY.

5. PETITIONER WAS GRANTED APPROXIMATELY ELEVEN MONTHS TIME SERVED
   CREDIT FOR EACH OF THE SIX TERMS AND AS A RESULT, PETITIONER'S TERMS'
   AND EACH OF THEM , BEGAN AND TOOK EFFECT ON JANUARY 22, 1983,
   PURSUANT TO SEC. 1360 OF THE SENTENCING CODE OF 1974 AND PA. R. 1406 (B)
   (C).

6. THE SEVENTH AND LAST TERM, A 5 TO 10 YEAR TERM, WAS ORDERED TO BE

SERVED CONSECUTIVE TO ALL THE CONCURRENT TERMS AND WAS ORDERED TO BEGIN AND TAKE EFFECT AT THE MINIMUM EXPIRATION OF ALL THE CONCURRENT TERMS.

7. PETITIONER WAS GRANTED APPROXIMATELY ELEVEN MONTHS TIME SERVED CREDIT ON THIS TERM AND THEREFORE PETITIONER HAD APPROXIMATELY NINE YEARS AND ONE MONTH REMAINING TO BE SERVED FOR THIS TERM PURSUANT TO SEC. 1360 OF THE SENTENCING CODE OF 1974 AND PA. R. 1460 (B) (C).

8. CONSEQUENTLY, PETITIONER WAS SENTENCED TO TOTAL OF 87 YEARS (5. 15 + 2 + 10 = 87).

9. PETITIONER'S AGGREGATED SENTENCE, WHICH IS USED FOR PAROLE ELIGIBILITY NOTICE AND PURPOSES, WAS 12 ½ TO 25 YEARS PURSUANT TO 42 PA. C. S. 9757.

10. THE AGGREGATED MINIMUM WAS CALCULATED BY ADDING THE 71/2 YEARS MINIMUM OF THE CONCURRENT 71/2 TO 15 YEAR TERMS ( THE 1 TO 2 YEAR TERM WAS IGNORED) TO THE FIVE YEAR MINIMUM OF THE 5 TO 10 YEAR TERM FOR A SUM OF 12 ½ (7 ½ + 5 = 12 1/2).

11. THE AGGREGATED MAXIMUM WAS CALCULATED BY ADDING THE 15 YEAR MAXIMUM OF THE CONCURRENT 71/2 TO 15 YEAR TERMS ( THE 1 TO 2 YEAR TERM WAS IGNORED) TO THE 10 YEAR MAXIMUM OF THE 5 TO 10 YEAR TERM FOR A SUM OF 25 ( 15+10=25).

12. THE ATTACHED EXHIBITS, THE SENTENCE ORDERS AND RELEVANT PORTION OF THE SENTENCING PROCEEDING CLEARLY CORROBORATE THE AFOREMENTIONED ABOVE RELATED FACTS.

13. IN 1985 PETITIONER SHOULD HAVE RECEIVED TWO YEARS CREDIT FOR SERVING THE ENTIRETY OF THE 1 TO 2 YEAR TERM FROM JANUARY 1983 TO JANUARY 1985.

14. IN 1998 PETITIONER SHOULD HAVE RECEIVED 75 YEARS CREDIT FOR SERVING THE ENTIRETY OF EACH OF THE FIVE 71/2 TO 15 YEAR TERMS ( 5. 15=75) FROM JANUARY 1983 TO JANUARY 1988.

15. IN 1999 PETITIONER SHOULD HAVE RECEIVED TEN YEAR CREDIT FOR SERVING THE ENTIRETY OF THE 5 TO 10 YEAR TERM FROM JULY 1990 (WHICH WAS THE MINIMUM EXPIRATION OF ALL CONCURRENT TERMS) TO AUGUST 1999 ( PETITIONER HAD ONLY NINE YEARS AND ONE MONTH TO SERVE THIS TERM AS NOTED ABOVE PREVIOUSLY).

16. THUS, IN 15 YEARS, FROM 1983 TO 1998, PETITIONER ACCRUED 77 YEARS OF CREDIT FOR ALL OF THE CONCURRENT TERMS ( 5. 15+2=77)AND IN 10 YEARS FROM JULY 1990 TO AUGUST 1999 PLUS THE ELEVEN MONTHS TIME SERVED CREDIT ( FROM JANUARY 1983 TO DECEMBER 1983) PETITIONER ACCRUED 10 YEARS OF CREDIT FOR THE 5 TO 10 YEAR TERM.

17, CONSEQUENTLY, THE TOTAL ACCRUED CREDIT WAS 87 YEARS, WHICH IS EXACTLY THE MAXIMUM AMOUNT HE WAS ORDERED TO SERVE ( 5. 15+2+10= 87).

18. PETITIONER ACCRUED THE 87 YEARS CREDIT IN TWO PARTS: A FIFTEEN YEAR PART AND A 10 YEAR PART.

19. IT IS AXIOMATIC THAT 15 YEARS PLUS 10 YEARS EQUALS 25 YEARS, WHICH IS EXACTLY WHAT THE AGGREGATED MAXIMUM WAS- 25 YEARS.

20. DESPITE HAVING SERVED THE ENTIRETY OF ALL HIS CRIMINAL TERMS, PETITIONER REMAINS IN PRISON.

21. PETITIONER REMAINS IN PRISON BECAUSE, ACCORDING TO RESPONDENTS HIS 5 TO 10 YEAR TERM DID NOT BEGIN AND TAKE EFFECT UNTIL THE MAXIMUM EXPIRATION OF ALL THE CONCURRENT TERMS OCCURRED IN JANUARY 1998.

22. THE RESPONDENTS FURTHER CLAIM THAT PETITIONER WAS NOT GRANTED ELEVEN MONTHS TIME SERVED CREDIT FOR THE 5 TO 10 YEAR TERM.

23 .RESPONDENTS CLAIM THAT THE PA. DEPT. OF CORRECTION HAS THE AUTHORITY TO MODIFY AND LENGTHEN PETITIONER'S SENTENCE AND OVERRIDE ANY ORDERS FROM THE COURT.

24. RESPONDENTS CLAIM THAT PETITIONER IS STILL SERVING ALL SEVEN CRIMINAL TERMS.

25. THE RESPONDENTS ALLEGED THAT PETITIONER MUST SERVE 25 YEARS BEFORE SERVING THE ENTIRETY OF HIS 1 TO 2 YEARS TERM.

26. THE RESPONDENTS ALLEGE THAT PETITIONER MUST SERVE 25 YEARS BEFORE SERVING THE ENTIRETY OF HIS 5 TO 10 YEARS.

27. THE RESPONDENTS ALLEGE THAT PETITIONER MUST SERVE 25 YEARS BEFORE SERVING THE ENTIRETY OF ANY OF HIS 7 ½ TO 15 YEAR TERMS.

28. ALL OF RESPONDENT'S CLAIM AND ALLEGATIONS ARE FALSE BECAUSE 25 YEARS IS BEYOND THE LEGAL MAXIMUM THAT A PETITIONER COULD HAVE

RECEIVED ON ANY INDIVIDUAL CASE AND PETITIONER'S SENTENCE ORDERS, AS PREVIOUSLY NOTED, CLEARLY AND SPECIFICALLY STATE WHAT PETITIONER'S TERMS WERE AND WHEN AND WHERE THEY BEGAN AND TOOK EFFECT.

CLAIMS:

THE FACTS ABOVE DISCLOSE A PANOPLY OF VIOLATIONS OF PETITIONER'S RIGHTS, INCLUDING, BUT NOT LIMITED TO: THE FIRST, FOURTH, FIFTH, SIXTH, EIGHT AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

RELIEF:

WHEREFORE THE COURT SHOULD GRANT THE FOLLOWING RELIEF:

(A) DISCHARGE OF PETITIONER AND HIS PERSONAL EFFECTS FORTHWITH.

(B) AN EVIDENTIARY HEARING FORTHWITH TO DETERMINE THE LEGALITY OF PETITIONER'S CONFINEMENT.

(C) APPOINTMENT OF COUNSEL TO ASSIST PETITIONER.

(D) *such other relief as pending*

RESPECTFULLY SUBMITTED

*Charles Iseley*
CHARLES ISELEY, AM-9320
1 KELLEY DRIVE
COAL TOWNSHIP, PA. 17866

]

DATE:MAR  ,2001

# EXHIBIT - 18

IN THE COURT OF COMMON PLEAS, BUCKS COUNTY
CRIMINAL DIVISION

CHARLES ISELEY,
AM-9320, 1100 Pike St.,
Huntingdon, PA 16654
              Petitioner,

              v.

Jeffrey Beard, sec.,
Pa. Dept. of Cor., P.O. Box 598
Camp Hill, PA 17001

              and

Kathleen Zwierzyna, sec.,
Pa. Bd. of Prob. & Parole,
1101 S. Front St., Ste. 5300
Harrisburg, PA 17104
              Respondents.

:
:
:
:
:
:
:
:
:
:
:
:

## PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE, THE JUDGES OF THE SAID COURT :

        NOW COMES the Petitioner, Charles Iseley, in propria
personam, and respectfully petitions this Honorable Court for a Writ
of Habeas Corpus directed to the respondents and avers the following
in support thereof :

        1. This Honorable Court has jurisdiction over this matter
pursuant to 42 Pa. C.S. sec. 761

2. Petitioner is Charles Iseley, an adult individual, currently confined in Huntingdon state prison.

3. Respondent Jeffrey Beard is the secretary of the Pennsylvania Department of Corrections.

4. Respondent Kathleen Zwierzyna is the secretary of the Pennsylvania Board of Probation and Parole.

5. Petitioner is currently being held in prison illegally and without authority because the maximum expiration of his sentence occurred in August of 1999.

6. The aggregated sentence that petitioner received was/is an illegal sentence because it was ordered by the court to be partially overlapping and therefore partially concurrent and partially consecutive.

7. On December 7, 1983, petitioner was sentenced to serve seven criminal terms for seven criminal cases at information numbers 1241, 1372, 1373, 1374, 1375, 1513 and 1576.

8. Petitioner received a One (1) to two (2) years term for 1241 and was granted approximately eleven (11) months time served credit for this term which was ordered to have begin and taken effect on January 22, 1983. The minimum expiration of this term occurred on January 22, 1984, and the maximum expiration of this term occurred on January 22, 1985.

9. Petitioner received a seven and a half (7½) to fifteen years term for 1372 and was granted approximately eleven (11) months time served credit for this term which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration for this term occurred on July 22, 1990, and the maximum expiration for this term occurred on January 22, 1998.

2

10. Petitioner received a seven and a half (7½) to fifteen (15) year term for <u>1373</u> and was granted approximately eleven (11) months time served credit for this term which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of this term occurred on July 1990, and the maximum expiration of this term occurred on January 22

11. Petitioner received a seven and a half (7½) to fifteen (15) years term for <u>1374</u> and was granted approximately eleven (11) months time served credit for this term which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of this term occurred on July 22, 1990, and the maximumim expiration of this term occurred on January 22, 1998.

12. Petitioner received a seven and a half (7½) to fifteen (15) years term for <u>1375</u> and was granted appoximately eleven (11) months time served credit for this term which was ordered to have begun and taken effect on January 1983. The minimum expiration for this term occurred on July 22, 1990, and the maximum expiration for this term occurred on January 22, 1998.

13. Petitioner received a seven and a half (7½) to fifteen (15) years term for <u>1513</u> and was granted approximately eleven (11) months time served credit for this term which was ordered to have begun and taken effect on January 22, 1983. The minimum expiration of this term occurred on July 22, 1990, and the maximum expiration of this term occured on January 22, 1998.

14. Petitioner received a five (5) to ten (10) years term for <u>1576</u> and was granted approximately eleven (11) months time served credit (from January 22, 1983, to December 7, 1983) for this term which was ordered to begin and take effect at the <u>minimum</u> expirations of 1241, 1372, 1373, 1374, 1375 and 1513. Petitioner had approximately nine (9) years and one (1) month left to s on this term. The minimum expiration of this term occurred on August 22, 1994 and the maximum expiration for this term occurred on August 22, 1999.

3

15. On January 22, 1985, petitioner should have received two (2) years credit for serving the entirety of 1241 from January 22, 1983, to January 22, 1985. However, respondents still have plaintiff serving this term and maintain that he must serve twenty-five (25) years on this term before he can serve its entirety.

16. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of 1372 from January 22, 1983, to January 22, 1998. However, respondents still have plaintiff serving this term and maintain he must serve twenty-five (25) years on this term before he can serve its entirety.

17. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of 1373 from January 22, 1983, to January 22, 1998. However, respondents still have plaintiff serving this term and maintain that he must serve twenty-five (25) years on this term before he can serve its entirety.

18. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of 1374 from January 22, 1983, to January 22, 1998. However, respondents still have plaintiff serving this term and maintain that he must serve twenty-five (25) years on this term before he can serve its entirety.

19. On January 22, 1998, petitioner should have received fifteen (15) years credit for serving the entirety of 1375 from January 22, 1983, to January 22, 1998. However, respondents still have plaintiff serving this term and maintain that he must serve twenty-five (25) years on this term before he can serve its entirety.

20. On January 22, 1998, petitioner should have received fifteen (15) years credit serving the entirety of 1513 from January 22, 1983, to January 22, 1998. However, respondents still have plaintiff serving this term and maintain that he must serve twenty-five (25) years on this term before he can serve its entirety.

4

21. On August 22, 1999, petitioner should have received ten (10) years credit for serving the entirety of 1576 from July 22, 1990 (the minimum expirations of 1372, 1373, 1374, 1375 and 1513) to August 22, 1999 (plus the time served credit from January 1983 to December 1983). However, respondents still have petitioner serving this term and maintain that he must serve seventeen and a half (17½) years before he can serve the entirety of this term.

22. The respondents claim that since petitioner's sentence is illegal, they have the authority to "fix" petitioner's sentence and to deny him sentence credit and override any orders from the court.

23. They claim that petitioner's term for 1576 should have been ordered to begin on January 22, 1998, the maximum expirations of 1372, 1373, 1374, 1375 and 1513, rather than July 22, 1990, the minimum expirations of 1372, 1373, 1374, 1375 and 1513, as ordered by the court.

24. This is not true because even if, arguendo, 1576 began and took effect on January 22, 1998, the maximum expirations of 1372, 1373, 1374, 1375 and 1513, then the maximum expiration would occur on February 22, 2007, because of the eleven months time served credit granted to petitioner for 1576. However, the respondents claim that petitioner is not entitled to the eleven months credit and therefore the maximum expiration for 1576 occurs on January 22, 2008, which is clearly erroneous.

25. Moreover, as noted previously, 1576 was ordered to begin and take effect at the minimum expiration of 1241, 1372, 1373, 1374, 1375 and 1513.

26. It is clear from the record that petitioner was ordered to serve a total of eighty-seven (87) years.

27. Petitioner was ordered to "... imprisonment for not less than 1 years nor more than 2 years..." and to pay $168.35 court costs for 1241. Petitioner is still serving this term and has served approximately eighteen (18) years on this term.

28. Petitioner was ordered to "... imprisonment for not less than 7½ years nor more than 15 years ..." and to pay $188.36 court costs for 1372. Petitioner is still serving this term and has served approximately eighteen (18) years on this term.

29. Petitioner was ordered to "... imprisonment for not less than 7½ years nor more than 15 years ..." and to pay $271.82 court costs for 1373. Petitioner is still serving this term and has served approximately eighteen (18) years on this term.

30. Petitioner was ordered to "... imprisonment for not less than 7½ years nor more than 15 years ..." and to pay $234.08 court costs for 1374. Petitioner is still serving this term and has served approximately eighteen (18) years on this term.

31. Petitioner was ordered to "... imprisonment for not less than 7½ years nor more than 15 years ..." and to pay $274.33 court costs for 1375. Petitioner is still serving this term and has served approximately eighteen (18) years on this term.

31. Petitioner was ordered to "... imprisonment for not less than 7½ years nor more than 15 years ..." and to pay $179.28 court costs for 1513. Petitioner is still serving this and has served approximately eighteen (18) years on this term.

6

32. Petitioner was ordered to "... imprisonment for not less than 5 years nor more than 10 years ..." and to pay $111.62 court costs for 1576. Petitioner is still serving this term and has served approximately twelve (12) years on this term.

33. Petitioner is beyond the maximum expiration for each term that he received.

34. In fifteen (15) years, from January 22, 1983, to January 22, 1998, petitioner accrued seventy-five (75) years credit for serving the entirety of 1372, 1373, 1374, 1375 and 1513.

35. In ten (10) years, from January 1983 to December 1983 & July 1990 to August 1999, petitioner accrued ten (10) years credit for serving the entirety of 1576.

36. Fifteen (15) years plus ten (10) years equals twenty-five years, which is exactly what the aggregated maximum term consists of. Fifteen years plus ten years for a sum of twenty-five. The aggregated minimum term consist of five years plus seven and a half years.

37. The aggregated term is for parole eligibility only and has nothing to do with the actual terms. This is clear from the fact that 1241 was not included in its construction nor were the court costs for each term and that they were not "aggregated" as the others.

38. Petitioner also accrued an additional two years for serving the entirety of 1241 from January 1983 to January 1985.

39. Consequently, from January 22, 1983, to August 22, 1999, petitioner accrued a total of eighty-seven (87) years (2+5x15 = 87) which is exactly what he was ordered to serve by the court.

7

40. Moreover, petitioner had a right to become eligible for constructive parole for the terms and a right to become eligible for parole on each (constructive and release).

41. Petitioner has no adequate remedy at law

WHEREFORE, Petitioner, Charles Iseley, prays that this Honorable Court will grant his petition and issue a Writ of Habeas Corpus directing his release from custody forthwith or ordering a hearing forthwith to determine the legality of his custody/senter

Date: June 5, 2001

Respectfully submitted,

Charles Iseley

Charles Iseley
AM-9320, 1100 Pike St.
Huntingdon, PA 16654

**EXHIBIT - 19**

P

 

The Court of Common Pleas of Bucks County

# OFFICE OF THE CLERK OF COURTS

## BUCKS COUNTY COURTHOUSE

55 East Court Street
Doylestown, Pennsylvania 18901
Phone: (215) 348-6389

**Mary K. Smithson**
*Clerk of Courts*

June 13, 2001

Charles Iseley, #AM-9320
%SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

RE: Commonwealth of Pennsylvania vs **Charles ISELEY**
Case No. **1983-1372, 1983-1373, 1983-1374, 1983-1375, 1983-1512 & 1983-1576**

Dear Mr. Iseley:

We are in receipt of your "Petition for Writ of Habeas Corpus," regarding the above-captioned case.

Since the Public Defender's Office was appointed to represent you on a prior matter, we are forwarding your Motion to the Public Defender's Office for their assistance in preparing the proper Order for the Court's consideration.

If you have any questions or concerns regarding this motion, please contact the Bucks County Public Defender's Office.

Very truly yours,

Georgene A. Lynn,
Deputy Clerk of Courts -
Criminal Division

CC: Public Defender (w/enclosure)

# EXHIBIT - 20

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY
Criminal Division

CHARLES ISELEY
    Petitioner,
      V.
Kathleen Zwierzyna, et al.,
    Respondents.

        :
        :
        :
        :
        :

MEMORANDUM OF LAW IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM

The attached exhibits (redacted sentence transcript, sentence orders and letter from the chief of the Office of Public Defender's unit for sentence, probation and parole issues) clearly support, corroborate and verify the assertions contained in the petition. The exhibit letter writer never bothered to check petitioner's sentence orders which is obvious since he did not note that the term for 1576 was ordered to begin and take effect at the minimum expirations of 1241, 1372, 1373, 1374, 1375 and 1513.

A prisoner may properly challenge prison/parole officials' interpretation of his criminal terms because such issue is neither direct or collateral attack on convictions or terms imposed by the trial court and therefore such challenge is properly raised via habeas ad subjiciendum rather than via PCRA and such challenges are properly filed in the court which initially imposed the terms. Com. v. Isabell, 467 A.2d 1287, 1291-93 (Pa. 1983).

Only the sentencing court has the authority to alter or modify a criminal term. Com. v. Ward, 568 A.2d 1242 (Pa. 1990). Such authority may only be exercised prior to the 30-day time limit for correcting a term and the failure of the state to move for correction within the prescribed time limit constitutes a waiver on its part as it is not the responsibility of defendant. Com. v. Quinlan, 639 A.2d 1235 (Pa. Super. 1994); Isabell, supra at 1292-93.

The indisputable fact that petitioner's term for 1576 was ordered to begin and take effect at the minimum expirations of 1241, 1372, 1373, 1374, 1375 and 1513, causing an overlap with these terms, perforce render his sentence illegal. Ward, supra.

Even if such was not ordered by the sentencing courts, petitioner's terms still would not be permitted lengthened via improper aggregation via extending the maximum expiration dates into the future since the respondents would have had no authority to do so. Wilson v. Pa, 85 Pa. Cmwlth 32 (1984); Wilson v. Pa, 89 Pa. Cmwlth. 222 (1985).

It is the signed sentence orders that govern the sentences that petitioner received. Isabell, supra at 1292-93. In the case at bar, the order specifically and clearly states when 1576 was ordered to begin and take effect and when the other terms were ordered to have begun and taken effect.

Petitioner could not have been misinformed of when his terms were to begin because such misinformation would constitute a violation of his rights. Com. v. Stark, 698 A.2d 1327, 1331 (Pa. Super. 1997).

The challenge to the legality of a sentence is a right which cannot be waived by a prisoner. Com. v. Davis, 760 A.2d 406 (Pa. Super. 2000); Com. v. Vasquez, 744 A.2d 1280 (Pa. 2000); Quinlan, supra.

Overlapping terms are not barred by statute since a prisoner has a right to become eligible for parole at the minimum expiration of a term. Ward, supra at note 6; Merritt v. Bd, 574 A.2d 597 (Pa. 1990); Marshall v. Bd, 638 A.2d 451 (Pa. Cmwlth. 1994); Kelley v. Risley, 865 F.2d 201 (9th Cir. 1989).

However, the legality or illegality of petitioner's sentence is irrelevant. The fact remains that his sentences are, and have been, expired. The respondents had no authority to extend his minimum/maximum expiration dates into the future and thus rights under due process, double jeopardy and equal protection were violated.

2

Petitioner had a right to be timely released from prison. Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989).

Moreover, when petitioner was sentenced he had a right to become eligible for parole at the expirations of his minimum terms and to receive semi-annual reviews; but over a decade later, changes to the laws/regulations require that parole eligibility be extended into the future by at least 185% of minimum terms (i.e., 85% of maximum terms) and a decrease in reviews because petitioner is considered a "violent offender". Clearly, the latter was not the sentences petitioner received from the trial court. The retroactive application to petitioner to increase the quantum of punishment is a violation of the ex post facto clause.

The new rules/laws were not in existence at the time of petitioner's sentence. Stewart v. Bd., 714 A.2d 502 (Pa. Cmwlth. 1998); Bonilla v. Vaughn, 1998 WL 480833, pg. 5 (E.D.Pa.).

Such retroactive application is a violation of the United States Constitution because of the concomitant decrease in parole opportunities. Jones v. Garner, 164 F.3d 589 (11th Cir. 1999); Mickens v. Com., 699 A.2d 792, 795 (Pa. Cmwlth. 1997); ~~Fleming~~ Flemming v. Oregon, 998 F.2d 721, 724 (9th Cir. 1993); Kelly, supra.

None of the retroactive changes were applied to petitioner's codefendants, who were released prior to the pertinent changes, and thus the application to petitioner is a violation of the equal protection clause since the codefendants became eligible at their minimum expirations as sentenced/ordered by the court whereas petitioner is required to serve at least 185% of same.

3

WHEREFORE, petitioner should be released from custody forthwith.

Date: July 16, 2001 . . . .

Respectfully submitted,

Charles Iseley
Charles Iseley
AM-9320, 1100 Pike St.
Huntingdon, PA 16654

4

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY
Criminal Division

CHARLES ISELEY,
    Petitioner,
       v.
Kathleen Zwierzyna, et al.,
    Respondents

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner, Charles Iseley, respectfully requests the Honorable Court to appoint counsel to represent him in this matter because he is unable to secure counsel himself.

Date: July 16, 2001

Respectfully submitted,

Charles Iseley
Charles Iseley
AM-9320, 1100 Pike St.
Huntingdon, PA 16654

# EXHIBIT - 21



# The Court of Common Pleas of Bucks County
# OFFICE OF THE CLERK OF COURTS
## BUCKS COUNTY COURTHOUSE
55 East Court Street
Doylestown, Pennsylvania 18901
Phone: (215) 348-6389

**Mary K. Smithson**
*Clerk of Courts*

July 26, 2001

Charles Iseley,  #AM-9320
%1100 Pike Street
Huntingdon, PA  16654

> RE:    Commonwealth of Pennsylvania vs **Charles ISELEY**
> Case No.  **1983-1241, 1983-1372, 1983-1373, 1983-1374, 1983-1375, 1983-1513 and 1983-1576**

Dear Mr. Iseley:

We are in receipt of your "Petition for Writ of Habeas Corpus Ad Subjiciendum, Memorandum of Law, Application to Proceed in Forma Pauperis and Motion for Appointment of Counsel," regarding the above-captioned case.

Since the Public Defender's Office was appointed to represent you on a prior matter, we are forwarding your Motion to the Public Defender's Office for their assistance in preparing the proper Order for the Court's consideration.

If you have any questions or concerns regarding this motion, please contact the Bucks County Public Defender's Office.

Very truly yours,

Georgene A. Lynn,
Deputy Clerk of Courts -
Criminal Division

CC:  Public Defender (w/enclosure)

# EXHIBIT - 22

DATE: 11/19/2001                                                    PAGE
TIME: 11:29

DOCKET #   1983 01372

07291998 ORDER DATED 07/27/98  FILED. THE PETITION FOR WRIT OF HABEAS CORPUS
         IS DENIED.
08051998 NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 5/15/98 DENIAL OF PETITION FOR RELEIF UNDER POST CONVICTION ACT.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
         NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
         FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
         PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
         COURT REPORTER:
09181998 SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.
         SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
         LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
10091998 OPINION OF COURT FILED.
05181999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
05251999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999 COMPLETE RECORD RETURNED BY APPELLATE COURT.
         COMPLETE RECORD RETURNED BY APPELLATE COURT.
09201999 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
         U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000 ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
10312000 MOTION FILED PRO-SE.
         FORWARDED TO COURT FOR SIGNATURE.
11152000 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
0??82001 ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
         EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001 PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.
         FORWARDED TO COURT FOR JUDGES SIGNATURE.
06132001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
         THE PUBLIC DEFENDER'S OFFICE.
07262001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
         THE PUBLIC DEFENDER'S OFFICE.
09172001 NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
         HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001 BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
10152001 ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
         A HEARING
10262001 LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT
         FILED PROPERLY
END OF CASE

DATE: 11/19/2001                                                        PAGE
TIME: 11:29

DOCKET #   1983 01373

          PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS        J
          COURT REPORTER:
09181998  SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.                    J
          SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.                    J
          LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.              J
10091998  OPINION OF COURT FILED.                                            J
05181999  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.                   J
05251999  JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.                   J
08201999  COMPLETE RECORD RETURNED BY APPELLATE COURT.                       J
          COMPLETE RECORD RETURNED BY APPELLATE COURT.                       J
09201999  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.                    J
          U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000  ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE          I
11152000  LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.             I
01082001  ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS     I
          EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001  PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY. E
          FORWARDED TO COURT FOR JUDGES SIGNATURE.
06132001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO  C
          THE PUBLIC DEFENDER'S OFFICE.
07262001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO  C
          THE PUBLIC DEFENDER'S OFFICE.
09172001  NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-    I
          HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001  BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS                    S
10042001  PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:R. BARRY MCANDREWS I
          COURT REPORTER:
10152001  ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT S
          A HEARING
10262001  LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT    S
          FILED PROPERLY
END OF CASE

```
ΓΕ: 11/19/2001                                              PAGE
ΜE: 11:30
```

DOCKET #   1983 01374

```
        PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS      J
        COURT REPORTER:
        NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE  J
        FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
        PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS      J
        COURT REPORTER:
09181998 SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.               J
        SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.                J
        LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.          J
10091998 OPINION OF COURT FILED.                                       J
05181999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.              J
05251999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.              J
08201999 COMPLETE RECORD RETURNED BY APPELLATE COURT.                  J
        COMPLETE RECORD RETURNED BY APPELLATE COURT.                   J
09201999 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.               J
        U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000 ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE        I
11152000 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.          I
01082001 ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS  I
        EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001 PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY.  E
        FORWARDED TO COURT FOR JUDGES SIGNATURE.
06132001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO  G
        THE PUBLIC DEFENDER'S OFFICE.
0``62001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO  G
        THE PUBLIC DEFENDER'S OFFICE.
09172001 NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-     I
        HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001 BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS                 S
10042001 PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:R. BARRY MCANDREWS E
        COURT REPORTER:
10152001 ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT  S
        A HEARING
10262001 LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT    S
        FILED PROPERLY
END OF CASE
```

DATE: 11/19/2001                                                      PAGE
TIME: 11:30

DOCKET #   1983 01375

              PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
              COURT REPORTER:
              NOTICE OF APPEAL TO SUPERIOR COURT FILED BY CHARLES ISLEY, PRO SE
              FOR 7/27/98 DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.
              PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: MCANDREWS
              COURT REPORTER:
09181998 SUPERIOR COURT DOCKET NO. 02790PHL98, ASSIGNED.
              SUPERIOR COURT DOCKET NO. 02791PHL98, ASSIGNED.
              LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMAITON.
10091998 OPINION OF COURT FILED.
05181999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
05251999 JUDGMENT OF SENTENCE AFFIRMED BY SUPERIOR COURT.
08201999 COMPLETE RECORD RETURNED BY APPELLATE COURT.
              COMPLETE RECORD RETURNED BY APPELLATE COURT.
09201999 COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.
              U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000 ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE
10312000 MOTION FILED PRO-SE.
              FORWARDED TO COURT FOR SIGNATURE.
11152000 LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.
01082001 ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS
              EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001 PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY
              FORWARDED TO COURT FOR JUDGES SIGNATURE.
0??32001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
              THE PUBLIC DEFENDER'S OFFICE.
07262001 LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO
              THE PUBLIC DEFENDER'S OFFICE.
09172001 NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-
              HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001 BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS
10042001 PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE:R. BARRYMCANDREWS
              COURT REPORTER:
10152001 ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT
              A HEARING
10262001 LETTER SENT TO DEFENDANT RETUNING NOTICE OF APPEA;. APPEAL NOT
              FILED PROPERLY
END OF CASE

DATE: 11/19/2001                                                          PAGE
TIME: 11:30

DOCKET #   1983 01576

09201999  COMPLETE RECORD TRANSMITTED TO APPELLATE COURT.                    J
          U.S. DISTRICT COURT-EASTERN DISTRICT OF PENNSYLVANIA.
04122000  ACCOUNT RETURNED FROM COLLECTION AGENCY AS UNCOLLECTIBLE           I
10312000  MOTION FILED PRO-SE.                                              E
          FORWARDED TO COURT FOR SIGNATURE.
11152000  LETTER CAME TO HAND. DEFENDANT REQUESTED INFORMATION.              I
01082001  ORDER FOR EXONERATION OF COURT COST FILED. CLERK OF COURTS IS     I
          EXONERATED FROM THE COLLECTION OF COSTS IN THIS CASE.
05302001  PETITION UNDER POST CONVICTION HEARING ACT FILED BY CHARLES ISELEY. E
          FORWARDED TO COURT FOR JUDGES SIGANATURE.
06132001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO  G
          THE PUBLIC DEFENDER'S OFFICE.
07262001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO  G
          THE PUBLIC DEFENDER'S OFFICE.
09172001  NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-    D
          HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001  BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS                    S
10152001  ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT S
          A HEARING
10262001  LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT    S
          FILED PROPERLY
END OF CASE

DATE: 11/19/2001                                                    PAGE
TIME: 11:29

DOCKET #   1983 01241

07262001  LETTER SENT TO DEFENDANT AND ATTORNEY FORWARDING PRO SE MOTION TO      G
          THE PUBLIC DEFENDER'S OFFICE.
09172001  NOTICE OF INTENT TO DISMISS PETITION ENTERED 9-13-2001. SIGNED-        D
          HON. R. BARRY MCANDREWS. DEFT HAS 20 DAYS TO RESPOND.
10012001  BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS                        S
          BRIEF IN OPPOSITION OF COURTS INTENT TO DISMISS                        S
10152001  ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT     S
          A HEARING
          ORDER DATED 10/15/01 FILED. DEFENDANTS PCRA MOTION IS DENIED W/OUT     S
          A HEARING
10262001  LETTER SENT TO DEFENDANT RETURNING NOTICE OF APPEAL. APPEAL NOT        S
          FILED PROPERLY
END OF CASE

# EXHIBIT - 23

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CHARLES ISELEY,
    Petitioner,
       v.
KATHLEEN ZWIERZYNA,
    Respondent.

PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

    NOW COMES the Petitioner, Charles Iseley, in propria persanam, and respectfully petitions this Honorable Court for a Writ of Mandamus to be directed to respondent and avers the following in support thereof :

    1. This Honorable Court has jurisdiction over this matter pursuant to 42 Pa. C.S. sec. 761.

    2. Petitioner, Charles Iseley, is a prisoner in the custody of the Pa. Dept. of Cor. and had a sentence greater than two years and is beyond his minimum expirations.

    3. Respondent, Kathleen Zwierzyna, is the secretary of the Pa. Bd. of Prob. & Par., an independent administrative agency of the Com. of Pa., located at 3101 North Front St., Harrisburg, PA 17120.

    4. On March 3, 2001, the board rendered its decision to refuse petitioner's last parole application.

    5. Subsequently, petitioner made attempts to file a current parole application but his attempts were capriciously and arbitrarily rejected by respondent.

1

6. According to respondent, the filing of a current parole application is barred, allegedly because, pursuant to law, petitioner may not file a current parole application until one year after the decision on the last parole application.

7. Consequently, according to respondent, petitioner may not file a current parole application until March 14, 2001, which, incidentally, is clearly beyond one year of the date of the decision of the last parole application.

8. Pursuant to law, the respondent's allegation is patently false.

9. Pursuant to 61 P.S. sec. 331.22 the board has an affirmative duty and legal obligation to consider parole applications filed by a prisoner.

10. Pursuant to 61 P.S. sec. 331.22 a current parole application must be disposed of within six months of its filing.

11. Pursuant to 61 P.S. sec. 331.22 a current parole application need not be disposed of if a decision has been issued on it by the board within one year of the date of the filing of the current application.

12. Nonetheless, respondent utterly refuses to permit petitioner to even file a current parole application.

13. Thus, there is currently no parole application before the board to consider. It is impossible to receive a decision on a current application for parole if respondent refuses to permit petitioner to file a current parole application.

14. The respondent has no authority or discretion to restrict a prisoner's right to file a current parole application after the minimum term expiration date.

15. Pursuant to 61 P.S. sec 331.22, in no case shall a parole application be dismissed unless a board member, hearing examiner or other designated person by the board has seen and heard the applicant within six months prior to granting or dismissing the application.

2

16. However, the last time petitioner was seen and heard was approximately in February of 2000, which is clearly beyond six months.

17. The respondent's pattern, practice and procedure of capriciously and arbitrarily refusing to allow the filing of a proper current parole application and/or to properly dispose of a current parole application is a violation of procedural and substantive due process and a violation of the ex post facto clause by decreasing petitioner's parole opportunities.

18. It should be noted that two of petitioner's codefendants never had their opportunities diminished because they made parole release prior to the initiation of respondent's illegal retroactive pattern practice and procedure. All of petitioner's codefendants were permitted to file a parole application every six months.

19. Most of petitioner's applications had the one year more pattern, practice and procedure applied.

20. The application to petitioner and not to his codefendants is a violation of the equal protection clause and amounts to double jeopardy.

21. Petitioner has no adequate remedy at law.

Wherefore, petitioner, Charles Iseley, prays that this Honorable Court will grant his petition and issue a Writ of Mandamus directed to respondent requiring his current parole application to be deemed as filed properly when received by respondent and to permit it to be disposed of within six months pursuant to law.

3