**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | CIVIL NO. 1:CV-00-2186 |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| KATHLEEN ZWIERZYNA, ET AL., | : | |
| Respondents | : | |

FILED
HARRISBURG
MAR 0 5 2002
MARY E. D'ANDREA, CL
Per_____
DEPUTY CLERK

**BRIEF IN OPPOSITION TO PETITIONER'S MOTION FOR
EVIDENTIARY HEARING**

Respondent relies on its <u>Answer to Petition for Habeas Corpus and Memorandum of Law in Support Thereof</u>, filed December 10, 2001, wherein Respondent attached the complete docketing statement of the Bucks County Clerk of Courts, Criminal Division on Bucks County Case Nos. 1241, 1372-75. 1513, and 1576 of 1983, as well as appendices outlining the history of the petitioner's cases.

**I. PROCEDURAL HISTORY**

On July 19, 1983, the petitioner entered an open guilty plea to six separate counts of Robbery, additional counts of Aggravated Assault, Possession of Prohibited Offensive Weapons, and related offenses before the Honorable Oscar S. Bortner, Court of Common Pleas of Bucks County. At that time, the petitioner was represented by the Bucks County Public Defender's Office. Following the guilty plea, sentencing was deferred for a pre-sentence investigation. On August 4, 1983, the petitioner filed a motion to withdraw his guilty pleas. On August 10, 1983, by agreement of the parties, the trial court allowed the pleas to be withdrawn. On September 19, 1983, the petitioner was represented by Theodore Thompson, Esquire. The petitioner again entered open guilty pleas for a second time to the six separate counts of robbery and related charges

1

before the Honorable George T. Kelton. Sentencing was again deferred for a pre-sentence investigation, and for the purpose of obtaining a psychological evaluation.

On November 16, 1983, the petitioner filed a motion to withdraw the entry of his guilty pleas. On the scheduled sentencing date of December 12, 1983, a hearing was held on the petitioner's motion. The petitioner's second motion to withdraw his guilty plea was denied. On that same date, the petitioner was sentenced to five concurrent terms of seven-and-one-half (7 ½) to fifteen (15) years imprisonment on Case Nos. 1272/83, 1373-75/83 and 1517/83, a concurrent term of one (1) to two (2) years imprisonment on Case No. 1241/83, and consecutive term of imprisonment of five (5) to ten (10) years imprisonment on Case No. 1576/83, for a total aggregate term of imprisonment of twelve-and-one-half (12 ½) to twenty-five (25) years.

The petitioner took no appeal from the judgment of sentence.

On February 28, 1991, the petitioner filed his first petition for post conviction collateral relief in the Bucks County Court of Common Pleas, pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. Section 9541, et seq. The issues raised in this petition included allegations that the petitioner's second guilty plea was not knowing, intelligent or voluntary, and that trial counsel was ineffective for failing to pursue that issue. The court appointed the Public Defender's Office to represent him on this petition. An evidentiary hearing was held on October 16, 1991, and on December 17, 1991, the petitioner's first petition for post conviction collateral relief was denied.

The petitioner filed a direct appeal. On October 22, 1992, the Pennsylvania Superior Court denied the appeal and affirmed the judgment of the lower

2

court. The petitioner's subsequent request for Allowance of Appeal to the Pennsylvania Supreme Court was denied.

On May 24, 1992, the petitioner had filed his second petition for post conviction collateral relief alleging that the Public Defender's Office was ineffective in his first post conviction collateral challenge. This issue addressed PCRA counsel's failure to raise on appeal that trial counsel was ineffective for not advising the petitioner that he was required to file a written motion challenging the validity of his second guilty plea within ten days. New counsel was court-appointed, and on October 18, 1993, a hearing was held on this second petition before the Honorable R. Barry McAndrews. Thereafter, the petitioner's second request for post conviction relief was denied on April 7, 1994.

Notice of direct appeal was filed, but later withdrawn by court-appointed counsel on June 14, 1994.

On February 7, 1996, the petitioner filed his third petition for post conviction relief again alleging claims of ineffective assistance of counsel and challenging the colloquy given at sentencing. On May 23, 1996, this petition was denied without a hearing by the Bucks County Court of Common Pleas. The Superior Court denied the petitioner's direct appeal on March 12, 1997, and the Supreme Court denied allocatur on November 11, 1997.

The petitioner had, in the meantime filed a Petition for Writ of Habeas Corpus in the United States District Court on February 10, 1996. The issues raised were denial of his right to appeal, the claim that his plea was involuntary and unlawfully induced, ineffective assistance of counsel, and the claim that his sentence was

unconstitutional. The petitioner filed notice to withdraw this action on March 29, 1996, and the United States District Court dismissed the writ of habeas corpus on April 26, 1996, without prejudice, for failure to exhaust state remedies.

A second application by the petitioner for habeas relief was dismissed without prejudice on October 11, 1996 (Civil Action No.96-3029). In this petition, the petitioner challenged the Pennsylvania Board of Probation and Parole denying him parole. The Court of Appeals for the Third Circuit affirmed the Order dismissing the petition. Iseley v. Vaughn, 107 F.3d 862 (3d Cir. 1997).

The petitioner then filed his third writ of habeas corpus in the United States District Court on December 15, 1997. The issues raised by the petitioner involved claims of ineffective assistance of counsel, that his guilty plea was involuntary and unlawfully induced, that his sentence was unconstitutional, and various issues involving the denial of his parole. On January 16, 1998, the petitioner's third writ of habeas corpus was dismissed without prejudice.

The petitioner sought review in the Commonwealth Court of Pennsylvania, which was denied on March 9, 1998. Iseley v. Pennsylvania Board of Probation and Parole, No. 186 M.D. 1998 (PA. Commonwealth Ct.). The petitioner petitioned for allowance of appeal from the Pennsylvania Supreme Court. The petitioner raised various issues regarding the Board's failure to grant him parole including whether a prisoner can be denied parole at the expiration of his minimum sentence. On September 10, 1998, the Supreme Court denied his petition.

On February 3, 1998, the petitioner filed his fourth PCRA petition in the Bucks County Court of Common Pleas. The petitioner raised issues previously addressed

4

in his prior petitions regarding ineffective assistance of counsel, unlawfully induced guilty pleas, and the denial of his right to appeal. These claims were found to have been previously litigated by the trial court and, therefore, not cognizable under the Act. The petitioner also raised two new issues involving eligibility of parole and the doctrine of merger. These issues were deemed waived for failure to raise them in previous petitions. By Order dated May 15, 1998, the trial court denied the petitioner's fourth petition for post conviction collateral relief. The petitioner filed an appeal from this Order dismissing his fourth PCRA petition to the Superior Court.

On March 3, 1998, the petitioner also filed in the Court of Common Pleas a petition for writ of habeas corpus, which was denied by Order dated March 9, 1998.

The petitioner filed a second petition for writ of habeas corpus in the Common Pleas Court on July 21, 1998. In this petition he challenged the computation of his sentences by the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole. This petition was also denied by Order dated July 29, 1998, for lack of jurisdiction. The petitioner also filed an appeal of this Order to the Superior Court.

The Superior Court denied the petitioner's appeal of the denial of his fourth PCRA petition on May 18, 1999. The Superior Court denied the petitioner's appeal on the denial of his writ of habeas corpus on May 25, 1999.

The petitioner also sought relief through a second writ of mandamus, questioning the constitutionally of the aggregation of the petitioner's sentences. The Commonwealth Court dismissed the writ by Order dated June 24, 1998. Iseley v. Board of Corrections, No. 579 M.D. 1998 (Pa. Commonwealth Court). The Pennsylvania

Supreme Court denied allocatur on December 29, 1998, and denied the petitioner's request for Allowance of Appeal <u>nunc pro tunc</u> on January 13, 2000.

On August 27, 1999, the petitioner again filed a Petition for Writ of Habeas Corpus in the United States District Court. The issues raised by the petitioner, on grounds that he is being detained in violation of due process and equal protection, were as follows:

    A. <u>Ground One</u>: The DOC, in retaliation for the petitioner's "successful" litigation of a section 1983 claim against the DOC and eleven named correctional officers, schemed to delay the petitioner's parole, intentionally created a negative institutional record, falsely charged him with infractions, denied him due process at institutional administrative hearings, misstated his educational progress, and otherwise harassed the petitioner to keep him from parole;

    B. <u>Ground Two</u>: His sentences were unlawfully aggregated and extended by <u>ex post facto</u> application of the 1996 amendment to the parole act of 1941;

    C. <u>Ground Three</u>: The petitioner has been denied parole on the basis of race;

    D. <u>Ground Four</u>: The petitioner is being denied parole in retaliation for his role as a perceived jail-house lawyer;

    E. <u>Ground Five</u>: The petitioner's guilty plea colloquy grossly overstated his maximum legal sentence and the court misstated his minimum sentence as well;

    F. <u>Ground Six</u>: The petitioner was not informed by trial counsel that numerous valid and meritorious suppression issues existed and were being waived by him in entering his plea; and,

    G. <u>Ground Seven</u>: The petitioner was denied his constitutional right to effective assistance of counsel when trial counsel failed properly (a) to advise him of his defenses, (b) the correct mandatory minimum sentence, or (c) his appellate rights, and (d) failed to adequately investigate his case.

On August 22, 2000, an evidentiary hearing was held before United States Magistrate Judge Carol Sandra Moore Wells. At that hearing, evidence was presented including testimony on the issue of the Board's denial of the petitioner for parole.

In the subsequent Report and Recommendation dated August 31, 2000, no constitutional violations were found, and the recommendation was to deny and dismiss the petitioner's request for habeas corpus relief.

In the Order dated September 29, 2000, United States District Court Judge Eduardo C. Robreno denied and dismissed the petitioner's petition for writ of habeas corpus, and denied a certificate of appealability as the petitioner had failed to make a showing of a denial of a constitutional right. The petitioner filed a petition with the United States Court of Appeals for the Third Circuit, requesting a certificate of appealability. The petitioner raised as an "appealable" matter his eligibility for parole and the claim that he is serving an illegal sentence due to the Board's miscalculation of credit on his sentences.

On December 15, 2000, the petitioner filed the instant petition in the United States District Court seeking yet again habeas corpus relief. The petitioner erroneously claims that he is illegally imprisoned as he is serving a sentence beyond the maximum expiration of his aggregate sentence of twelve-and-one-half (12 ½) to twenty-five (25) year sentence imposed on December 12, 1983.

<u>In this petition, the petitioner has failed to obtain permission from the Court of Appeals for this successive filing as required by 28 U.S.C. Section 2244(b)(3).</u>

Thereafter, on December 21, 2000, the petitioner filed a petition for writ of habeas corpus in the Supreme Court of Pennsylvania. The petitioner again raised

issues regarding his ineligibility for parole and challenges the calculation of credit by the Board as to his sentences. The petitioner filed an amended petition for writ of habeas corpus on March 5, 2001. The Supreme Court denied the petitioner's request for relief on May 11, 2001.

Additionally, on May 30, 2001, the petitioner filed his fifth PCRA petition in the Court of Common Pleas in Bucks County. By Order dated October 15, 2001, the petitioner's fifth request for post conviction relief was dismissed. On January 2, 2002, the petitioner filed an appeal to the Superior Court of the Order denying his fifth PCRA petition.

By Order dated December 13, 2001, the United States Court of Appeals for the Third Circuit denied the petitioner's request for a certificate of appealability stating that the petitioner has "failed to make a substantial showing of the denial of a constitutional right" regarding his claims challenging his conviction and sentence. The Court further stated that the petitioner failed to exhaust state remedies regarding his claims "challenging the Board of Probation and Parole's decision to deny him parole in violation of the ex post facto and equal protection clauses."

On February 18, 2002, the petitioner filed in this Honorable Court his pro se Motion for an Evidentiary Hearing on his claim that he is being held illegally and is beyond his maximum sentence.

On February 25, 2002, the petitioner also filed in the Bucks County Court of Common Pleas another writ of habeas corpus challenging the Board's decision to deny him parole and claiming that he is being illegally detained.

8

## II. **PETITIONER'S MOTION FOR EVIDENTIARY HEARING SHOULD BE DISMISSED.**

As set forth in Respondent's <u>Answer to Petition for Habeas Corpus Relief and Memorandum of Law in Support Thereof,</u> the petitioner's latest habeas corpus petition is a successive petition that raises the same or similar claims as those raised and previously rejected in his previous petition.

The petitioner has failed to obtain permission from the Court of Appeals for this successive filing, as required by 28 U.S.C. Section 2244(b)(3), and the petition should be dismissed.

Additionally, the issues addressed in the petitioner's previous petition requesting habeas corpus relief were claims that the petitioner was denied parole in retaliation for filing a 1983 action, for being perceived as a jailhouse lawyer, and on the basis on race. The previous petition also addressed the petitioner's claim that his sentences were unlawfully aggregated and extended by <u>ex post facto</u> application of the 1996 amendments to the parole act. The petitioner's current claim that that the Board has miscalculated his sentences, and that has already served his maximum terms, is, in effect, yet another challenge to the discretionary aspects of the Board's determination to deny the petitioner parole.

Pursuant to that previous petition, an evidentiary hearing was, in fact, held in the United States District Court in August 2000. The petitioner testified to his challenges to the Department of Corrections and the Board of Probation and Parole, and the Commonwealth, in turn, presented testimony of the reasons for the denial of the petitioner's parole.

9

Following that evidentiary hearing, the U.S. District Court rejected the petitioner's challenges to the denial of his parole, and found as follows:

> "This court is not persuaded by Petitioner's account of why he was denied parole. Ample legitimate reasons justify the Board's denial of parole. . . Petitioner was convicted on multiple counts of highly assaultive crimes[.] Furthermore, Petitioner admitted that, while incarcerated, he has amassed at least 37 Class I (highest level) misconducts[.] The foregoing factors, in and of themselves, justify the Boards refusals of parole."
> Report and Recommendation, 8/31/00, p. 18.

The Court went on to find:

> "Petitioner cannot prove that the Board makes and applies its own laws without accountability to the legislature or judiciary, because it did not apply the new rules rigidly. Petitioner was given individualized consideration of parole. The Board, albeit incorrectly, specifically considered facts applicable to Petitioner's case and cited appropriate grounds, such as Petitioner's substance abuse, prior and ongoing assaultive behavior, victim injury, unfavorable DOC recommendation, need for counseling and treatment, and public safety mandates, for its decision. After discussion with petitioner and an opportunity to refute inaccuracies, Petitioner was given recommendations that established clear, legitimate criterion the Board would consider at the next review."
> Report and Recommendation, 8/31/00, p. 20.

The Court found no constitutional violation. Report and Recommendation, 8/31/00, p. 20. The Court of Appeals denied a certificate of apealability.

Therefore, no evidentiary hearing is needed or required.

Additionally, the petitioner's claim is patently frivolous and wholly without merit.

10

On December 12, 1983, the petitioner was sentenced on six separate counts of robbery, additional counts of aggravated assault, possession of prohibited offensive weapons, and related offenses. The petitioner received five concurrent terms of seven-and-one-half (7 ½) to fifteen (15) years imprisonment on Case Nos. 1272/83, 1373-75/83 and 1517/83. The petitioner received a concurrent term of one (1) to two (2) years imprisonment on Case No. 1241/83, and a consecutive term of imprisonment of five (5) to ten (ten) years imprisonment on Case No. 1576/83.

Under Pennsylvania law, "[w]henever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum shall not exceed one-half of the maximum sentence imposed." 42 Pa. C.S.A. Section 9757. The petitioner's sentence aggregates to a term of twelve-and-one-half (12 ½) to twenty-five (25) years. The petitioner's aggregated minimum date was July 22, 1995. The petitioner's aggregated maximum date is January 22, 2008.

Nevertheless, the petitioner continues to claim that he is illegally imprisoned. The petitioner also erroneously claims, without authority, that the consecutive five (5) to ten (10) year sentence on Case No. 1576/83 must have begun and have been computed automatically (without any other consideration) after his serving seven-and-one-half (7 1/2) years of his sentence. Through some rather extraordinary calculations, the petitioner has concluded that he has served his entire sentence and is beyond the maximum expiration of his terms.

11

A sentence imposed for a criminal offense is the maximum term. <u>Brown v. Pennsylvania Board of Probation and Parole</u>, 668 A.2d 218 (Pa. Commonwealth Ct.). A prisoner has no constitutionally protected liberty interest in being released from confinement prior to expiration of maximum term. <u>Weaver</u>, <u>supra</u>. The minimum term merely sets the date prior to which the prisoner may not be paroled. <u>Brown</u>, <u>supra</u>. Prisoners have no absolute right to parole, but only rather the right to petition for parole upon expiration of their minimum term. <u>Id</u>.; <u>Rogers, supra</u>. The minimum term, therefore, only establishes a parole eligibility date.

Moreover, the Board of Probation and Parole has broad, and sole, discretion to determine if and when a prisoner should be released on parole. <u>Brown, supra</u>.

The petitioner had been previously denied parole by the Board in October 1995, December 1996, November 1997, and February 1999. Report and Recommendation, 8/31/00, p. 5. The United States District Court had found that the Board had legitimate reasons to deny the petitioner's parole, and found no constitutional violations. Report and Recommendation, 8/31/00, pp. 18, 20, 22.

As the existing and extensive record already reflects, the petitioner is currently serving his legal aggregate sentence of twelve-and-one-half to twenty-five years.

There is no need for any further evidentiary hearings.

12

### III. CONCLUSION

**WHEREFORE,** Respondent respectfully requests that the Petitioner's Motion for Evidentiary Hearing be denied and dismissed.

Respectfully submitted:

Karen A. Diaz
Chief Deputy District Attorney

13

## **VERIFICATION**

I, Karen A. Diaz, hereby verify that I am an attorney, being duly sworn according to law, deposes and says that she is a Chief Deputy District Attorney of Bucks County and that the facts set forth in the foregoing are true and correct to the best of her knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. subsection 4904 relating to unsworn falsification to authorities.

*[signature]*
Karen A. Diaz
Chief Deputy District Attorney

DATED: March 4, 2002

# CERTIFICATE OF SERVICE

I, Karen A. Diaz, Esquire, Chief Deputy District Attorney of Bucks County, do hereby swear and affirm that on the 4th day of March, 2001, a true and correct copy of the Brief In Opposition To Petitioner's Motion For Evidentiary Hearing, served upon the following in the manner indicated:

**SERVICE BY FEDERAL EXPRESS MAIL AS FOLLOWS:**

U.S. District Court for Middle District of PA
Room 1060
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

**SERVICE BY FIRST-CLASS MAIL AS FOLLOWS:**

Frances R. Filipi, Esquire
Office of Attorney General of Pennsylvania
Strawberry Square
15th Floor
Harrisburg, PA 17120

Charles Iseley, #AM-9320
SCI at Huntingdon
Drawer R
1100 Pike Street
Huntingdon, PA 16654-1112

Dated: March 4, 2002

_____
Karen A. Diaz, Esquire
Chief Deputy District Attorney
Attorney for Respondents
Attorney I.D. No. 56067
Office of the District Attorney
Fourth Floor
Bucks County Courthouse
55 East Court Street
Doylestown, PA 18901
(215) 348-6331