IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUDGE'S COPY

CHARLES ISELEY,
   Petitioner,

v. : Civil No. 1:CV-00-2186

KATHLEEN ZWIERZYNA, et al,
   Respondents.

FILED
HARRISBURG, PA

MAR 18 2002

MARY E. D'ANDREA, CLERK
per _____ Deputy Clerk

REPLY TO BRIEF IN OPPOSITION TO PETITIONER'S MOTION FOR EVIDENTIARY HEARING

Petitioner relies on his Traverse to the Return and concomitant exhibits.

Argument

THE MOTION FOR EVIDENTIARY HEARING SHOULD BE GRANTED

The facts in this matter are a matter of records. In 1983 petitioner was sentenced to serve seven criminal sentences: one 2-year sentence; five 15-year sentences; one 10-year sentence. The total that petitioner was sentenced to serve was therefore 87 years ($5 \cdot 15 + 10 + 2 = 87$). Petitioner was also granted eleven months time served credit for each sentence for a total of 77 months ($7 \cdot 11 = 77$).

The five 15-year sentences and the 2-year sentence were ordered to begin and take effect in January of 1983 and therefore the 2-year sentence expired in 1985 and each 15-year sentence expired in 1998.

The 10-year sentence was ordered to begin and take effect at the minimum expirations of the other six sentences which occurred in 1990 and therefore, ignoring the eleven months time served credit, this sentence expired in 2000 (actually 1999 because of the time served credit

1

Consequently, petitioner had to serve a fifteen year part, which began in 1983 and a ten year part, which began in 1990. As a result $15+10=25$ because, ignoring the 10-year sentence, petitioner accrued 77 years credit from 1983 to 1998 for serving the entirety of five 15-year sentences and a 2-year sentence $(5 \cdot 15+2=77)$. Petitioner also accrued, with regard to the 10 year sentence, ten years of credit from 1990 to 2000 (actually 1990 to 1999 because of the time served credit granted by the court). It is axiomatic that $77+10=87$ which is exactly what petitioner was sentenced to serve and that $15+10=25$.

Generally, in 1990, petitioner would become eligible for parole at the <u>minimum</u> of each 15-year sentence (the 2-year sentence expired in 1985) and, if granted parole on those sentences would then begin serving the 10-year sentence. <u>See</u> Exhibit A. <u>Merritt v. Board</u>, 574 A.2d 597 (Pa. 1990); <u>Kelly v. Risley</u>, 865 F.2d 201 (9th Cir. 1989); <u>Com. v. Wilson</u>, 85 Cmwlth 32, 480 A.2d 392 (1984); <u>Com. v. Wilson</u>, 89 Cmwlth 222 (1985); <u>Marsall v. Board</u>, 638 A.2d 451 (Pa. Cmwlth. 1994). Therefore, the 10 year sentence would not begin and take effect until petitioner was granted parole on each 15-year sentence. Nevertheless, petitioner did not receive his first parole "hearing" until 1995, several years late by far.

However, since the sentencing court specifically ordered that the 10-year sentence begin and take effect at the <u>minimum</u> expiration of all the other sentences, petitioner's sentence was perforce rendered illegal as a matter of law because of the partially concurrent and partially consecutive effect. <u>Com. v. Ward</u>, 568 A.2d 1242 (Pa. 1990).

It is well established that is is the signed sentence order which determine and govern a criminal sentence. <u>Com. v. Isabell</u>, 467 A.2d 1287 (Pa. 1983); <u>Com. v. Quinlan</u>, 639 A.2d 1235, 1239-40 (Pa. Super. 1994); <u>Com. v. Collins</u>, 764 A.2d 1056 (Pa. 2001)

2

Despite the illegality of petitioner's sentence, he is not challenging it. It is the respondents who utterly refuse to abide by the sentence orders of petitioner and modified his sentence without legal authority.

As a matter of well established law, it is and was the respondents' legal responsibility to move the sentencing court to modify petitioner's sentence regardless of its illegality. Com. v. Rohrer, 719 A.2d 1078 (Pa. Super. 1998); Quinlan, supra. It is only the sentencing court which has the authority to modify petitioner's sentence. Ward, supra; Com. v. Lyles, 464 A.2d 712 (Pa. Cmwlth 1983); Com. v. Vasquez, 744 A.2d 1280 (Pa. 2000).

It is well established that petitioner has a liberty interest in having his quantum of punishment be in conformity with the sentence imposed upon him by the sentencing court. Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989). If petitioner was misinformed of the actual duration of his sentences then his plea must be deemed as involuntarily tendered. Com. v. Stark, 698 A.2d 1327, 1331 (Pa. Super. 1997).

The respondents allege that an evidentiary hearing should not be held since one was held in another action. However, that action concerned the capricious and arbitrary denial of parole whereas the instant case does not and therefore respondents' argument is frivolous.

The respondents allege that the current petition is a "successive petition". However, the prior petition concerned parole issues, guilty plea validity and ineffective assistance of counsel whereas the instant petition concerns when Petitioner's 10-year sentence was ordered to begin and take effect and whether he was granted eleven months time served credit for the same relevant sentence. Clearly, respondents' argument is frivolous.

The respondents also allege that the petition concerns sentence aggregation challenge. However, it does not and, again, respondents' argument is clearly frivolous.

3

The court in <u>Abraham v. Dept.</u>, 615 A.2d 814 (Pa. Cmwlth 1992) held that sentence legality and initiation issues are distinguished from sentence aggregation issues and the court's analysis therefore only regarded a defendant's commitment papers which do not state when a sentence begins nor are they signed by the sentencing judge. <u>Abraham</u>, at 819-20. The court held that if the commitment papers were not in accord with the sentence orders then the sentencing judges are legally bound to correct the commitment papers. <u>Abraham</u>, at 817.

The case at bar does not concern commitment papers or sentence aggregation. It concerns sentence orders, sentence initiation and sentence legality and sentence modification.

Nonetheless, it should be noted that the respondents would not have had the authority to aggregate petitioner's sentences anyway. <u>Com v. Wilson</u>, supra; <u>Com v. Wilson</u>, supra.

In addition, petitioner's sentences were not aggregated until April of 1998 (Exhibit B) which is <u>after</u> the expiration of his 2-year sentence and all five of his 15-year sentences. Clearly, his sentences could not be aggregated regardless of any frivolous claims made by respondents. The facts reveal the inane aspect of respondents' allegations.

<u>Conclusion</u>

Wherefore, petitioner's motion should be granted.

Date: March 11, 2002

Respectfully submitted,
Charles Iseley
Charles Iseley
AM-9320, 1100 Pike St.
Huntingdon, PA 16654

4

EXHIBIT "A"

Case 1:00-cv-02186-YK-DB    Document 30    Filed 03/18/2002    Page 5 of 10

# OFFICE of PUBLIC DEFENDER

Bucks County Administration Building
55 East Court Street
Doylestown, PA 18901

**STEPHEN H. SHANTZ**
Public Defender

(215) 348-6474
Fax (215) 348-6499

February 18, 1998

Charles Iseley
#9320
Box A
Belefonte, PA 16823

RE: <u>Commonwealth v. Charles Iseley</u>
    1372-1376, 1512, 1576/83

Dear Mr. Iseley:

Please be advised that a copy of your habeas petition dated December 18, 1997, has been forwarded to the Bucks County Public Defender's Office. Your petition has been forwarded by the Bucks County Court Administrator's Office. I am the chief of the unit within our office which handles issues involving sentence, probation, and parole.

To further assist you, I will need for you to clarify certain issues. First, I would like to give you a summary of the information that I have. If any of the information that I have is different than yours, please advise me in a follow-up letter.

At the time you entered your open guilty plea to the above-captioned criminal matters, you were represented by a Theodore Thompson, Esquire. You plead guilty to the above-captioned criminal informations where the underlying charges consisted of a robbery. On September 19, 1983, you entered your open guilty plea to the above-captioned criminal matters with sentencing to be set at a later date.

On December 7, 1983, the Honorable George T. Kelton imposed a sentence of seven and one-half to fifteen years on criminal informations 1372, 1373, 1374, 1375, 1513/83. All of those sentences were to be served concurrently with credit being given from January 31, 1983. A rough calculation would indicate that if you were paroled on your minimum that would be approximately July of 1990. However, if you were to serve the balance of your entire sentence and max out, the max date would appear to be January 31, 1998.

On criminal information number 1576/83, the Honorable George T. Kelton imposed a consecutive sentence of five to ten years. This occurred on December 7, 1983, and he gave

Page 2
Charles Iseley
February 13, 1998

you credit for the time from January 22, 1983. I am not sure you will be able to receive credit on the consecutive case from January 22, 1983, as that time may have been eaten up and given credit to the case in which you were given a concurrent sentence.

In calculating you maximum and minimum dates, it is important that you include in a letter to me the date that you were actually paroled on all of the concurrent cases. The day that you were paroled on all of the concurrent, the new consecutive sentence of five to ten years would begin. I would then be in a much better position to advise you as to what the sentence would be.

If you were not paroled and maxed out on all of the concurrent cases, you would not begin to serve the time on 1576/83 until February 1 of 1998.

Please forward to me all the information you have as soon as possible in reference to your being granted parole in the concurrent cases. Your prompt response in this matter will be greatly appreciated. Once again please contact me by letter at the Office of the Bucks County Public Defender's, Bucks County Courthouse, Sixth Floor, Doylestown, PA 18901. I look forward to receiving this information and assisting you in this matter.

Very truly yours,

Bradley Bastedo
Senior Deputy Public Defender

BB:erv

EXHIBIT "B"

FORM BC-16D

## SENTENCE STATUS SUMMARY

COMMONWEALTH OF PENNSYLVANIA
BUREAU OF CORRECTION
Replaces form JBC-16C which may be used

### 1. SENTENCE SUMMARY

Class of Sentence: [ ] DEFINITE  [X] INDEFINITE  [ ] GENERAL  [ ] LIFE  [ ] COMMUTED LIFE  [ ] EXECUTION

| | Date | County | Number, Term Court, Indictment | Type Sent | Min Y | Min M | Min D | Max Y | Max M | Max D | Judge | Offense | Offense Tracking Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 12-7-83 | Bucks | CP1375,83 | | 7 | 6 | | 15 | | | Kelton | Robb(2) | B955096 |
| b | 12-7-83 | Bucks | CP1576,83 | CS | 5 | | | 10 | | | Kelton | Robb;Burg | B955039 |
| A | 12-7-83 | Bucks | CP1513,83 | CC | 7 D6ME | | | 15 | | | Kelton | Robb;T,RSP | B9536155 |
| A | 12-7-83 | Bucks | CP1372,83 | CC | 7 D6ME | | | 15 | | | Kelton | Robb(2)Consp | B955058 |
| A | 12-7-83 | Bucks | CP1373,83 | CC | 7 6 ME | | | 15 | | | Kelton | Robb(2);Consp;REAP | B955070 |
| A | 12-7-83 | Bucks | CP1374,83 | CC | 7 6 ME | | | 15 | | | Kelton | Robb;Burg REAP;POW | B955075 |
| | 12-7-83 | Bucks | CP1241,83 | CC | 7-DME | | | 2 | | | Kelton | Resist Arrest | B954615 |

Continued From BC#: | Plea: G | Total Sentence: 12 6 25 | Commitment Credit 01-22-83 to 12-07-83

Fines: | Costs $1,432.61 | Restitution

Summary or Remarks on Sentence: The 5-10 year sentence at CP#1576,'83, is consecutive to each and every 7½-15 year sentence and the same credit is applicable to the resulting single 12½-25 year aggregation....as shown in change 6 on page 2 of this summary. This change was made 4/28/98.

NO PSI

### 2. DATES SECTION

| Item | Original | Change #1 | Change #2 | Change #3 | Change #4 | Change #5 |
|---|---|---|---|---|---|---|
| | 1576 | 1513 | 1372 | 1373 | 1374 | 1241 |
| DATE OF RECEPTION | 12-8-83 | 12-8-83 | 12-8-83 | 12-8-83 | 12-8-83 | 12-8-83 |
| EFFECTIVE DATE | 2-1-83 | 2-3-83 | 1-25-83 | 1-27-83 | 1-31-83 | 10-22-83 |
| EXPIRATION OF MINIMUM | 8-15-93 | 8-3-90 | 7-25-90 | 7-27-90 | 7-31-90 | 10-22-84 |
| EXPIRATION OF MAXIMUM | 2-15-2008 | 2-3-98 | 1-25-98 | 1-27-98 | 1-31-98 | 10-22-85 |
| EFFECTIVE DATE - PV | XXXXX | SEE REMARKS ABOVE | | | | |
| DELINQUENT TIME | XXXXX | | | | | |
| BACKTIME | XXXXX | | | | | |
| NEW MAXIMUM - PV | XXXXX | | | | | |
| SENTENCE CHANGE | XXXXX | 12-7-83 | 12-7-83 | 12-7-83 | 12-7-83 | 12-7-83 |
| BASIS FOR CHANGE | XXXXX | Underlapp CC Sent | Underlapp CC Sent | Underlapp CC Sent | Underlapp CC Sent | Underlapp CC Sent |
| NEW SENTENCE | XXXXX | | | | | |

1st Release Method-Inst.-Date | 2nd Release: Method-Inst.-Date | 3rd Release: Method-Inst.-Date | 4th Release: Method-Inst.-Date

T/GRN: 6-3-96  PTH MAH 12/2/98  SCI-CT 3-14-00  6TH SCIA 6/25/97  7ST ROC 7-2-

### 3. REFERENCES AND IDENTIFICATION

1st Admission: Inst.-Date: IGT 12-8-83 | 2nd Admission: Inst.-Date: T-SCI83 4/30/84 | 3rd Admission: Inst.-Date: SCID 1-5-88 | 4th Admission: Inst.-Date: SCI54 10-31-90

Executing Police Department: Doylestown | Place of Birth: Phila. Pa. | Date of Birth: 7-4-64 | Marital Status: SGL | R-S: N M

BC Number: M-9320 | PBPP Number: 7951-R | SID Number: 1-51-48-54-3 | Name: ISLEY, Charles W. | [X] TN  [ ] ALIAS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,

    Petitioner

    V.                                      CIVIL ACTION NUMBER
                                              1: CV-00-2186

KATHLEEN ZWIENZYNA, et al

    Respondents

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT I CAUSED TO BE SERVED THE FOREGOING REPLY TO BRIEF IN OPPOSITION TO PETITIONER'S MOTION FOR EVIDENTIARY HEARING, BY MAILING A COPY OF SAME, BY CERTIFIED MAIL, TO:

KAREN DIAZ, dep. Dist. Atty.,
OFFICE OF DIST. ATTY.
BUCKS COUNTY COURTHOUSE
DOYLESTOWN, PA., 18901

DATE: MARCH, 14TH, 2002

                                                                       CHARLES ISELEY