

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                          :
                                         :
          Petitioner                     :    CIVIL NO. 1:CV-00-2186
                                         :
     v.                                  :    (Judge Kane)
                                         :
KATHLEEN ZWIERZYNA, ET AL.,              :          **FILED**
                                         :       **HARRISBURG**
          Respondents                    :
                                              MAR 2 9 2002

**O R D E R**                                 MARY E. D'ANDREA, CLERK
                                              Per_____
                                                   DEPUTY CLERK

          Charles Iseley, an inmate presently confined at the
State Correctional Institution, Huntingdon, Pennsylvania, filed
a pro se petition for writ of habeas corpus pursuant to 28
U.S.C. §§ 2241 and 2254.  Along with his petition, Iseley has
submitted an application requesting leave to proceed in forma
pauperis.  For the reasons outlined below, petitioner will be
granted temporary in forma pauperis status for the purpose of
filing this action, however, his petition will be dismissed
without prejudice.

          Iseley claims in his petition that he is being unlawfully
imprisoned because he has allegedly completed the maximum term
of his sentences.(Doc. No. 1).  On December 10, 2001 Defendants
filed a response to Iseley's petition which incorporated a
motion to dismiss.  Iseley filed a traverse to the response on
January 3, 2002 (Doc. No. 23).  He also filed a motion for
evidentiary hearing on February 20, 2002.  (Doc. No. 27).

Defendants filed a brief in opposition to Petitioner's motion for evidentiary hearing on March 5, 2002 (Doc. No. 29). The matters are now ripe for disposition.

Defendants argue, <u>inter alia</u>, that Iseley's petition must be dismissed because this Court does not have jurisdiction to hear the claim pursuant to 28 U.S.C § 2244(b)(3). This is because Iseley has failed to properly obtain permission from the Third Circuit Court of Appeals to file a successive petition.

On December 12, 1983, Iseley was sentenced by the Bucks County Court of Common Pleas on six (6) separate counts of robbery, additional counts of aggravated assault, possession of prohibited offensive weapons, and related offenses. ( Doc. No. 21). Iseley received five (5) concurrent terms of seven-and-one-half (7 ½) to fifteen (15) years imprisonment on Case Nos. 1272/83, 1373-75/83 and 1517/83. He also received a concurrent term of one (1) to two (2) years imprisonment on Case No. 1241/83, and a consecutive term of five (5) to ten (10) years imprisonment on Case No. 1576/83. In his petition Iseley claims that the consecutive five (5) to ten (10) year sentence was to begin and be computed at the expiration of the minimum term of the seven-and-one-half (7 ½)to fifteen (15) year sentences. Iseley calculates that a combination of his five (5) to ten (10) year, and his seven-and-one-half (7 ½) to fifteen (15) years consecutive sentences yields a total of twelve-and-one-half (12 ½) to twenty-five (25) years. Consequently, he maintains, he

2

served the minimum of those sentences after twelve-and-one-half (12 ½)  years, which would have been in 1990. He further claims that he thus began serving the seven-and-one-half (7 ½) to fifteen (15) year sentence in 1990. He maintains that by the year 2000 he would have served the entirety of the five (5) to ten (10) year sentence, which according to his math reveals that his sentence should be twelve-and-one-half (12 ½) years to seventeen-and-one-half (17 ½) years, and not twelve-and-one-half (12 ½) to twenty-five (25) years.

This Court need not consider whether Iseley's theory and/or calculations are valid. This is because Iseley has already raised this precise issue in habeas corpus proceedings brought in the United States District Court for the Eastern District of Pennsylvania, docketed to No. 99-4327. By Order dated September 29, 2000, Judge Eduardo C. Robreno approved and adopted the Recommendation of United States Magistrate Judge Carol Sandra Moore Wells that Iseley's petition for writ of habeas corpus be denied and dismissed. Subsequent to an evidentiary hearing held in the matter on August 22, 2000, Magistrate Judge Wells found that Iseley had failed to demonstrate a substantial violation of any Constitutional right.[1]  On December 14, 2000, Iseley

---

[1] Iseley had argued that the Parole Board had unlawfully aggregated and extended his sentence in retaliation for bringing a successful civil rights actions against the Department of Corrections. Magistrate Judge Wells concluded that the Board had given Iseley recommendations which established clear and legitimate criterion which the Board would consider at his next review, and that the Board had not arbitrarily extended Iseley's sentence. (Doc. No. 21).

petitioned the United States Court of Appeals for the Third
Circuit for a Certificate of Appealability. (Doc. No. 21).
Iseley raised as an appealable issue the claim that he is
serving an unlawful sentence due to the Parole Board's
miscalculation of credit on his sentence. That petition is still
pending in the Court of Appeals.(Doc. No. 21).

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to
summary dismissal pursuant to Rule 4 ("Preliminary Consideration
by the Judge") of the Rules Governing Section 2254 Cases in the
United States District Courts, 28 U.S.C. foll. § 2254 (1997)
(applicable to § 2241 petitions under Rule 1(b)). See, e.g.,
Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears
from the face of the petition and any exhibits annexed to it
that the petitioner is not entitled to relief in the district
court, the judge shall make an order for its summary dismissal
and cause the petitioner to be notified."  A District Court has
a duty to screen out a habeas corpus petition which should be
dismissed for lack of merit on its face. Allen v. Perini, 424
F.2d 134,141 (6th Cir.), cert.denied, 400 U.S. 906 (1970). Accord
Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Iseley's current petition for habeas corpus relief is a
successive petition which raises the same claim as that already
raised and rejected in his previous petition, and which is

4

pending in the Third Circuit Court of Appeals. Amendments to the habeas statute included in the Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, severely restrict the review available to state prisoners who have previously challenged their convictions or sentences through a collateral federal action. Specifically, as Iseley is obviously aware, a petitioner must obtain permission to file a second action from a three-judge panel of the Court of Appeals. 28 U.S.C. §2244 (b)(3). He must make a prima facie showing to that panel that he has met certain prerequisites.  First, he must demonstrate that his new claims were not included in the prior petition. 28 U.S.C. § 2244(b)(1). Second, Petitioner must show that the new claims he would present rely on a new, previously unavailable rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. §2244 (b)(2).

Although Iseley contends otherwise, it is clear that the previous habeas corpus petition addressed his claim that his sentences have been unlawfully aggregated and extended by the Parole Board.[2] Iseley's current claim that the Board has miscalculated his sentences, and that he has already served his

---

[2] Iseley claims that the instant petition,"...has nothing whatsoever to do with parole.  It is impossible for petitioner to have included the instant claim in the prior petition since it just happened and he had to find out how to seek review and had to utilize administrative/state remedies." (Doc. No. 23, p.6). Iseley's Petition for a Certificate of Appealability filed with the Third Circuit Court of Appeals, however, belies this statement. Therein Iseley specifically raises the identical issue.

maximum terms, is for all intents and purposes, the very same
challenge which has already been raised and rejected in his
previous Eastern District of Pennsylvania petition for habeas
corpus relief, filed to Docket No. 99-4327.

In light of the fact that Iseley's Petition for a
Certificate of Appealability is still pending before the Third
Circuit Court of Appeals, Iseley's present petition must be
dismissed without prejudice pursuant to Rule 4 Governing Section
2254 cases in United States District Courts, 28 U.S.C. foll. §
2254 (1997).

**NOW, THIS** 28th **DAY OF MARCH, 2002, IT IS HEREBY ORDERED
THAT:**

  1. The motion to proceed in forma
    pauperis is granted only for the
    purpose of filing this petition.

  2. The petition for a writ of habeas corpus is
    dismissed, without prejudice to any right Iseley
    may have to file a successive § 2255 motion, in
    the event that he is granted a Certificate of
    Appealability by the Third Circuit Court of
    appeals.

  3. The petitioner's motion for an evidentiary
    hearing (Doc. No. 4) is dismissed as moot.

4.    Clerk of Court shall close this case.

5.    There is no basis for the issuance of a certificate of appealability.


_____
YVETTE KANE
United States District Judge


YK/mmg